UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARRIE WILKINS,<br>As next friend of the minor child,<br>D.W.<br>and<br>D.W., individually<br><br>   Plaintiffs,<br><br>  v.<br><br>DISTRICT OF COLUMBIA,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil No. 07-0808 (JDB)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S ANSWER TO COMPLAINT**

  Defendant, by counsel, hereby answers Plaintiff's Complaint as follows (paragraph numbers below correspond to the paragraph numbers in the Complaint):

  1. Defendant admits the allegations in the first sentence of paragraph 1. The remaining allegations in paragraph 1 are conclusions of the pleader, to which no response is required. If a response is required, then the same are denied.

  2. Defendant admits the allegations in paragraph 2.

  3. Defendant admits that the District of Columbia is a municipal corporation. The remaining allegations in paragraph 3 are conclusions of the pleader, to which no response is required. If a response is required, then the same are denied.

  4. Defendant admits the allegations in paragraph 4.

1

5.  Defendant admits that Plaintiff has been classified as ADHD, and has asthma. Defendant lacks knowledge and information of the allegation in paragraph 5 that Plaintiff's condition has medically been determined "chronic."

6.  The allegations in paragraph 6 are the pleader's characterizations of the IEP, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

7.  The allegations in paragraph 7 are conclusions of the pleader, to which no response is required. If a response is required, then the same are denied.

8.  Defendant admits that a due process hearing took place on July 12, 2005, and that a hearing officer's decision ("HOD") was issued on July 22, 2005. The remaining allegations in paragraph 8 are the pleader's characterizations of the HOD, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

9.  Defendant admits the allegations in paragraph 9.

10. The allegations in paragraph 10 are the pleader's conclusions of law, to which no response is required. If a response is required, then the same are denied.

11. The allegations in paragraph 11 are the pleader's characterizations of the hearing complaint, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

12. Defendant admits the allegations in paragraph 12.

13. The allegations in paragraph 13 are the pleader's characterizations of the multidisciplinary team ("MDT") meeting notes, which speak for themselves, to which no response is required. If a response is required, then the same are denied.

14. Defendant admits the allegations in paragraph 14.

15. The allegations in paragraph 15 are the pleader's characterizations of the hearing transcript, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

16. Defendant admits the allegations in paragraph 16.

17-19. The allegations in paragraphs 17-19 are the pleader's characterizations of the MDT notes, which speak for themselves, to which no responses are required. If responses are required, then the same are denied.

20. The allegations in paragraph 20 are conclusions of the pleader, to which no response is required. If a response is required, then the same are denied.

21-28. The allegations in paragraphs 21-28 are the pleader's characterizations of the MDT notes, which speak for themselves, to which no responses are required. If responses are required, then the same are denied.

29. The allegations in the first part of the first sentence in paragraph 29— that Plaintiff was not satisfied with the offer, but accepted it—are conclusions of the pleader, to which no response is required. If a response is required, then the same are denied. Defendant lacks knowledge and information sufficient to enable it to answer the remaining allegations in paragraph 29 at this time.

30-41. The allegations in paragraphs 30-41 are the pleader's characterizations of the MDT notes, which speak for themselves, to which no responses are required. If responses are required, then the same are denied.

42. Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 42 at this time.

43. Defendant admits that an HOD was issued on June 2, 2006. The remaining allegations in paragraph 43 are the pleader's characterizations of the HOD, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

44-45. The allegations in paragraphs 44-45 are the pleader's characterizations of the letter described, which speaks for itself, to which no responses are required. If responses are required, then the same are denied.

46. Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 46 at this time.

47. Defendant admits that a motion for an expedited hearing was filed by the Plaintiff. Defendant denies that the request was made on June 22, 2007. The remaining allegations in paragraph 47 are the pleader's characterizations of the motion, which speaks for itself, to which no response is required. If a response is required, then the same are denied. The allegations in the footnote in paragraph 47 are the pleaders conclusions of law, to which no response is required. If a response is required, then the same are denied.

48. Defendant admits the allegations in paragraph 48.

49. The allegations in paragraph 49 are conclusions of the pleader, to which no response is required. If a response is required, then the same are denied.

50-51. Defendant admits the allegations in paragraphs 50-51.

52-59. The allegations in paragraphs 52-59 are the pleader's characterizations of the transcript, which speaks for itself, to which no responses are required. If responses are required, then the same are denied.

60-61. The allegations in paragraphs 60-61 are the pleader's characterizations of the MDT notes, which speak for themselves, to which no responses are required. If responses are required, then the same are denied.

62-64. The allegations in paragraph 62-64 are the pleader's characterizations of the transcript, which speaks for itself, to which no responses are required. If responses are required, then the same are denied.

65. The allegations in paragraph 65 are the pleader's characterizations of the IEP, which speaks for itself, to which no response is required. If a response is required, then the same is denied.

66-75. The allegations in paragraph 66-75 are the pleader's characterizations of the transcript, which speaks for itself, to which no responses are required. If responses are required, then the same are denied.

76-77. Defendant admits the allegations in paragraphs 76-77.

78. Defendant is without sufficient knowledge and information to answer the allegations in paragraph 78 at this time.

79. Defendant admits the allegations in paragraph 79.

80-115. The allegations in paragraphs 80-115 are the pleader's characterizations of the of the MDT meeting notes, which speak for themselves, to which no responses are required. If responses are required, then the same are denied.

116. The allegations in paragraph 116 are conclusions of the pleader, to which no response is required. If a response is required then the same are denied.

5

117-123. The allegations in paragraphs 117-123 are the pleader's characterizations of the of the MDT meeting notes, which speak for themselves, to which no responses are required. If responses are required, then the same are denied.

124. The allegations in paragraph 124 are the pleader's characterizations of the IEP, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

125. Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 125 this time.

126. The allegations in paragraph 126 are the pleader's characterizations of the letter described, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

127. The allegations in paragraph 127 are the pleader's characterizations of the MDT meeting notes, which speak for themselves, to which no response is required. If a response is required, then the same are denied.

128. Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 128 this time.

129-130. The allegations in paragraph 129-130 are characterizations of the pleader, to which no responses are required. If responses are required, then the same are denied.

131. Defendant admits that Plaintiff submitted her status report on September 27, 2006. The remaining allegations in paragraph 131 are the pleader's characterizations of the report, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

132.   Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 132 at this time.

133.   Defendant admits that Plaintiff sent a letter to the hearing officer dated October 26, 2006.  The remaining allegations in paragraph 133 are the pleader's characterizations of the letter described, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

134.   The allegations in paragraph 134 are the pleader's conclusions of law, to which no response is required.  If a response is required, then the same are denied.

135-136. Defendant admits the allegations in paragraphs 135-136.

137.   Defendant admits that the order described requested that the parties submit more documents to the hearing officer.  The remaining allegations in paragraph 137 are the pleader's characterizations of the order, which speaks for itself, to which no response is required.  If a response is required, then the same are denied.

138-141. Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 138-141 at this time.

142.   Defendant admits that Plaintiff sent a letter on December 20, 2006, to the hearing officer.  The remaining allegations in paragraph 142 are the pleader's characterizations of the letter described, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

143.   Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 143 at this time.

144.    The allegations in paragraph 144 are the pleader's characterizations of the administrative hearing record, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

145.    Defendant admits that Plaintiff sent a letter on January 9, 2007, to the hearing officer. The remaining allegations in paragraph 145 are the pleader's characterizations of the letter described, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

146-158.    Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraphs 146-158 at this time.

159.    Defendant admits the allegations in paragraph 159.

160-168.    The allegations in paragraphs 160-168 are the pleader's characterizations (and recollections) of the telephone conference, to which no responses are required. If responses are required, then the same are denied.

169.    Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 169 at this time.

170-171.    The allegations in paragraphs 170-171 are the pleader's characterizations of the supplemental disclosures, which speak for themselves, to which no responses are required. If responses are required, then the same are denied.

172-174.    The allegations in paragraphs 172-174 are the pleader's characterizations of the record, which speaks for itself, to which no response is required. If a response is required then the same are denied.

175.    Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 175 at this time.

176-177. Defendant admits that an HOD was issued on January 22, 2007. The remaining allegations in paragraphs 176-177 are the pleader's characterizations of the HOD, which speaks for itself, to which no response is required. If responses are required, then the same are denied.

## COUNT I

178.    Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 177 above.

179.    The allegations in paragraph 179 are conclusions of the pleader, to which no response is required. If a response is required, then the same are denied.

## COUNT II

180.    Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 179 above.

181.    The allegations in paragraph 181 are conclusions of the pleader, to which no response is required. If a response is required, then the same are denied.

## COUNT III

182.    Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 181 above.

183.    The allegations in paragraph 181 are conclusions of the pleader, to which no response is required. If a response is required, then the same are denied.

## COUNT IV

184.    Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 183 above.

185.    The allegations in paragraph 185 are conclusions of the pleader, to

which no response is required. If a response is required, then the same are denied.

## COUNT V

186. Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 185 above.

187. The allegations in paragraph 187 are conclusions of the pleader, to which no response is required. If a response is required, then the same are denied.

## COUNT VI

188. Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 187 above.

189. The allegations in paragraph 189 are conclusions of the pleader, to which no response is required. If a response is required, then the same are denied.

## COUNT VII

190. Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 189 above.

191. The allegations in paragraph 191 are conclusions of the pleader, to which no response is required. If a response is required, then the same are denied.

## COUNT VIII

192. Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 191 above.

193. The allegations in paragraph 193 are conclusions of the pleader, to which no response is required. If a response is required, then the same are denied.

## COUNT IX

194. Defendant incorporates as though restated each of the answers stated

in paragraphs 1 through 193 above.

195. The allegations in paragraph 195 are conclusions of the pleader, to which no response is required. If a response is required, then the same are denied.

### COUNT X

196. Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 195 above.

197. The allegations in paragraph 197 are the pleader's characterizations of the record, to which no response is required. If a response is required, then the same are denied.

### COUNT XI

198. Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 197 above.

199. The allegations in paragraph 199 are conclusions of the pleader, to which no response is required. If a response is required, then the same are denied.

**BY WAY OF FURTHER ANSWER**, Defendant denies all allegations contained in the complaint not otherwise responded to or admitted.

### FIRST AFFIRMATIVE DEFENSE

This Court is without jurisdiction because Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This Court does not have jurisdiction over the subject matter.

### **THIRD AFFIRMATIVE DEFENSE**

The Hearing Officer's Decision is supported by substantial evidence in the administrative record and should be affirmed.

Respectfully submitted,

LINDA SINGER
Acting Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
AMY CASPARI [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794

November 1, 2007