# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARRIE WILKINS,<br>As next friend of the minor child,<br>D.W.<br>and<br>D.W., individually<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>DISTRICT OF COLUMBIA,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil No. 07-0808 (JDB)<br>)<br>)<br>)<br>)<br>)<br>) |

## FILING OF ADMINISTRATIVE RECORD

Attached is an index of the administrative record, and the record documents themselves in this proceeding. Consistent with LCvR 5.4(f), Defendant has redacted personal information about the minor D.W.[1]

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

---

[1] Defendant has redacted the minor's name, date of birth, and social security number.

*/s/ Amy Caspari*
AMY CASPARI [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
amy.caspari@dc.gov

December 14, 2007

Carrie Wilkins as next friend
of the minor child, D.W.,
v. District of Columbia
Civil Action No. 07-0808(JDB)

## INDEX OF RECORD

| **Description** | | **Page** |
|---|---|---|
| Certification of Record | - | 1 |
| Hearing Officer's Determination (HOD) dated 1/22/07 | - | 2 |
| Attendance Sheet, 8/25/06 | - | 10 |
| Letter from Smith to Hearing Officer dated 1/9/07 | - | 11 |
| Petitioner's Supplemental Disclosure dated 12/5/06 | - | 14 |
| DW-22 Physician's Certificate of Pupil's Inability to Attend School dated 8/28/06 | - | 20 |
| DW-23 Letter from Dr. Nguyen, 8/29/06 | - | 21 |
| DW-24 Letter from Dr. Nguyen, 9/8/06 | - | 22 |
| DW-25 Letter from Smith to Batson, 9/12/06 | - | 23 |
| DW-26 IEP Meeting Notes, 9/19/06 | - | 27 |
| DW-27 Letter from Smith to Batson, 11/15/06 | - | 33 |
| DW-28 Email Correspondence, 11/15/06-12/4/06 | - | 36 |
| DW-29 Affidavit of Carrie Wilkins, 12/4/06 | - | 43 |
| Fax of Documents from Batson, 11/27/06 | - | 45 |
| Student Information Sheet | - | 46 |
| Letter from Wilkins to Batson, 9/26/06 | - | 47 |
| Compensatory Education Plan, 11/27/06 | - | 48 |
| Marshall Education Center Attendance sheet, 11/27/06 | - | 52 |

Hearing Officer's Interim Order, 11/11/06                      -    53

Status Report by Petitioner, 9/27/06                          -    56

    Exh.A- IEP Meeting Notes, 9/19/06                   -    63

    Exh.B- Memo to OGC from Sharpe Health, 8/31/06      -    69

    Exh.C- Physician's Certificate of Pupil's
        Inability to Attend School dated 8/28/06       -    71

    Exh.D- Letter from Dr. Nguyen, 8/29/06              -    72

    Exh.E- Letter to Dr. Nguyen from J. Smith, 9/7/06   -    73

    Exh.F- Letter from Dr. Nguyen to J. Smith, 9/8/06   -    74

    Exh.G- Letter from J. Smith to Sharpe Health, 9/12/06 -  75

    Exh.H- Letter from Smith to Batson, 9/12/06         -    84

Closing Argument and case law by Petitioner, 9/1/06           -    90

Petitioner's Amended Five –Day Disclosure, 8/22/06            -    101

    DW-22 Signed Notice to Appear by W. Green           -    106

Petitioner's Disclosure letter w/att. 8/22/06                 -    108

    DW-01 Notice to Appear, 8/16/06                     -    111

    DW-02 Expedited Scheduling Memorandum, 8/9/06       -    116

    DW-03 Hearing Notice, 8/9/06                        -    118

    DW-04 Order granting Expedited Hearing, 8/9/06      -    119

    DW-05 Status Report and Motion for Expedited Hearing,
        6/27/06                                        -    120

    DW-06 VIS Grade Report Summary, 6/14/06             -    135

    DW-07 Letter to Batson, 6/5/06                      -    136

    DW-08 HOD, 6/2/06                                   -    139

DW-09 IEP, 5/23/06                                              -    143

DW-10 MDT Meeting Notes, 5/23/06                               -    150

DW-11 MDT SEP and Notes, 5/23/06                              -    155

DW-12 Resolution Meeting Notes, 5/2/06                        -    161

DW-13 IEP, 5/25/05                                            -    164

DW-14 Doctor's Notes, 8/17/04                                -    175

DW-15 Social Work Re-evaluation Report, 6/21/04              -    177

DW-16 DCPS Medical Review of Records, 10/5/03                -    183

DW-17 Psycho-Educational Report, 8/7/03                      -    184

DW-18 Letter from C. Tan, MD to DC Chartered Health,
      6/5/03                                                  -    191

DW-19 Physician's certificate of Pupil's Inability to
      Attend School, 4/25/03                                 -    192

DW-20 Speech and Language Evaluation Report, 4/17/03    -    193

DW-21 Letter from C. Tan, MD to McGogney ES, 8/19/02    -    197

Notice to Appear at Due Process Hearing, 8/16/06             -    198

DCPS Disclosure Statement dated 8/15/06                      -    201

Due Process Hearing Notice, 8/9/06                           -    203

Hearing Officer's Order, 8/9/06                              -    205

Expedited Scheduling Memorandum, 8/9/06                      -    206

Letter from Petitioner to H.O. Smith, w/att. 8/3/06         -    210

    Status Report and Motion for Expedited Hearing, 6/27/06-  212

    Exh.1- Resolution Meeting Notes, 5/2/06                 -    219

    Exh.2- MDT Meeting Notes, 5/23/06                       -    221

Exh.3- IEP, 5/23/06      -    231

Exh.4- HOD, 6/2/06      -    238

Exh.5- Letter to Batson, 6/5/06      -    242

Letter from Petitioner to H.O.Truesdale, w/att. 7/31/06    -    253

Letter from Smith to H.O.Truesdale,, 6/30/06    -    255

Status Report and Motion for Expedited Hearing, 6/27/06-    258

Exh.1- Resolution Meeting Notes, 5/2/06    -    265

Exh.2- MDT Meeting Notes, 5/23/06    -    267

Exh.3- IEP, 5/23/06    -    277

Exh.4- HOD, 6/2/06    -    284

Exh.5- Letter to Batson, 6/5/06    -    288

HOD, 6/2/06    -    291

Attendance Sheet, 5/22/06    -    295

Letter from petitioner to DCPS OGC w/att., 5/22/06    -    296

DW-15 Resolution Meeting Confirmation, 2/14/06    -    297

DW-16 Resolution Meeting Notes, 5/2/06    -    299

DW-17 Letter to Batson from Smith, 5/19/06    -    301

Fax from Smith to Lewis regarding medical documents, 5/19/06-    305

Physician's certificate of Pupil's Inability to Attend School, 4/25/03    -    307

Handwritten letter from Nicolas Smileveky, 2/10/06    -    308

Letter from Batson to Smith, 5/22/06    -    309

Blank Form Physician's certificate    -    310

Letter of Invitation, 4/28/06    -    311

Confirmation of Meeting Notice, 5/1/06 — 312

Hearing Notice, 4/26/06 — 314

Letter Motion for Continuance, 4/24/06 — 315

DCPS Disclosure Statement and Motion to Compel, 4/13/06 — 316

Hearing Notice, 3/27/06 — 319

Hearing Notice, 3/1/06 — 320

Petitioner's 5-Day Disclosure w/att., 3/16/06 — 321

    DW-01 HOD 7/22/05 — 327

    DW-02 IEP, 6/21/04 — 332

    DW-03 MDT Meeting Notes, 4/8/03 — 352

    DW-04 Physician's certificate of Pupil's Inability to Attend School, 4/25/03 — 359

    DW-05 Doctor's Notes, 8/17/04 — 360

    DW-06 Speech and Language Evaluation Report, 4/17/03 — 362

    DW-07 Letter from C. Tan, MD to McGogney ES, 8/19/02 — 366

    DW-08 Letter from C. Tan, MD to McGogney ES, 6/5/03 — 367

    DW-09 DCPS Medical Review of Records, 10/5/03 — 368

    DW-10 Psycho-Educational Report, 8/7/03 — 369

    DW-11 Social Work Re-evaluation Report, 6/21/04 — 376

    DW-12 Due Process Complaint Notice, 1/26/06 — 382

    DW-13 Scheduling Memorandum, 1/27/06 — 390

    DW-14 Resolution Meeting Confirmation, 2/14/06[1] — 393

    DW-15 Resolution Meeting Confirmation, 2/14/06 — 395

---

[1] This document is the same as DW-15 even though petitioner's disclosure lists it as being dated 2/7/06.

DW-16 Letter to Batson dated 2/8/06                          -     397

DW-17 Letter to Batson dated 2/13/06                         -     400

DW-18 Letter to Batson dated 3/3/06                          -     404

DW-19 IEP, 5/25/05                                           -     407

Petitioner's Five-Day Disclosure letter w/att., 3/15/06      -     420

DW-01 Complaint Disposition Notice, 5/2/06                   -     422

DW-02 Letter from Doctor, 2/10/06                            -     424

DW-03 Hearing Notice, 4/26/06                                -     425

DW-04 Due Process complaint Notice, 1/26/06                  -     426

DW-05 HOD, 7/22/05                                           -     434

DW-06 IEP, 5/25/05                                           -     439

DW-07 Prescriptions, 8/17/04                                 -     450

DW-08 Social Work Re-evaluation Report, 6/21/04              -     452

DW-09 DCPS Medical Review of Records, 10/5/03                -     458

DW-10 Psycho-Educational Report, 8/7/03                      -     459

DW-11 Letter from C. Tan, MD to DC Chartered Health,
       6/5/03                                                -     466

DW-12 Physician's certificate of Pupil's Inability to
       Attend School, 4/25/03                                -     467

DW-13 Speech and Language Evaluation, 4/17/03                -     468

DW-14 Letter from C. Tan, MD to McGogney ES, 8/19/02         -     472

DW-15 Resolution Meeting Confirmation, 2/14/06               -     473

DW-16 Resolution Meeting Notes, 5/2/06                       -     475

DCPS Response to Due Process Complaint, 2/22/06              -     479

Scheduling Memorandum, 1/27/06                        -   482

Due Process Complaint, 1/26/06                        -   487

Transcript of Hearing, 8/25/06                        -   494

# CERTIFICATION OF RECORD

INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

## Office of Compliance & Review
### *STUDENT HEARING OFFICE*
### SPECIAL EDUCATION

In the Matter RE:          W▇▇, D▇▇ vs. DCPS

Case Information:     Hearing Dates: **08/25/2006**
Held at: **District of Columbia Public Schools Headquarters**
           **825 North Capitol Street, N.E.**
           **Washington, D.C. 20002**
Student Identification Number:  **9065608**
Student's Date of Birth:  **▇/▇/1995**
Attending School: **Marshall Educational Center**
Managing School:
Hearing Request Date(s): **01/26/2006**

## <u>CERTIFICATION OF RECORD</u>

I, **Shawnta Maddox, Legal Assistant of the Student Hearing Office**,

DO HEREBY CERTIFY that the attached Record of Proceeding is the entire record in

the above entitled matter as of this date, consisting of all letters, pleadings, orders,

exhibits and depositions.

I FURTHER CERTIFY that the materials forwarded herewith are the true copy

of the original documents submitted in this matter.

EXECUTED this Friday, December 07, 2007.

**LEGAL ASSISTANT**
**STUDENT HEARING OFFICE**

1

# District of Columbia Public Schools

## Office of Management Services

**Tonya Butler-Truesdale, Due Process Hearing Officer**
**825 North Capitol Street, N.E.; Room 8076**
**Washington, D.C. 20002**
**(202) 518-6867**
**Facsimile: (202) 442-5556**

## Confidential

| | | |
|---|---|---|
| D⬛⬛ W⬛⬛, STUDENT | ) | |
| | ) | |
| Date of Birth: ⬛⬛, 1995 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: May 22, 2006 and |
| | ) | August 25, 2006 |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA PUBLIC | ) | Held at: 825 North Capitol Street, N.E. |
| SCHOOLS | ) | |
| Respondent. | ) | 8th Floor |
| | ) | Washington, D.C. 20002 |
| | ) | |

## FINAL ORDER

**Counsel for Parent:**          Jessica Smith, Esquire
                                 Dalton, Dalton & Houston, PC
                                 1008 Pendleton Street,
                                 Alexandria, VA 22314
                                 (703) 739-4300
                                 Fax: (703) 739-2323

**Counsel for DCPS:**           Tiffany Puckett, Esquire
                                 Office of the General Counsel, DCPS
                                 825 North Capitol Street, N.E.
                                 9th Floor
                                 Washington, D.C. 20002

*In the Matter of D.W.*

## I.     JURISDICTION

The Due Process Hearing was convened and this Order is written pursuant to the *Individuals with Disabilities Education Improvement Act of 2004 (I.D.E.I.A.)*, 20 U.S.C. Section 1400 et seq.; 34 C.F.R. Section et seq.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

## II.     DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.     FIVE-DAY DISCLOSURE

Petitioner: Presented Carrie Wilkins, Petitioner's mother as a witness and submitted disclosures identified as DW1-DW22 without objection at the May 2006 hearing.  On July 31, 2006 Petitioner submitted untabbed disclosures labeled DW1-DW5.  These documents should have been labeled and identified as DW23-DW28.  These disclosures are not enumerated in the disclosure letter received by the DCPS Student Hearing Office on August 1, 2006.  On December 5, 2006, the Petitioner submitted untabbed and unlabled documents misidentified as DW22-DW29.  For purposes of this Order, these documents will be identified as DW29-DW36.

Respondent:  Presented Willie Green, Visiting Instructor Services Teacher,  Elma Smith, Special Education Visiting Instruction Services Coordinator, and Tiffany Batson, Special Education Coordinator.  DCPS submitted a disclosure letter without objection.

## IV.     STATEMENT OF THE CASE

On June 2, 2006 a Final Order was issued for Petitioner regarding the allegation that DCPS failed to:

1. comply with a July 22, 2005 Hearing Officer's Determination;
2. properly notify and schedule the date, time and place of the MDT/IEP meeting with Petitioner's counsel;
3. develop an appropriate annual IEP for 2005-2006 school year;
4. develop current IEPs for the 2004-2005 and 2005-2006 school years;
5. provide speech and language therapy services; and,
6. provide one-on-one tutoring services.

*In the Matter of D.W.*

The July 22, 2005 Hearing Officer's Determination ordered that:

    a.    DCPS shall convene a MDT/IEP meeting to review all evaluations, medical documents, revise the IEP if necessary, discuss and determine placement and compensatory education, if warranted;

    b.    **Parent's counsel shall provide relevant medical documentation at least 48 hours prior to the meeting (emphasis added)**;

    c.    All meetings will be scheduled through parent's counsel;

    d.    If Placement is to a DCPS public school, DCPS shall have five (5) calendar days to issue the prior notice of placement. If placement is to a non-public or private school, DCPS shall have thirty (30) calendar days and if placement is to a residential facility DCPS shall have sixty (60) calendar days to issue the prior notice of placement; and,

    e.    Any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

On June 2, 2006 this hearing officer issued a subsequent Final Order awarding the following relief:

1. DCPS shall within fourteen calendar days of the issuance of this Order convene an MDT meeting to comply with the July 22, 2005 Hearing Officer's Determination. The team shall also use the encounter tracking forms to determine the quantity of missed hours of speech and language services. The team shall consider all existing evaluations and medical documentation to determine the appropriateness of the additional disabilities of SLI and OHI to Petitioner's IEP, placement, and compensatory education warranted for the failure to comply with the July 22, 2005 Hearing Officer's Determination;

2. If the team determines that a change of placement is warranted, DCPS shall issue prior notice of placement. If Placement is to a DCPS public school, DCPS shall have five (5) calendar days to issue the prior notice of placement. If placement is to a non-public or private school, DCPS shall have thirty (30) calendar days and if placement is to a residential facility DCPS shall have sixty (60) calendar days to issue the prior notice of placement;

4

*In the Matter of D.W.*

3. All meetings will be scheduled through parent's counsel; and, DCPS will be granted a day for day extension for any delay caused by counsel for the parent/guardian, the parent/guardian, the student, or the educational advocate

On June 27, 2006, the Petitioner attempted to file a Motion for an Expedited Hearing but, misdirected it by addressing it to this hearing officer (who had already issued a final order for the Petitioner). According to the DCPS Standard Operating Procedures, the motion should have been forwarded directly to the Student Hearing Officer since it is the Student Hearing Office which schedules hearings and not the individual hearing officers. On July 31, 2006, the Petitioner forwarded a letter regarding the status of the Expedited Hearing request and a request that this Hearing Officer retain jurisdiction. Counsel for the Petitioner was contacted by this Hearing Officer in order to inform the party of the correct filing procedure and advise the Petitioner that the issue of jurisdiction retention was not relevant since a final order had already been issued and the scheduling issue would be resolved by the student hearing office.

The Student Hearing Office scheduled an expedited hearing on August 25, 2006. The hearing was convened as scheduled. The complaint alleged that DCPS failed to:

1. convene an appropriate IEP meeting with all necessary individuals present to authorize home bound instruction and related services;
2. implement his IEP and provide him with the specialized instruction and related services indicated on his IEP;
3. draft an appropriate IEP that will meet his needs when he is unable to attend school due to his medical condition;
4. come up with an appropriate compensatory education plan given his medical condition and inability to be physically present at school; and,
5. agree to conduct a psycho-educational evaluation which the parent requested at the May 23, 2006 meeting.

Attorney Advisor Tiffany Puckett appeared in person for DCPS. Attorney Jessica Smith appeared in person behalf of Petitioner. There is no written DCPS Response to the Complaint in the Student Hearing Office folder. The Petitioner did not assert that a Response had not been received by the Petitioner.

This Hearing Officer issued an Interim Order requesting that the parties submit the following information prior to the issuance of a Final Order on the Expedited Hearing Complaint:

a. Petitioner's attendance records from August 28, 2006 to present;
b. Encounter tracking forms for related services rendered since August 28, 2006;
c. the records of any medically documented absences; and,
d. the compensatory education plan completed at the September 2006 MDT meeting.

*In the Matter of D.W.*

The Interim Order also asked that the documents be submitted as soon as possible by facsimile to (202) 442-5556 and mandated that DCPS immediately commence transportation services if such services are note already being provided. On December 5, 2006, amongst other documents, the Petitioner submitted an affidavit from the parent dated December 4, 2006, two letters from the Petitioner's Physician dated August 29, 2006 and September 8, 2006 and a August 28, 2006 Physician's Certificate. DCPS forwarded the Petitioner's then current attendance records and encounter tracking forms.

## V.     FINDINGS OF FACT AND CONCLUSIONS OF LAW

DCPS convened an appropriate IEP meeting with all necessary individuals present to authorize home bound instruction and related services. On September 19, 2006 DCPS convened a meeting pursuant to a June 2, 2006 Hearing Officer's Determination and a verbal order put on record on August 25, 2006. The meeting was attended by the following DCPS personnel:

Ola Aremo-Special Education Teacher
Jennifer Penn-DCPS School Psychologist
Jennifer Williams-Speech Pathologist
Elma Smith-Special Education Visiting Instruction Services Coordinator
Willie Green Visiting Instruction Teacher

The Petitioner fails to allege who was absent at the IEP meeting that should have been present. The IEP meeting notes do not indicate that any DCPS personnel suggested that the issues to be addressed were beyond their immediate authority. As stated on August 25, 2006, DCPS has several criteria for students to qualify for home-bound instruction. The team communicated those criteria at the September 13, 2006 meeting and these are the same criteria which Ms. Smith testified about on August 25, 2006. DCPS did agree to provide at home work packets and one-on-one tutoring for one hour a week for each day missed in excess of three school days.

This hearing officer requested records for any medically documented absences in the November 2006 Interim Order. The Petitioner tendered a Physician's Certificate which diagnosis him with moderate/persistent asthma that is treated with Albutrol which the Petitioner is to have with him at all times at school. The Petitioner also tendered an affidavit from the parent, Carrie Wilkins which asserts that the Petitioner was chronically ill on the following thirty-five school days. August 28, 2006, August 29, 2006, September 8, 2006, September 13, 2006, September 14, 2006, September 15, 2006, September 20, 2006, September 21, 2006, September 22, 2006, September 25, 2006, September 28, 2006, September 29, 2006, October 6, 2006, October 9, 2006, October 10, 2006, October 13, 2006, October 16, 2006, October 20, 2006, October 23, 2006, October 24, 2006, October 27, 2006, October 30, 2006, November 3, 2006, November 7, 2006, November 8, 2006, November 9, 2006, November 10, 2006, November 15, 2006,

*In the Matter of D.W.*

November 16, 2006, November 17, 2006, November 20, 2006, November 21, 2006, November 22, 2006, November 30, 2006; and December 4, 2006.

The attendance records submitted by the school for August 11, 2006 to November 27, 2006 indicate that the Petitioner accrued at total of twenty-one and a half absences. The same record identities only nine and one half of those absences as excused absences. A comparison of the school records and the mother's affidavit indicates that there are only nine days which the parent and the school agree that the Petitioner was absent from August 11, 2006 to November 27, 2006. Of those nine days which both the school and the Petitioner acknowledge the Petitioner's absence only four of those days are excused absences. The parent maintains that there were thirty-three school days during which the Petitioner was ill from August 11, 2006 to November 27, 2006 while the school records indicate that the total absences for the same period was twenty-one and a half days.

There are a total of fourteen school days during which the school indicates the Petitioner was absent that the parent has not identified. Seven of those same absent days are identified as excused absences indicative of some parental communication with the school regarding these absences. Yet, the parent did not list these days on her list. The parent has failed to provide a record of any written communication between the doctor and the school or the parent and the school regarding these absences since the September 2006 MDT meeting. There is only one doctor's note in the record for a day which the school records reflect an excused absence, November 8, 2006. As a result of the substantial discrepancies less weight can be given to parent's recollection of her son's attendance from August 2006 to November 27, 2006. The parent has failed to forward any earlier or later communication records between the parent and the school or the school and the physician. No reason has been proffered for this failure.

The parent also tendered two letters from a physician, Dr. N.D.Nguyen. The first letter is dated August 29, 2006 and states, "I examined [the Petitioner] for the first time on August 28, 2006 during his sick visit...Although his asthma can flare at any point he should attend school whenever possible...He may miss intermittent episodes of school because of his asthma but not more than three or four days... [Petitioner] should and must attend school whenever possible... Should he miss more than three to four days of school he will need home tutoring...." In the November 8, 2006 communication, Dr. Nguyen reiterated that home schooling may be necessary if the Petitioner is hospitalized or home from school more than three days. Statements attributed to the mother in the MDT meeting notes further cloud the reliability of the medical information provided by Dr. Nguyen. On September 19, 2006, the meeting notes attribute the following statements to the mother.
1. [Petitioner] can't take Albuterol and doesn't have any at school;
2. Dr. Nguyen has only seen [Petitioner] once; and
3. The doctor's record of [the Petitioner] is large.

*In the Matter of D.W.*

Interestingly, the seemingly more reliable DCPS attendance records only contain one time increments where the Petitioner was absent in excess of three school days. Those dates are October 24, 2006 through October 27, 2006. The absences during this period are categorized as unexcused and the record does not contain any notification of illness from the parent to the school. Although this hearing officer, on June 2, 2006, asked the parent to provide relevant medical documentation at least 48 hours prior to the MDT meeting which was convened not convened until September 19, 2006, the MDT meeting notes do not reflect that the team was privy to the "large" medical record the parent alluded to in the meeting.

Absent Petitioner's large medical record and proof that DCPS was aware of the contents of this record, this hearing officer can not make a finding of fact that DCPS failed to draft an appropriate IEP that will meet his needs when he is unable to attend school due to Petitioner's medical condition.

There is also insufficient evidence in the record to support the June 27, 2006 allegation that the Respondent failed to implement his IEP and provide him with the specialized instruction and related services indicated on his IEP. Relief was granted for this same claim on June 2, 2006 when the team was ordered to reconvene with encounter tracking forms and determine the quantity of missed services. As a result of this Order the team convened on September 19, 2006 and completed a compensatory education plan which awarded the Petitioner fifty hours of speech and language services and fifty hours of specialized instruction for all services missed between August 29, 2005 and May 23, 2006. To assure the delivery of related services, this hearing officer requested the encounter tracking form in existence from the date of the September 19, 2006 meeting to November 27, 2006. Those records indicate that sixteen speech sessions should have been completed. Yet, only four sessions were completed by the Petitioner. On three of the scheduled sessions, the school was closed or the provider was unavailable. The Petitioner was absent or unavailable to the service provider for nine of the scheduled sessions. All of the missed sessions are consistent with the schools attendance records with the exception of one day, October 3, 2006. Petitioner has failed to present substantial evidence that the school has failed to render speech and language services.

The Petitioner's assertion that the compensatory education plan is inappropriate is equally perplexing given that the Petitioner was awarded compensatory education as early as May 23, 2006 for a period of missed services from August 29, 2005 to May 23, 2006. On May 23, 2006, DCPS offered five weeks of specialized instruction and speech and language services during summer school. The subsequent September 19, 2006 compensatory education plan offered the student fifty hours of specialized instruction and fifty hours of speech and language instruction. The only explanation given for the alleged inappropriateness of these plans is that the Petitioner allegedly needs home instruction for **absences in excess of five consecutive days**. See, *Petitioner's Exhibit#5 dated June 5, 2006*. The attendance records received to date do not indicate that the Petitioner has been absent more than four consecutive days. Petitioner has never

*In the Matter of D.W.*

proffered how DCPS would be put on notice that the Petitioner is about to become ill for more than three or five school days given the intermittent nature of his respiratory condition (moderate asthma).

Finally, the Petitioner's assertion that the IEP team failed to agree to conduct a psycho-educational evaluation as requested at the May 23, 2006 meeting was not ripe at the time it was plead. The motion for expedited hearing was filed on August 1, 2006. The triennial expiration of the then most recent psycho-educational would not have expired until August 7, 2006. Moreover, since the parent did not present the team with any information indicating a possible change in the Petitioner's disability classification, the team only agreed to complete an educational evaluation, review the 2003 psychological evaluation and, perform a speech and language evaluation prior to the expiration of the August 7, 2003 psycho-educational.

## VI.    ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, and the representations of the parties' counsel at the hearing, this 25th day of August 2006, it is hereby

**ORDERED,** that the Petition is **DISMISSED PREJUDICE**

_____
Tonya M. Butler-Truesdale, Esquire
Hearing Officer

January 22, 2007
Date

Issued: _____
Student Hearing Office, DCPS

8

9

# ATTENDANCE SHEET

| STUDENT'S NAME: | D██████ W████ | DOB: ████95 |
|---|---|---|
| HEARING DATE: | 8/25/06 | Room 8151 |

| PRINTED NAME | ON BEHALF OF DCPS OR STUDENT | TITLE |
|---|---|---|
| Jessica Smith | Student | attorney |
| Carrie Wilkins | Student | mother (via phone) |
| Tiffany Robert | DCPS | Atty Advisor |
| Willie Green | DCPS VIS | VIS Teacher |
| Elma Smith | DCPS VIS | Sp Ed VIS Coordinate |
| ~~██████████~~ | ~~██████~~ DCPS | |
| Tiffany @ Batson | ~~██████~~ | Special Education Coordin... |

_Amy M. Batson-Truesdale, Esq_
Impartial Hearing Officer

10

Law Offices
# DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile:  (703)-739-2323

Paul S. Dalton ¹⁺⁺
Ellen Douglass Dalton ¹⁺⁺
William E. Houston ^⁺⁺
Laura E. Duos ⁻⁺
Jessica M. Smith ¹⁺
Kathryn T. McAuliffe ⁺

Washington DC. Office:
601 Pennsylvania Avenue, NW
South Building,  Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

⁺ADMITTED IN W. VA
⁻ADMITTED IN D.C.
^ADMITTED IN PA
∀ ADMITTED IN CT

^ADMITTED IN MD
*ADMITTED TO THE U.S. SUPREME COURT
¶ ADMITTED IN VA

January 9, 2007

Ms. Tonya Butler-Truesdale, Hearing Officer
Student Hearing Office                                    **VIA FAX: 202-442-5556**
825 North Capitol Street, NE
8ᵗʰ Floor
Washington, DC 20002

      Re:   D██████ W█████

Dear Ms. Butler-Truesdale:

     I am writing to you regarding my client's concern over the length of time it is taking to obtain a final Hearing Officer's Determination for student D██████ W█████.

     On June 22, 2006, the petitioner filed a Motion for Expedited Hearing.  On August 9, 2006, Chief Hearing Officer Smith issued an order granting the petitioner's Motion and scheduling the hearing for August 25, 2006.  The hearing convened on August 25, 2006 in front of you.  At the hearing, you issued an interim order on the record requiring the parties to convene an MDT meeting on September 19, 2006. You also ordered the parties to submit closing arguments in writing by September 1, 2006, and to submit status reports regarding the outcome of the MDT meeting by September 27, 2006.   The interim order was never issued on paper, but the MDT meeting was convened as ordered.  The petitioner submitted her closing argument in writing on September 1, 2006 and her status report on September 27, 2006. DCPS did not submit a closing argument or a status report.

     On October 23, 2006, the petitioner, through counsel, sent a letter to you inquiring about the status of a final HOD, as it had been over 60 days since the hearing convened and over 30 days since the petitioner submitted her status report.  On November 13, 2006, you issued a second interim order requesting that DCPS and the petitioner submit more documents for your review.  On December 5, 2006, the petitioner submitted the supplemental documents that you requested.  Upon information and belief, DCPS submitted supplemental documentation to you, but did not provide copies to the petitioner.  On December 20, 2006, the petitioner sent a letter to you and Ms. Tiffany Puckett in the Office of General Counsel requesting that copies of DCPS's supplemental disclosure be provided to the petitioner.  As of the date of this letter, the petitioner has still not received a copy of DCPS's supplemental disclosure.

11

It has been over 120 days since the due process hearing convened, and a final HOD has not been issued. The student is still not receiving the services requested in the June 22, 2006 Motion for Expedited Hearing. The Motion for Expedited Hearing filed on 6/22/06 and the Status Report filed on 9/27/06 specifically outline the relief requested, which includes, *inter alia*:

- DCPS to fund an independent psycho-educational evaluation
- DCPS to fund the compensatory education agreed to by the MDT team, 100 hours, in the form of home services including tutoring and speech and language services
- DCPS to provide a home tutor and related service providers for Desmond's asthma related absences

My client is hopeful that a final order will be forthcoming granting the relief requested in her Motion for Expedited Hearing.

Please contact me with any questions or concerns regarding this matter.

Sincerely,

Jessica M. Smith, Esq.

cc:   Ms. Carrie Wilkins, mother
      Mr. David Smith, Esq., Chief Hearing Officer
      Ms. Tiffany Puckett, Esq., OGC

## FAX TRANSMISSION COVER SHEET
### Dalton, Dalton & Houston P.C.
### Attorneys at Law
### 1008 Pendleton Street
### Alexandria, Virginia 22314-1837
### (703) 739-4300
### FAX (703)739-2323

**DATE:**     January 9, 2007

**TO:**      Hearing Officer Tonya Butler-Truesdale, Student Hearing Office

**AT FAX:**    202-442-5556

**FROM:**     Jessica M. Smith, Esq.

**RE:**       D████ W████

**NUMBER OF PAGES INCLUDING THIS PAGE:**     3

**COMMENTS:**

2007 JAN -9 PM 12: 31
DC PUBLIC
SCHOOL SYSTEM

**************************************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
**************************************************************************************

13

**STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA**
**STATE ENFORCEMENT AND INVESTIGATION DIVISION (SEID)**
**SPECIAL EDUCATION PROGRAMS**

Carrie Wilkins, on behalf of                    )
D███ W█████                                      )
                                                )
            Petitioner,                          )
                                                )        Hearing Officer Tonya M. Butler- Truesdale
                                                )
v.                                               )
                                                )
District of Columbia Public Schools              )
            ("DCPS"),                            )
                                                )
            Respondent.                          )
_____            )

## PETITIONER'S PRAECIPE AND SUPPLEMENTAL DISCLOSURES

COMES NOW, the Petitioner, by and through counsel, and pursuant to the Hearing

Officer's Interim Order issued on November 13, 2006, submits the following documents:

| | | |
|---|---|---|
| DW-22[1] | Physician's Certificate of Pupil's Inability to Attend School | 8/28/06 |
| DW-23 | Letter from Doctor | 8/29/06 |
| DW-24 | Letter from Doctor | 9/8/06 |
| DW-25 | Letter to Ms. Batson | 9/12/06 |
| DW-26 | MDT Meeting Notes | 9/19/06 |
| DW-27 | Letter to Ms. Batson | 11/05/06 |
| DW-28 | Email Correspondence regarding Transportation | 11/15/06 - 12/4/06 |
| DW-29 | Affadavit of Ms. Carrie Wilkins | 12/4/06 |

---

[1]   Numbering of exhibits picks up from the Petitioner's 5-day disclosure, which is documents DW-01 through DW-21.

The Petitioner submits these additional documents pursuant to the Interim Order. On November 15, 2006, the Petitioner, through counsel, requested additional documentation from DCPS. *See* DW-27. However, to date, the Petitioner's counsel has not received any documents from DCPS or additional disclosures from the Office of General Counsel.

December 5, 2006

Respectfully Submitted,

Jessica M. Smith, Esq.
Counsel for Petitioner
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
703-739-4300
703-642-2323 – fax

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document and exhibits was filed with Hearing Officer Tonya Butler-Truesdale via hand delivery to the Student Hearing Office and via facsimile at 202-442-5556 and 202-518-3666, and sent to Tiffany Puckett, Esq. in the Office of the General Counsel at fax 202-442-5098 / 5097 on this 5th day of December, 2006.

Jessica M. Smith, Esq.
Counsel for Petitioner

2

**FAX TRANSMISSION COVER SHEET**
**Dalton, Dalton & Houston P.C.**
**Attorneys at Law**
**1008 Pendleton Street**
**Alexandria, Virginia 22314-1837**
**(703) 739-4300**
**FAX (703)739-2323**

**DATE:**        January 10, 2007

**TO:**          Hearing Officer Butler-Truesdale, Student Hearing Office

**AT FAX:**      202-442-5556

**FROM:**        Jessica M. Smith, Esq.

**RE:**          D█████ W█████ - Supplemental Disclosure

**NUMBER OF PAGES INCLUDING THIS PAGE:**  31

---

**COMMENTS:**

Hearing Officer Butler-Truesdale:

Here is the Petitioner's supplemental disclosure, as well as the fax confirmations from the first time it was submitted on December 5, 2006.

Jessica Smith

*********************************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
*********************************************************************************

* * * Transmission Result Report(MemoryTX) ( Dec  5. 2006  3:16PM) * * *

1) Dalton  Dalton & Houston
2)

Date/Time· Dec  5  2006  3·07PM

| File<br>No. Mode | Destination | Pg(s) | Result | Page<br>Not Sent |
|---|---|---|---|---|
| 9247 Memory TX | SHO 202-442-5556 | P  28 | OK | |

--------------------------------------------------------------------------------

Reason for error
E. 1) Hang up or line fail                    E. 2) Busy
E 3) No answer                                E 4) No facsimile connection

FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2373

DATE:        December 5, 2006

TO:          Hearing Officer Tonya Butler-Truesdale, Student Hearing Office

AT FAX:      202-442-5556

FROM:        Jessica M. Szulk, Esq.

RE:          D█████ W██████

NUMBER OF PAGES INCLUDING THIS PAGE:  28

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND AS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

* * * Transmission Result Report(MemoryTX) ( Dec  5. 2006  3:13PM ) * * *

1) Dalton  Dalton & Houston
2)

Date/Time: Dec  5  2006  3:06PM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 9246 Memory TX | 12025183666 | P  28 | OK | |

------------------------------------------------------------------------------

Reason for error
  E.1) Hang up or line fail
  E.3) No answer
  E.2) Busy
  E.4) No facsimile connection

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:        December 5, 2006

TO:          Hearing Officer Butler-Truesdale

AT FAX:      202-518-3666

FROM:        Jessica M. Smith, Esq.

RE:          Deshawnah Williams

NUMBER OF PAGES INCLUDING THIS PAGE:  28

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

\* \* \*   Transmission Result Report(MemoryTX) ( Dec  5. 2006  3:20PM ) \* \* \*

1) Dalton  Dalton.& Houston
2)

Date/Time: Dec  5. 2006  3:08PM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 9248 Memory TX | 12024425097 | P   28 | OK | |

Reason for error
   E.1) Hang up or line fail        E.2) Busy
   E.3) No answer               E.4) No facsimile connection

FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4380
FAX (703) 739-2323

DATE:      December 5, 2006

TO:        Tiffany Puckett, Esq., Office of the General Counsel

At FAX:   202-442-5098 / 5097

FROM:   Jessica M. Smith, Esq.

RE:      Deanna Wilson

NUMBER OF PAGES INCLUDING THIS PAGE:  28

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

Aug 28 06 02:21p     Carrie  Wilkins                 2022551  8              p.2
    Aug 25 06 01:12p     Sharpe Health School)       (202) 576-6166         p.3

## PUBLIC SCHOOLS OF THE DISTRICT OF COLUMBIA

### PHYSICIAN'S CERTIFICATE OF PUPIL'S INABILITY TO ATTEND SCHOOL

Date 8-28-06

To the Board of Education:
This is to certify that _____ W_____ 95

_____ Name _____ Birth Date

has been under my care since _____ and is physically unable to attend school
at this time  This pupil will probably be able to return to school within _____ weeks
or _____ months or _____ years

Desmond has Asthma                          (Signed) _____ M.D.
and may have infrequent          Address _____
periods of asthma attacks          Telephone # _____
that require him to miss school. It should have Albuterol available at all
**CONFIDENTIAL STATEMENT** times at school in case of
                                                              asthma
Physician will check appropriate items in the following four columns and fill in diagnosis and      attacks. May
remarks below                                                                                       call with
                                                                                                    questions

| Anatomical Location Skin | Types of Lesions Physical | Degree of Disability Complete | Prognosis Permanent |
|---|---|---|---|
| Head | Mental | Partial | Partial Improvement |
| Eyes | Nervous | | Complete Recovery |
| Ears | Organic | | |
| Throat | Functional | | |
| Joints | Communicable | | |
| Upper Limbs  R  L | Noncommunicable | | |
| Lower Limbs  R  L | Infectious | | |
| Spine | Noninfectious | | |
| Thorax | Spastic Paralysis | | |
| Lungs | Flaccid Paralysis | | |
| Heart | | | |
| Abdomen | | | |
| Gastro Intestinal Tract | | | |
| Genito Urinary Tract | | | |
| Nervous System | | | |
| General | | | |

Diagnosis and Remarks:  Asthma - Moderate / Persistent
                        Allergic Rhinitis

Would the child be able to receive instruction at home by a visiting teacher?  Yes
Please return to: Sharpe Health School; Route #2 or 4300 13th Street, NW,
Washington, DC  20011; Telephone: (202) 576-6161; Fax: (202) 576-6166

Appendix E

N.D. NGUYEN, MD
28131



**D.C. CHARTERED
HEALTH · CENTER**

August 28, 2006

To whom it may concern,

This letter is in reference to D_____ (_____)

(____ of birth _____ (____)). I examined Desmond
for the first time on 8/23/06 during his sick visit
at our office for an asthma exacerbation. D_____
has a history of asthma (moderate/persistent)
that requires careful control with medications.
~~Although his asthma can flare at any point~~
~~he should attend school whenever possible.~~
~~He must full attend to his medication properly~~
Absented LATE for episodes of wheezing or cough or
shortness of breath while at school he may
miss intermittent episodes of school because of
his asthma but usually not longer than 3-4 days
(unless he requires hospitalization). Again, D_____
should, and must, attend school whenever
possible. Should he miss more than 3-4 days of
school he will need home tutoring. Please call
with questions.

N.D. NGUYEN, MD
23131

CHARTERED FAMILY HEALTH CENTER, P.C.
3924 Minnesota Avenue, NE • Washington, DC 20019 • Tel: (202) 398-8685 • FAX: (202) 625-7806

Dec. 13 2006 3:35PM Dalt Dalton & Houston No 0336 P. 5/5
09/08/2006 FRI 10:06 FAX 202 627 7841 CHARTERED HEALTH CENTER ☑002/002



## CHARTERED FAMILY
## HEALTH · CENTER

9/7/06

Dear Ms. Jesica Smith,

I have reviewed your letter sent to me
on 9/1/06 regarding ██████ W████ (DOB ██ /95)
and his special education needs and asthma care.
I also reviewed the form entitled "Physician's
Certificate of Pupils Inability to Attend School" that
was completed on 8/28/06. There was no evidence
of alteration of that form. I have clearly
stated in the form as well as the letter I
wrote to Sharpe Health School that ██████
can receive home-bound instruction when and
if he ill from his asthma for longer than 3 days
or for hospitalization. I strongly feel he
needs as much educational support from Sharpe
as possible. Please call me with questions.

Thank you,

N.D. NGUYEN, MD
28131

CHARTERED FAMILY HEALTH CENTER, P.C.
5924 Minnesota Avenue, NE • Washington, DC 20019 • Tel: (202) 398-8683 • Fax: (202) 627-7806

22

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone (703)-739-4300
Facsimile (703)-739-2323

Paul S. Dalton
Ellen Douglass Dalton
William E. Houston
Laura E. Duos
Jessica M. Smith

Washington DC Office:
601 Pennsylvania Avenue, NW
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

ADMITTED IN DC
ADMITTED IN PA

ADMITTED TO THE U.S. SUPREME COURT
ADMITTED IN VA

September 12, 2006

Ms. Tiffany Batson, SEC
Thurgood Marshall Educational Center                    **VIA FAX: 202-576-7932**
3100 Fort Washington Drive, NE
Washington, DC 20018

     Re:    D███ W███ - Transportation

Dear Ms. Batson

    As you are aware, D███ IEP indicates that he requires transportation to get to and from school. The transportation data form for the 2006-2007 school year indicates that D███ would receive tokens to get to school. However, Ms. Wilkins, D███'s mother, was recently informed by you that DCPS is no longer providing tokens to students. If this is the case, DCPS must implement an alternative method of transportation, such as sending a school bus, in order for D███ to get to and from school.

    Transportation is a service that D███ should be receiving as it is indicated on his IEP. Thus, please ensure that transportation is provided for him in accordance with his IEP

                   Sincerely,

                   *Jessica M. Smith*

                   Jessica M Smith, Esq

Enclosure:    Transportation Data Form 2006-2007

cc:    Carrie Wilkins
      Maureen Anderson, Office of Special Education
      Paula Perelman, Esq , Office of Mediation and Compliance

* * *  Transmission Result Report (Memory TX)  ( Sep 12. 2006  4:37PM ) * * *

Dalton. Dalton & Houston

Date/Time: Sep 12. 2006  4:33PM

| File No. | Mode | Destination | Pg(s) | Result | Pase Not Sent |
|---|---|---|---|---|---|
| 0669 | Memory TX | 12025767932 | P. 3 | OK | |

Reason for error
E.1) Hang up or line fail          E.2) Busy
E.3) No answer                     E.4) No facsimile connection

FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703) 739-2323

DATE:        September 12, 2006

TO:          Mr. Tiffany Bakson, SEC, Marshall R.S.

AT FAX:      202-576-7932

FROM:        Jessica M. Smith, Esq.

RE:          Desmond Williams

NUMBER OF PAGES INCLUDING THIS PAGE:   3

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

Transmission Result Report (Memory TX) ( Sep 12  2006  4:19PM )  

1) Dalton  Dalton & Houston
2)

Date/Time: Sep 12  2006  4:27PM

| File No. | Mode | Destination | Pg(s) | | Result | Page Not Sent |
|---|---|---|---|---|---|---|
| 6571 | Memory TX | 12024425524 | P | 3 | OK | |

---

Reason for error
  E.1) Hang up or line fail              E.2) Busy
  E.3) No answer                         E.4) No facsimile connection

---

FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:      September 12, 2006

TO:        Paula Perelman, Esq., Office of Mediation and Compliance

AT FAX:    202-442-5524

FROM:      Jessica M. Smith, Esq.

RE:        D~~~~~~

NUMBER OF PAGES INCLUDING THIS PAGE: 3

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

* * * Transmission Result Report "MemoryTX" ( Sep 12 2006  4:30PM ) * * *

P. 1
Dalton  Dalton & Houston

Date/Time: Sep 12 2006  4:28PM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 3570 Memory TX | 12024426517 | P  3 | OK | |

--------------------------------------------------------------------------------

Reason for error
E.1) Hang up or line fail                    E.2) Busy
E.3) No answer                               E.4) No facsimile connection

---

FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston, P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-3837
(703) 739-4300
FAX (703) 739-2323

DATE:      September 12, 2006

TO:        Maureen Anderson, DOTS, Transportation

AT FAX:    202-442-5517 / 5518

FROM:      Jessica M. Smith, Esq.

RE:        De██████ W█████

NUMBER OF PAGES INCLUDING THIS PAGE: 3

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

INDIVIDUALIZED EDUCATION PROGRAM
(IEP)
MEETING NOTES

STUDENT ▮▮▮▮▮ ▮▮▮ SCHOOL Marshall EC DATE 9/9/2006

| PARTICIPANTS | PARTICIPANTS (Signature) | DISCIPLINE |
|---|---|---|
| Merrie Wilkins | Merrie Wilkins | Minnie Parent Atty |
| Jessica Smith | Jessica Smith | SPED Teacher |
| Ola Arema | | School Psych. |
| Jennifer E. Penn | Jennifer Penn | Speech Pathologist |
| Jennifer Williams USCO | Jennifer Williams | DOL Spec. Ed. Teacher |
| Elena Smith | Elena Smith | VIS Teacher |
| Willie Green | Willie Green | |

The meeting is convened to discuss a request by the Hearing Officer to hold a meeting to discuss the possible modification of student's ▮▮▮▮▮ IEP to reflect a student who requires home schooling or home tutoring on call based on students disability. The members of the MDT were present and introduced themselves to the parent.

New Findings - Since the hearing, the child's physician was contacted, after receiving a release from the parent to access personal health information,

(2)

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

MDT

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES (continuation)

STUDENT ████████ SCHOOL Marshall Elementary DATE 9/19/06

you doctor informed Ms Smith that the VIS that
parts of the VIS doctors request form was fordaged.
So the doctor sent Ms Smith a copy/statement of ^New
████'s medical condition and how it effects
his ability to attend school.
It was read aloud at the meeting.
In response, Parent's advocate contacted the doctor
in response to her asking for clarity if documents
were altered, the doctor stated the documents were not altered.
It was read aloud at meeting

Parent — The doctor's record of ████ is large
and the doctor who made the recommendations
has only seen ████ once. [████ can't take albuterol
and he doesn't have any at school]
* When ████ is at the hospital or clinic the
parent will give the school a copy of the Doctor's
note stating that he will be out of school for more the 3 days

* When ████ is at home sick for more than 3
day, the parent will fax a note to. the school informing
the school of how long he will be absent and why 500-727-7932

MDT MEETING NOTES APPENDIX - A

③

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D C

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES (continuation)

| MDT |

STUDENT ___D_____ (1)_____    SCHOOL Marshall Elementary____   DATE 9/19/06

The doctor note stated that _____ can and must attend school, He may need VIS services if he's been hospitalized or he'll be out for 3 or more days.

* The parent stated that D_____ gets very ill. So the MDT is unsure if D_____ will be responsive to a tutor.

* DCPS will provide the following plan:
DCPS is willing to provide a work packet to D_____, (by way of his siblings), if he is out of school, due to his asthma, for more than 3 days.
Upon his return to school, D_____ will receive 1 hour a week, based on number of days absent, of one-on-one tutoring by the special education teachers aide.

Since the doctor stated that D_____ "should and must attend school," it has been determined that

④

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES (continuation)

MDT

STUDENT: D▓▓▓ W▓▓▓▓ SCHOOL: Marshall Elementary DATE: 9/19/06

Demand does not ▓▓▓▓ ▓ ▓ ▓▓▓ ▓▓▓▓▓▓ an on-going basis. In the Doctor's note, the doctor wrote that D▓▓▓ "can" receive home-bound instruction, but she didn't state that he must.

In good faith DCPS at the local school is unable to provide any other relief for parent other than the plan mentioned above.

Parent/Advocate - would like for DCPS to determine how many hours of tutoring D▓▓▓▓ should receive if he misses school for more than 3-4 days. They are not happy with DCPS decision and do not agree with the plan proposed. DCPS will continue to go forward with the proposed plan. The parent/advocate agrees that D▓▓▓ should receive 2 hours a day of home-bound tutoring for everyday absent over 3-4 days. Members of the MDT agreed that the parent's child (D▓▓▓) should receive tutoring after missing school for more than 3-4 days.

Members of the MDT agreed that the DCPS proposed plan

30

SPECIAL EDUCATION      MDT MEETING NOTES      APPENDIX - A

⑤

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES (continuation)

MDT

STUDENT: ▬▬▬ (w) ▬▬▬ _____ SCHOOL· Marshall Elementary ___ DATE: 9/9/06

is significant.

▬▬▬ asthma is intermittent, therefore, he does not qualify for VIS instruction, unless the parent can provide doctor's documentation that ▬▬▬ will be out of school for more than 3 weeks.


Comp Ed·

Compensatory Education Plan will begin on 9/20/06.
▬▬▬ will receive extended time during the school day in speech & language and specialized instruction.

page 6  D▇▇▇ W▇▇ - MDT meeting 9/19/06

Parent inquired about transportation.
Transportation is on D▇▇▇'s IEP.
Ms. Batson stated that Desmond does not
qualifies for transportation & Downtown
is not providing tokens for special
education students. D▇▇▇'s IEP
indicates that he qualifies for transportation
However, for 2006-2007 D▇▇▇ has been
forced to walk to school, which in turn
aggravates his asthma.

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile: (703)-739-2323

Washington DC. Office:
601 Pennsylvania Avenue, NW
South Building,  Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: 202-393-0575

Paul S. Dalton
Ellen Douglass Dalton
William E. Houston
Laura E. Duos
Jessica M. Smith
Kathryn T. McArdire

* ADMITTED IN W. VA
+ ADMITTED IN D.C.
+ ADMITTED IN PA
¢ ADMITTED IN CT

~ ADMITTED IN MD
"ADMITTED TO THE U.S. SUPREME COURT
¢ ADMITTED IN VA

November 15, 2006

Ms. Tiffany Batson, SEC
Thurgood Marshall Educational Center
3100 Fort Washington Drive, NE
Washington, DC 20018

VIA FAX: 202-576-7932

Re:  D██████ W██████, Interim Order

Dear Ms. Batson:

Enclosed here is the Interim Order that was issued by Hearing Officer Butler-Truesdale Prior to issuing a Final Order, the Hearing Officer is requiring the parent and the school to provide the following documents to her for review. Thus, can you please fax these documents to my office, and then I can submit them to the Hearing Officer:

1.  D██████'s attendance records from August 28, 2006 - present
2.  Encounter tracking forms for related services rendered since August 28, 2006
3.  Records of any medically documented absences; and
4.  The compensatory education plan completed at the 9/19/06 MDT meeting which began on 9/20/06.

Additionally, the Hearing Officer ordered DCPS to immediately commence transportation services for D██████. I spoke with Ms. Wilkins today and transportation is not being provided. D██████ is forced to walk to school, unless Ms. Wilkins is able to pay for bus tokens herself. Thus, please ensure that transportation is started immediately for D██████

I appreciate your assistance in this matter. Also enclosed is release signed by the parent. I look forward to receiving the documents from you so that they can be submitted to the Hearing Officer as soon as possible per her Order  Please call me with any questions or concerns

Sincerely,

Jessica M. Smith, Esq

cc:  Ms. Carrie Wilkins
     Ms Tiffany Puckett, Esq.

Enclosures:  Signed Release

33

P. 1

\* \* \* Transmission Result Report (Report) \* Nov. 15 2006 11:15AM \* \* \*

Dalton, Dalton & Houston

Date/Time: Nov. 15 2006 11:15AM

| File No. Mode | Destination | Pg(s) | Result | Pass Not Sent |
|---|---|---|---|---|
| 157 ─── | 2025767032 | P. 5 | NG | |

--------------------------------------------------------------

Reason for error
E.1) Hang up or line fail          E.2) Busy
E.3) No answer                     E.4) No facsimile connection

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)735-2323

DATE:        November 15, 2006

TO:          Ms. Tiffany Releson, SEC, Marshall E.S.

AT FAX:      202-576-7032

FROM:        Jessica M. Smith, Esq.

RE:          De██████ W█████

NUMBER OF PAGES INCLUDING THIS PAGE:        6

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

P.

Transmission Resuit Report (Memory TX) ( Nov 5 2006 11:54 )

Dalton, Dalton & Houston

Date/Time: Nov 5 2006 11:53AM

| File No. Mode | Destination | Pg(s) | Result | Pete Not Sent |
|---|---|---|---|---|
| 1? ?? Memory TX | 12024425098 | P. P | OK | |

---

Reason for error
E.1) Hang up or line fail     E.2) Busy
E.3) No answer     E.4) No facsimile connection

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE: November 15, 2006

TO: Tiffany Puckett, Esq., Office of the General Counsel

AT FAX: 202-442-5098 / 5097

FROM: Jessica M. Smith, Esq.

RE: D█████ W█████

NUMBER OF PAGES INCLUDING THIS PAGE: 4

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

**From:** Jessica M. Smith, Esq. [mailto:j.smith@daltonlaw.com]
**Sent:** Wednesday, November 15, 2006 11:53 AM
**To:** Anderson, Maureen (OSE)
**Cc:** Perelman, Paula (OSE)
**Subject:** Transportation for D███ W███

Dear Ms Anderson –

Attached here is an interim Order requiring DCPS to commence transportation for student D███ W███. Also attached are the student data forms: D███ is supposed to receive tokens to get to school; however the Special Education Coordinator at the Marshall EC Ms. Tiffany Batson, continually informs the parent that tokens are no longer being provided. In light of the Interim Order can you please ensure that transportation is commenced immediately for D███ He is forced to walk to school which aggravates his chronic asthma condition

Thank you very much for your attention to this matter Please contact me with questions or concerns

Sincerely

Jessica M. Smith, Esq
Associate Attorney
Dalton, Dalton & Houston, P C
1008 Pendleton Street
Alexandria, VA 22314-1837
Tel: (703) 739-4300 x227
Fax: (703) 739-2323

**************************************************************************
The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to d.castro@daltonlaw.com
Thank you.
**************************************************************************

-----Original Message-----
**From:** Perelman, Paula (OSE)
**Sent:** Wednesday, November 15, 2006 1:58 PM
**To:** Anderson, Maureen (OSE)
**Subject:** FW: Transportation for Desmond Wilkins

Hi, Maureen  How soon will transportation start?  Please "cc" me on your response to Jessica   Thanks

**From:** Anderson, Maureen (OSE) [mailto:Maureen.Anderson@k12.dc.us]
**Sent:** Wednesday, November 15, 2006 2:22 PM
**To:** j.smith@daltonlaw.com
**Cc:** Perelman, Paula (OSE); McIntyre, Ronald E. (OOT)
**Subject:** RE: Transportation for D█████ W█████

Ms. Smith

D█████ has been in the transportation database to receive tokens since 6/23/2006. I called Marshall ES and spoke with Ms. Batson. She told me that she knows how to request the tokens from DCPS Division of Transportation. Ms. Batson has to go to the Penn Center, where DCPS Transportation is located, to pick up an allotment of Metro fare for D█████. I want to clarify which mode of transportation D█████ is supposed to receive. The form Ms. Batson submitted dated 5/23/2006 says tokens and the form you submitted along with the HOD says tokens. Is tokens the correct mode of transportation?

Thanks.

Maureen

**Maureen Anderson**
**Transportation Specialist/School Support**
**District of Columbia Public Schools**
**Office of Special Education (OSE)**
**825 North Capitol Street, NE, 6th floor**
**Washington, DC 20002**
**email: Maureen.Anderson@k12.dc.us**
**phone: (202)442-5399**
**fax: (202)442-5517**

**From:** Jessica M. Smith, Esq. [mailto:j.smith@daltonlaw.com]
**Sent:** Wednesday, November 15, 2006 2:50 PM
**To:** 'Anderson, Maureen (OSE)'
**Cc:** 'Perelman, Paula (OSE)'; 'McIntyre, Ronald E. (OOT)'
**Subject:** RE: Transportation for D██████ W████

Dear Ms Anderson:

Yes, tokens are the correct form of transportation. D██████s mother prefers that he be given tokens (rather than having a DCPS bus pick him up) so that he can go to and from school with his other siblings and not feel singled out due to his disability. That being said, Ms Batson has consistently given D██████s mother excuses that tokens are not being given out or are not available for D██████ to use. If this is the case, then a bus or another form of transportation should be used. However, if tokens are indeed available, then D██████ should be provided with them. I agree that D██████ has been in the transportation database for sometime now  however the tokens have not and are not being provided to him

I appreciate your attention to this matter  if I can be of further help  please contact me

Thanks - Jessica

-----Original Message-----
**From:** Jessica M. Smith, Esq. [mailto:j.smith@daltonlaw.com]
**Sent:** Monday, December 04, 2006 11:05 AM
**To:** Anderson, Maureen (OSE)
**Cc:** Perelman, Paula (OSE); McIntyre, Ronald E. (OOT)
**Subject:** RE: Transportation for D██████ W██████

Dear Ms. Anderson:

I wanted to inform you of the status of D████'s transportation tokens. D█████ asked Ms. Batson for the tokens. However, on November 27, 2006, Ms. Batson informed him and his mother that she is not giving out tokens. I am not sure if there is a miscommunication somewhere or if Ms. Batson is simply unwilling to get the tokens from Penn Center. However, D██████ continues to remain without tokens. Please let me know if there is anything I can do on my end to rectify this situation. As you stated, D██████ has been in the transportation system since 6/23/06 however Ms. Batson is still not giving him the tokens.

I appreciate your assistance and attention to this matter.

Sincerely

Jessica M. Smith, Esq
Associate Attorney
Dalton, Dalton & Houston P.C.
1008 Pendleton Street
Alexandria, VA 22314-1837
Tel: (703) 739-4300 x227
Fax: (703) 739-2323

*****************************************************************************

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to **d.castro@daltonlaw.com**
Thank you.

*****************************************************************************

**From:** Anderson, Maureen (OSE) [mailto:Maureen.Anderson@k12.dc.us]
**Sent:** Monday, December 04, 2006 12:34 PM
**To:** j.smith@daltonlaw.com
**Subject:** FW: Transportation for D▓▓▓▓ W▓▓▓

Ms. Smith,

This is the email I sent to the Regional Supervisor regarding D▓▓▓▓'s situation. Please let me know if I can be of further assistance

Thanks,
Maureen

**Maureen Anderson**
**Transportation Specialist/School Support**
**District of Columbia Public Schools**
**Office of Special Education (OSE)**
**825 North Capitol Street, NE, 6th floor**
**Washington, DC 20002**
**email: Maureen.Anderson@k12.dc.us**
**phone: (202)442-5399**
**fax: (202)442-5517**

-----Original Message-----
**From:** Anderson, Maureen (OSE)
**Sent:** Monday, December 04, 2006 11:28 AM
**To:** Helton, Carol (OSE)
**Cc:** Perelman, Paula (OSE)
**Subject:** FW: Transportation for D▓▓▓▓ W▓▓▓

Carol,

I spoke with Ms. Batson regarding the process for requesting tokens and farecards from Transportation. She stated that she was aware of the process and she would request the student's Metro fare. This was a couple of weeks ago. As of today, Ms. Batson has not gone to the Penn Center to pick up D▓▓▓▓'s allotment. I spoke with Mr. McIntyre of DCPS Division of Transportation. He stated that if Ms. Batson comes to the Penn Center today she can receive the tokens and farecards today. He also stated that another employee at Marshall EC can also pick up the tokens and farecards. I called Marshall EC today and spoke with Ms. Francis at the main desk. I left a message for Ms. Batson explaining that if she can't go to the Penn Center, another DCPS employee should go to the Penn Center to pick up the student's tokens and farecards. Do you know of anyone at Marshall EC that can help because the student has not been receiving METRO fare this school year 06-07

Thanks,
Maureen

**Maureen Anderson**
**Transportation Specialist/School Support**
**District of Columbia Public Schools**

Office of Special Education (OSE)
825 North Capitol Street, NE, 6th floor
Washington, DC 20002
email: Maureen.Anderson@k12.dc.us
phone: (202)442-5399
fax: (202)442-5517

STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA
STATE ENFORCEMENT AND INVESTIGATION DIVISION (SEID)
SPECIAL EDUCATION PROGRAMS

| | |
|---|---|
| Carrie Wilkins, on behalf of | ) |
| D███████ W████, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v | ) |
| | ) |
| District of Columbia Public Schools | ) |
| ("DCPS"), | ) |
| | ) |
| Respondent | ) |

Hearing Officer Tonya M. Butler-Truesdale

_____

### AFFIDAVIT OF CARRIE WILKINS

I, Carrie Wilkins, hereby declare and state the following:

1      I am the mother and legal guardian of D███████ W████, whose date of birth is █████████ 1995  D██████ resides with me at 2909 South Dakota Avenue, NE, Washington, DC 20018

2      D███████ attends the Thurgood Marshall Educational Center ("Marshall EC"), a District of Columbia Public School

3      It is my recollection that D██████ was absent from Marshall EC due to his severe chronic asthma condition for the 2006-2007 school year on or around the following dates: August 28, 29;  September 8, 13, 14, 15, 20, 21, 22, 25, 28, 29; October 6, 9, 10, 13, 16, 20, 23, 24, 27, 30; November 3, 7, 8, 9, 10, 15, 16, 17, 20, 21, 22, 30; and December 4, 2006

4      I notified Marshall EC of D██████'s asthma-related absences by calling the school and speaking with the attendance monitor, as well as sending notes to the school

5.      During the times listed above that D██████ had asthma-related absences, service providers were not sent to our home for home visiting services.  Additionally, a work packet was sent home for D██████ only one time in September.  For all other absences, work packets were not sent home and service providers did not come to our house.

43



6.   D_____s IEP calls for transportation in the form of tokens for the bus  D_____has

not received his tokens for the bus for the 2006-2007 school year   Rather, I have to buy the

tokens for D_____each week.  The tokens cost about $6.25 for ten tokens. which provides

him with transportation for one week   For approximately 15 weeks, since school began, I have

been buying the tokens for D_____'s transportation

7.   I asked Ms  Tiffany Batson, the special education coordinator at Marshall EC, to provide

the tokens to D_____.  I asked her about the tokens twice in September and twice in October

Each time, Ms. Batson informed me that tokens are no longer provided to special education

students   Most recently, D_____ asked Ms  Batson for tokens on or around November 27

2006, and again she informed him that tokens were not given out to special education students.


In accordance with 28 U.S C  Section 1746, I declare under penalty of perjury that the foregoing

is true and correct.


Executed on ___12-4-06___

_Carrie Wilkins_                                    _12-4-06_
Carrie Wilkins                                     Date


Subscribed and sworn before me this ___04___ day of December, 2006.


                                        Notary Public


SEAL

DIONNE J. CASTRO
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES _____

2

44



**Marshall Educational Center**
3100 Fort Lincoln Drive, N.E.
Washington, D.C. 20018 – 4399
202 – 576 – 6900  fax: 202-576-7932

**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**
www.k12.dc.us

DATE: 11/27/2006        FAX TO: 2/442-5556

TO: Tonya M. Butler-Truesdale, Esquire

FROM: Tiffany Batson

TOTAL NUMBER OF PAGES INCLUDING COVER SHEET: 8

COMMENTS: Re: D███████ W████

Please note that student's 1st day of
school was 09/11/2006

**If you do not receive the total transmission, please contact this office on
(202) 576-6900**

**Confidentially Notice:** the information accompanying this facsimile is intended only
for the use of the individual or entity named above. If you are not the intended
recipient, you are hereby notified that any disclosure, copying, distribution or the taking
of any action in reliance on the content of this telecopy is strictly prohibited.

45



September 26, 2006

Re:  Demmand Wilkins

Dear Ms. Batson:

Demmand has been absent since 9/22/06 due to his asthma and medical condition.  At the meeting on 9/19/06, you stated that DCPS would send home work packets when Demmand is out for more than 3 days.  While I am still requesting that a tutor be sent home for Demmand when he is absent for more than 3 days, it is my understanding that DCPS will not provide that service and that the issue of the home tutor needs to be addressed at the hearing.

Since Demmand has been out for more than 3 days, please send home work packets for him.

Sincerely,

Carrie Wilkins

*Carrie Wilkins*

202-269-0228

## COMPENSATORY EDUCATION PLAN*

**Section I:**
Student Name D_____ W_____ DOB __/__/95 Sex M Grade 5th

Age 10 Date of IEP 5/23/2006 Date of Proposal 9/19/06 Home School Marshall EC

Attending School: Marshall EC Disability: Other Health Impaired

Language English Address: 2909 South Dakota Ave, NE 20018

Parent Name: Carrie Wilkins Phone(H): (W):

Instructional/Related Services Missed: From August 29, 2005 until May 23, 2006 Specialized Instruction & Speech & Language Services

Time Period for Delay/Disruption: 9 months August 29th - May 23, 2006

Description of Compensatory Education due to ✓HOD** SA** other: DCPS agrees to provide

DCPS will provide 4 hours a day for 5 weeks at Summer school site or D_____ will receive extended time during the school day in speech & language and specialized instruction

**Section II:** Compensatory Education Services to be Provided:

| Skill Areas | Provider | Beginning Date | Duration |
|---|---|---|---|
| Specialized Instruction | Sped Teacher | 9/20/2006 | 50 hrs. |
| Speech & Language | Speech Pathologist | 9/20/2006 | 50 hrs. |

Parent Signature: _____  Principal Signature: _____

MDT Members: Ms. Batson    Position: Sped Coordinator

Ms. Aremo    Sped Teacher

Ms. Williams    Speech Pathologist

Ms. Whitaker    General Ed Teacher

**Section III:** Signatures for Services Rendered:

| Provider | Service | Total Hrs. Recd. | Date |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

Principal Signature: _____  Date _____

**Section IV:** If the services on the plan are not completed by the end of the school year, or if the student transfers before the services are concluded, the IEP/MDT completes the bottom portion of this proposal, attaches the proposal, lesson objectives, and progress report to the new or current IEP, and files the IEP in the student's special education folder. For the transferring student, the special education records, inclusive of the IEP and compensatory education documents, are forwarded to the receiving school. Copies of documents must be forwarded to the Mediation and Compliance Unit.

| Services | Frequency | | Setting | Total Hrs. or Wks. Of Service Remaining |
|---|---|---|---|---|
| | Hr/Min | Wk/Mo | | |
| | | | | |
| | | | | |
| | | | | |

*Complete a MDT/IEP Meeting Note Page and attach meeting page and Compensatory Education Plan to IEP. Copy of the Plan must be forwarded to the Mediation and Compliance Unit, Division of Special Education within five (5) school days. **HOD/SA must be attached.

| Actual Provider : | WILLIAMS, JENNIFER | | Provider ID : | 98122720 |
| Provider Type Code : | 04 | | District Code : | DCPS |
| Servicing School Code : | 351 | | | |

IEP Date Developed :   05/25/2005      IEP Service Code:    Speech-Language

## Document All Services As Instructed

| Service Date (mm/dd/yyyy) | Presenting Problem | Daily Freq | Duration | Procedure Code/Modifier | Cat/Type of Service | # Of Student | Response To Treatment | Progress Notes |
|---|---|---|---|---|---|---|---|---|
| 09/26/2006 | Developmental Speech or Lang Disorder | 1 | 30 | Speech/Language Services/Treatment -Group | Worked With - Student | 2 | Continue | See notes below |

**Additional Progress Notes :** De_____ has returned to Marshall EC. Desmond was to match a vocabulary woird with correct definitions. He achieved 10/20.

| Service Date (mm/dd/yyyy) | Presenting Problem | Daily Freq | Duration | Procedure Code/Modifier | Cat/Type of Service | # Of Student | Response To Treatment | Progress Notes |
|---|---|---|---|---|---|---|---|---|
| 09/28/2008 | Developmental Speech or Lang Disorder | 1 | 30 | Speech/Language Services/Treatment -Group | Student Unavailable - Absent for Scheduled Session | 2 | | See notes below |

**Additional Progress Notes :** De_____ was absent

| Service Date (mm/dd/yyyy) | Presenting Problem | Daily Freq | Duration | Procedure Code/Modifier | Cat/Type of Service | # Of Student | Response To Treatment | Progress Notes |
|---|---|---|---|---|---|---|---|---|
| 10/03/2006 | Developmental Speech or Lang Disorder | 1 | 30 | Speech/Language Services/Treatment -Group | Student Unavailable - Absent for Scheduled Session | 2 | | See notes below |

**Additional Progress Notes :** De_____d absent

| Service Date (mm/dd/yyyy) | Presenting Problem | Daily Freq | Duration | Procedure Code/Modifier | Cat/Type of Service | # Of Student | Response To Treatment | Progress Notes |
|---|---|---|---|---|---|---|---|---|
| 10/05/2006 | Developmental Speech or Lang Disorder | 1 | 30 | Speech/Language Services/Treatment -Group | Student Unavailable - Absent for Scheduled Session | 2 | | See notes below |

**Additional Progress Notes :** De_____d absent

| Service Date (mm/dd/yyyy) | Presenting Problem | Daily Freq | Duration | Procedure Code/Modifier | Cat/Type of Service | # Of Student | Response To Treatment | Progress Notes |
|---|---|---|---|---|---|---|---|---|
| 10/10/2006 | Developmental Speech or Lang Disorder | 1 | 30 | Speech/Language Services/Treatment -Group | Student Unavailable - Absent for Scheduled Session | 2 | | See notes below |

**Additional Progress Notes :** De_____ was absent

| Service Date (mm/dd/yyyy) | Presenting Problem | Daily Freq | Duration | Procedure Code/Modifier | Cat/Type of Service | # Of Student | Response To Treatment | Progress Notes |
|---|---|---|---|---|---|---|---|---|
| 10/12/2006 | Developmen | 1 | 30 | Speech/Langua | Student | 2 | | See notes below |

49

**Additional Progress Notes :** De_____ was to verbally define target vocab words then use them to fill in blanks to make sentences correct. He was able to correctly define 7/12 words.

| Service Date (mm/dd/yyyy) | Presenting Problem | Daily Freq | Duration | Procedure Code/Modifier | Cat/Type of Service | # Of Student | Response To Treatment | Progress Notes |
|---|---|---|---|---|---|---|---|---|
| 10/19/2006 | Developmental Speech or Lang Disorder | 1 | 30 | Speech/Language Services/Treatment -Group | Student Unavailable - Absent for Scheduled Session | 2 | | See notes below |

**Additional Progress Notes :** De_____ absent

| Service Date (mm/dd/yyyy) | Presenting Problem | Daily Freq | Duration | Procedure Code/Modifier | Cat/Type of Service | # Of Student | Response To Treatment | Progress Notes |
|---|---|---|---|---|---|---|---|---|
| 10/24/2006 | Developmental Speech or Lang Disorder | 1 | 30 | Speech/Language Services/Treatment -Group | Provider Unavailable - Absent | 2 | | See notes below |

**Additional Progress Notes :** Therapist on leave

| Service Date (mm/dd/yyyy) | Presenting Problem | Daily Freq | Duration | Procedure Code/Modifier | Cat/Type of Service | # Of Student | Response To Treatment | Progress Notes |
|---|---|---|---|---|---|---|---|---|
| 10/26/2006 | Developmental Speech or Lang Disorder | 1 | 30 | Speech/Language Services/Treatment -Group | Student Unavailable - Absent for Scheduled Session | 2 | | See notes below |

**Additional Progress Notes :** De_____ was absent

| Service Date (mm/dd/yyyy) | Presenting Problem | Daily Freq | Duration | Procedure Code/Modifier | Cat/Type of Service | # Of Student | Response To Treatment | Progress Notes |
|---|---|---|---|---|---|---|---|---|
| 10/31/2006 | Developmental Speech or Lang Disorder | 1 | 30 | Speech/Language Services/Treatment -Group | Student Unavailable - Absent for Scheduled Session | 2 | | See notes below |

**Additional Progress Notes :** De_____ was absent

| Service Date (mm/dd/yyyy) | Presenting Problem | Daily Freq | Duration | Procedure Code/Modifier | Cat/Type of Service | # Of Student | Response To Treatment | Progress Notes |
|---|---|---|---|---|---|---|---|---|
| 11/02/2006 | Developmental Speech or Lang Disorder | 1 | 30 | Speech/Language Services/Treatment -Group | Worked With - Student/Other | 2 | Continue | See notes below |

**Additional Progress Notes :** De_____ was to answer wh comprehension questions from verbally presented information. He achieved 9/15 correct.

| Service Date (mm/dd/yyyy) | Presenting Problem | Daily Freq | Duration | Procedure Code/Modifier | Cat/Type of Service | # Of Student | Response To Treatment | Progress Notes |
|---|---|---|---|---|---|---|---|---|
| 11/07/2006 | Developmental Speech or Lang Disorder | 1 | 30 | Speech/Language Services/Treatment -Group | Student Unavailable - Absent for Scheduled Session | 2 | | See notes below |

**Additional Progress Notes :** De_____ was absent

| Service Date (mm/dd/yyyy) | Presenting Problem | Daily Freq | Duration | Procedure Code/Modifier | Cat/Type of Service | # Of Student | Response To Treatment | Progress Notes |
|---|---|---|---|---|---|---|---|---|
| 11/09/2006 | Developmental Speech or Lang | 1 | 30 | Speech/Language Services/Treatm | Worked With - Student/Oth | 2 | Continue | See notes below |

50

| | | Daily Freq | Duration | Procedure Code/Modifier | Cat/Type of Service | # Of Student | Response To Treatment | Progress Notes |
|---|---|---|---|---|---|---|---|---|
| 11/17/2006 | Developmental Speech or Lang Disorder | 1 | 60 | Comprehensive Diagnostic Assessment-SLP | Worked With - Student | 2 | Continue | See notes below |

**Additional Progress Notes :** Conducted speech and language re-evaluation with D━━━

| Service Date (mm/dd/yyyy) | Presenting Problem | Daily Freq | Duration | Procedure Code/Modifier | Cat/Type of Service | # Of Student | Response To Treatment | Progress Notes |
|---|---|---|---|---|---|---|---|---|
| 11/21/2006 | Developmental Speech or Lang Disorder | 1 | 30 | Speech/Language Services/Treatment -Group | Provider Unavailable - Absent | 2 | | See notes below |

**Additional Progress Notes :** Therapist on leave

| Service Date (mm/dd/yyyy) | Presenting Problem | Daily Freq | Duration | Procedure Code/Modifier | Cat/Type of Service | # Of Student | Response To Treatment | Progress Notes |
|---|---|---|---|---|---|---|---|---|
| 11/23/2006 | Developmental Speech or Lang Disorder | 1 | 30 | Speech/Language Services/Treatment -Group | School Closed - Scheduled Holiday or Administrative School Closure | 2 | | See notes below |

**Additional Progress Notes :** School closed=Thanksgiving

Provider Signature _Jennifer Williams_ MS CCC-SLP  Credentials  Date Signed _11·27·06_

Supervisor Signature _____  Credentials  Date Signed _____

51

**Marshall Educational Center**

Attendance Summary
11 AUG 2006 to 27 NOV 2006          Run Date:  21 Nov 2006 09:13 AM

| | | | | | | |
|---|---|---|---|---|---|---|
| W█████ D█████ | Pupil No. **9065608** | Grade **05** | Gender **M** | Birth Date ████ 1995 | Homeroom **002G** | Ethnicity **Blk** |

(202)269-0228
2909 South Dakota Ave NE
Washington, DC 20018

| Absences | | | | | Lates |
|---|---|---|---|---|---|
| | Auth | Exc | Unexc | Total | |
| AM | 0.00 | 10.00 | 12.00 | 22.00 | 1.00 |
| PM | 0.00 | 9.00 | 12.00 | 21.00 | 0.00 |
| Days | 0.00 | 9.50 | 12.00 | 21.50 | 1.00 |

Total Days Present /Membership Days
29.50 / 51.00

| School | Date | A/L | Reason A.M. | In/Out | Time | A/L | Reason P.M. | In/Out | Time |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | A | ex.Illness | | |
| 351 | 25 SEP 2006 X | A | ex.Illness | | | | | | |
| 351 | 26 SEP 2006 | L | ex.Tardy - Excused | | | | | | |
| 351 | 27 SEP 2006 | A | un.Unexcused Absence | | | A | un.Unexcused Absence | | |
| 351 | 28 SEP 2006 X | A | un.Unexcused Absence | | | A | un.Unexcused Absence | | |
| 351 | 29 SEP 2006 X | A | un.Unexcused Absence | | | A | un.Unexcused Absence | | |
| 351 | 04 OCT 2006 | A | ex.Illness | | | A | ex.Illness | | |
| 351 | 05 OCT 2006 | A | ex.Illness | | | A | un.Unexcused Absence | | |
| 351 | 11 OCT 2006 | A | un.Unexcused Absence | | | A | ex.Excused Absence | | |
| 351 | 12 OCT 2006 | A | ex.Excused Absence | | | A | un.Unexcused Absence | | |
| 351 | 19 OCT 2006 | A | un.Unexcused Absence | | | A | un.Unexcused Absence | | |
| 351 | 20 OCT 2006 | A | un.Unexcused Absence | | | A | un.Unexcused Absence | | |
| 351 | 24 OCT 2006 | A | un.Unexcused Absence | | | A | un.Unexcused Absence | | |
| 351 | 25 OCT 2006 | A | un.Unexcused Absence | | | A | un.Unexcused Absence | | |
| 351 | 26 OCT 2006 | A | un.Unexcused Absence | | | A | un.Unexcused Absence | | |
| 351 | 27 OCT 2006 | A | un.Unexcused Absence | | | A | un.Unexcused Absence | | |
| 351 | 31 OCT 2006 | A | un.Unexcused Absence | | | A | un.Unexcused Absence | | |
| 351 | 01 NOV 2006 | A | ex.Excused Absence | | | A | ex.Excused Absence | | |
| 351 | 03 NOV 2006 | A | ex.Excused Absence | | | A | ex.Excused Absence | | |
| 351 | 07 NOV 2006 | A | ex.Excused Absence | | | A | ex.Excused Absence | | |
| 351 | 08 NOV 2006 | A | ex.Excused Absence | | | A | ex.Excused Absence | | |
| 351 | 13 NOV 2006 | A | ex.Excused Absence | | | A | ex.Excused Absence | | |
| 351 | 14 NOV 2006 | A | ex.Excused Absence | | | | | | |
| 351 | 21 NOV 2006 | A | ex.Excused Absence | | | | | | |
| 351 | Total Absences = 21.5 | | | | Total Lates = 1 | | | | |

11/22
11/20
11/17
11/16
11/15
11/10
11/9

52

# District of Columbia Public Schools

## Office of Management Services
### Tonya Butler-Truesdale, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(202) 518-6867
Facsimile: (202) 442-5556

## Confidential

| | | |
|---|---|---|
| DESMOND WILKINS, STUDENT | ) | |
| | ) | |
| Date of Birth: December 12, 1995 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: August 25, 2006 |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA PUBLIC | ) | Held at: 825 North Capitol Street, N.E. |
| SCHOOLS | ) | 8th Floor |
| Respondent. | ) | Washington, D.C. 20002 |
| | ) | |

## INTERIM ORDER

**Counsel for Parent:**    Jessica Smith, Esquire
Dalton, Dalton & Houston, PC
1008 Pendleton Street,
Alexandria, VA 22314
(703) 739-4300
Fax: (703) 739-2323

**Counsel for DCPS:**    Tiffany Puckett, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

53

*In the Matter of D.W.*

## I.  JURISDICTION

The Due Process Hearing was convened and this Order is written pursuant to the *Individuals with Disabilities Education Improvement Act of 2004 (I.D.E.I.A.)*, 20 U.S.C. Section 1400 et seq.; 34 C.F.R. Section et seq.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

## II.  ORDER

1.  Prior to the issuance of a Final Order, this hearing officer requires that Petitioner and or Respondent submit the following:
    a.  Petitioner's attendance records from August 28, 2006 to present;
    b.  encounter tracking forms for related services rendered since August 28, 2006;
    c.  the records of any medically documented absences; and,
    d.  the compensatory education plan completed at the September 19, 2006 MDT meeting which began on September 20, 2006.
2.  These documents should be submitted as soon as possible by facsimile to (202) 442-5556.
3.  **DCPS shall immediately commence transportation services if such services are not already being provided.**



_____        November 11, 2006
Tonya M. Butler-Truesdale, Esquire              Date
Hearing Officer


Issued: _____
Student Hearing Office, DCPS

2

54

# FACSIMILE TRANSMITTAL FORM

### Law Office
### TONYA M. BUTLER - TRUESDALE
### Attorney At Law
### Washington, DC
### (202) 518-6867

Date of Transmission: _____11/ 8/06_____

To: _____SHO_____

Fax Number of Recipient: _____

From: _____Toya_____

Fax Number of Sender: _____(202) 518-3666_____

Total Number of Pages (including cover sheet): ___3___

Comments: __████ W████ - Andrews 3.__

_____

_____

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to the above address via the U.S. Postal Service.

STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA
STATE ENFORCEMENT AND INVESTIGATION DIVISION (SEID)
SPECIAL EDUCATION PROGRAMS

| | |
|---|---|
| Carrie Wilkins, on behalf of ) | |
| De████ W████, ) | |
| ) | |
| Petitioner, ) | Hearing Officer Tonya M. Butler-Truesdale |
| ) | |
| v. ) | |
| ) | |
| District of Columbia Public Schools ) | |
| ("DCPS"), ) | |
| ) | |
| Respondent. ) | |
| ) | |

## STATUS REPORT

COMES NOW, the Petitioner, by and through counsel, and files this Status Report pursuant to the Hearing Officer's Interim Order entered on the record at the August 25, 2006 due process hearing.

**I.    Background and Due Process Hearing**

The Petitioner filed a Motion for Expedited Hearing due to the outcome of the May 23, 2006 MDT meeting.[1] The motion was granted and a due process hearing was convened for D████ on August 25, 2006 in front of this Hearing Officer. The main issues at the hearing were as follows: (1) DCPS stated that they could not authorize home bound services for Desmond's asthma related absences; (2) the compensatory education plan agreed to by the MDT team was not implemented; and (3) DCPS refused to conduct a psycho-educational evaluation after the Petitioner requested it.[2]

Ms. Batson and Ms. Smith from VIS testified for DCPS. Ms. Batson testified that even though the triennial was coming due, DCPS did not intend to conduct a psycho-educational evaluation for D████. Ms. Smith testified that VIS was not an appropriate program for

---

[1]    The 5/23/06 MDT meeting was the result of a due process hearing convened on 5/22/06. At the hearing, the special education coordinator at D████'s school, Ms. Tiffany Batson, testified under oath that the school was convening the MDT/IEP meeting the next day, 5/23/06, and that all persons needed to make the decisions regarding all issues, including providing home bound instruction, would be present at the meeting. However, when the meeting convened, Ms. Batson stated that she did not have the authority to make decisions about home bound instruction. Instead, Ms. Batson referred the Petitioner to Visiting Instruction Service ("VIS") at Sharpe Health School.

[2]    Please refer to DW-05 for the full scope of the allegations against DCPS.

D████ since he needed home bound services on an "as needed" basis. Ms. Smith testified that VIS only provides a maximum of four hours of tutoring per week and no related services. The issues remaining were how many hours of home bound instruction D████ would need when he was not in school due to his asthma related absences, and how and when the compensatory education plan would be implemented.

This Hearing Officer verbally issued an interim order for the MDT team to reconvene to make a determination as to how many hours of instruction per week D████ would need when he was absent due to his medical condition. Ms. Batson, who was under oath, stated that the MDT team would be able to meet and make these decisions. Ms. Smith and Ms. Green from VIS also agreed to attend the meeting. The parties were then to submit Status Reports to update the Hearing Officer as to the outcome of the meeting so that a final determination can be made.

## II.    The MDT Meeting

The MDT meeting convened on September 19, 2006. *See* Ex. A. The team first discussed a memorandum written by Ms. Smith of VIS to the DCPS attorney, Ms. Puckett. *See* Ex. B. The memorandum references a form from Desmond's doctor dated 8/28/06 (Ex. C) and a letter from D████'s doctor dated 8/29/06 (Ex. D). The memorandum states that the doctor's note was altered by someone outside of the doctor's office. Petitioner's counsel received a copy of this memorandum on September 6, 2006 and contacted the doctor to find out if the form had been altered. *See* Ex. E. The doctor responded with a letter back to Petitioner's counsel stating that the DCPS accusation of falsifying the document was incorrect and that the doctor herself had written what was on the form. *See* Ex. F. Petitioner's counsel then sent a letter to the VIS program informing them that their accusation of falsifying the document was false. *See* Ex. G.

### A.    Home Bound Instruction

After the matter outlined above was discussed by the team, the team went on to address D████'s needs. The Petitioner's counsel explained to the team that, pursuant to the Hearing Officer's verbal interim order, the team was to discuss how many hours of home bound instruction D████ needs per week for his asthma related absences. The Petitioner agreed that when D████ is absent for more than three days, she will fax a note, either signed by herself or the doctor, to the school indicating that he has been absent due to his medical condition.[3] Ms. Batson then stated the plan that DCPS would implement for D████. "DCPS is willing to provide a work packet to D████, (by way of his siblings), if he is out of school, due to his asthma, for more than 3 days. Upon his return to school, D████ will receive 1 hour a week, based on [the] number of days absent, of one-on-one tutoring by the special education teacher's

---

[3] The team agreed that there may be instances where D████'s asthma is so severe that he cannot attend school, yet not severe enough to warrant a trip to the doctor because his mother has treatment equipment in her home. In these cases, the team agreed that a doctor's note is not necessary, but that the Petitioner should send a note to the school indicating that D████ is absent due to his asthma.

2

aide." Ex. A at 3. The Petitioner stated her concern that the team was supposed to come up with a number of hours for home bound instruction for D███████'s asthma-related absences. Ms. Batson stated that she did not feel comfortable discussing the number of hours for home bound instruction. Ms. Batson was reminded that this is what the Hearing Officer told the team to discuss. Ms. Batson then left the meeting to call the Office of General Counsel.

While Ms. Batson was on the phone, the rest of the team members, which included D███████'s general education teacher, special education teacher, speech and language pathologist, school psychologist, and staff from the VIS program, discussed how many hours of home bound instruction D███████ would need. The team agreed that he needs to receive the one hour of speech and language services per week, whether or not he is absent. The team also discussed the hours of instruction that D███████ would be missing on a weekly basis when he is absent. The team agreed that not only would D███████ be missing the 17.5 hours of specialized instruction on his IEP, but he will also be missing all of his general education instruction. The Petitioner then indicated that D███████ could handle two hours of tutoring per day when he is absent. Some of the team members had concerns that if D███████ was too sick to go to school, he may not be receptive to a tutor for two hours per day. However, the Petitioner stated that while D███████ may be too sick to attend school, he can handle two hours per day of tutoring because he would be utilizing his medication and treatment equipment at home.

Ms. Batson came back to the meeting after speaking with the OGC. Ms. Batson reiterated that DCPS would only be offering to provide work packets to D███████ for asthma related absences. The general education teacher and other members of the MDT team did not agree with this proposal and were concerned as to who would teach D███████ the work packets when he was absent. The general education teacher informed the team that she had a child with asthma and thus could empathize with the Petitioner's concerns. When asked how her child's needs were addressed, she stated that she had to quit working and home school her child because she could not get home bound instruction put into place.

After hearing the team's concerns, Ms. Batson informed the team that she spoke with OGC and was told that DCPS was not required to provide home bound instruction for D███████. Ms. Batson referred to the doctor's letter, which states that "D███████ should and must attend school whenever possible." Ex. D. The Petitioner and the team agreed with the statement that D███████ should and must attend school whenever possible; however the purpose of this meeting was to determine the services D███████ needs when it is <u>not</u> possible for him to attend school due to his medical condition. Ms. Batson, however, reiterated DCPS's position that "D███████ does not require a home tutor on an on-going basis. In the doctor's note, the doctor wrote that D███████ 'can' receive home-bound instruction, but he didn't state that he must. **In good faith DCPS at the local school is unable to provide any other relief for the parent other than the plan mentioned above.**" Ex. A at 4.

The Petitioner expressed her disagreement with the DCPS proposal and reiterated that D███████ can and should receive 2 hours per day of home bound instruction for asthma related

absences over 3 days, as well as the one hour per week of speech and language services that is on his IEP. "Members of the MDT agreed that the parent's child (D⬛⬛⬛) should receive tutoring after missing school for more than 3-4 days." Ex. A at 4. Two hours per day of tutoring should be adequate to make up for his lost specialized instruction, as well as the time lost in the general education class. Ms. Batson stated that she understood the Petitioner's position, but that she did not have the authority to discuss home tutoring. Additionally, it was determined that VIS services would no longer be provided to D⬛⬛⬛ unless and until he was absent for three consecutive weeks. "D⬛⬛⬛'s asthma is intermittent, therefore, he does not qualify for VIS instruction unless the parent can provide doctor's documentation that D⬛⬛⬛ will be out of school for more than 3 weeks." Ex. A at 5.

### B.    Compensatory Education

The team discussed the compensatory education plan that was agreed to by the MDT team last May.[4] Ms. Batson stated that the compensatory education plan would begin on 9/20/06. The Petitioner asked whether the compensatory education would be given after school. Ms. Batson stated that the DCPS policy is not to provide compensatory education services after school, but rather to provide the compensatory education during the school day in which D⬛⬛⬛ receives speech and language services and specialized instruction. The Petitioner disagreed with this method of implementing the compensatory education. Compensatory education is supposed to supplement the student's current services and compensate for prior services not given; compensatory education is not supposed to take time away from the student's current programming. Furthermore, Ms. Batson's plan to implement the compensatory education by extending D⬛⬛⬛'s time in speech and language and specialized instruction is contingent upon D⬛⬛⬛ being healthy and able to attend school. Ms. Batson would not consider other options for implementing the compensatory education plan, even in light of D⬛⬛⬛'s asthma related absences, which will certainly hinder the compensatory education plan.

### C.    Transportation and the Psycho-Educational Evaluation

At the hearing, Ms. Puckett argued that it was DCPS's intention to perform the psycho-education evaluation after it expired in the beginning of August.[5] However, Ms. Batson testified

---

[4]    At the MDT on 5/23/06, the team agreed that D⬛⬛⬛ would receive 100 hours of compensatory education (4 hours per day for 5 weeks) , including specialized instruction and speech and language services, to be implemented over the summer 2006. However, DCPS's position was that D⬛⬛⬛ must attend school to receive the compensatory education. DCPS stated that they could not send service providers and tutors to Desmond's house to implement the compensatory education plan. D⬛⬛⬛ was unable to attend school due to his medical condition, and thus did not receive the compensatory education during the summer of 2006.

[5]    At the MDT on 5/23/06, the team discussed the upcoming triennial evaluations for D⬛⬛⬛. Ms. Batson stated that a speech and language evaluation and educational evaluation would be completed over the summer. The Petitioner requested a psycho-educational evaluation in order to determine D⬛⬛⬛'s present levels of functioning, and also because the prior psycho-educational evaluation was set to expire in August. Ms. Batson stated that DCPS would not be conducting a psycho-educational evaluation, even though the triennial was coming due.

under oath that DCPS had no intention of performing the psycho-educational, even after it expired in August. The psycho-educational evaluation expired August 7, 2006. Since that time DCPS has made no attempt to conduct or even schedule the psycho-educational evaluation for D██████. These actions, or lack thereof, fly in the face of DCPS's argument that they were intending to conduct the psycho-educational evaluation after it expired.

The final issue brought up at the MDT meeting was D█████'s transportation. D██████'s IEP calls for transportation in the form of bus tokens. However, at the start of the school year, Ms. Batson informed the Petitioner that tokens were no longer being given out for special education students. Thus, Petitioner's counsel sent a letter to Ms. Batson and the Office of Special Education inquiring about the tokens and asking DCPS to provide an alternate mode of transportation, such as a school bus, if tokens were no longer an option. *See* Ex. H. When this issue was addressed at the meeting, Ms. Batson questioned whether D█████ even qualified for transportation. The Petitioner showed Ms. Batson the IEP (DW-09) and transportation data form that Ms. Batson herself filled out for D██████. *See* Ex. I. Ms. Batson's only response was that DCPS is not providing tokens for special education students. Thus, D█████ has been forced to walk to school, which is up a large hill, and in turn aggravates his asthma condition. *See* Ex. A at 6.

## III.   **Conclusion**

DCPS has had multiple opportunities to provide D█████ with the services that he needs for his asthma related absences. On May 23, 2006 DCPS convened an MDT meeting and told the Petitioner that they did not have the authority to provide home bound instruction for D█████'s asthma related absences. Thus, the Petitioner filed a Motion for Expedited Hearing to address D█████'s asthma related absences. At the hearing, this Hearing Officer gave DCPS yet another opportunity to appropriately program for D█████'s asthma related absences and come up with a number of hours of home bound instruction that he would need. However, again, as outlined above and evidenced in the attached exhibits, DCPS failed to appropriately program for D█████. Although Ms. Batson testified under oath that this decision could be made by the MDT team if DCPS was given another opportunity to hold a meeting, at the meeting Ms. Batson stated that DCPS did not have the authority to discuss home bound instruction. DCPS has had numerous opportunities to provide D█████ with the services he needs, but has failed to do so.

For the foregoing reasons, the Petitioner is requesting that the Hearing Officer issue a **Final Order** and grant the Petitioner all of the relief outlined in the Motion for Expedited Hearing (DW-05), which includes the following:

1.   Declaratory relief of denial of FAPE, denial of Due Process, and discrimination based solely on D█████'s disability by DCPS;

2.   A determination that the Petitioner is the prevailing party;

3.   A determination that DCPS be required to fund an independent psycho-educational evaluation;

5

4.    A determination that DCPS be required to fund the compensatory education agreed to by the MDT team, 100 hours, in the form of home services including tutoring and speech and language services;

5.    A determination that after the compensatory education plan is complete, DCPS re-evaluate D_____ to determine his present levels of functioning and to determine if more compensatory education is needed to bring him to the level he should be at, but for DCPS's denial of FAPE;

6.    A determination that, starting with the 2006-2007 school year, when D_____ is absent due to his asthma condition for three (3) consecutive days, the Petitioner will notify the school and DCPS will be required to send a tutor (for 2 hours per day) and any related service providers to his home until he is better and able to attend school again.  If absences are less than three (3) consecutive days, then DCPS will be required to send work packets home.

7.    In light of the recent transportation difficulties, a determination that DCPS be required to immediately provide transportation for D_____ to and from school.

Additionally, since the parties were verbally ordered to file Status Reports today, the Petitioner is requesting that the Hearing Officer treat this Status Report as conceded by DCPS if they fail to file their own Status Report today.

September 27, 2006

Respectfully Submitted,

Jessica M. Smith, Esq.
Counsel for Petitioner
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
703-739-4300
703-642-2323 – fax

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Status Report was filed with Hearing Officer Tonya Butler-Truesdale of the Student Hearing Office via facsimile at 202-442-5556, and sent to Tiffany Puckett, Esq. in the Office of the General Counsel at fax 202-442-5098 / 5097 on this 27th day of September, 2006.

Jessica M. Smith, Esq.
Counsel for Petitioner

62

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

INDIVIDUALIZED EDUCATION PROGRAM
(IEP)
MEETING NOTES

STUDENT ▓▓▓▓ W▓▓▓  SCHOOL Marshall E.C. DATE: 9/9/2006

| PARTICIPANTS: | PARTICIPANTS: (Sign Name) | DISCIPLINE |
|---|---|---|
| Carrie Wilkins | Carrie Wlk— | Mother |
| Jessica Smith | Jessica Gfmit | Parent Atty |
| O.G. Arema | ___ arema | Sp Ed Teacher |
| Jennifer E. Penn | Jennifer Penn | School Psych. |
| Jennifer Williams MSCCCSLP | Jennifer Williams | Speech Pathologist |
| Elma Smith | Elma Smith | VH per. ed. Teacher |
| Willie Green | Willie Green | VH Teacher |

The meeting is convened to discuss a request by the
Hearing Officer to hold a meeting to discuss the
possible modification of Student ▓▓▓▓ W▓▓▓
IEP to reflect a student who requires home
schooling or home tutoring on call based on students
disability. The members of the MDT were present and
introduced themselves to the parent.

New Findings - Since the hearing, the child's
physician was contacted, after receiving a release
from the parent to access personal health information,

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES (continuation)

MDT

STUDENT: D▆▆▆▆ W▆▆▆▆          SCHOOL: Marshall Elementary          DATE: 9/19/06

The doctor informed Ms Smith from the VIS that parts of the VIS doctors request form was fordged. So the doctor sent Ms Smith a copy/statement of New D▆▆▆▆ medical condition and how it effects his ability to attend school.
It was read alond at the meeting.
In response, Parents advocate contacted the doctor in response to her asking for clarity if documents were altered, the doctor stated the documents were not altered.
It was read alond at meeting

Parent – The doctor's record of D▆▆▆▆ is large and the doctor who made the recommendations has only seen D▆▆▆▆ once. [D▆▆▆▆ can't take albuterol and he doesn't have any at school]

* When D▆▆▆▆ is at the hospital or clinic the parent will give the school a copy of the Doctors note stating that he will be out of school for more the 3 days

* When D▆▆▆▆ is at home sick for more than 3 days, the parent will fax a note to the school informing the school of how long he will be absent and why [202-727-7932

③

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D C

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES (continuation)

MDT

STUDENT: D‗‗‗‗ W‗‗‗‗   SCHOOL: Marshall Elementary   DATE: 9/19/06

The doctor's note stated that D‗‗‗‗ can and must attend school. He may need VIS services if he's been hospitalized or he'll be out for 3 or more days.

\* The parent stated that D‗‗‗‗ gets very ill. So the MDT is unsure if D‗‗‗‗ will be responsive to a tutor.

\*DCPS will provide the following plan:
DCPS is willing to provide a work packet to D‗‗‗‗, (by way of his siblings), if he is out of school, due to his asthma, for more than 3 days.

Upon his return to school, D‗‗‗‗ will receive 1 hour a week, based on number of days absent, of one-on-one tutoring by the special education teachers aide.

Since the doctor stated that D‗‗‗‗ "should and must attend school," it has been determined that

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D C

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES (continuation)

STUDENT ▓▓▓▓▓▓▓▓▓▓    SCHOOL  Marshall Elementary    DATE 9/19/06

MDT

▓▓▓▓▓ does not require a home tutor on an on-going basis In the Doctor's note, the doctor wrote that ▓▓▓▓▓ "can" receive home-bound instruction, but she didn't state that he must.

In good faith DCPS at the local school is unable to provide any other relief for Parent other than the plan mentioned above.

Parent/Advocate - would like for DCPS to determine how many hours of tutoring ▓▓▓▓▓ should receive if he misses school for more than 3-4 days. They are not happy with DCPS decision and do not agree with the plan proposed. DCPS will continue to go forward with the proposed plan. The parent/advocate agrees that ▓▓▓▓▓ should receive 2 hours a day of home-bound tutoring for everyday absent over 3-4 days. Members of the MDT agreed that the parent's child (▓▓▓▓▓) should receive tutoring after missing school for more than 3-4 days.

Members of the MDT agreed that the DCPS proposed plan

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C

MULTIDISCIPLINARY TEAM
**(MDT)**
MEETING NOTES (continuation)

MDT

STUDENT: D▓▓▓ W▓▓▓          SCHOOL: Marshall Elementary          DATE: 9/9/06

is sufficient.

▓▓▓ asthma is intermitent, therefore, he does not qualify for VIS instruction, unless the parent can provide doctor's documentation that D▓▓▓ will be out of school for more than 3 weeks.


Comp Ed.

Compensatory Education Plan will begin on 9/20/06. D▓▓▓ will receive extended time during the school day in speech & language and specialized instruction.

page 6 - ██████ W██████ - MDT meeting 9/19/06.

Parent inquired about transportation. Transportation is on D████████ IEP. Ms. Batson stated that D██████ does not qualifies for transportation & Downtown is not providing tokens for special education students. D████████ IEP indicates that he qualifies for transportation. However, for 2006-2007 D██████ has been forced to walk to school, which in turn aggrivates his asthma.



## District of Columbia Public School

*C. Melvin Sharpe Health School*
4300 13th Street, NW
Washington, DC 20011
(202) 576-6161 – Office - (202) 576-6166 – Fax

## MEMORANDUM

To:      Tiffany Puckett, Attorney Advisor
          Office of the General Counsel

Through:  LaGrande Lewis, Principal
          Sharpe Health School

From:                                        
          Elma Smith, VIS Teacher
          Sharpe Health School

Date:       August 31, 2006

**Subject:**    D███ W████

     On August 25, 2006, Mrs. Willie Green, (VIS Teacher) and Mrs. Elma Smith (VIS Teacher/Coordinator) attended a hearing for D██████ W█████ (DOB:██████1995), a student enrolled at Thurgood Marshall Educational Center. It was suggested by the student's lawyer that he should receive Visiting Instruction Services, because he is unable to attend school due to asthma.

     However, in a letter from the student's physician dated August 29, 2006, it is clearly stated that the student "should and **must** attend school whenever possible." The physician also states that:

1. The student needs to have access to his Albuterol for asthma, while at school.
2. He should not be out of school for more than 3-4 days unless he is hospitalized.
3. If the student is out for more than 3-4 days he will need a home tutor.

     Therefore, based on the assessment of the medical professional who most recently examined D██████, Visiting Instruction Services (VIS) will not be provided for this student.

     It would appear that any arrangements for intermittent tutoring be made between the home school and the Office of Special Education.

Case 1:07-cv-00808-JDB    Document 12-3    Filed 12/14/2007    Page 26 of 45

There is a second issue that needs to be addressed by the Special Education Office and/or Office of General Counsel. On the original physician's statement (dated 8/28/2006) forwarded to our office, it appeared that there was entitlement to services, when in actuality there was supporting documentation to the contrary

Upon communication with the physician's office it was brought to my attention that the statement dated 8/28/2006, had been altered by someone outside of her office, resulting in the most recent statement dated August 29, 2006

Thank you for your cooperation in this matter.


Cc:    Jessica Smith, Esquire
       Dalton, Dalton & Houston, P.C

       Dr. Silas Christian
       Assistant Director of Special Ed.

       Mr. Reginald Ballard
       Assistant Superintendent Region 5

       Valoria Powell, Principal
       Thurgood Marshall Educational Center

70

Sep. 28 2006 10:18AM    Dalton, Dalton & Houston    No 0471    P. 15
Aug 28 06 04:51p    Carl Diviito    2022690228    P. 22
Aug 25 06 01:12p    Sharpe Health School    (202) 576-6166    p. 3

PUBLIC SCHOOLS OF THE DISTRICT OF COLUMBIA

PHYSICIAN'S CERTIFICATE OF PUPIL'S INABILITY TO ATTEND SCHOOL

To the Board of Education:    Date 8-28-06
This is to certify that ▓▓▓▓ W▓▓▓ ▓▓▓ 95
_Name_                        _Birth Date_

M    2909 South Dakota Ave NE    Thurgood Marshall    5
_Sex_    _Address_    _School_    _Grade_

has been under my care since _____ and is physically unable to attend school at this time. This pupil will probably be able to return to school within _____ weeks or _____ months or _____ years

▓▓▓▓ has Asthma and may have intermittent periods of asthma attacks that require him to miss school. He should have Albuterol available at all times at school in care of asthma. Please call with questions

(Signed) _____ M D
Address _____
Telephone # _____

CONFIDENTIAL STATEMENT

Physician will check appropriate items in the following four columns and fill in diagnosis and remarks below

| Anatomical Location Skin | Types of Lesions Physical | Degree of Disability Complete | Prognosis Permanent |
|---|---|---|---|
| Head | Mental | Partial | Partial Improvement |
| Eyes | Nervous | | Complete Recovery |
| Ears | Organic | | |
| Throat | (Functional) | | |
| Joints | Communicable | | |
| Upper Limbs  R  L | Noncommunicable | | |
| Lower Limbs  R  L | Infectious | | |
| Spine | Noninfectious | | |
| Thorax | Spastic Paralysis | | |
| (Lungs) | Flaccid Paralysis | | |
| Heart | | | |
| Abdomen | | | |
| Gastro Intestinal Tract | | | |
| Genito Urinary Tract | | | |
| Nervous System | | | |
| General | | | |

Diagnosis and Remarks: Asthma - Moderate/persistent
Allergic Rhinitis

Would the child be able to receive instruction at home by a visiting teacher? Yes
Please return to: Sharpe Health School; Route #2 or 4300 13th Street, NW, Washington, DC  20011; Telephone: (202) 576-6161; Fax: (202) 576-6166

Appendix E

N.D. NGUYEN, MD
23131

Sep.28. 2006 10:46AM  Dalton, Dalton,& Houston        NO.7291   P. 9
08/31/2006 THU  9:03  FAX 202 627 7841 CHARTERED HEALTH CENTER        ☐002/002



**D.C. CHARTERED**
**HEALTH · CENTER**

August 29, 2006

To whom it may concern,

This letter is in reference to ██████████
(date of birth 12/12/95). I examined ██████████
for the first time on 8/28/06 during his sick visit
at our office for an asthma exacerbation. ██████
has a history of asthma (moderate/persistent)
that requires careful control with medications.
~~Although his asthma can flare at any point~~
~~he should attend school whenever possible.~~
~~He needs full access to his medications, especially~~
Albuterol MDI for episodes of wheezing or cough or
shortness of breath while at school. He may
miss intermittent episodes of school because of
his asthma but usually not longer than 3-4 days
(unless he requires hospitalized). Again, ██████████
should, and must, attend school whenever
possible. Should he miss more than 3-4 days of
school, he will need home tutoring. Please call
with questions.

N.D. NGUYEN, MD
29131

CHARTERED FAMILY HEALTH CENTER, P.C.
3924 Minnesota Avenue, NE • Washington, DC 20019 • Tel.: (202) 398-8683 • FAX: (202) 627-7806

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile:  (703)-739-2323

Washington DC. Office:
601 Pennsylvania Avenue, NW
South Building,  Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton ⁺ ⁻ ⁺
Ellen Douglass Dalton ⁺ ⁻ ⁺
William E. Houston ⁺ ⁺
Laura E. Duos ⁻ ⁺
Jessica M. Smith ⁺ ⁺

⁻ ADMITTED IN W. VA
⁺ ADMITTED IN D.C.
^ ADMITTED IN PA

⁻ADMITTED IN MD
*ADMITTED TO THE U.S. SUPREME COURT
⁺ ADMITTED IN VA

September 7, 2006

Dr. Ngoc-Diep Nguyen
Chartered Family Health Center
3924 Minnesota Ave, NE
Washington, DC 20019

**VIA FAX: 202-627-7841**

Re:    D██████ W█████, DOB: ██/██/95

Dear Dr. Nguyen:

I represent D██████ W█████ and his mother Carrie Wilkins in regard to D█████'s special education needs.  As I am sure you are aware, D█████d has chronic asthma which causes to miss school at times.  Thus, he requires home-bound instruction during these times of illness.  In order to receive the home-bound instruction, Ms. Wilkins must have a doctor fill out a certificate of the student's inability to attend school and submit it to Sharpe Health School.  On August 28, 2006, you filled out one of these forms for D█████.

I am concerned, however, because D█████ has not been receiving the home-bound instruction. When I contacted Sharpe Health School to find out why he was not getting home-bound instruction, Sharpe forwarded a memorandum that was drafted on August 31, 2006.  The memorandum states that the form dated 8/28/06 was altered by someone outside of your office.  I would like to speak with you about which part of the form was altered.

Attached here is the memorandum, the form completed by you on 8/28/06, and a letter from you dated 8/29/06.  Ms. Wilkins never received the letter dated 8/29/06.  Also enclosed here is a release signed by Ms. Wilkins allowing you to speak with me.

Please call me to discuss this matter so that I can help D█████ get the educational services that he needs.  I appreciate your help.

Sincerely,

Jessica M. Smith, Esq.

cc:    Ms. Carrie Wilkins

Enclosure:    Signed Release
Certificate of inability to attend school 8/28/06
Letter from Dr. Nguyen 8/29/06
Memorandum from Sharpe Health to OGC 8/31/06



3



## CHARTERED FAMILY
## HEALTH · CENTER

9/8/06

Dear Ms. Jessica Smith,

I have reviewed your letter sent to me on 9/7/06 regarding ██████ ██████ (DOB █ █/95) and his special education needs and asthma care. I also reviewed the form entitled "Physician's Certificate of Pupils Inability to Attend School" that was completed on 8/28/06. There was no evidence of alteration of that form. I have clearly stated in the form as well as the letter I wrote to Sharpe Health School that █████ can receive home-bound instruction when and if he ill from his asthma for longer than 3 days or for hospitalization. I strongly feel he needs as much educational support from Sharpe as possible. Please call me with questions.

Thank you,

N.D. NGUYEN, MD
28131



**CHARTERED FAMILY HEALTH CENTER, P.C.**
3924 Minnesota Avenue, NE • Washington, DC 20019 • Tel: (202) 398-8683 • Fax: (202) 627-7806

74

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile: (703)-739-2323

Paul S. Dalton·**
Ellen Douglass Dalton ·*◆
William E. Houston^*◆
Laura E. Duos→
Jessica M. Smith †*

Washington DC. Office:
601 Pennsylvania Avenue, NW
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

*·ADMITTED IN W. VA
◆ADMITTED IN D.C.
^ADMITTED IN PA

◆ADMITTED IN MD
†ADMITTED TO THE U.S. SUPREME COURT
† ADMITTED IN VA

September 12, 2006

LaGrande Lewis, Principal
Sharpe Health School
4300 13th Street, NW
Washington, DC 20011

**VIA FAX: 202-576-6166**

Re: D██████ W███

Dear Ms. Lewis:

As you know, I represent Ms. Carrie W███, D█████'s mother. On September 6, 2006, I received a memorandum from Ms. Elma Smith at Sharpe Health School to Ms. Tiffany Puckett in the Office of General Counsel. This memorandum was dated August 31, 2006, and while I was carbon-copied on the memorandum, I did not receive a copy until September 6, 2006. When I received the memorandum, I called you to discuss the issues in it. The purpose of this letter is to respond to that memorandum and clarify some incorrect information in the memorandum, as well as to memorialize our conversation.

The first paragraph of the memorandum states, "It was suggested by the student's lawyer that he should receive Visiting Instruction Services, because he is unable to attend school due to asthma." However, the parent and I do not think that VIS is the appropriate program to provide services to D█████ when he is sick. D█████ asthma is a chronic recurring condition and his absences are sporadic and continue throughout the school year. As stated by his doctor, D█████ should be provided with a home tutor if he is absent for more than 3-4 school days. However, when this service was requested at D█████'s school, DCPS stated that they could only provide VIS services for home-bound instruction. It is my client's position that VIS is **not** appropriate since it is not available on an "as needed" basis for students like Desmond and only provides a maximum of 4 hours of academic instruction per week with no related services.

Paragraph two of the memorandum refers to a letter dated 8/29/06 from Dr. Nguyen, one of the doctors who has treated D█████. Again, this letter was never provided to my client or myself prior to September 6, 2006. However, my client and I are in agreement with what Dr. Nguyen states, "Although his asthma can flare at any point, he should attend school whenever

Page 1 of 3

75

possible. He needs full access to his medication, especially Albuterol, ... while at school. He may miss intermittent episodes of school because of his asthma but usually not longer than 3-4 days (unless he requires hospitalization). Again, D▮▮▮ should and **must** attend school whenever possible. Should he miss more than 3-4 days of school, he will need home tutoring." My client agrees that D▮▮▮ should and must attend school when he is healthy and able to do so. However, it is my client's position that a tutor and related service providers should be sent home to D▮▮▮ when he is absent for more than 3 days due to his asthma. However, again, when this was requested at D▮▮▮'s school, DCPS stated that they could only provide VIS.

Paragraph three of the memorandum states that VIS will **not** be provided for the student. The memorandum further states in paragraph four that the intermittent tutoring that D▮▮▮ requires for his asthma-related absences should be arranged between the home school and the Office and Special Education. But again, as I stated above, when Ms. Wilkins sought these services from the school D▮▮▮ attends, Marshall Elementary School, Ms. Tiffany Batson, the special education coordinator at Marshall, stated that they could only authorize VIS and that there were no other options available.

Paragraphs five and six on the second page of the memorandum raises an issue of concern for all parties involved. The memorandum states that a Physician's Certification of the Pupil's Inability to Attend School dated 8/28/06 was submitted to Sharpe, but that there was a concern that the statement had been altered by someone outside of the doctor's office. I inquired with my client as to whether anyone had altered the 8/28/06 document. Ms. Wilkins denied any knowledge of the document being altered. I then spoke with Dr. Nguyen who filled out the 8/28/06 form. Dr. Nguyen reviewed the 8/28/06 document and informed me that it had **not** been altered and that everything on the form was written by the doctor herself. Dr. Nguyen then drafted a follow-up letter indicating that the 8/28/06 document was not altered and that "D▮▮▮ can receive home-bound inasmuch as when and if he [is] ill from asthma for longer than 3 days or for hospitalization." Dr. Nguyen further stated that she strongly feels that D▮▮▮ needs as much educational support from DCPS as possible. The letter from Dr. Nguyen is attached here. As discussed above, in the memorandum DCPS states that the 8/28/06 document was altered by someone outside of the doctor's office. However, after investigation and speaking with the doctor myself, **there was no evidence of alteration of the document. DCPS's accusation is false.**

When I spoke with you on the telephone, you indicated to me that VIS is not provided on an "as needed" basis, but rather that VIS is only appropriate for students who are out of school for long periods of time, for example a 6 week period due to a one time illness. You also indicated that if D▮▮▮ is going to be out sick for a week here and there, that a home tutor is more appropriate and that the Department of Special Education would be the entity to set up that service. My client and I completely agree with you that VIS is not the appropriate program to provide home-bound services for D▮▮▮'s asthma related absences. However, as stated above, DCPS did not and still has not implemented home tutoring and related services for Desmond's asthma-related absences, even after the parent requested it and the MDT team agreed that he needs it.

Page 2 of 3

76

I hope that this letter clarifies some of the issues in the 8/31/06 memorandum. Hearing Officer Butler-Truesdale ordered an MDT meeting to convene on 9/19/06 at 10am at Marshall E.S. with Ms. Elma Smith and Ms. Willie Green from VIS to attend.

If you have any questions or concerns regarding this matter, please do not hesitate to contact me.

Sincerely,

Jessica M. Smith, Esq.

Enclosure:    Original Memorandum from 8/31/06
              Physician's Certification 8/28/06
              Letter from Doctor 8/29/06
              Letter from Doctor 9/8/06

cc:    Ms. Carrie Wilkins, Parent
       Ms. Tiffany Puckett, Esq., OGC
       Ms. Elma Smith, VIS Teacher, Sharpe Health School
       Ms. Willie Green, VIS Teacher, Sharpe Health School
       Ms. Valorie Powell, Principal, Marshall ES
       Ms. Tiffany Batson, SEC, Marshall ES

* * * Transmission Result Report(Memory TX) ( Sep 12. 2006 4:14PM) * * *

1) Dalton Dalton & Houston
2)

Date/Time: Sep 12 2006 4:12PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 6568 | Memory TX | 12024425097 | P 9 | OK | |

*refax went through* (handwritten)

--------------------------------------------------------

Reason for error
E.1) Hang up or line fail
E.3) No answer
E.2) Busy
E.4) No facsimile connection

---

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4302
FAX (703)739-2323

DATE:          September 12, 2006

TO:            Tiffany Puckett, Esq., Office of the General Counsel

AT FAX:        202-442-5098 / 5097

FROM:          Jessica M. Smith, Esq.

RE:            D█████ W█████

NUMBER OF PAGES INCLUDING THIS PAGE: 9

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

P. 1

*  *  *    Transmission Result Report(Memory TX) ( Sep 12 2006  3:26PM )  *  *  *

1) Dalton  Dalton & Houston
2)

Date/Time: Sep 12 2006  3:23PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|------|------|-------------|-------|--------|-----------|
| 6553 | Memory TX | 12025766166 | P  9 | OK | |

Reason for error
  E.1) Hang up or line fail                          E.2) Busy
  E.3) No answer                                      E.4) No facsimile connection

---

**FAX TRANSMISSION COVER SHEET**
Dalton, DaRoo & Houston P.C.
Attorneys at Law
1022 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:     September 12, 2006

TO:       Ms. LaGrande Lewis, Principal, Sharpe Health School

AT FAX:   202-576-6166

FROM:     Jessica M. Smith, Esq.

RE:       D███████ W███

NUMBER OF PAGES INCLUDING THIS PAGE:  9

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

P 1

* * * Transmission Result Report (MemoryTX) ( Sep 12. 2006  3:26PM) * * *
1) Dalton  Dalton & Houston
2)

Date/Time: Sep 12 2006  3:22PM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 6551 Memory TX | 12025766166 | 9 | OK | |

-------------------------------------------------------------------

Reason for error
E.1) Hang up or line fail            E.2) Busy
E.3) No answer                        E.4) No facsimile connection

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703) 739-2323

DATE:    September 27, 2006

TO:      Ms. Willie Green, VIS Teacher, Sharpe Health School

AT FAX:  202-576-6166

FROM:    Jessica M. Smith, Esq.

RE:      De█████ Wil█████

NUMBER OF PAGES INCLUDING THIS PAGE:  9

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

80

```
* * * Transmission Result Report (Memory TX) ( Sep 12. 2006  3:31PM) * * *
```
1) Dalton  Dalton & Houston
2)

Date/Time: Sep 12  2006  3:23PM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 6552 Memory TX | 12025766166 | P  9 | OK | |

-----------------------------------------------------------------------

Reason for error
E.1) Hang up or line fail                E.2) Busy
E.3) No answer                           E.4) No facsimile connection

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703) 739-2323

DATE:       September 12, 2006

TO:         Ms. Kima Smith, VIS Teacher, Sharpe Health School

AT FAX:     202-576-6166

FROM:       Jessica M. Smith, Esq.

RE:         D██████ W█████

NUMBER OF PAGES INCLUDING THIS PAGE: 9

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

81

P 1

* * * Transmission Result Report(MemoryTX) ( Sep 12. 2006 3:35PM) * * *

1) Dalton  Dalton & Houston
2)

Date/Time: Sep 12  2006  3:24PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 6554 | Memory TX | 12025767932 | P  /9 | OK | |

Reason for error
E.1) Hang up or line fail                    E.2) Busy
E.3) No answer                               E.4) No facsimile connection

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:        September 12, 2006

TO:          Ms. Valerie Powell, Principal, Marshall E.S.

AT FAX:      202-576-7932

FROM:        Jessica M. Smith, Esq.

RE:          D████ W█████

NUMBER OF PAGES INCLUDING THIS PAGE:      9

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

P 1

* * * Transmission Result Report(MemoryTX) ( Sep 12 2006 3:36PM ) * * *

1) Dalton, Dalton & Houston
2)

Date/Time: Sep 12 2006 3:25PM

| File No. | Mode | Destination | Pg(s) | | Result | Page Not Sent |
|---|---|---|---|---|---|---|
| 6555 | Memory TX | 12025767932 | P | 9 | OK | |



-----------------------------------------------------

Reason for error
  E.1) Hang up or line fail          E.2) Busy
  E.3) No answer                     E.4) No facsimile connection

FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703) 739-2323

DATE:       September 12, 2006

TO:         Ms. Tiffany Bataou, SEC, Marshall E.S.

AT FAX:     202-576-7932

FROM:       Jessica M. Smith, Esq.

RE:         D███████ W█████

NUMBER OF PAGES INCLUDING THIS PAGE:    9

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

83

Law Offices
## DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile:  (703)-739-2323

Washington DC. Office:
601 Pennsylvania Avenue, NW
South Building,  Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton ⁺˙⁺
Ellen Douglass Dalton ⁺˙⁺
William E. Houston⁺⁺
Laura E. Duos⁺⁺
Jessica M. Smith ˙⁺

˙ ADMITTED IN W. VA
⁺ADMITTED IN D.C.
⁺ADMITTED IN PA

ᴬADMITTED IN MD
⁺ADMITTED TO THE U.S. SUPREME COURT
⁺, ADMITTED IN VA

September 12, 2006

Ms. Tiffany Batson, SEC
Thurgood Marshall Educational Center            **VIA FAX: 202-576-7932**
3100 Fort Washington Drive, NE
Washington, DC 20018

    Re:    De████ Wi████ Transportation

Dear Ms. Batson:

    As you are aware, D█████ IEP indicates that he requires transportation to get to and from school.  The transportation data form for the 2006-2007 school year indicates that D█ would receive tokens to get to school.  However, Ms. Wilkins, De████'s mother, was recently informed by you that DCPS is no longer providing tokens to students. If this is the case, DCPS must implement an alternative method of transportation, such as sending a school bus, in order for D█████ to get to and from school.

    Transportation is a service that De████ should be receiving as it is indicated on his IEP. Thus, please ensure that transportation is provided for him in accordance with his IEP.

        Sincerely,

        *Jessica M Smith*

        Jessica M. Smith, Esq.

Enclosure:    Transportation Data Form 2006-2007

cc:    Carrie Wilkins
        Maureen Anderson, Office of Special Education
        Paula Perelman, Esq., Office of Mediation and Compliance

84

P 1

* * * Transmission Result Report(Memory TX) ( Sep 12. 2006 4:27PM) * * *
1) Dalton Dalton & Houston
2)

Date/Time: Sep 12 2006 4:26PM

| File No. | Mode | Destination | Pg(s) | | Result | Page Not Sent |
|------|------|-------------|-------|---|--------|---------------|
| 6569 | Memory TX | 12025767932 | P | 3 | OK | |

---

Reason for error
E.1) Hung up or line fail          E.2) Busy
E.3) No answer                     E.4) No facsimile connection

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:     September 12, 2006

TO:       Ms. Tiffany Batson, SBC, Marshall E.S.

AT FAX:   202-576-7932

FROM:     Jessica M. Smith, Esq.

RE:       D████ W███

NUMBER OF PAGES INCLUDING THIS PAGE:     3

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

85

* * * Transmission Result Report(Memory TX) ( Sep 12. 2006  4:29PM) * * *
1) Dalton  Dalton & Houston
2)

Date/Time: Sep 12 2006  4:27PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 6571 | Memory TX | 12024425524 | P  3 | OK | |

--------------------------------------------------------------------------

--------------------------------------------------------------------------
Reason for error
    E.1) Hang up or line fail          E.2) Busy
    E.3) No answer                     E.4) No facsimile connection

---

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:      September 12, 2006

TO:        Paula Perotosa, Esq., Office of Mediation and Compliance

AT FAX:    202-442-5524

FROM:      Jessica M. Smith, Esq.

RE:        D████ W████

NUMBER OF PAGES INCLUDING THIS PAGE: 3

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

Sep.28. 2006 10:43AM     Dalton, Dalton & Houston     No.747   P. 1

P 1

* * *  Transmission Result Report (MemoryTX)  ( Sep 12. 2006  4:33PM )  * * *

1) Dalton  Dalton & Houston
2)

Date/Time: Sep 12  2006  4:26PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|------|------|------|------|------|------|
| 6570 | Memory TX | 12024425517 | P 3 | OK | |

Reason for error
E.1) Hang up or line fail          L.2) Busy
E.3) No answer                     E.4) No facsimile connection

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 21314-1837
(703) 739-4300
FAX (703) 739-2323

DATE:     September 12, 2006

TO:       Maureen Anderson, DCPS, Transportation

AT FAX:   202-442-5517 / 5518

FROM:     Jessica M. Smith, Esq.

RE:       D██████ Wil███

NUMBER OF PAGES INCLUDING THIS PAGE: 3

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

**FAX TRANSMISSION COVER SHEET**
**Dalton, Dalton & Houston P.C.**
**Attorneys at Law**
**1008 Pendleton Street**
**Alexandria, Virginia 22314-1837**
**(703) 739-4300**
**FAX (703)739-2323**

**DATE:**      September 28, 2006

**TO:**        Hearing Officer Butler-Truesdale

**AT FAX:**    202-518-3666

**FROM:**      Jessica M. Smith, Esq.

**RE:**        D███ W███

**NUMBER OF PAGES INCLUDING THIS PAGE: 35**

---

**COMMENTS:**

**Status Report and Exhibits A-I**

*****************************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
*****************************************************************

* * * Transmission Result Report(MemoryTX) ( Sep 27. 2006  4:57PM) * * *

1) Dalton Dalton & Houston
2)

Date/Time: Sep 27  2006  4:47PM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 7257 Memory TX | SHO 202-442-5556 | P  34 | OK | |

-------------------------------------------------------------------

Reason for error
  E.1) Hang up or line fail          E.2) Busy
  E.3) No answer                     E.4) No facsimile connection

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:     September 27, 2006

TO:       Hearing Officer Tonya Butler-Truesdale, Student Hearing Office

AT FAX:   202-442-5556

FROM:     Jessica M. Smith, Esq.

RE:       D████ W████

NUMBER OF PAGES INCLUDING THIS PAGE: 34

COMMENTS:

Status Report and Exhibits A - I

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

**STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA**
**STATE ENFORCEMENT AND INVESTIGATION DIVISION (SEID)**
**SPECIAL EDUCATION PROGRAMS**

| | | |
|---|---|---|
| Carrie Wilkins, on behalf of | ) | |
| De███████Wi███ | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Hearing Officer Tonya M. Butler-Truesdale |
| v. | ) | |
| | ) | |
| District of Columbia Public Schools | ) | |
| ("DCPS"), | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## CLOSING ARGUMENT

Pursuant to the Hearing Officer permitting the parties to submit closing arguments in writing by September 1, 2006, the Petitioner, by and through counsel, hereby submits her closing argument.

The evidence in this case, as documented in the Petitioner's disclosure and as revealed through testimony, is overwhelmingly clear: DCPS has failed to meet its burden and has denied De████a free appropriate public education ("FAPE"); furthermore, even if the Petitioner had the burden, the Petitioner has more than met the burden in showing that DCPS has failed to provide FAPE to De████

During the Hearing on August 25, 2006, Ms. Tiffany Puckett, counsel for DCPS, repeatedly tried to twist and convolute the arguments of Petitioner's counsel. Petitioner's counsel stated that the Petitioner was happy with the instruction provided *by Ms. Green*, the VIS teacher; however Ms. Puckett tried to argue that DCPS had thus admitted that she was satisfied with the 4 hours per week provided by VIS. Such a statement is a pure distortion of what was represented by Petitioner's counsel. Additionally, Ms. Puckett attempted to confuse the issues pending in this case by bringing up that the student is not eligible for extended school year services ("ESY"), and thus was not denied services. However, ESY was never mentioned by the Petitioner as being an issue; this red herring was a effort by Ms. Puckett to distract the Hearing Officer from the real issues at hand. Ms. Puckett continually argued that there was no new denial of FAPE since the last Hearing was held on May 22, 2006. However, as outlined below, the denials of FAPE are quite clear:

1. **DCPS did not Provide Speech and Language Services.**

DCPS denied De███████APE because no speech and language services were given while VIS was providing home instruction. This lack of services is a blatant denial of FAPE. D█████'s IEP (DW-09) calls for speech and language services. Ms. Wilkins, D███████ mother, testified that VIS services provided home instruction for 4 hours per week for 2 weeks. Academic instruction was the only service provided. Ms. Smith, the VIS special education coordinator, testified that VIS only provides academic instruction for no more than 4 hours per week and that they do not provide speech or any other related services. DCPS offered no evidence to refute the fact that D█████ did not receive any speech and language services for the entire 2005-2006 school year, or any time after the May 22, 2006 Hearing and the May 23, 2006 IEP meeting where home services were discussed. This violation alone constitutes a denial of FAPE to D█████ by DCPS.

2. **DCPS did not Provide Enough Hours of Academic Instruction to Meet the Hours on his IEP.**

DCPS denied De█████a FAPE because the hours of academic instruction provided by VIS were not enough to meet his IEP. D█████ IEP calls for 17.5 hours per week of pull-out services. Ms Wilkins testified that D█████ only received 4 hours of academic instruction per week from VIS. The testimony of Ms. Smith revealed that VIS can only provide 4 hours of home instruction per week. Ms. Smith further testified that VIS is not intended to take the place of school; rather it is a temporary service for students who have a one time period of absence due to a one time medical problem. The testimony of Ms. Smith revealed that VIS is not provided on an "as needed" basis for students like De█████ with chronic reoccurring health problems. In order for VIS to work, Ms. Wilkins will have to re-apply *every single time De█████s asthma flares up;* this type of program is not an appropriate long term solution for Desmond due to his chronic medical condition.[1] At the Hearing, the Hearing Officer ordered the team to reconvene to determine if more hours of home instruction are needed to fill in the gap between 4 hours that VIS can provide and the 17.5 hours on his IEP. However, DCPS did not determine in advance whether or not 4 hours of one-to-one tutoring was sufficient to make up for 17.5 hours of pull-out services, and they refused to consider any other types of home services other than the VIS program. Moreover, a review of De█████ educational progress clearly demonstrates that he did not make educational progress last year. (DW-10). DCPS denied Desmond FAPE by not providing the hours of home instruction to make up for this gap.

---

[1]     "Home tutoring for asthma-related absences" was part of a student's IEP in the case *Rose v. Yeaw, et al*, 214 F.3d 206 (1st Cir. 2000). (See attached)

2

91

### 3. DCPS Refused to Conduct a Psycho-Educational Evaluation.

DCPS denied D████d a FAPE by refusing to conduct a psycho-educational evaluation, even after the Petitioner requested one, and even though the triennial was coming due. Pursuant to 20 U.S.C. § 1414(a)(2) and 34 C.F.R. § 300.303, DCPS must ensure that the re-evaluation of a child is conducted **if the parent requests it and at least every three years, unless the parent and school agree that it is not necessary.** The meeting notes (DW-10, p. 5 and DW-11) reflect that the MDT team discussed D████'s triennial evaluations. A speech and language evaluation was past due, as was an individual assessment. The psycho-educational was set to expire on August 7, 2006 (DW-17) and the parent requested that a psycho-educational evaluation be conducted. However, **the notes reveal that DCPS refused this request because "DCPS does not feel it is warranted because the school doesn't suspect a change in disability."** (DW-11). Furthermore, on cross-examination, Ms. Batson, the SEC at the MDT meeting, admitted that DCPS was not going to conduct a psycho-educational *even in light of the fact that the triennial was expiring soon.* DCPS tried to argue at the Hearing that they were going to conduct the psycho-educational now, since it expired almost one month ago. However, Ms. Batson admitted under oath that **DCPS had no intention of conducting the psycho-educational once it expired because they did not suspect a change in disability.** Further proof of this attempt to cover up DCPS's denial FAPE is the fact that Ms. Wilkins has not been contacted by DCPS to set up this evaluation, even though at the time of the Hearing it had been expired for almost one month, and DCPS offered no evidence to show that they were "planning" to schedule this evaluation.

### 4. DCPS did not Implement the Compensatory Education Plan.

DCPS denied Desmond a FAPE by not implementing the compensatory education plan agreed to by the MDT team on May 23, 2006. At the May 23, 2006 MDT meeting, the team agreed to a compensatory education plan of 4 hours per day for 5 weeks (essentially 100 hours) to be **implemented over the summer** which would include specialized instruction and speech and language services. (DW-10). The Petitioner requested that this services be provided at home since D████'s medical condition is much worse in the summer heat and he would be unable to go outside or attend at the school location. DCPS, however, stated that they did not have the authority at the local school level to authorize home instruction. Yet, DCPS never took any steps to get the authority to implement the services that the MDT team agreed D████ needed in a location where he could receive them. Implementing the compensatory education plan at the school location during the summer months when D████ medical condition is much worse completely contradicts the entire reason that compensatory education was warranted: DCPS did not provide home services when he was absent due to his medical condition for the entire 2005-2006 school year. At the Hearing, DCPS tried to confuse the issue by arguing that D████ as not eligible for ESY, and thus there was no denial of FAPE. However, this red herring was only an unsuccessful effort to distract from the real issue at hand, which is that DCPS did not implement the compensatory education plan agreed to by the MDT team. DCPS

3

further argued that not implementing a compensatory education plan is not a denial of FAPE because the school was "planning" on implementing the compensatory education plan once school started. Again, DCPS tried, unsuccessfully, to convolute the issue. The MDT team *agreed* to the compensatory education plan and that it be implemented over the summer months. At no time did DCPS ever contact the Petitioner to amend the compensatory education plan and have it implemented once school started. The denial of services agreed to by the MDT team over the summer constitutes a denial of FAPE by DCPS.

## RELIEF

The Hearing Officer ruled that she will issue an Interim Order requiring the parties to attend an IEP meeting on 9/19/06 in order to discuss the IEP and determine whether De███████ needs more than 4 hours of VIS home instruction to implement the hours on his IEP. However, even if the MDT team determines at the upcoming meeting that D███████ does not require more than 4 hours of home instruction via an independent tutor, the speech and language services on his IEP were not provided, DCPS refused to conduct the psycho-educational evaluation, and the compensatory education plan agreed to by the team was not implemented. All of these violations and failures on the part of DCPS constitute a denial of FAPE.

Thus, the Petitioner requests that this Hearing Officer enter a Final Order granting her the relief requested in her Motion for Expedited Hearing (DW-05) which includes:

1. Issue judgment in favor of the Parent and against DCPS for denial of FAPE;

2. Order DCPS to convene an MDT meeting to discuss and determine the number of hours of educational instruction necessary when Desmond requires home-bound instruction and related services for his asthma related absences, and to review and revise the IEP consistent with the team's decision;

3. to provide and add to his IEP Home-bound instruction and related services for asthma-related absences;

4. Order DCPS to fund an independent tutor and speech and language services to provide the compensatory education that was agreed to at the MDT meeting on 5/23/06: 4 hours per day for 5 weeks for a total of 100 hours;

5. Order DCPS to fund an independent tutor and speech and language services to provide the compensatory education for the time period after the 5/22/06 Hearing where only 4 hours of home instruction were provided and no speech and language services were provided;

6. Order DCPS to re-evaluate De███████ after the compensatory education is given to determine his present levels and if more compensatory education is warranted;

4

93

7.    Order DCPS to fund an independent psycho-educational evaluation;

8.    Order DCPS to convene an MDT w/in 10 calendar days of receipt of the evaluation to review the evaluation, update his IEP, and discuss and determine placement and compensatory education;

9.    Any other relief that this Hearing Officer deems appropriate.

September 1, 2006                                         Respectfully Submitted,

                                                         _Jessica M. Smith_
                                                         Jessica M. Smith, Esq.
                                                         Counsel for Petitioner
                                                         Dalton, Dalton, & Houston, P.C.
                                                         1008 Pendleton Street
                                                         Alexandria, Virginia 22314
                                                         703-739-4300
                                                         703-642-2323 – fax


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was filed with Hearing Officer Tonya Butler-Truesdale of the Student Hearing Office via hand delivery and via facsimile at 202-442-5556, and sent to Tiffany Puckett, Esq. in the Office of the General Counsel at fax 202-442-5098 / 5097 on this 1st day September, 2006.

                    _Jessica M. Smith_
                    Jessica M. Smith, Esq.
                    Counsel for Petitioner

5

94

Sep. 2006 2:14PM Bajura, Dalton & Houston    No.6219   P. 7
Case 1:07-cv-00808-JDB    Document 12-4    Filed 12/14/2007    Page 6 of 45

Page 1

9 of 146 DOCUMENTS

**WAYNE ROSE AND DONNA ROSE, INDIVIDUALLY AND AS PARENTS AND
NATURAL GUARDIANS OF WAYNE ROSE, JR., A MINOR CHILD, Plaintiffs,
Appellants, v. BARRY YEAW, IN HIS OFFICIAL CAPACITY AS FINANCE
DIRECTOR FOR THE TOWN OF COVENTRY, ET AL., Defendants, Appellees.**

No. 99-2225

UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

*214 F.3d 206; 2000 U.S. App. LEXIS 12465*

June 7, 2000, Decided

**PRIOR HISTORY:** [**1] APPEAL FROM THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND. Hon. Ernest C. Torres,
U.S. District Judge.

**DISPOSITION:** Affirmed.

**COUNSEL:** Melissa F. Weber for appellants.

Richard W. Jensen, with whom Carol A. Griffin, Stephen
P. Harten, and Morrison, Mahoney & Miller, LLP were
on brief, for appellees.

**JUDGES:** Before Torruella, Chief Judge, Bownes,
Senior Circuit Judge, and Lipez, Circuit Judge.

**OPINIONBY:** LIPEZ

**OPINION:**

[*208] **LIPEZ, Circuit Judge.** Individually and on
behalf of their disabled son, Wayne Rose, Jr., Wayne and
Donna Rose filed a complaint in the district court for
the District of Rhode Island against the Coventry School
Department and several Coventry Public School officials
in both their individual and official capacities (collec-
tively, the "School Department" or "Coventry") seek-
ing compensatory and punitive damages and attorneys'
fees. The plaintiffs alleged violations of the Individuals
with Disabilities Act ("IDEA"), *20 U.S.C. §§ 1400-1415*,
Section 504 of the Rehabilitation Act, *29 U.S.C. § 794*,
the Federal Civil Rights Act, *42 U.S.C. § 1983*, the
First and Fourteenth Amendments, and the Regulations
[**2] of the Board of Regents for Elementary and
Secondary Education Governing the Special Education
of Students with Disabilities (the "Rhode Island regu-
lations"). The case was referred to a magistrate judge,
who recommended that the district court grant the defen-

dants' motion for summary judgment based on the plain-
tiffs' failure to exhaust administrative remedies pursuant
to IDEA, *20 U.S.C. §§ 1415(i)(2)(A)*, *1415(l)*. The district
court adopted this recommendation. We affirm the district
court's order.

**I. Background**

Drawing upon the thorough opinion of the magistrate
judge, we set forth the relevant background. After Wayne
Jr. entered the ninth grade at Coventry High School in
November 1995, his asthma condition worsened. In re-
sponse, the school changed air filters and cleaning pro-
cedures. Wayne Jr.'s condition persisted, and his physi-
cian informed the school that Wayne Jr. might require
additional assistance because his asthma interfered with
regular attendance. In December 1995, the school im-
plemented an initial Individualized Educational Plan (the
"Plan") providing home tutoring for Wayne Jr.'s asthma-
related absences as an interim measure. In March [**3]
1996, the school completed its educational, psycholog-
ical, and medical assessments and developed a second
Individualized Education Plan, which provided accom-
modations such as home tutoring for asthma-related ab-
sences, extended time to complete assignments, and the
relocation of Wayne Jr.'s classes to the new wing of the
building, where he experienced fewer asthma problems.
In May 1996 and August 1996, there were amendments
to Wayne Jr.'s Plan that allowed him to take exams in a
room where he experienced fewer asthma symptoms and
granted him an extension until the end of the summer to
complete his class work. Although Wayne Jr.'s parents
agreed to the Plan and the amendments, they remained
concerned about whether these modifications would be
an adequate long-term solution.

Wayne Jr. resumed school in the fall of 1996. His
asthma problems persisted. In November, Wayne Jr.'s
physician suggested that he attend a different high school.
The School Department proposed placing Wayne Jr. at

214 F.3d 206, *208; 2000 U.S. App. LEXIS 12465, **3

the Exeter-West Greenwich High School on a temporary basis while Wayne Jr. received a comprehensive reevaluation, including a psychological assessment. The plaintiffs objected to the psychological testing [**4] and rejected the proposal. On January 29, 1997, the plaintiffs requested a due process hearing before the Rhode Island Commissioner for the Department of Education pursuant to IDEA, *20 U.S.C. § 1415*(f), alleging that Coventry had improperly made the psychological testing a prerequisite to Wayne Jr.'s transfer. Coventry also requested a hearing.

In March 1997, Coventry sent the plaintiffs an amended Plan allowing for Wayne Jr.'s transfer to Exeter-West Greenwich High School. The amended Plan provided for a transition period at Exeter-West Greenwich High School during which Wayne Jr. would attend regular classes and receive tutoring. Meanwhile, the School Department would conduct air-quality tests at Coventry High School. [*209] The Plan required Wayne Jr. and his parents to commit to his attendance of classes and completion of assignments. After the ten-week transition period, the Coventry School Department's multidisciplinary team and the Exeter-West Greenwich High School staff would evaluate the placement. If the team concluded that the transfer was successful, the School Department would reconsider the need for a psychological assessment. The plaintiffs agreed [**5] to the amended Plan and both sides withdrew their request for a due process hearing.

After entering the Exeter-West Greenwich High School in April 1997, Wayne Jr. experienced academic difficulty. Meanwhile, the results of the air tests at Coventry High School showed that the air quality was normal. The multi-disciplinary team recommended that Wayne Jr. return to Coventry High School for the eleventh grade and remain closely monitored. Plaintiffs objected to the team's recommendation, maintaining that Wayne Jr. had not received the full amount of tutoring specified in his Plan. After further meetings failed to produce a satisfactory resolution, the plaintiffs again requested a due process hearing before the Rhode Island Commissioner for the Department of Education, alleging that Coventry High School had not followed the terms of the amended Plan.

On August 19, 1997, the School Department offered to place Wayne Jr. at the Exeter-West Greenwich High School for the eleventh grade and withdraw the request for a psychological assessment. A few days later, however, the Town of Greenwich informed Coventry that the Plaintiffs had moved to East Greenwich and Wayne Jr. would begin the school [**6] year as a special education student at East Greenwich High School (not to be confused with Exeter-West Greenwich High School, the

site of Wayne Jr.'s temporary placement). On September 16, 1997, Coventry and the plaintiffs signed a stipulation withdrawing the pending petition for a due process hearing.

On October 17, 1997, Wayne and Donna Rose filed their lawsuit, which was terminated by the court's entry of summary judgment on the basis of the plaintiffs' failure to exhaust administrative remedies. On this appeal, we review the grant of summary judgment de novo, see *EEOC v. Amego, Inc., 110 F.3d 135, 141 (1st Cir. 1997)*, and draw all reasonable inferences in favor of the nonmoving party, see *Champagne v. Servistar Corp., 138 F.3d 7, 8 (1st Cir. 1998)*.

## II. IDEA and the Exhaustion Requirement

IDEA is a comprehensive education statute which seeks to ensure that children with disabilities receive "a free appropriate public education . . . designed to meet their unique needs." *20 U.S.C. § 1400*(d)(1)(A). IDEA requires state or local agencies receiving federal funds under subchapter II of IDEA to "establish and maintain procedures [**7] . . . to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of free appropriate public education by such agencies." Id. § 1415(a); see also *Honig v. Doe, 484 U.S. 305, 310-12, 98 L. Ed. 2d 686, 108 S. Ct. 592 (1988)*. If parents or guardians believe that the state or local agencies are not performing properly, they may present a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." Id. § 1415(b)(6). A parent who files a complaint has the right to an "impartial due process hearing" conducted by either the state or local educational agency. Id. § 1415(f)(1). n1

n1 IDEA mandates specific procedures for the due process hearing. All parties have the right to present evidence and to confront, cross-examine, and compel the attendance of witnesses; the right to be accompanied and advised by counsel and by individuals with special knowledge or training with respect to the problems of children with disabilities; the right to a written, or at the option of the parents, electronic verbatim record of such hearing; and the right to a written or, at the option of the parents, electronic findings of fact and decisions. See *20 U.S.C. § 1415*(h). The hearing officer may not be an employee of the state or local educational agency involved in the care or education of the disabled child. See id. § 1415(f)(3).

[**8]

214 F.3d 206, *210; 2000 U.S. App. LEXIS 12465, **8

[*210] If the complainant remains dissatisfied after a due process hearing, he or she may file a civil action in state or federal court. See id. § 1415(i)(2)(A). Before filing suit, however, IDEA mandates that plaintiffs exhaust administrative remedies through the due process hearing. This requirement applies even when the suit is brought pursuant to a different statute so long as the party is seeking relief that is available under subchapter II of IDEA. Section 1415(I) states:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

The purpose of exhaustion is to "enable[] the agency to develop a factual record, to apply its expertise to [**9] the problem, to exercise its discretion, and to correct its own mistakes, and is credited with promoting accuracy, efficiency, agency autonomy, and judicial economy." *Christopher W. v. Portsmouth Sch. Comm.*, 877 F.2d 1089, 1094 (1st Cir. 1989).

The scope of the due process hearing is broad, encompassing "complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." Id. § 1415(b)(6). The plaintiffs alleged discrimination by the School Department against Wayne Rose, Jr., because it failed to ensure appropriate accommodation of his asthma condition at both Coventry High School and Exeter-West Greenwich High School, conditioned Wayne Jr.'s placement at Exeter-West Greenwich High School on consent to a psychological evaluation, retaliated against Wayne Jr. in response to the Roses' efforts to enforce his educational rights, and generally failed to implement his Plan. These complaints relate unmistakably to the evaluation and educational placement of Wayne Rose, Jr., in the Coventry school system and to the provision of a free appropriate [**10] education there. Absent some exception, these claims are subject to the IDEA exhaustion requirement.

### III. Exceptions to the Exhaustion Requirement

The plaintiffs invoke exceptions to the IDEA ex-

haustion requirement based on the futility of exhaustion and the potential for severe harm to the litigant. When Congress adopted the predecessor statute to IDEA, Senator Williams warned that "exhaustion of the administrative procedures established under this part should not be required for any individual complainant filing a judicial action in cases where such exhaustion would be futile either as a legal or practical matter." *Christopher W.*, 877 F.2d at 1094 (quoting 121 Cong. Rec. 37416 (1975)). Legal doctrine is consistent with this warning. A plaintiff does not have to exhaust administrative remedies if she can show that the agency's adoption of an unlawful general policy would make resort to the agency [*211] futile, or that the administrative remedies afforded by the process are inadequate given the relief sought. See id. Similarly, exhaustion is not required where the agency has prevented the litigant from pursuing the administrative process. See *Pihl v. Massachusetts Dep't of Educ.*, 9 F.3d 184, 190-91 (1st Cir. 1993). [**11]

In addition to the exception for futility, courts may also exercise discretion if exhaustion "will not only waste resources but also work severe harm upon a litigant." *Ezratty v. Commonwealth of Puerto Rico*, 648 F.2d 770, 774 (1st Cir. 1981). Again, the legal doctrine is consistent with the legislative history, which warns that exhaustion is not necessary when "an emergency situation exists (e.g., the failure to take immediate action will adversely affect a child's mental or physical health)." *Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778 (3d Cir. 1994) (quoting H.R. Rep. No. 99-296, at 7 (1985)).

Frankly, we have found it difficult to understand the precise nature of the plaintiffs' claims to an exception to the exhaustion requirement. As best we can divine, the plaintiffs make three arguments. First, as a matter of law, they should not have to exhaust administrative remedies because they were the "prevailing party" in an agreement with the defendant School Department which resulted in an amended Plan in April 1997. Second, it was futile to pursue exhaustion because the school department withdrew from a due process hearing on two [**12] separate occasions. Third, exhaustion would have caused irreparable harm to Wayne Jr. The burden of demonstrating an exception from the exhaustion requirement falls on the party seeking to avoid the requirement. n2 See *Honig*, 484 U.S. at 327. The plaintiffs' claims are unconvincing.

> n2 In a perfunctory manner, the plaintiffs suggest in their brief that exhaustion was futile because they could not recover monetary damages, the sole relief requested, through a due process hearing. We do not address this complex issue under "the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at de-

214 F.3d 206, *211; 2000 U.S. App. LEXIS 12465, **12

veloped argumentation, are deemed waived." See *United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).*

### A. Prevailing Party

This argument is the strangest of the three, and hence the most difficult to understand. The prevailing party concept relates to claims for attorneys' fees when statutes provide for them. Not surprisingly, IDEA refers to the [**13] concept of a prevailing party only in its provision authorizing an award of attorneys' fees to the parents of a disabled child who is the prevailing party. See *20 U.S.C. § 1415(i)(3)(b).* Borrowing the language of the prevailing party provision but ignoring the usual legal significance of the phrase, the Roses seem to argue the following logic: 1) they wanted their son placed at the Exeter–West Greenwich High School; 2) they "prevailed" in this desire when Coventry agreed to this request and amended the Plan for Wayne Jr.; 3) having prevailed, there was no further remedy available to them through IDEA's due process hearing when the School Department said Wayne Jr. should return to the Coventry High School; and 4) they should therefore be allowed to go directly to court to seek damages for the failure of the School Department to abide by the agreement reflected in the amended Plan.

The Roses offer no legal authority in support of their prevailing party argument. Without suggesting in any way that the argument has merit, we conclude that the argument fails because the Roses mischaracterize the nature of their agreement with the School District which resulted [**14] in the amended Plan of April 1997. That Plan provided for a temporary placement of Wayne Jr. at Exeter–West Greenwich High School, with the duration of the placement to be reevaluated based on Wayne Jr.'s academic performance and the results of air quality tests. Under the Plan, Wayne Jr. remained classified as a Coventry High School student.

When the multi-disciplinary team recommended Wayne Jr.'s return to Coventry High School based on their assessment of his academic performance and the results of the air quality tests, the School Department did not violate any agreement by engaging in such a reevaluation. Moreover, such reevaluation is consistent with the framework of IDEA itself which requires reevaluation of the disabled child, "if conditions warrant a reevaluation or if the child's parent or teacher requests a reevaluation, . . . ." Id. § 1414(a)(2)(A). If the Roses did not like the results of the reevaluation, they could do what they in fact did — file a request for a due process hearing to challenge the reevaluation. Their decision to abandon that process does not entitle them to claim that the administrative process was futile.

### B. Withdrawal From the Due Process [**15] Hearings

Ignoring their own decisions, the plaintiffs argue that the defendants' withdrawal from the due process hearing on two different occasions rendered exhaustion futile. In fact, however, the plaintiffs and the School Department both withdrew from the due process proceedings. Both sides withdrew their first request for a due process hearing after the School Department amended Wayne Jr.'s Plan to allow for temporary placement at Exeter–West Greenwich High School. The School Department and the plaintiffs then stipulated in writing to the withdrawal of the second petition for a due process hearing.

Moreover, at all times the plaintiffs retained the right to pursue a due process hearing despite the School Department's withdrawal of its own hearing requests. IDEA specifically grants parents the right to unilaterally initiate a due process hearing. See *20 U.S.C. § 1415(f)(1).* The defendants' withdrawal of the request for a due process hearing did not render the administrative process futile.

### C. Irreparable Harm

The plaintiffs claim that exhaustion of administrative remedies would have caused irreparable harm to Wayne Jr. in the sense that he would [**16] have experienced ill health effects and absences from school if forced to return to Coventry High School while the due process hearing was conducted. The exception for irreparable harm "is to be sparingly invoked." *Komninos v. Upper Saddle River Bd. of Educ., 13 F.3d 775, 779 (3d Cir. 1994).* Consistent with this principle, the Third Circuit has required plaintiffs to "provide affidavits from competent professionals along with other hard evidence that the child faces irreversible damage if the relief is not granted." Id.; see also *Koster v. Frederick County Bd. of Educ., 921 F. Supp. 1453, 1456 (D. Md. 1996)* (refusing to grant an exception for irreparable harm where the plaintiffs provided no evidence that their disabled son would have been subject to severe harm from exhaustion of the administrative process).

The Roses failed to provide evidence that Wayne Jr. would have experienced severe harm if he returned to Coventry High School, despite the School Department's test results finding normal air quality at Coventry. The Roses also failed to demonstrate a likelihood that Wayne Jr. would have so many asthma-related absences while awaiting the due [**17] process hearing as to cause "irreversible damage" to either his health or education. They could not succeed with their demand for an exhaustion exception without such evidence.

### IV. Conclusion

214 F.3d 206, *212; 2000 U.S. App. LEXIS 12465, **17

Because the plaintiffs failed to exhaust their administrative remedies, the district court correctly granted the defendants' motion for summary judgment.

**Affirmed.**

**FAX TRANSMISSION COVER SHEET**
**Dalton, Dalton & Houston P.C.**
**Attorneys at Law**
**1008 Pendleton Street**
**Alexandria, Virginia 22314-1837**
**(703) 739-4300**
**FAX (703)739-2323**

DATE:          September 1, 2006

TO:          Hearing Officer Tonya Butler-Truesdale, Student Hearing Office

AT FAX:          202-442-5556

FROM:          Jessica M. Smith, Esq.

RE:          De████ W████ Closing Argument

NUMBER OF PAGES INCLUDING THIS PAGE:   11

COMMENTS:

          Petitioner's Closing Argument and Attached Case law

*************************************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
*************************************************************************************

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile:  (703)-739-2323

Paul S. Dalton·˙*
Ellen Douglass Dalton ˙˙*
William E. Houston^˙*
Laura E. Duos⁻*
Jessica M. Smith ˙*

Washington DC. Office:
601 Pennsylvania Avenue, NW
South Building,  Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

·ADMITTED IN W. VA
*ADMITTED IN D.C.
^ADMITTED IN PA

⁻ADMITTED IN MD
*ADMITTED TO THE U.S. SUPREME COURT
§ ADMITTED IN VA

## AMENDED FIVE DAY DISCLOSURE
August 22, 2006

District of Columbia Public Schools
Office of General Counsel 9ᵗʰ Floor
Attn: Tiffany Puckett, Esq.
825 North Capitol Street, N.E.
Washington, DC 20002

**VIA FAX: 202-442-5098 / 5097**

RE: De▮▮▮ W▮▮▮, DOB: ▮▮/95

Dear Ms. Puckett:

An Expedited Due Process Hearing has been scheduled for De▮ ▮d W▮▮▮▮▮ on August 25, 2006 at 9:00 AM. Pursuant to 34 C.F.R. 300.509(b)(1), the purpose of this letter is to provide you with the following list of witnesses and documents we may rely on in the hearing.  *Today I received a signed copy of the Notice to Appear for Ms. W. Green.  I am amending my five day disclosure to include this document.  Documents DW-01 through DW-21 were previously disclosed on August 18, 2006 and are not attached to this letter.*

### WITNESSES:

1. Ms. Carrie Wilkins, Mother
2. Ms. W. Green, VIS Teacher, Sharpe Health School - Compelled

Some or all of the above witnesses may testify by phone or may use a designee.

### DOCUMENTS FOR 5 DAY

| | | |
|---|---|---|
| DW-01 | Notice to Appear - Ms. W. Green** | 8/16/06 |
| DW-02 | Expedited Scheduling Memorandum | 8/9/06 |
| DW-03 | Hearing Notice | 8/9/06 |
| DW-04 | Order Granting Expedited Hearing | 8/9/06 |
| DW-05 | Status Report and Motion for Expedited Hearing | 6/27/06 |

Exhibit 1 of Motion is at DW-12
Exhibit 2 of Motion is at DW- 10-11

101

Exhibit 3 of Motion is at DW-09
Exhibit 4 of Motion is at DW-08
Exhibit 5 of Motion is at DW-07

| DW-06 | VIS Grade Report Summary | 6/14/06 |
| DW-07 | Letter to Ms. Batson | 6/5/06 |
| DW-08 | HOD | 6/2/06 |
| DW-09 | IEP | 5/23/06 |
| DW-10 | IEP Meeting Notes | 5/23/06 |
| DW-11 | SEP and Notes | 5/23/06 |
| DW-12 | Resolution Meeting Notes | 5/2/06 |
| DW-13 | IEP & Meeting Notes | 5/25/05 |
| DW-14 | Doctor's Notes from DC Chartered Health | 8/17/04 |
| DW-15 | Social Work Re-evaluation | 6/21/04 |
| DW-16 | DCPS Medical Review of Records | 10/05/03 |
| DW-17 | Psycho-educational Report | 8/07/03 |
| DW-18 | Letter to DCPS from Doctor | 6/05/03 |
| DW-19 | DCPS's Physician's Certificate of pupil's inability to attend school | 4/25/03 |
| DW-20 | Speech and Language Evaluation | 4/14/03 |
| DW-21 | Letter to DCPS from Doctor | 8/19/02 |
| *DW-22* | *Signed Notice to Appear - Ms. W. Green* | *8/22/06* |

\* We reserve the right to examine any witnesses disclosed by DCPS as if they were witnesses for our client and rely on any documents disclosed by DCPS as if they were our documents.

\* We object to any documents identified by DCPS in their 5 Day Disclosure if copies are not physically produced with the 5 Day Disclosure letter.

\*\* We reserve the right to supplement the 5-Day disclosure with a signed copy of the Notice to Appear

## STATUTORY & CASE LAW AUTHORITY

We are relying on all applicable Federal and Local Statutes and all applicable Federal and Local Case Law. Including but not limited to the following:
--the Civil Right Act of 1871, 42 U.S.C. Sections 1983 and 1985;
--the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. Sections 1400 et. seq;
--the Rehabilitation Act ("Section 504"), 29 U.S.C. Sections 701 et.seq;
--the Fifth Amendment to the Constitution of the United States; and
--5 D.C. Mun. Regs. Section 3000.1-3099 (1991).
Mills v. District of Columbia, 348 F. Supp. 866 (D.D.C. 1972).
Board of Education v. Rowley, 458 U.S. 176 (1982).

2

102

McKenzie v. District of Columbia, 602 F.Supp. 632 (1983)
Edwards-White v. District of Columbia, 785 F.Supp. 1022 (D.D.C. 1992).
Kroot v. District of Columbia, 800 F.Supp. 976 (D.D.C. 1992).
Florence County School District v. Carter,114 S. Ct. 361 (1993).
Fisher v. District of Columbia, 828 F.Supp. 87 (D.D.C.     1993).
Lyons by Alexander v. Smith, 829 F.Supp. 414 (D.D.C. 1993).

Jessica M. Smith, Esq.
Counsel for the Parent

cc: Student Hearing Office

3

103

**FAX TRANSMISSION COVER SHEET**
**Dalton, Dalton & Houston P.C.**
**Attorneys at Law**
**1008 Pendleton Street**
**Alexandria, Virginia 22314-1837**
**(703) 739-4300**
**FAX (703)739-2323**

**DATE:**        August 22, 2006

**TO:**          Ms Tiffany Puckett, Esq., Office of the General Counsel

**AT FAX:**      202-442-5098 / 5097

**FROM:**        Jessica M. Smith, Esq.

**RE:**          D██████Wi███████

**NUMBER OF PAGES INCLUDING THIS PAGE:**        6

**COMMENTS:**

**AMENDED FIVE DAY DISCLOSURE**

*****************************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
*****************************************************************************

P. 1

\* \* \* Transmission Result Report(MemoryTX) ( Aug.22. 2006  2:39PM) \* \* \*

1) Dalton, Dalton,& Houston
2)

Date/Time: Aug.22. 2006  2:37PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|------|------|-------------|-------|--------|---------------|
| 5838 | Memory TX | 12024425097 | P. 6 | OK | |

----------------------------------------------------------------

Reason for error
E.1) Hang up or line fail          E.2) Busy
E.3) No answer                     E.4) No facsimile connection

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:        August 22, 2006

TO:          Ms Tiffany Puckett, Esq., Office of the General Counsel

AT FAX:      202-442-5098 / 5097

FROM:        Jessica M. Smith, Esq.

RE:          ███████████████

NUMBER OF PAGES INCLUDING THIS PAGE:     6

COMMENTS:

**AMENDED FIVE DAY DISCLOSURE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## STATE ENFORCEMENT & INVESTIGATONS DIVISION
### (202) 442-5432 (phone); (202) 442-5556(fax)

In the Matter of:                    )

D███ W█████                          )
Date of Birth: █ 2/95                ) TO:     Ms. W. Green, VIS Teacher
                                     )
                    v.               )        Melvin Sharpe Health School
                                     )        4300 13th Street, NW
                                              Washington, DC 20011
                                              202-576-6161 (ph)


DCPS                          )
─────────────────────────
Respondents                   )

### NOTICE TO APPEAR AT DUE PROCESS HEARING

Please be informed that you are commanded to appear in person and under oath to give testimony at the request of  Jessica M. Smith, Esq. and Carrie Wilkins                    at the due process hearing for  D███ █nd █████s                    to be conducted at 825 North Capitol Street, NE, 8th Floor. Washington, DC 20002 on Friday, August 25, 2006 between the hours of  9:00AM – 11:00AM. If the matter is continued to an alternative date by order of the hearing officer, your physical presence will be required on that date and you will be so notified.

The exact time of your testimony cannot be determined prior to the date of the hearing, because it is dependent upon many factors. Under the hearing rules please be aware that you might be excluded from the hearing room prior to your testimony. You are welcome to bring reading material or such other activities as you may need to pass the time waiting.

This Notice to Appear is issued pursuant to the authority found in 20 U.S.C. § 1415 (h)(2), 5 DCMR §3031.1(b) (D.C. Register, Feb. 28, 2003) and "The Special Education Student Hearing Office Due Process Hearing Standard Operating Procedures," final version February 8, 2006, Section 800.1 (4).

The parent's attorney is Jessica M. Smith, Esq. If you have questions, you may call her at

703-739-4300 x 227, or by mail at her office 1008 Pendleton Street, Alexandria, VA 22314. The attorney for DCPS is  Tiffany Puckett, Esq. in the Office of General Counsel, DCPS, 825 North Capitol Street, NE, 9th Floor, Washington, DC 20002, (202) 442-5000.

Impartial Hearing Officer *Date:* ____ _

1

106
DW-22

P. 1

* * * Transmission Result Report(MemoryTX) ( Aug.22. 2006  2:11PM ) * * *
                                          1) Dalton. Dalton.& Houston
                                          2)

Date/Time: Aug.22. 2006  2:10PM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 5836 Memory TX | 12025766166 | P. 2 | OK | |

---

Reason for error
  E.1) Hang up or line fail          E.2) Busy
  E.3) No answer                     E.4) No facsimile connection

---

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:      August 22, 2006

TO:        Ms. W. Green, VIS Teacher, Sharpe Health School

AT FAX:    202-576-6166

FROM:      Jessica M. Smith, Esq.

RE:        D███████ ███ Notice to Appear at Due Process Hearing

NUMBER OF PAGES INCLUDING THIS PAGE:    2

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

107

Law Offices
# DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile:  (703)-739-2323

Paul S. Dalton[1][*][+]
Ellen Douglass Dalton [1][*][+]
William E. Houston[^][*][+]
Laura E. Duos[~][+]
Jessica M. Smith [1][*]

* ADMITTED IN W. VA
+ADMITTED IN D.C.
^ADMITTED IN PA

Washington DC. Office:
601 Pennsylvania Avenue, NW
South Building,  Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

~ADMITTED IN MD
ADMITTED TO THE U.S. SUPREME COURT
1 ADMITTED IN VA

## FIVE DAY DISCLOSURE
August 18, 2006

District of Columbia Public Schools
Office of General Counsel 9th Floor
Attn: Tiffany Puckett, Esq.
825 North Capitol Street, N.E.
Washington, DC 20002

**VIA FAX: 202-442-5098 / 5097**

RE: D████ W████ DOB: █████5

Dear Ms. Puckett:

An Expedited Due Process Hearing has been scheduled for D████ W████ on August 25, 2006 at 9:00 AM. Pursuant to 34 C.F.R. 300.509(b)(1), the purpose of this letter is to provide you with the following list of witnesses and documents we may rely on in the hearing.

## WITNESSES:

1.  Ms. Carrie Wilkins, Mother
2.  Ms. W. Green, VIS Teacher, Sharpe Health School - Compelled

Some or all of the above witnesses may testify by phone or may use a designee.

## DOCUMENTS FOR 5 DAY

| | | |
|---|---|---|
| DW-01 | Notice to Appear - Ms. W. Green** | 8/16/06 |
| DW-02 | Expedited Scheduling Memorandum | 8/9/06 |
| DW-03 | Hearing Notice | 8/9/06 |
| DW-04 | Order Granting Expedited Hearing | 8/9/06 |
| DW-05 | Status Report and | |
| | Motion for Expedited Hearing | 6/27/06 |
| | Exhibit 1 of Motion is at DW-12 | |
| | Exhibit 2 of Motion is at DW- 10-11 | |
| | Exhibit 3 of Motion is at DW-09 | |
| | Exhibit 4 of Motion is at DW-08 | |
| | Exhibit 5 of Motion is at DW-07 | |

108

| DW-06 | VIS Grade Report Summary | 6/14/06 |
| DW-07 | Letter to Ms. Batson | 6/5/06 |
| DW-08 | HOD | 6/2/06 |
| DW-09 | IEP | 5/23/06 |
| DW-10 | IEP Meeting Notes | 5/23/06 |
| DW-11 | SEP and Notes | 5/23/06 |
| DW-12 | Resolution Meeting Notes | 5/2/06 |
| DW-13 | IEP & Meeting Notes | 5/25/05 |
| DW-14 | Doctor's Notes from DC Chartered Health | 8/17/04 |
| DW-15 | Social Work Re-evaluation | 6/21/04 |
| DW-16 | DCPS Medical Review of Records | 10/05/03 |
| DW-17 | Psycho-educational Report | 8/07/03 |
| DW-18 | Letter to DCPS from Doctor | 6/05/03 |
| DW-19 | DCPS's Physician's Certificate of pupil's inability to attend school | 4/25/03 |
| DW-20 | Speech and Language Evaluation | 4/14/03 |
| DW-21 | Letter to DCPS from Doctor | 8/19/02 |

* We reserve the right to examine any witnesses disclosed by DCPS as if they were witnesses for our client and rely on any documents disclosed by DCPS as if they were our documents.

* We object to any documents identified by DCPS in their 5 Day Disclosure if copies are not physically produced with the 5 Day Disclosure letter.

** We reserve the right to supplement the 5-Day disclosure with a signed copy of the Notice to Appear

## STATUTORY & CASE LAW AUTHORITY

We are relying on all applicable Federal and Local Statutes and all applicable Federal and Local Case Law. Including but not limited to the following:
--the Civil Right Act of 1871, 42 U.S.C. Sections 1983 and 1985;
--the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. Sections 1400 et. seq;
--the Rehabilitation Act ("Section 504"), 29 U.S.C. Sections 701 et.seq;
--the Fifth Amendment to the Constitution of the United States; and
--5 D.C. Mun. Regs. Section 3000.1-3099 (1991).
Mills v. District of Columbia, 348 F. Supp. 866 (D.D.C. 1972).
Board of Education v. Rowley, 458 U.S. 176 (1982).
McKenzie v. District of Columbia, 602 F.Supp. 632 (1983)
Edwards-White v. District of Columbia, 785 F.Supp. 1022 (D.D.C. 1992).
Kroot v. District of Columbia, 800 F.Supp. 976 (D.D.C. 1992).
Florence County School District v. Carter,114 S. Ct. 361 (1993).

2

109

<u>Fisher v. District of Columbia</u>, 828 F.Supp. 87 (D.D.C.    1993).
<u>Lyons by Alexander v. Smith</u>, 829 F.Supp. 414 (D.D.C. 1993).

Jessica M. Smith, Esq.
Counsel for the Parent

cc: Student Hearing Office

3

110

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## STATE ENFORCEMENT & INVESTIGATONS DIVISION
### (202) 442-5432 (phone); (202) 442-5556(fax)

In the Matter of:                                )

D█████ W█████                            )
Date of Birth: █████/95                   )    TO:        Ms. W. Green, VIS Teacher
                                                    )
                        v.                      )         Melvin Sharpe Health School
                                                    )         4300 13th Street, NW
                                                              Washington, DC 20011
                                                              202-576-6161 (ph)

DCPS                                          )
Respondents                                 )

## NOTICE TO APPEAR AT DUE PROCESS HEARING

Please be informed that you are commanded to appear in person and under oath to give testimony at the request of _Jessica M. Smith, Esq. and Carrie Wilkins_____ at the due process hearing for _D████d W████s_____ to be conducted at 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002 on Friday, August 25, 2006 between the hours of _9:00AM – 11:00AM._ If the matter is continued to an alternative date by order of the hearing officer, your physical presence will be required on that date and you will be so notified.

The exact time of your testimony cannot be determined prior to the date of the hearing, because it is dependent upon many factors. Under the hearing rules please be aware that you might be excluded from the hearing room prior to your testimony. You are welcome to bring reading material or such other activities as you may need to pass the time waiting.

This Notice to Appear is issued pursuant to the authority found in 20 U.S.C. § 1415 (h)(2), 5 DCMR §3031.1(b) (D.C. Register, Feb. 28, 2003) and "The Special Education Student Hearing Office Due Process Hearing Standard Operating Procedures," final version February 8, 2006, Section 800.1 (4).

The parent's attorney is Jessica M. Smith, Esq. If you have questions, you may call her at

_703-739-4300 x 227_, or by mail at her office _1008 Pendleton Street, Alexandria, VA 22314_. The attorney for DCPS is _Tiffany Puckett, Esq._ in the Office of General Counsel, DCPS, 825 North Capitol Street, NE, 9th Floor, Washington, DC 20002, (202) 442-5000.

_____
Impartial Hearing Officer *Date:* _____

# DW-01

111

CERTIFICATE OF SERVICE

    I, Jessica M. Smith, hereby certify that a copy of this Notice to Appear was served on the Student Hearing Office by facsimile at 202-442-5556 on Wednesday, August 16, 2006.

Jessica M. Smith, Esq.
Attorney for Petitioner

112

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

**DATE:**        August 16, 2006

**TO:**          Chief Hearing Officer David Smith, Student Hearing Office

**AT FAX:**      202-442-5556

**FROM:**        Jessica M. Smith, Esq.

**RE:**          D█████ W████s, Notice to Appear

**NUMBER OF PAGES INCLUDING THIS PAGE:**        3

───────────────────────────────────────────

**COMMENTS:**

The Expedited Hearing has been scheduled for 8/25/06 at 9am.

Please fax back a signed copy and I will serve it on the witness and opposing counsel.

Thank you.

****************************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
****************************************************************************

113

P. 1

* * * Transmission Result Report(MemoryTX) ( Aug.16. 2006 1:24PM ) * * *

1) Dalton, Dalton.& Houston
2)

Date/Time: Aug.16. 2006 11:35AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|------|------|-------------|-------|--------|---------------|
| 5622 | Memory TX | SHO 202-442-5556 | P. 3 | OK | |

---

Reason for error
E.1) Hang up or line fail
E.3) No answer
E.2) Busy
E.4) No facsimile connection

---

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:     August 16, 2006

TO:       Chief Hearing Officer David Smith, Student Hearing Office

AT FAX:   202-442-5556

FROM:     Jessica M. Smith, Esq.

RE:       D████ ██ Notice to Appear

NUMBER OF PAGES INCLUDING THIS PAGE:    3

COMMENTS:

The Expedited Hearing has been scheduled for 8/25/06 at 9am.

Please fax back a signed copy and I will serve it on the witness and opposing counsel.

Thank you.

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

114

P. 1

※ ※ ※ Transmission Result Report (Memory TX) ( Aug.18. 2006 5:24PM ) ※ ※ ※

1) Dalton, Dalton,& Houston
2)

ate/Time: Aug.18. 2006  5:23PM

| ile No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| ,732 Memory TX | 12025766166 | P. 2 | OK | |

--------------------------------------------------------------------------------

Reason for error
E.1) Hang up or line fail                        E.2)  Busy
E.3) No answer                                   E.4)  No facsimile connection

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1608 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:        August 18, 2006

TO:          Ms. W. Green, VIS Teacher, Sharpe Health School

AT FAX:      202-576-6166

FROM:        Jessica M. Smith, Esq.

RE:          Desmond Wilkins - Notice to Appear at Hearing

NUMBER OF PAGES INCLUDING THIS PAGE: 2

COMMENTS:

***********************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
***********************************************************

115

09:05    20244252E                      STATE ENFORCEMEN

# STATE EDUCATION AGENCY
# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

In the Matter of:                      )      BEFORE A SPECIAL EDUCATION
                                       )

W████, D.              Petitioner      )
                                       )      HEARING OFFICER
        Vs.                            )
                                       )
DCPS                                   )
Thurgood Marshall EC                   )      DISTRICT OF COLUMBIA
                                       )

               Respondent              )      PUBLIC SCHOOLS


## EXPEDITED SCHEDULING MEMORANDUM

1.  A due process complaint notice and request for due process hearing has been received by
    the Student Hearing Office in the State Enforcement & Investigation Division. Pursuant
    to 20 U.S.C. § 1415(f)(1)(B), prior to the opportunity for an impartial due process
    hearing, the Local Educational Agency shall convene a resolution meeting with the
    parent(s) and the relevant member or members of the IEP Team who have specific
    knowledge of the facts identified in the complaint within 15 calendar days of receiving
    notice of the parents' complaint. The meeting shall include a representative of the Local
    Educational Agency who has decision-making authority. The Local Education Agency is
    responsible for scheduling the resolution meeting in consultation with the parent. The
    Student Hearing Office does not schedule or participate in resolution meetings.

2.  The complaint notice was filed on **August 9, 2006.**

3.  The deadline for the resolution meeting is **August 19, 2006** unless the parent and
    Local Educational Agency agree in writing to waive such meeting, or agree to refer
    the case to a mediator for mediation.

## RESPONSE TO THE COMPLAINT

A.  *Prior Written Notice Not Issued by the Local Educational Agency*. If the Local
    Educational Agency has not sent a prior written notice to the parent regarding the subject
    matter contained in the parent's due process complaint notice, the Local Educational
    Agency shall, within 10 days of receiving the complaint, send to the parent a response
    that shall include:

    1.  An explanation why the Local Educational Agency proposed or refused to take
        action raised in the complaint;
    2.  A description of other options that the IEP Team considered and the reasons why
        those options were rejected;
    3.  A description of each evaluation procedure, assessment, record, or report the
        agency used as the basis for the proposed or refused action, and

116

## DW-02

'996  00:06   2024425253    STATE ENFORCEMENT    PAGE  03/03

    4.     A description of the factors that is relevant to the agency's proposal or refusal.

B.    Prior written notice, if not already provided to the parent, must be sent by the Local Educational Agency to the complaining party no later than **August 19, 2006**.

C.    *Deficiency Notice*.  A complaint notice shall be deemed sufficient unless the party receiving the notice notifies the Student Hearing Office and the complaining party in writing, <u>within 15 days of receiving the notice of the complaint</u>, that the complaint does not satisfy the notice requirements specified in 20 U.S.C. 1415(b)(7)(A).

    D.    The deadline for filing a deficiency notice is **August 19, 2006**.

## DUE PROCESS HEARING

    Pursuant to 20 U.S.C. § 1415(f)(1)(B)(ii) if the Local Educational Agency has not resolved the complaint to the satisfaction of the parents within 30 days of the receipt of the complaint, the due process hearing may occur, and all applicable time lines for scheduling a due process hearing will commence.  A final hearing officer's decision must be issued within 45 days from the expiration of the 30-day resolution period.

## QUESTIONS AND INFORMATION

    The staff with the Student Hearing Office does not provide legal advice.  The parties should consult with legal counsel or other representative to answer any legal questions about your rights, duties, and responsibilities under the law.  The school or the Local Education Agency responsible for scheduling the meeting will provide information about the time, date, and location of the resolution meeting.

117

# District of Columbia Public Schools
## State Enforcement & Investigation Division
### STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556

*X EXPEDITED HEARING*



### HEARING NOTICE

| MEMORANDUM VIA: [ X ] FACSIMILE [ ] MAIL [ ] HAND DELIVERY |
|---|

Parent (or Representative): __T. SMITH__     Fax No.: __(703) 739-2323__

LEA Legal Counsel: __T. PUCKETT__

__W_____, D_____)__     and (LEA)  DOB: _____
Student's Name

OM:  **SHARON NEWSOME**
Special Education Student Hearing Office Coordinator

TE SENT:  __8/9/06__

∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎

Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on
__8/9/06__. Please be advised that the hearing has been scheduled for:      *EXPEDITED HEARING*

DATE: __8/25/06__

TIME: __9:00 AM__

AT:    825 North Capitol Street, NE, Washington, DC
8th Floor

ASSIGNED HEARING OFFICER: _____

THIS IS A FINAL NOTICE OF HEARING: If you wish to request a continuance of this hearing, you must submit your request in
ing on the attached form to the Special Education Student Hearing Office at the above address, or by fax at 202 442-5556. All
sions regarding continuances are made *exclusively* by the Hearing Officer, and cannot be made by SHO administrative staff.
ss you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as
duled above.

THIS IS A PROVISIONAL NOTICE OF HEARING: The SHO was unable to accommodate any of your proposed dates. If you
navailable for the above date, you must inform the SHO in writing (letter or fax) that the date is unavailable and specify times
ng the next four business days when you are either available or unavailable for a teleconference with the Hearing Officer. If the
) does not receive a response from you within three business days of your receiving this provisional notice, the notice becomes a
notice of hearing that may be modified with only a request for a continuance.

ire to appear for a properly scheduled hearing may result in dismissal of the case or a default judgment against you. Disclosure of
ence and witnesses to the opposing party is required at least *five business days* prior to the hearing with copies to the Special
cation Student Hearing Office.

118

**DW-03**

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

In the Matter of:                )     BEFORE A SPECIAL EDUCATION
                                 )
D_____ U_____               )     INDEPENDENT HEARING OFFICER
_____            )
          *Petitioner*           )
                                 )
D C P S 's.                      )     STATE EDUCATION AGENCY
_____            )
          *Respondent*

ON THIS DAY came on to be heard _Petitioner_____ 's Motion

_Expedited Hearing_____ in the above styled cause.

### ORDER

After reviewing the evidence, the Motion is:

_____ DENIED.

___✓___ GRANTED.

_____ OTHER:

The hearing is scheduled for 8-25-06
at 9:00 A.M. for one time slot.

_____

_____

_____

_____

SIGNED: this date  8-9-06

_____
Impartial Special Education Hearing Officer

Issue Date: 8/9/06

Original to SHO – Student's File
Copy To:      Parent' - C/O:
              DCPS - C/O:
              Charter School - C/O:

_Jessica Smith, Esq._
_Tiffany Puckett, Esq._

DW-04      119

STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA STATE
ENFORCEMENT AND INVESTIGATION DIVISION (SEID)
SPECIAL EDUCATION PROGRAMS

Carrie Wilkins, on behalf of                    )
D██████ W██████                                 )
                                                )
              Petitioner,                       )
                                                )        Hearing Officer Tonya M. Butler-Truesdale
                                                )
v.                                              )
                                                )
District of Columbia Public Schools             )
              ("DCPS"),                          )
                                                )
              Respondent.                        )
_____                )

## STATUS REPORT AND MOTION FOR EXPEDITED HEARING

COMES NOW, Petitioner, by and through counsel, and files this status report to inform
the Hearing Officer of recent events occurring after the Hearing on May 22, 2006 and to
**REQUEST AN EXPEDITED DUE PROCESS HEARING.**  The Status Report and reasoning
for the instant Motion are as follows:

Student:              D████ W████ DOB: ████/95

Petitioner:           Carrie Wilkins, Mother

Residence:            2909 South Dakota Ave, NE
                      Washington, DC 20018

Attending School:     Thurgood Marshall Educational Center, DCPS

Petitioner's Counsel: Jessica M. Smith, Esq., Dalton, Dalton, & Houston, PC
                      1008 Pendleton Street
                      Alexandria, VA 22314
                      703-739-4300 (p), 703-739-2323 (f), j.smith@daltonlaw.com

Complaint Against:    DCPS, Thurgood Marshall

Petitioner wishes to waive the Resolution Session.

Counsel for Petitioner will attend the Resolution Session if one is scheduled.

DW-05      120

## I.    Factual Background

On July 12, 2005, a due process Hearing was held for D█████ W████. D█████ suffers from severe respiratory distress and bronchial asthma, such that he is often unable to go outside or physically attend school. Thus, the Petitioner was seeking home bound services for D█████ on days when he was too sick to go to the school building. At the Hearing, the Petitioner and DCPS reached a settlement agreement and this Hearing Officer entered the settlement on the record and incorporated it into an HOD dated July 22. 2005. The HOD ordered DCPS to convene an MDT / IEP meeting to review evaluations and medical documents, revise the IEP as necessary, and discuss and determine placement and compensatory education. All meetings were to be scheduled through the Petitioner's counsel. Six months later, DCPS had still not scheduled the MDT / IEP meeting. Thus, the Petitioner filed another Due Process Complaint Notice on January 26, 2006 for failure to hold the HOD ordered meeting.

On May 2, 2006, DCPS held a Resolution Meeting in an attempt to resolve the pending Complaint. At the Resolution Meeting, the Petitioner wanted to go forward with the HOD Ordered MDT meeting, however DCPS stated that they could not go forward with an MDT meeting at that time because "the local school can not in good faith agree to provide home school specialized instruction and speech and language services." Pet's Ex. 1 at 2. DCPS agreed to "convene an IEP meeting where the parties who are capable of making these decisions will be in attendance." *Id.* The IEP meeting was scheduled for May 23, 2006. However, the due process Hearing was scheduled for the day prior on May 22, 2006.

The Hearing was held on May 22, 2006. At the Hearing, the special education coordinator at D█████'s school, Ms. Tiffany Batson, testified under oath that the school was convening the IEP meeting the next day, May 23, 2006, and that all persons needed to make the decisions regarding all issues, including providing home bound instruction, would be present at the meeting.

## II.    Events Occurring After the Hearing

The MDT / IEP meeting was convened on May 23, 2006 at D█████'s school, Thurgood Marshall Elementary. *See* Pet's Ex. 2. Present for the meeting was the Petitioner and her counsel, Ms. Batson, and D█████'s regular education teacher and special education teacher. The Principal at Thurgood Marshall also participated briefly and the speech and language pathologist arrived towards the end of the meeting. During the meeting, the Petitioner expressed her concerns that D█████ is not learning because when his asthma and respiratory conditions act up he cannot go to school, but rather has to stay home. Ms. Wilkins, the Petitioner, expressed that while *she* gives D█████ some work to do, she is not equipped to teach him and has had to quit three jobs in order to stay home with him. The Petitioner feels that D█████ is being treated as a "throw-away child" because she has tried numerous times to get DCPS to provide home bound instruction, but he has never received it. Rather, when D█████ is sick, he stays at

2

home with nothing to do. This is also impacting his social and emotional well-being because he has no goals to strive for and nothing to look forward to.

The general education teacher, Ms. Whitaker, stated that she has been concerned about D███████ for the last two years. She further stated that D███████ has not progressed at all due to his absences caused by his medical condition. It is difficult for her to test his abilities but that she believes he is on a 2nd grade level (D███████ is currently in the 4th grade). Additionally, Ms. Whitaker stated that this lack of progress has been negatively impacting his self-esteem. The special education teacher, Ms. Aremo, stated that D███████ reads on a 2nd grade level and that he has the potential to learn but the lack of instruction due to the absences has hindered him. Additionally, the speech and language pathologist, Ms. Williams, stated that D███████'s progress has been stunted due to his absences and that he needs one-on-one assistance.

The team updated D███████ IEP and included bronchial asthma in his OHI classification. *See* Pet's Ex. 5. The team also determined that D███████'s triennial evaluations were due. Ms. Batson stated that a speech and language evaluation and educational evaluation would be completed over the summer. The Petitioner also requested a psycho-educational evaluation. While Ms. Batson did not agree to perform a psycho-educational evaluation, she stated that the school psychologist would review the prior psycho-educational from August 7, 2003.

**The team was in agreement that D███████ needs at home tutoring when his absences are excessive due to his medical condition.** The Petitioner proposed that when D███████ is absent due to his condition for three (3) consecutive days, that the Petitioner would notify the school and the school would send a tutor to his home until he was better and able to attend school again. If absences were less than three (3) consecutive days, then work packets would be sent home. Additionally, the speech and language services would be sent home when D███████ was absent. The school, however, would not agree to implement this plan. Rather, **Ms. Batson stated that she cannot authorize or implement home tutoring.** The parent then asked for the Principal to be called into the meeting to authorize the tutoring. The Principal came into the meeting and also stated that Thurgood Marshall could not authorize or implement home tutoring. **Therefore, despite the Resolution Meeting notes and Ms. Batson's testimony at the Hearing that the people capable of making these decisions regarding home bound services would be at the MDT meeting, no such person was present.**

Ms. Batson stated that the only service available for D███████'s needs is the Visiting Instruction Services (VIS) located in Sharpe Health Center. However, she stated that VIS is only given on an interim basis. VIS is not a continuing services and will cease when D███████ returns to school after a stretch of being absent. VIS is geared toward students who require homebound on a one time interim basis, not for students with continuous periods of absences like D███████. Additionally, VIS is not given during the summer months. The Petitioner agreed that she would submit the paperwork to VIS, since it was the only option presented by DCPS, but insisted that this was not enough for D███████.

*notice to DCPS of parent issue*

3

122

The team then discussed compensatory education. Ms. Batson offered to add up the hours De⬛missed and then create a plan to make up for it. However, compensatory education should not be a mathematical equation, but rather must provide instruction that will bring Desmond to the level he would be at (which is a 4th grade level) but for the educational deficiency he has suffered by not being provided services when he is sick. *See Reid v. District of Columbia*, 401 F.3d 516 (D.C. Cir. 2005). Rather than do an hour-for-hour equation, Petitioner's counsel proposed that a summer program be implemented to make up for the lack of services and then D⬛ could be re-tested after the compensatory education was implemented to see how much progress he made and if more compensatory education was warranted to bring him up to the level he should be at. **The team agreed to provide four hours per day of compensatory education for five weeks over the summer, which would include specialized instruction and speech and language services. DCPS, however, would not authorize home tutoring for this compensatory education plan, but rather insisted that in order for Desmond to get the four hours per day for five weeks, that he must attend the summer school program at Thurgood Marshall.** The Petitioner tried to reiterate that D⬛ is unable to physically be at school due to his medical condition. However, Ms. Batson stated that they would only provide the compensatory education at the summer school site. *See Pet's Ex. 2 at 3-5.*

After the meeting, the Petitioner contacted the VIS program for home bound tutoring services. Home bound services started for De⬛on May 30, 2006 and ended on June 14, 2006, because the home tutoring available through VIS does not continue through the summer. Home bound instruction was provided to D⬛ for two weeks, two days per week, for two hours per day, essentially for only 8 hours this school year. Ms. W. Green, the VIS teacher, stated that D⬛ needed more home bound instruction, but that she could not provide it to him as VIS ends at the end of the school year. The home bound instruction ended June 14, 2006. For the entire 2005-2006 school year, D⬛has not received home bound instruction when he is absent due to his medical condition, and he has not received his speech and language services. Additionally, he is not receiving any of the compensatory education that is warranted.

## III.   Hearing Officer's Determination Issued on June 2, 2006

After the May 22, 2006 Hearing and after the May 23, 2006 MDT meeting, this Hearing Officer issued an HOD on June 2, 2006. *See Pet's Ex. 4.* The HOD ordered DCPS to convene an MDT meeting within 14 calendar days of the HOD to discuss compensatory education, review evaluations and medical documentation, to consider adding SLI and OHI as classifications, and determine placement. As stated above, the MDT meeting was held on May 23, 2006, prior to the issuance of the HOD, and the team discussed evaluations, updated the IEP[1], and discussed compensatory education and placement.

---

[1]     The team added bronchial asthma to D⬛s disability classification of OHI, which also includes ADHD. However, due to the out-of-date evaluation and D⬛not receiving his services this year, the team did not have enough information to determine whether D⬛should also be classified speech and language impaired.

4

123

Since the meeting ordered in the HOD had already taken place, counsel for Petitioner sent a letter to Ms. Batson outlining what the HOD ordered and reiterating what occurred at the May 23, 2006 MDT meeting. *See* Pet's Ex. 5. The letter also restated the Petitioner's position stated at the meeting, that ██████ needs home instruction, and DCPS's position stated at the meeting, that they cannot authorize home instruction. The letter concluded that if DCPS's position on the matter had changed, that Ms. Batson should send a letter of invitation and the team could reconvene, but that if DCPS's position remained the same, that they could not authorize the services the Petitioner requires. that there was no need to reconvene the meeting. As of the filing of this Motion, no one from DCPS has contacted the Petitioner's counsel regarding this meeting and the 14 days has past.

## III.    Allegations

The Petitioner alleges the following:

1.    DCPS denied D██████ a FAPE by failing to convene an appropriate IEP meeting with all necessary individuals present to authorize home bound instruction and related services;

2.    DCPS denied D██████ a FAPE by failing to implement his IEP and provide him with the specialized instruction and related services indicated on his IEP;

3.    DCPS denied D██████ a FAPE by failing to draft an appropriate IEP that will meet his needs when he is unable to attend school due to his medical condition;

4.    DCPS denied D██████ a FAPE by failing to come up with an appropriate compensatory education plan, given his medical condition and inability to be physically at school;

5.    DCPS denied D██████ a FAPE by failing to agree to conduct a psycho-educational evaluation which the parent requested at the May 23, 2006 meeting.

## IV.    Relief

The Petitioner requests an **expedited due process hearing** and the following relief:

1.    Declaratory relief of denial of FAPE, denial of Due Process, and discrimination based solely on D██████ disability by DCPS;

2.    A determination that DCPS denied De██████ a FAPE by failing to convene an appropriate IEP meeting with all necessary individuals present to authorize home instruction and related services;

5

124

3. A determination that DCPS denied D_____ a FAPE by failing to implement his IEP and provide him with the specialized instruction and related services indicated on his IEP;

4. A determination that DCPS denied D_____ a FAPE by failing to draft an appropriate IEP that will meet his needs when he is unable to attend school due to his medical condition:

5. A determination that DCPS denied D_____ a FAPE by failing to come up with an appropriate compensatory education plan, given his medical condition and inability to be physically at school;

6. A determination that DCPS denied D_____ a FAPE by failing to agree to conduct a psycho-educational evaluation which the parent requested at the May 23, 2006 meeting;

7. A determination that DCPS be required to fund an independent psycho-educational evaluation;

8. A determination that DCPS be required to fund the compensatory education agreed to by the MDT team, four hours per day for five weeks, in the form of home services including tutoring and speech and language services;

9. A determination that after the five weeks of compensatory education, DCPS re-evaluate D_____ to determine his present levels of functioning and to determine if more compensatory education is needed to bring him to the level he should be at, but for DCPS's denial of FAPE;

10. A determination that, starting with the 2006-2007 school year, when D_____ is absent due to his condition for three (3) consecutive days, that the Petitioner will notify the school and DCPS will be required to send a tutor and any related service providers to his home until he is better and able to attend school again. If absences are less than three (3) consecutive days, then DCPS will be required to send work packets home.

11. A determination that DCPS convene an MDT meeting after the evaluations are completed to review the evaluations, update his IEP as necessary, add the relief requested in paragraph 10 to his IEP, discuss and determine placement, and discuss and determine whether additional compensatory education is warranted;

12. A determination that DCPS's failure to hold the MDT meeting requested in paragraph 11 will not preclude D_____ from receiving the home bound instruction outlined in paragraph 10 above;

125

13.    A determination that DCPS be required to pay reasonable attorneys' fees pursuant to current federal law; and

14.    Any other relief that the Hearing Officer deems appropriate.

June 27, 2006                                         Respectfully Submitted,

                                                     _Jessica M. Smith_

                                                     Jessica M. Smith, Esq.
                                                     Counsel for Petitioner
                                                     Dalton, Dalton, & Houston, P.C.
                                                     1008 Pendleton Street
                                                     Alexandria, Virginia 22314
                                                     703-739-4300
                                                     703-642-2323 – fax

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Status Report and Motion was filed with Hearing Officer Tonya Butler-Truesdale of the Student Hearing Office via facsimile at 202-442-5556, and sent to Tiffany Puckett, Esq. in the Office of the General Counsel at fax 202-442-5098 / 5097 on this 27th day of June, 2006.

                                                     _Jessica M. Smith_

                                                     Jessica M. Smith, Esq.
                                                     Counsel for Petitioner

7

126

FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:      June 27, 2006

TO:        Chief Hearing Officer David Smith, Student Hearing Office

AT FAX:    202-442-5556

FROM:      Jessica M. Smith, Esq.

RE:        D████ W████ DOB: ███/95

NUMBER OF PAGES INCLUDING THIS PAGE:  34

_____

COMMENTS:

STATUS REPORT AND MOTION FOR <u>EXPEDITED HEARING</u>

Exhibits 1 - 5

*********************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
*********************************************************************

P. 1

\* \* \*  Transmission Result Report(MemoryTX) ( Jun.27. 2006 11:18AM ) \* \* \*

1) Dalton, Dalton & Houston
2)

Date/Time: Jun.27. 2006 11:04AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|------|------|-------------|-------|--------|---------------|
| 3748 | Memory TX | SHO 202-442-5556 | P. 35 | OK | |

```
-----------------------------------------------------------------------
Reason for error
    E.1) Hang up or line fail              E.2) Busy
    E.3) No answer                         E.4) No facsimile connection
```

FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:    June 27, 2006

TO:      Chief Hearing Officer David Smith, Student Hearing Office

AT FAX:  202-442-5556

FROM:    Jessica M. Smith, Esq.

RE:      D██████ W████ DOB: ████95

NUMBER OF PAGES INCLUDING THIS PAGE: 34

COMMENTS:

STATUS REPORT AND MOTION FOR EXPEDITED HEARING
Exhibits 1 - 5

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:        June 27, 2006

TO:          Sharon Newsome, Student Hearing Office

AT FAX:      202-442-5556

FROM:        Jessica M. Smith, Esq.

RE:          D█████d W████, DOB: ███/95

NUMBER OF PAGES INCLUDING THIS PAGE: 34

_____

COMMENTS:


STATUS REPORT AND MOTION FOR <u>EXPEDITED HEARING</u>
Exhibits 1 - 5

**************************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
**************************************************************************

129

P. 1

᙭ ᙭ ᙭ Transmission Result Report (Memory TX) ( Jun. 27. 2006 11:13AM ) ᙭ ᙭ ᙭

1) Dalton, Dalton & Houston
2)

Date/Time: Jun. 27. 2006 11:05AM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 3749 Memory TX | SHO 202-442-5556 | P. 34 | OK | |

```
Reason for error
    E.1) Hang up or line fail          E.2) Busy
    E.3) No answer                     E.4) No facsimile connection
```

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:       June 27, 2006

TO:         Sharon Newsome, Student Hearing Office

AT FAX:     202-442-5556

FROM:       Je███ M. Smith, Esq.

RE:         D█████ W████, DOB: ██ 95

NUMBER OF PAGES INCLUDING THIS PAGE:   34

COMMENTS:

STATUS REPORT AND MOTION FOR <u>EXPEDITED HEARING</u>
Exhibits 1 - 5

*******************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
*******************************

130

## FAX TRANSMISSION COVER SHEET
### Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

**DATE:**      June 27, 2006

**TO:**      Hearing Officer Tonya Butler-Truesdale,  Student Hearing Office

**AT FAX:**      202-442-5556

**FROM:**      Jessica M. Smith, Esq.

**RE:**      D█████ W████s, DOB:███2/95

**NUMBER OF PAGES INCLUDING THIS PAGE:** *34*

_____

**COMMENTS:**


**STATUS REPORT AND MOTION FOR EXPEDITED HEARING**

**Exhibits 1 - 5**

*********************************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
*********************************************************************************

P. 1

※ ※ ※ Transmission Result Report (MemoryTX) ( Jun.27. 2006 11:09AM ) ※ ※ ※

1) Dalton, Dalton & Houston
2)

Date/Time: Jun.27. 2006 11:03AM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 3747 Memory TX | SHO 202-442-5556 | P. 35 | OK | |

--------------------------------------------------------------------------------

Reason for error
E.1) Hang up or line fail          E.2) Busy
E.3) No answer                     E.4) No facsimile connection

FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:        June 27, 2006

TO:          Hearing Officer Tonya Butler-Truesdale,  Student Hearing Office

AT FAX:      202-442-5556

FROM:        Jessica M. Smith, Esq.

RE:          De DOB:

NUMBER OF PAGES INCLUDING THIS PAGE: 34

COMMENTS:

STATUS REPORT AND MOTION FOR EXPEDITED HEARING
Exhibits 1 - 5

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGES IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED, IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

132

FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:          June 27, 2006

TO:            Tiffany Puckett, Esq., OGC

AT FAX:        202-442-5098 / 5097

FROM:          Jessica M. Smith, Esq.

RE:            D█████d W█████, DOB: ████95

NUMBER OF PAGES INCLUDING THIS PAGE:  34

COMMENTS:

STATUS REPORT AND MOTION FOR EXPEDITED HEARING

Exhibits 1 - 5

*********************************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
*********************************************************************************

133

P. 1

* * *   Transmission Result Report (MemoryTX) ( Jun.27, 2006 11:24AM) * * *

1) Dalton, Dalton & Houston
2)

Date/Time: Jun.27, 2006 11:07AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 3750 | Memory TX | OGC 202-442-5098 | P. 34 | OK | |

---------------------------------------------------------------------

Reason for error
E.1) Hang up or line fail          E.2) Busy
E.3) No answer                     E.4) No facsimile connection

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:       June 27, 2006

TO:         Tiffany Puckett, Esq., OGC

AT FAX:     202-442-5098 / 5097

FROM:       Jessica M. Smith, Esq.

RE:         D█████ W█████ DOB: █████95

NUMBER OF PAGES INCLUDING THIS PAGE:  34

COMMENTS:

STATUS REPORT AND MOTION FOR EXPEDITED HEARING
Exhibits 1 - 5

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

134



**C. Melvin Sharpe Health School**
4300 13th Street, N.W
Washington, D.C. 20011
Phone No: 202 576-6161   Fax: 202 576-6166

DISTRICT OF COLUMBIA
PUBLIC SCHOOLS

### VISITING INSTRUCTION SERVICE PROGRAM
### GRADE REPORT SUMMARY

TO: Ms. Tiffany Batson

SCHOOL: Thurgood Marshall Elementary

Enclosed is the summary report of instruction provided for the following student:

Name: ~~X_____ W_____~~   Grade: 4

Address: 2909 S. Dakota Av. NE   I.D. # 9065608

Period: 5-30-06 to 6-14-06   VIS Teacher: W. Green

Site of Service: 2909 S. Dakota Av. NE   (Home, Hospital, etc.):

### Level of Performance

| SUBJECT/IEP Goal/Objective | Satisfactory | Needs Improvement | Unsatisfactory |
|---|---|---|---|
| Math | C | | |
| Language Arts | C | | |
| Reading | | D | |
| | | | |
| | | | |

Teacher Comments:

_____

_____

VIS Teacher's Signature W. J. Green

Appendix C

**DW-06**   135

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile:  (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton* +
Ellen Douglass Dalton*+
William E. Houston^+°
Laura E. Duos~+
Jessica M. Smith¥

Washington DC. Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

* ADMITTED IN VA & W.VA
+ADMITTED IN D.C.
^ADMITTED IN PA.
~ADMITTED IN MD.
¥ ADMITTED TO THE U.S. SUPREME COURT

June 5, 2006

Ms. Tiffany Batson, SEC
Thurgood Marshall Educational Center
3100 Fort Washington Drive, NE
Washington, DC 20018

**VIA FAX: 202-576-7932**

Re:     D████████, HOD

Dear Ms. Batson:

        Enclosed is a copy of the Hearing Officer's Decision issued in the case for De████
W████.  The HOD orders DCPS to convene an MDT meeting within fourteen (14) days of the
issuance of the HOD to discuss, in part, placement and compensatory education.  The due
process hearing was held on May 22, 2006.  The HOD was issued on June 2, 2006.  As you are
aware, in between the hearing date and the date of the HOD, DCPS convened an MDT meeting
on May 23, 2006, in which placement and compensatory education, among other things, were
discussed.

        As you know, D████████ qualifies for special education under the classification of Other
Health Impairment, which includes ADHD and bronchial asthma.  De████ suffers from severe
respiratory distress and bronchial asthma causing him to be excessively absent from school when
these conditions flare up.  Due to these absences, at the May 23, 2006 MDT meeting, the parent
requested that home bound instruction be provided to D████ as part of his IEP when he is
absent for more than five (5) consecutive days due to his medical condition.  It is my
understanding from the 5/23/06 MDT meeting that DCPS could not agree to provide home bound
tutoring as part of his IEP when he is absent more than five (5) consecutive days due to his
medical condition or as a compensatory education plan for D████.  If this is no longer your
position, please send a letter of invitation to my office at the above fax number to schedule
another MDT meeting.  Otherwise, if your position remains the same and DCPS has nothing new
to present to the parent, it would appear that another meeting is not warranted.

        Please contact me with any questions or concerns regarding this matter.

Sincerely,

Jessica M. Smith

Jessica M. Smith, Esq.

cc:     Ms. Carrie Wilkins
Enclosure:  HOD

DW-07₁₃₆

# FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:      June 5, 2006

TO:        Ms. Tiffany Batson, SEC, Thurgood Marshall Educational Center

AT FAX:    202-576-7932

FROM:      Jessica M. Smith, Esq.

RE:        D███ W████HOD

NUMBER OF PAGES INCLUDING THIS PAGE:   6

COMMENTS:

**********************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
**********************************************************************

P. 1

ж ж ж   Transmission Result Report(MemoryTX)  ( Jun. 5. 2006  3:53PM )  ж ж ж

1) Dalton, Dalton,& Houston
2)

Date/Time: Jun. 5. 2006  3:49PM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 2986 Memory TX | 12025767932 | P. 6 | OK | |

--------------------------------------------------------------------------------

Reason for error
   E.1) Hang up or line fail         E.2) Busy
   E.3) No answer                 E.4) No facsimile connection

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:    June 5, 2006

TO:    Ms. Tiffany Batson, SEC, Thurgood Marshall Educational Center

AT FAX:    202-576-7932

FROM:    Jessica M. Smith, Esq.

RE:    D█████ W█████ HOD

NUMBER OF PAGES INCLUDING THIS PAGE:  6

COMMENTS:

*********************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
*********************************************************

138

05/02/2006  14:29   20244255          STUDENT HEARING:  FF          PAGE  02/05

# District of Columbia Public Schools

## Office of Management Services

Tonya Butler-Truesdale, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(202) 518-6867
Facsimile: (202) 442-5556

2006 JUN -2  PM 3: 05
DC PUBLIC
SCHOOL SYSTEM

### Confidential

| | |
|---|---|
| D█████ND W█████S, STUDENT ) | |
| ) | |
| Date of Birth: December 12, 1995 ) | |
| ) | Hearing Date: May 22, 2006 |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | Held at: 825 North Capitol Street, N.E. |
| DISTRICT OF COLUMBIA PUBLIC ) | |
| SCHOOLS ) | 8th Floor |
| Respondent. ) | Washington, D.C. 20002 |
| ) | |

## HEARING OFFICER'S DECISION

**Counsel for Parent:**

William E. Houston, Esquire
Dalton, Dalton & Houston, PC
1008 Pendleton Street,
Alexandria, VA 22314
(703) 739-4300
Fax: (703) 739-2323

**Counsel for DCPS:**

Tiffany Puckett, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

DW-08   139

05/02/2005  14:29    20244255·          STUDENT HEARINGS OFF·          PAGE  03/05

*In the Matter of D.W.*

## I.    JURISDICTION

The Due Process Hearing was convened and this Order is written pursuant to the *Individuals with Disabilities Education Improvement Act of 2004 (I.D.E.I.A.)*, 20 U.S.C. Section 1400 et seq.; 34 C.F.R. Section et seq.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

## II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURE

Petitioner submitted disclosures labeled DW01-DW17 and called Carrie Wilkins, Petitioner's mother as a witness.

Respondent stated that a disclosure letter would be forwarded to this hearing officer by the close of business on May 22, 2006.  The disclosure letter was not received. Respondent presented Tiffany Batson, Special Education Coordinator for Marshall Elementary School as a witness.

## IV.    STATEMENT OF THE CASE

On January 27, 2006 a Due Process Hearing Request was received alleging that the District of Columbia Public Schools failed to:

1. comply with a July 22, 2005 Hearing Officer's Determination;
2. properly notify and schedule the date, time and place of the MDT/IEP meeting with Petitioner's counsel;
3. develop an appropriate annual IEP for 2005-5006 school year;
4. develop current IEPs for the 2004-2005 and 2005-2006 school years;
5. provide speech and language therapy services; and,
6. provide one-on-one tutoring services.

The Student Hearing Office, DCPS, scheduled a Due Process Hearing for March 23, 2006 at 1:00pm at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002.  The hearing was continued to April 24, 2006 at 1:00pm.  That hearing date was subsequently reconvened to May 22, 2006 at 9:00am.  Attorney Advisor Tiffany Puckett appeared in person for DCPS.  Attorney William Houston appeared on person on behalf of Petitioner.

140

05/02/2005  14:23    20244255

## V.   FINDINGS OF FACT

As a preliminary matter Petitioner motioned for a directed finding based on the timeliness of DCPS response to the complaint. Petitioner proffered that DCPS failed to respond by February 22, 2006. Petitioner also argued that Respondent's Response is non-responsive and does not give Petitioner notice of any affirmative defenses. Respondent contends that Congress did not intend for the Response to serve as an answer, Congress did not intend relief for failure to provide a timely response and that the DCPS response was appropriate and informative given the Petitioner's attendance record. DCPS also noted that the Petitioner's attorney of record had changed twice and that neither of the two previous attorneys communicated a concern about the sufficiency of the Response.

The motion for directed finding was denied and DCPS was allowed to present its witness. Ms. Batson stated that the MDT meeting ordered in the July 22, 2005 Hearing Officer's Determination was not convened because she was under the impression that she needed to obtain medical documents from Petitioner's physician substantiating the appropriateness of a proposed IEP, appropriateness of compensatory education and, later, the need for home instruction. Ms. Batson also stated that medical documents had been forwarded but that the truancy officer determined that more recent documents were required. While it is conceivable that the truancy officer may have required medical documentation completed within a specific time frame, the July 22, 2005 hearing officer's determination does not require or request that DCPS review medical documents completed within a specific time period before the MDT meeting. The requirements asserted by the truancy officer are in no way tangent to the terms of the required for compliance with the Hearing Officer's Determination.

Hence, the Special Education Coordinator's impression that the MDT meeting did not have to occur until the parent satisfied the request of the truancy officer is not supported by the IDEIA.

Finally, the Special Education Coordinator also testified that she was not able to use the encounter tracking forms to testify with any reasonable degree of certainty that the Petitioner received all of his speech and language services since she was not familiar with reading the new forms. Her description of the Petitioner's encounter tracking forms through testimony reveal the possibility that Petitioner may have only been receiving a half an hour of speech and language services per week. Petitioner's IEP indicates that he is supposed to receive an hour a week of services. (See DW-6)

## VI.   CONCLUSIONS OF LAW

141

The failure to convene the meeting consistent with the July 22, 2005 hearing request is a denial of FAPE since the Hearing Officer's Determination was violated.

## VII.  ORDER

1. DCPS shall within fourteen calendar days of the issuance of this Order convene an MDT meeting to comply with the July 22, 2005 Hearing Officer's Determination. The team shall also use the encounter tracking forms to determine the quantity of missed hours of speech and language services. The team shall consider all existing evaluations and medical documentation to determine the appropriateness of the additional disabilities of SLI and OHI to Petitioner's IEP, placement, and compensatory education warranted for the failure to comply with the July 22, 2005 Hearing Officer's Determination;

2. If the team determines that a change of placement is warranted, DCPS shall issue prior notice of placement. If Placement is to a DCPS public school, DCPS shall have five (5) calendar days to issue the prior notice of placement. If placement is to a non-public or private school, DCPS shall have thirty (30) calendar days and if placement is to a residential facility DCPS shall have sixty (60) calendar days to issue the prior notice of placement;

3. All meetings will be scheduled through parent's counsel; and,

4. DCPS will be granted a day for day extension for any delay caused by counsel for the parent/guardian, the parent/guardian, the student, or the educational advocate.

This is the FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90) days of this Order's issue date.

June 2, 2006
Date

Tonya M. Butler-Truesdale, Esquire
Hearing Officer

Issued: _____6/2/06._____
Student Hearing Office, DCPS

142

DCPS - IEP   Page 1 of 4

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.
INDIVIDUALIZED EDUCATIONAL PROGRAM

Additional Comments:

## I. IDENTIFICATION INFORMATION

Student Name: Last W_____   First De_____   MI ____

Student ID  9065608      Soc. Sec. No. _____   Age: 10   Grade  04

Gender ☒ M  ☐ F   Date of Birth ____ 1995   Ethnic Group  Black

Address  2909   South Dakota Ave NE   NE
House No.   Street Name

Washington   DC   20018
City   State / Quadrant / Apartment #   Zip Code

☐ Non-attending

Attending School  Marshall Elementary   Home School _____

☒ Elem.  ☐ Mid/JHS  ☐ SHS  ☐ CWS /

Parent  Ms. Wilkins

Address of (if different from student):   ☒ Parent  ☐ Guardian  ☐ Surrogate

House No.   Street Name   Quad   Apt No   City   State   Zip Code

Telephone: Home 2022690228   Work

## II. CURRENT INFORMATION

Date of IEP Meeting:  5/23/2006

Date of Last IEP Meeting:  5/25/2005

Date of Most Recent Eligibility Decision:  10/16/2003

Purpose of IEP Conference:
☐ Initial IEP   ☒ Review of IEP
☐ Requested Eval.   ☐ 3yr ReEval.

Indicate Level of Standardized Assessment:
Level III

ADDENDA TO BE ATTACHED AS NEEDED
Check the appropriate box(es)

☐ BEHAVIOR   ☒ TRANSPORTATION
☐ ESY   ☐ TRANSITION

## III. LANGUAGE

| | Language | Language Used for Evaluation | Language Used In Conference | Communication Requirements |
|---|---|---|---|---|
| Student | English | English | English | Native Language |
| Parent | English | English | English | Native Language |
| Home | English | English | English | Native Language |

To be completed by Office of Bilingual Education English and Math Proficiency Assessment

Oral _____
Rdg./ Written _____
Instrument: _____
Date: _____

## IV. SPECIAL EDUCATION AND RELATED SERVICES SUMMARY

| SERVICES | GenEd Ses. | Time | Total | SpecEd Ses. | Time | Total | FREQUENCY Hr./ Min | D/W/M | PROVIDER (by discipline) | BEGINNING DATE mm/dd/yyyy | # | DURATION wks/mos |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Specialized Instruction | 0 | 0 | 0 | 5 | 3.5 | 17.5 | Hrs | Week | Special Education Teacher/R | 5/3/2006 | 10 | Month |
| Speech-Language | 0 | 0 | 0 | 1 | 1 | 1 | Hrs | Week | Speech and Language Thera | 5/3/2006 | 10 | Month |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| TOTAL HOURS: | | | 0 | | | 18.5 | Total Combined Hours Per Week: | | | | | |

## V. Disability(ies)  Other Health Impaired (ADHD) (Asthma)

☐ (Check if setting is general Ed.)

Percent of time in Specialized Instruction and Related Services
☐ 0-20%   ☒ 21-60%   ☐ 61-100%

Percent of time NOT in a General Education Setting   57 %

## VI. IEP TEAM (Participants in the development of the IEP)

Print and sign your name below.

Ms. ~~Ibara~~ Wilkins    *Carrie Wilkins*
Parent/Guardian

Student    *Jessica Smith* atty for parent

Ms. Aremo    *Dorcas S. Whitaker*
Special Ed

Ms. Whitaker    *Tiffany Baton*
General Ed Teacher

*Jennifer Williams* Speech Pathologist    *Jennifer Williams*

Ms. Batson    *Valorie Powell*
LEA Representative

Ms. Powell    *Valorie Powell* Principal
Principal or Designee

*I AGREE with the contents of this IEP. I have had an opportunity to be involved in the development of this IEP. I have received a copy of this IEP and consent to the implementation of the services in the IEP. I have received a copy of the procedural safeguards and parent rights pertaining to special education.*

Parent/Guardian Signature  *Carrie Wilkins*   Date  5-23-06

~~West~~ Home tutoring for D_____ W_____

143

DW-09

| Student Name | Desmond | Wilkins | Managing School | Marshall Elementary | DCPS - IEP |
| Student ID Number | 9065608 | DOB 12/12/1995 | Attending School | Marshall Elementary | Page 2 of 4 |

### VII. Present Educational Performance Levels in Areas Affected by the Disability

Additional Comments: ☐

**Academic Areas: (Evaluator)** Ola Aremus (SPED Teacher)

Score(s) When Available

**Math Strengths:**
~~could~~ could complete basic math problems

Math Cal. GE 1.0

Math Rea.

**Impact of disability on educational performance in general education curriculum:**
Non-regular school attendants has impacted on his performance

See goal page: 1

Date:

**Reading Strengths:**
He ~~could~~ could read basic world from 1st grade level

Rdg. Com GE 2.0

Rdg. Basic

**Impact of disability on educational performance in general education curriculum:**
His disability and non school attendants impacted on his progress.

Written Ex.

See goal page: 2

Date:

**Communication (Speech & Language) (Evaluator)** _____
**Strengths:** _____

Score(s) When Available
Exp. Lang. _____
Rec- Lang. _____
Artic _____
Voice _____
Fluency _____
Exp. Voc. _____
Rec. Voc. _____
See goal page: _____
Date: _____

**Impact of disability on educational performance in general education curriculum:**

**Motor/Health (Evaluator)** _____
**Strengths:** _____

Score(s) /Results When Available
_____
_____
_____

**Impact of disability on educational performance in general education curriculum:**

See goal page: _____
Date: _____

**Social Emotional Behavioral Areas: (Evaluator)** _____
**Strengths:** _____

Score(s) When Available
_____
_____
_____

**Impact of disability on educational performance in general education curriculum:**

See goal page: _____
Date: _____

**Cognitive/Adaptive Behavior: (Evaluator)** _____
**Strengths:** _____

Score(s) When Available
_____
_____
_____

**Impact of disability on educational performance in general education curriculum:**

See goal page: _____
Date: _____

**Prevocational Skills: (Evaluator)** _____
**Strengths:** _____

Score(s) When Available
_____
_____

**Impact of disability on educational performance in general education curriculum:**

See goal page: _____
Date: _____

144

| Student Name ▮▮▮▮▮▮ ▮ ▮▮▮▮ | Managing School T. Marshall EC | DCPS - IEP |
|---|---|---|
| Student ID Number 9065608    DOB ▮▮▮▮95 | Attending School T. Marshall EC | Page 3 of 4 |

| VIII. SPECIALIZED SERVICES | Additional Comments: | Goal Number: [ ] |
|---|---|---|

Area addressed by goal: **Academic Areas (Mathematics)**

ANNUAL GOAL: (including mastery criteria.)

▮▮▮▮▮ will demonstrate growth in the academic area of mathematics by mastering the short-term objectives with 80% accuracy.

Provider(s): General Ed / Special Education Teacher

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| ▮▮▮▮ will add and subtract like fractions | | Monthly |
| ▮▮▮▮ will find the perimeter of an object | | Monthly |
| ▮▮▮▮ will solve simple subtraction and multiplication word problems 4 out of 5 | | Monthly |
| - Draw and recognize shapes and similar figures (Geometry) | | Monthly |
| - Add and subtract numbers up to two decimal places | | Monthly |
| - Tell time to the nearest hour and minute | | Monthly |

| EVALUATION PROCEDURE(S) | | | | | |
|---|---|---|---|---|---|
| Portfolio | Log | Chart | ✓Test | ✓Documented Observation | Report    Other _____ |

| Student Name | ▓▓▓▓▓ ▓ W ▓▓ | Managing School T. Marshall EC | DCPS - IEP |
|---|---|---|---|
| Student ID Number 9065608 | DOB 12/12/95 | Attending School T. Marshall EC | Page 3 of 4 |

Goal Number: [ ]

**VIII. SPECIALIZED SERVICES**    Additional Comments:

Area addressed by goal: _Academic (Reading and Language Arts)_

ANNUAL GOAL: (including mastery criteria.)

▓▓▓▓▓ will demonstrate growth in the academic area of English Language by mastering the Short-term objectives with 80% accuracy.

Provider(s): General and Special Education Teacher

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| ▓▓▓▓▓ will be able to read and spell words from a basic word list on 2nd grade level. | | Monthly |
| ▓▓▓▓▓ will find and identify the main idea from a reading selection | | Monthly |
| - Identify the supporting details in a story. | | Monthly |
| - D▓▓▓▓ will read variety of materials. | | Monthly |
| - D▓▓▓▓ will write a book report from a reading selection. | | Monthly |
| - Write a simple sentence | | Monthly |

EVALUATION PROCEDURE(S)

Portfolio    Log    Chart    ☑Test    ☑Documented Observation    Report    Other _____

| Student Name | D██████ W█████ | Managing School | Marshall Elementary | DCPS - IEP |
|---|---|---|---|---|
| Student ID Number 9065608 | | DOB 12/12/1995 | Attending School Marshall Elementary | Page 4 of 4 |

Additional Comments: ☐

## IX. LEAST RESTRICTIVE ENVIRONMENT (LRE) DETERMINATION
## SERVICE ALTERNATIVES

Can curricular modification, accommodation and/or supplemental aids and services be used for a LRE setting in <u>general education</u>?  ☐ Yes  ☒ No

Explanation for removal out of regular education classroom.

Student requires low student to teacher ratio

## X. Supplementary Aids and Services
### Classroom Needs
(Do not name products or companies.)

| | SETTING | | | FREQUENCY | | PROVIDER (by discipline) | BEGINNING DATE (mm/dd/yyyy) |
|---|---|---|---|---|---|---|---|
| | GenEd | SpEd | Total | Hr./ Min | D/W/M. | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Check and list modifications and/or accommodations for <u>testing</u>:   ☐ None needed

| | |
|---|---|
| Timing/Scheduling: | Extended time |
| Setting: | Preferential seating |
| Presentation: | Directions read aloud |
| Response: | No penalties for spelling/mechanical errors |
| Equipment: | Use of computer/calculator/slantboard |

## XI. STATE AND DISTRICT ASSESSMENTS

☐ Level I  Tested with non-disabled peers under standard conditions without accommodations.

☒ Level III (Describe non-uniform conditions for level III) Tested under non-standard conditions with permissible accommodations

☐ Level V  Portfolio

☐ Level II  (Describe accommodations for level II) Tested under standard conditions with special accommodations.

☐ Level IV  (Describe the alternative assessment)

## XII. Areas Requiring Specialized Instruction and Related Services:

☒ Reading
☒ Mathematics
☒ Written Expression
☐ Other:
☐ None

☐ Physical/Sensory
☐ Social Emotional
☐ Physical Development

☐ Transition
☐ Vocational
☐ Independent Living
☐ Speech/Language

### Modifications:
☒ Language Arts/English
☐ Social Sciences
☐ Biological & Physical Sciences
☐ Fine Arts

Apply annual goal(s), objectives and/or modifications to address barriers in each area checked above.

## XIII. PLACEMENT CONSIDERATIONS AND JUSTIFICATION

| DESCRIBE CONSIDERATIONS | ACCEPT/REJECT REASONS | POTENTIAL HARMFUL EFFECTS |
|---|---|---|
| Combination General Education and Resource Classrm | Accepted | Time away from non-disabled peers in academic setti |
| | | |
| | | |
| | | |

Modification(s)/Accommodation(s) to address the harmful effects:

Participation in non-academic subjects with non-disabled peers

DISTRICT OF COLUMBIA PUBLIC SCHOOLS

TRANSPORTATION DIVISION

STUDENT TRANSPORTATION
DATA FORM

**2006-2007**

School Year

9065608

STUDENT IDENTIFICATION NUMBER

(MDT must first determine if student meets the requirements for transportation services and has it included in the IEP.)

Person Making Request: _Tiffany Batson_

Date of Request: 5/23/2006

Status of Request: _____

Date Request Received: _____

Person Receiving Request: _____

Ms. Wilkins

Parent / Guardian (Print legibly or type)

2022690228

Telephone (H)

Telephone (W)

_Joan Wilkins_

Emergency Contact

_grandmother_

Relationship

_202/269-1966_

Telephone No.

_301-455-6971_

Pager / Cell No.

Students will be taken to a central location until 6:00 p.m. if the bus attendants are unable to deliver them to the designated location. After 6:00 p.m. the police will be contacted. This year's central location is _____

| Wilkins | Desmond | |
|---------|---------|----|
| Student:    Last Name | First Name | MI |

Student:    Last Name — NE

2909   South Dakota Ave NE

House No.    Street Name    Quad.   Apt.

Washington    DC   20018

City    State    Zip Code

12/12/199   M   05/25/2005   Marshall Elementary   (202)576-6900

DOB   Gender   Primary Language   Submitting School and Telephone Number

Learning Disabled

Disability Classification

Medical Issues

MODE OF TRANSPORTATION   ☐*Bus  ☒Tokens  ☐Farecards

* SPECIAL ACCOMMODATIONS FOR BUS

Height _____   Weight _____

☐ Oxygen   ☐ Tracheotomy tube   ☐ Seizures   ☐ Helmet

☐ Harness   ☐ 1:1 Aide   ☐ Behavioral issues

Medication _____   Specific allergies _____

Dosage required during transportation :

☐ Yes   ☐ No   Dosage _____   ☐PM ☐AM

☐ Mobility   ☐ Ambulatory ( ☐Cane, ☐Crutch, ☐Walker)

☐ Ambulatory w/ assistance (☐Cane, ☐Crutch, ☐Walker)

☐ Non Ambulatory ( ☐Standard, ☐Motorized, ☐Oversized

w/ lap tray   ☐Yes   ☐No)

☐Car Seat   ☐Positioning Device

☐Special Restraint   ☐Other, Describe: _____

Date: _5-23-06_

Parent / Guardian / Surrogate Signature: _Carrie Wilkins_

*If parent contact is by phone, the following information must be provided:

Name of Contact: _____   Telephone No.: _____

Relationship: _____

Click one of the following:

☒ AM Pick-up & PM Drop-off is the same as the student address.

☐ _____   Telephone No. _____

AM Pick-up Address

☐ _____   Telephone No. _____

PM Drop-off Address

**Transportation will NOT be provided without confirmed placement through the proper procedures. Justification for other than neighborhood settings must be explained on the back by the school official requesting the transportation services.**

_Tiffany Batson_   _2/576-6900_   5/23/2006

School Official requesting transportation service:   Telephone No.   Date

_Marshall EC_   _3100 Ft Lincoln Dr NE 20018_   _576-6900_

School to Attend:   Address of School   Telephone No.

Questions may be directed to the Special Education Transportation Liaison.

**148**

District of Columbia Public Schools    07-02-2001    Division of Special Education    IEP Attachment B    Transportation

## DOCUMENTED LEVEL OF SERVICE
Complete and attach to MDT/IEP meeting notes

| | | |
|---|---|---|
| School  Marshall Elementary | Principal  Ms. Powell | Special Education Coordinator  Tiffany Batson |
| Date 5/23/2006   Case Manager  Tiffany Batson | | Assistant Director  Carol Helton |

Student De████ W████  DOB ██████ 1995  Age 10  Grade  04  ID# 9065608   SSN# ████

Parent  Ms. Wilkins                   Telephone (H) 2022690228           (W)

Address: 2909    South Dakota Ave NE           NE      Washington        DC    20018
Street #   Street                               Quad  Apt. No.  City         State    Zip Code

REFERRAL SOURCE: (Check)  ☐ 120 Day  ☐ Reeval.  ☐ HOD  ☐ SA  ☐ MA  ☒ Annual

☐ Nonpublic  ☐ Residential  ☐ Citywide  ☐ Courts  ☒ Local School  ☐ Other:

Previous least restrictive environment (LRE Setting):   Combination general education and resource classroom

### JUSTIFICATION FOR SETTING CONSIDERATION
(Submit TAT/MDT Documentation)
SUPPORTIVE DATA/DOCUMENTATION

| 2. ACCOMMODATIONS/ MODIFICATIONS | 3. DATA REQUIREMENTS | | |
|---|---|---|---|
| Extended time, Directions read aloud, Preferential seating, calculator , Simplified directions, Read directions/test to student | Current IEP | Yes ☒ | No ☐ |
| | Signatures of required participants (MDT notes) | Yes ☒ | |
| | Intervention Behavior Plan | Yes ☐ | |
| | Copies of current class work and homework assignments: | Yes ☒ | |
| | Medical Reports: | Yes ☐ | No ☒ |
| | Clinical Reports: | Yes ☐ | No ☒ |
| | Psychiatric Reports: | Yes ☐ | No ☒ |
| | Medications: | Yes ☐ | No ☒ |
| | Attendance Record | Yes ☒ | |
| | Copies of most recent evaluation(s) | Yes ☒ | |

| 4. Results of all interventions: (TAT, MDT, etc. and attach meeting notes.) | 5. Resources needed for program implementation |
|---|---|
| n/a | n/a |

### 6. CURRENT SETTING CONSIDERATIONS

| ROW | SETTING in neighborhood school (Determined through the IEP team.) | SERVICE PROVIDER (Based on documented need) | LEVEL OF SERVICE (Based on documented need) |
|---|---|---|---|
| 1 | ☐ in general education classroom setting | ☐ general educators with consultation from special education staff | ☐ between 0% and 20% of service time |
| 2 | ☒ combination general education and resource classroom | ☒ combination of general educators, special educators and related service providers | ☒ between 21 % and 60% of service time |
| 3 | ☐ *out of general education classroom | ☐ special educators and related service providers | ☐ between 61 % and 100% of service time |

*In providing or arranging for the provision of nonacademic and extracurricular service and activities, including meals, recess period, and the services and activities, each public agency shall ensure that each child with a disability participates with non-disabled children in those services and activities (300.306) to the maximum extent appropriate to the needs of that child. (300.553) Nonacademic settings)

Check the level of need as indicated:
DIRECTIONS:

| | |
|---|---|
| If two or three boxes are checked in the Row 1, check LOW. If two or three boxes are checked in the Row 2, check MODERATE. If two or three boxes are checked in the Row 3, check HIGH. | If one box is checked in each row, check either MODERATE or HIGH, depending on the need of the student. |

### 7. LEVEL OF NEED

| ☐ LOW | ☒ MODERATE | ☐ HIGH |
|---|---|---|

149

07-02-2001                        Attention: Technical Support Supervisor, Compliance Team

TRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

Multidisciplinary Team
(MDT)
MEETING NOTES

1 of 5

Annual IEP Review Meeting Notes

STUDENT: De████ W████          SCHOOL: Marshall Elementary     DATE: 5/23/2006

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Ms. ~~Harris~~ Wilkins | Carrie W... | Parent/Guardian |
| Ms. Aremo | | Special Ed |
| Ms. Whitaker | Joyce Whitaker | General Ed Teacher |
| Ms. Batson | Tiffany Batson | LEA Representative |
| Ms. Powell | Jaleone Powell | Principal or Designee |
| Jennifer Williams MS, CCC-SLP | Jennie Willia... | ~~Student~~ Speech Pathologist |
| Jessica Smith | Jessica A. Smith | parent attorney |

The meeting was convened to discuss the annual review of
student De████ W████. All the members of the MDT
were present and introduced themselves to the parent.

Parent - D████ is not learning and the parent is not
equipped to teach him. In math he's doing good but
his reading and writing and English is not good. Socially,
when he's hyper he gets sick. He
has ADHS so when he's hyper he gets sick. It
has some outburst of anger. It has a lot to do with his
education because he's at home with mom. And he see's
his friends. All he does is eat and sleep. He doesn't have
much to look forward to. And the parent is unable to come
to the school for her other children because D████ is
sick. He is not getting the proper education. Parent feels
she has tried to get DCPS to provide Visiting Home Services
but he still hasn't received any services. D████ is not

The Parent ☑ is present ☐ is not present at the meeting.

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

2 of 5

MDT

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES (continuation)

STUDENT: D█████ █████    SCHOOL: Marshall Elementary    DATE: 5/23/2006

qualified to attend hospital school or school for sick
children, but he was not accepted. This has gone on for three
years. D█████ has several allergies.

General Ed Teacher - The teacher has been concerned about
D█████ for two years that he's been in her classroom.
He is obviously sick and when he's in class, he's been
out so much that when he returns he's behind and
it works on his self-esteem. There is a huge gap in his
education. He hasn't had the opportunity to learn and
no opportunity to be evaluated. He was assessed in
the beginning of the school year, but it was using a
1st grade evaluation tool. He hasn't been to school since March.

SpEd Teacher - D█████ reads on a 2nd grade level. (Teacher
showed samples of student work). Desmond is a lively young
child who always wants to help. He talks about a business
that he has and he socializes with other classmates and
he completes assignments when in class. His absences
have hindered him. He is not teased in the special ed.
classroom. He has the potential to learn.

Speech - D█████'s progress has been stunted because
he hasn't been in school. He usually needs one-on-one,

151

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

3 of 5

MDT

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES (continuation)

STUDENT: _____ Desmond Wilkins _____    SCHOOL: Marshall Elementary _____    DATE: 5/23/05

Recommendation -

‎▇▇▇▇ continues to be eligible for special education services as a student with Other Health Impairments. He will continue to receive 17.5 hours a week of specialized instruction and he will receive 1 hour of speech & language services a week.

‎▇▇▇▇ is in need of VIS (Visiting Instruction Services). He has already been signed up but the student will only be given services during the school year.

Discuss Comp Ed -

July 22, 2005 DCPS was issued a HOD ordering the school to hold an IEP/MDT meeting. The meeting was not held and the school was in violatation of the HOD. As a result ▇▇▇▇ will receive comp Ed from August 29, 2005 until May 23, 2006.

The parent and advocate is willing to skip comp ed if DCPS offers Visiting Instruction Services during the summer of any type of tutorial program. DCPS in good faith can not make that agreement at the local school. DCPS will offer comp ed during the summer for 4 hrs a day for 5 weeks at the summer school site.

(which includes specialized instruction & speech & language services)

MDT/IEP meeting notes by Parent

4 of 5    D████ W████ - DOB: 1█/██/95

D████ suffers severe Respirtory distress and █████ bronchial asthma. These illnesses cause severe absences, which impact his ability to access educationa at school. Mom gives him school work on a K-2 grade level at home. She has had to quit 3 jobs to stay home with him. She feels he is a "throw away child" because she has been unable to get home tutoring + services when he is absent.

Ms. Whitaker, gen. ed. teacher, stated that he has not progressed at all due to absences.

Ms. Batson spoke with "VIS" visiting instruction services at Sharpe Health. VIS indicated that home bound tutoring is only available during the school year + not during the summer. The home bound tutoring will stop + have to be re-applied for if he attends a day at school.

Comp Ed was discussed. ~~Parent~~ (JMS)

D████ is at 2nd grade level, but should be on at 4th grade level. He is not on level due to absences due to asthma. Team agreed to

153

hrs
~~15~~ of 5

Provide comp. ed. 4 hrs / day for 5 weeks over the summer. Parent will submit medical documents re: inability to attend school to Legrand Lewis at Sharpe Health. Comp ed plan will include ~~4 hrs~~ specialized instruction and speech + language services.

Triennial evaluations are due. S/L eval. will be conducted ~~before~~ September after comp. ed. is given to gain an accurate assessment of his progress. Educational eval will be done ~~before~~ September. Parent is requesting psycho - educational be done to assess the effects of his lack of services + progress on him. School psychologist will review the last psycho - educ conducted August 7, 2003.

Team is in agreement that he needs at home tutoring when absences are excessive due to asthma. Marshall School cannot implement or authorize at home tutoring. Marshall referred parent to VIS at Sharpe + parent will submit papers to Legrand Lewis for home bound tutoring at

Fax 202-576-6166 or phone 202-576-6161

154

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

MULTIDISCIPLINARY TEAM (MDT)

ReEval Prep Meeting Notes

MDT

MEETING DATE: 05/23/2006

STUDENT: De███ Wi███                    SCHOOL: Marshall Elementary

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Ms. Wilkins | | Parent/Guardian |
| Ms. Aremo | | Special Ed Teacher |
| Ms. Whitaker | Dorcas Whitaker | General Ed Teacher |
| Ms. Batson | Tiffany Batson | LEA Representative |
| Ms. Powell | | Principal or Designee |
| | | Student |
| Ms. Williams | Jennifer Williams MS, CCC-SLP | Speech Pathologist |
| Jessica Smith | Jessica Smith | attorney-parent |

The meeting was convened to discuss the re-evaluation prep of student ███ W███. This meeting was convened after the IEP meeting.

Student requires a re-evaluation in the following areas: educational
Speech & Language
Review of 2003 Psychological Evaluation

Parent requests a psycho-educational. DCPS doesn't feel it is warrented because the school doesn't suspect a change in disablity.

THE PARENT  ☒ IS PRESENT  ☐ IS NOT PRESENT  AT THE MEETING

☐ EXISTING DATA IS SUFFICIENT

☒ EXISTING DATA IS INSUFFICIENT; ADDITIONAL ASSESSMENTS NEED TO BE ORDERED.

DW-11

155

TRICT OF COLUMBIA PUBLIC SCHOOLS
DIVISION OF SPECIAL EDUCATION
WASHINGTON, D.C.

MULTIDISCIPLINARY TEAM
(MDT)

STUDENT EVALUATION PLAN
(SEP)

MDT
SEP

MEETING DATE: 05/23/2006

STUDENT: D███████ W███████   DOB: ██/1995   AGE: 10   GRADE: 04   SCHOOL: Marshall Elementary

STUDENT IDENTIFICATION NUMBER: 9065608   TEACHER / HOMEROOM: Ms. Whitaker   Ms. Aremo

ADDRESS: 2909   South Dakota Ave NE   NE   Washington   DC   20018
Street #    Street Name.    Quadrant    Apartment #    City,    State,    Zip Code

PARENT(S)/GUARDIAN: Ms. Wilkins   TELEPHONE (H): (202) 269-0228   (W):

**Summarize Area(s) of Concern:**

Student's absences have caused an interrupt en services

**Team Recommendations:**

Since providers are unsure of his current ability the following evaluations have been ordered.

### EVALUATION(S) IN AREA(S) OF LEARNING CONCERN(S)

| ASSESSMENT | ASSESSOR | TEST INSTRUMENT | TIMELINE ASSIGNED | DUE DATE |
|---|---|---|---|---|
| ☐ Psychological | | | | |
| ☒ Speech/Language | Jennifer Williams | CELF-4; EOWPVT, PPVT | | 07/22/2006 |
| ☐ Social History | | | | |
| ☐ Audiological | | | | |
| ☐ Vision Screening | | | | |
| ☐ Medical | | | | |
| ☒ Educational | Ms. Batson | WJIII | 05/23/2006 | 07/22/2006 |
| ☐ Hearing Screening | | | | |
| ☐ Other | Other: | Other: | | |

| TEAM MEMBERS: NAME | POSITION | TEAM MEMBERS: NAME | POSITION |
|---|---|---|---|
| Ms. Wilkins | Parent/Guardian | Ms. Powell | Principal or Designee |
| Ms. Aremo | Special Ed Teacher | | Student |
| Ms. Whitaker | General Ed Teacher | Ms. Williams | Speech Pathologist |
| Ms. Batson | LEA Representative | | |

The MDT meeting to discuss the evaluation results is scheduled on   07/24/2006   at   10:00 am   in room pcr

156

Place completed form in MDT folder.
DISTRICT OF COLUMBIA PUBLIC SCHOOLS   07-02-2001   DIVISION OF SPECIAL EDUCATION   MDT - SEP   APPENDIX - A

**DISTRICT
OF
COLUMBIA
PUBLIC
SCHOOLS**

## NOTICE TO PARENT OF INTENT TO EVALUATE/REEVALUATE

Date: 05/23/2006

To  Ms. Wilkins

2909    South Dakota Ave NE                    NE

Washington                    DC    20018

Telephone: (H) _____ (202) 269-0228 _____

Ref    De_____    Wi_____

DOB _____ 1995

ID # _____ 9065608 _____

(W) _____

Dear  Ms. Wilkins

The District of Columbia Public Schools is requesting that _____ Desmond _____ be available for testing for the following tests, on the indicated date, at the school.

| ASSESSMENT | ASSESSOR | TEST INSTRUMENT | TEST DATE ASSIGNED | ADMINISTERED |
|---|---|---|---|---|
| ☐ Psychological | | | | |
| ☒ Speech/Language | Jennifer Williams | CELF-4, EOWPVT, PPVT | 05/23/2006 | |
| ☐ Social History | | | | |
| ☐ Audiological | | | | |
| ☐ Vision Screening | | | | |
| ☐ Medical | | | | |
| ☒ Educational | Ms. Batson | WJIII | 05/23/2006 | |
| ☐ Hearing Screening | | | | |
| ☐ Other | Other: | Other: | Other: | |

### LIST OF TESTS WITH DESCRIPTIONS

☐ **Bayley Scales of Infant Development-II** - an individually administered instrument that measures motor, mental and social development in infants and children from 1 month to 42 months of age.

☐ **Bender Visual Motor Gestalt Test** - measures perceptual motor skills to determine visual-motor gestalt functioning and neurological soft-signs in ages 4 to 12 years using the Koppitz Scoring System.

☐ **Children's Apperception Test** - a projective story-telling technique for personality evaluation in ages 5 to 10 years.

☒ **Clinical Evaluation of Language Functions - IH** - assesses the child's language functioning including processing and production.

☐ **Conner's Parent and Teacher Rating Scales** - a paper-and-pencil instrument measuring problem behaviors of children and adolescents as reported by the child's teacher, parents, or alternate caregiver.

☐ **Developmental Test of Visual Motor Integration (VMI)** - assesses visual perception and motor coordination in ages 3 years and up using a more structured booklet format.

☒ **Expressive One Word Picture Vocabulary Test** - assesses the child's single word expressive vocabulary.

☐ **Fisher-Logemann Test of Articulation Competence** - assesses articulation proficiency with single sounds, consonant blends, and vowel production.

☐ **Goldman-Fristoe Test of Articulation** - assesses the production of consonants in simple and complex contexts.

**157**

NOTICE TO PARE.. .. OF INTENT TO EVALUATE/REEV.. .ATE      | INTENT Page 2 |

Student _D█████ W█████_ _____ DOB _█████ 1995 Age _10_ Grade _04_ ID _9065608_

☐ **Goodenough-Harris Drawing Test** - a projective drawing procedure measuring intellectual perceptual-motor maturity and personality through the use of drawings of self and a member of the opposite sex in ages 3 to 15. 11 years.

☐ **House-Tree-Person** - a projective drawing technique providing insight into personality structure, physical concerns, and social-emotional adjustment in children and adolescents.

☐ **Kaufman Assessment Battery for Children** - assesses the ability to solve problems using simultaneous and sequential metal processes in four global areas: Sequential Processing. Simultaneous Processing. Mental Processing. and Achievement.

☐ **Kaufman Test of Educational Achievement (KTEA)** - an individually administered instrument measuring achievement skills in reading decoding, mathematics applications, spelling, reading comprehension, and mathematics computation.

☐ **Kinetic Family Drawing** - a projective drawing technique measuring one's perception of her family and her role within the family.

☐ **Oral Peripheral Speech Examination** - a procedure to determine whether the examinee can appropriately use the lips, tongue, mouth, etc.

☐ **Peabody Individual Achievement Test-Revised (PIAT-R)** - an individually administered test measuring achievement in areas of general information, reading recognition, reading comprehension, spelling, written expression, and mathematics.

☑ **Peabody Picture Vocabulary Test-Revised** - individually administered, multiple choice test measuring nonverbal, receptive vocabulary.

☐ **Preschool Language Scale** - measures auditory comprehension and verbal ability skills.

☐ **Receptive One Word Picture Vocabulary Test** - assesses the child's single word receptive vocabulary.

☐ **Rorschach Psychodiagnostic Test** - a projective measure y which one's responses to inkblots reveal personality structure, ego strengths and reality testing in ages 3 and older.

☐ **Test of Language Development Primary - Revised (TOLD-P)** - measures primary language proficiency and specific strengths and weaknesses in language skills.

☐ **The Vineland Adaptive Behavior Scales** - assesses adaptive and social competency skills.

☐ **Thematic Apperception Test** - a projective story-telling technique for personality evaluation in older children and adolescents.

☐ **Wechsler Adult Intelligence Scale-III (WIAS III)** - an individually administered test designed to measure the intelligence of individuals ages 16 and over.

☐ **Wechsler Individual Achievement Test (WIAT)** - a commonly used individually administered instrument designed to assess the educational achievement of children and adolescents in areas of basic reading, mathematics reasoning, spelling, reading comprehension, numerical operations, listening comprehension, oral expression, and written expression.

☐ **Wechsler Intelligence Scale for Children-III (WISC III)** - commonly employed individually administered test designed to measure the intelligence of individuals ages 6 1/2 to 16 1/2 years.

☐ **Wechsler Preschool and Primary Scale of Intelligence-Revised (WPPSI-R)** - measures specific mental abilities and processes in ages 4 1/2 to 6 1/2 years.

☐ **Woodcock-Johnson Psycho-Educational Battery** - a diagnostic and evaluation instrument composed of twenty-seven tests divided into three major parts: tests of cognitive ability, tests of achievement, and tests of interests.

☐ **Classroom Observation** - assesses present functioning of the student within the classroom environment.

☑ **List other tests with descriptions:**

| |
|---|
| WJIII Test of Achievment |

Other factors that are relevant to be included:

| |
|---|
| |

**158**

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

CONSENT FOR EVALUATION

Student: D███████        W█████        DOB: 1█/█/1995 Age: 10    Grade: 04    ID: 9065608

☐ **Initial Evaluation**
You have been provided a copy of the "Procedural Safeguards - Parental Rights" booklet. We would like to remind you at this time that:

· Granting consent for this evaluation is a voluntary action on your part;

· This consent may be revoked at any time although the school district is required to take all necessary action to provide an appropriate program and may be required to initiate due process procedures to obtain consent;

· By granting consent in writing, you are agreeing to the evaluation(s) in section III.

☐ **Additional Initial Evaluation**                    Source of Request: _____

☒ **Reevaluation**
The MDT received the following reevaluation request for a reevaluation for a:

        ☐  Requested Reevaluation                    ☒  Triennial Reevaluation

The MDT will collect supportive documentation in the area of the disability to determine the need for continued special education and related services. The school is required to only evaluate in those areas of documented need or consensus of the MDT (parent is a member of team). Parents have the right to request assessments to determine if the child continues to be a child with a disability. DCPS may reevaluate your child, without your consent, if the school district can demonstrate that it has taken reasonable steps to get parental consent and the parent has not responded.

· Granting consent for this evaluation is a voluntary action on your part;

· This consent may be revoked at any time although the school district is required to take all necessary action to provide an appropriate program and may be required to initiate due process procedures to obtain consent;

· By granting consent in writing, you are agreeing to the evaluation(s) on the student evaluation plan (SEP).

☐ **Additional Triennial Reevaluation**         Source of Request: _____

☐ **Additional Annual**                    Source of Request: _____

☐ **Transfer Evaluations**                    Source of Request: _____

☐ **Additional Transfer Evaluation(s)**         Source of Request: _____

I give permission for District of Columbia School to proceed with the Reevaluation_____ based on the Student Evaluation Plan (attached) for my child, Desmond_____.

Within a reasonable period of time, days after the completion of the evaluation, we will hold another MDT meeting (to which you will be invited) to determine if your child is eligible for special education and related services. The written reports of all procedures administered will be provided to you at that meeting, along with explanations and interpretations. We will use this information to determine the appropriate program for your child. If our records are to be obtained/released as part of this evaluation, the "Consent for Release of Records" form is completed and attached. If you have questions or concerns at any time during the evaluation process, feel free to contact me at (202) 576-6900_____ (telephone number).

        ☐  INITIAL EVALUATION            ☒  TRIENNIAL REEVALUATION

**PARENT RESPONSE SECTION**

☒ I agree to proposed evaluation(s)                ☐  I do NOT agree to proposed evaluation(s)

_Carrie W█████_____            _5-23-06_____
Parent/Guardian Signature                    Date

_Jessica M. Smit_____            _5|23|06_____
Witness                            Date

**159**

District of Columbia Public Schools            04-02-2004            Division of Special Education

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
SPECIAL EDUCATION

MULTIDISCIPLINARY TEAM (MDT)

Prior to Action Notice

**Check Purpose:**
- [ ] Initial Evaluation
- [ ] Initial Placement
- [X] Reevaluation
  - [ ] Change in Category Exit
  - [ ] Related Service Add
  - [ ] Related Service
  - [ ] Change in Placement
  - [X] Annual
  - [ ] Other _____

Date 5/1/2006
Student De████████ W████████    DOB ████.995
School Marshall Elementary
Current Disability Category    LD
Setting Combination general education and resource classroom

Dear Ms. Wilkins

State and federal laws regarding students with disabilities require school systems to notify and inform parents of certain changes being made to their children's education program.
Therefore, you are being notified of the following proposed changes:
- [X] Proposes to initiate or change the identification, evaluation, educational placement or provision of FAPE to your child.
- [ ] Refuses to initiate or change the identification, evaluation, educational placement or provision of FAPE to your child.
- [ ] Other _____

A multidisciplinary team (MDT), of which you were an invited member, has made the following decisions about your child: (check all that apply)

- [ ] Your child is not eligible for special education service(s).
- [X] Your child is eligible or continues to be eligible to receive special education services as a student with -- _____
- [ ] Your child will begin receiving _____ as a related service(s).
- [ ] Your child will no longer receive _____ as a related service(s).
- [ ] Your child's category of disability is being changed from _____ to _____
- [ ] Your child's alternative placement on continuum (next setting) is being changed,
  from _____ to _____
- [ ] Your child is no longer eligible and will be exited from the special education program.
- [ ] Other: _____
  Location of Services    Marshall Elementary

**Description and Explanation of agency action proposed or refused.**

out of general education setting - rejected
general education setting - rejected

**Description of Other Options Considered and reasons for rejection of each option**

combination resource and general education setting was accepted because students disablity can be acommodated in the general education classroom with some support from the resource room.

Other relevant factors to the decision- n/a _____

MDT Members:
- [X] Principal or Designee
- [X] Parent
- [ ] Student
- [ ] Social Worker
- [X] General Education Teacher
- [X] Special Education Teacher
- [X] Speech and Language
- [X] *LEA & Interpreter (*may be one)
- [ ] Psychologist
- [ ] Other: _____

Parents may bring individuals to participate in the MDT meeting. These participants should have knowledge or special expertise regarding the child. The following individuals invited by parent: _____

Any questions you may have concerning your child's program may be directed to the principal.
You are protected under the Procedural Safeguards for parents, which are enclosed for your information.
If I can be of assistance to you, or have questions regarding the Procedural Safeguards,
please contact Tiffany Batson    at (202)576-6900    (school telephone number).

**160**

See attachments for - EVALUATION PROCEDURES, TEST, RECORDS OR REPORTS USED    1

MDT Prior to Action Notice
07-02-2001

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

_ PUBLIC      __DPCS CHARTER      __ LEA CHARTER      __ NONPUBLIC      __ PRIVATE/RELIGIOUS

## RESOLUTION MEETING NOTES

Meeting Confirmation Date: 5-1-06                    Meeting Held: 5-2-06

Student: ████████████    DOB: ████-95    School: Marshall

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Carrie Wilkins | Carrie Wilkins | Mother |
| Talib Adams Shadia | _____ | Atty for Student |
| Dorcas Whitaker | _____ | Teacher |
| Ola Aremo | O. Aremo | Special Ed. Teacher |
| | | |
| Jennifer Williams MS, CCC-SLP | Jennifer Williams | Speech Pathologist |
| Tiffany Batson | Tiffany Batson | SPED Coordinator |
| | | |

_____ Resolved          ✓ Unresolved

The meeting was convened to discuss the resolution of student D█████ & █████████

1. DCPS violated the terms of the July 22nd HOD

2. failed to develop an appropriate IEP. Parent states that student should have been home-schooled based on his medical health.

3. same as above

4. Same as above

5. Same as above

DW-12

161

DIST   T OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

_ PUBLIC      __DPCS CHARTER      _ LEA CHARTER      _ NONPUBLIC      __PRIVATE/RELIGIOUS

RESOLUTION MEETING NOTES Cont'd.

Meeting Confirmation Date: _____          Meeting Held: _____

Student: D██████ W██████          School: Marshall

It has been determined that since the local school can not in good faith agree to provide home-school specialized instruction and speech & language services. DCPS agrees to convene an IEP meeting where the parties who are capable of making these decisions will be in attendance. In addition, prior to the meeting, the parent will be given a blank copy of the DCPS Physician's Certificate of Pupil's Inability to Attend School form so she can get the form completed by her child's physician if available or appropriate form.

In conclusion, the resolution is unresolved.

RESOLUTION MEETING NOTES          Page _____          July 11, 2005

162

08/12/2005 16:22 FAX 202 442 50~8          OFF.OF GENERAL COUNSEL



DISTRICT OF COLUMBIA
PUBLIC SCHOOLS

Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000     Fax: 202-442-5098
www.k12.dc.us

## PRINCIPAL'S DELEGATION OF SETTLEMENT AUTHORITY

I, _Valorie Powell_, Principal of _Marshall EC_ School,
(Name of Principal)                    (Name of school)

hereby delegate settlement authority to _Tiffany Batson_.
                                        (Assistant Principal or Special Education Coordinator)

By the authority vested by the Superintendent of schools, this delegation permits the above named person to enter

into a legally binding settlement agreement on behalf of the District of Columbia Public Schools to settle the

pending hearing request regarding the provision of special education services to

D___ W_____ filed on _1/26/06_.
(Name of Student)                    (Date)

As the Principal's designee, you are authorized only to settle for appropriate services, including compensatory

education, available within the local school's budget authority.  If the appropriate service is not available within the

LEA budget, you must obtain the prior authorization of either the Office of Special Education, Dispute Resolution

Committee, the Director of Special Education (or their designee), the Office of the General Counsel, or the

Superintendent (or his designee).   In the event of a dispute regarding the terms of a settlement agreement,

final authority to enter into a settlement agreement lays with the Office General Counsel.

This delegation of authority is limited to settlement agreements entered into as a direct result of resolution meetings

and/or mediation sessions held pursuant to the Individuals with Disabilities Education Improvement Act of 2004.

_Valorie Powell_                    _05-02-06_
Principal                            Date

*A copy of this delegation of authority must be placed in the student's educational record.

163

22/13/2005  22:41   5757932                THURGOODMARSHAL                    PAGE  25

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.
INDIVIDUALIZED EDUCATIONAL PROGRAM

DCPS - IEP  Page 1 of 4
Additional Comments: ☐

### I. IDENTIFICATION INFORMATION

Student Name: Last ██████  First De████ MI

Student ID 9065608  Soc. Sec. # ████  Age: 8  Grade 3

**II. CURRENT INFORMATION**

Date of IEP Meeting: 05/25/05
Date of Last IEP Meeting: 6/21/04
Date of Most Recent Eligibility Decision: 10-16-03

Gender ☒ M ☐ F  Date of Birth ███95  Ethnic Group Black

Address 950 Mississippi Ave  Quadrant SE  Apartment # 213

Washington  DC  20032

☐ Non-attending  Attending School Marshall  Home School Marshall

☐ Elem. ☐ Mid/JHS ☐ SHS ☐ CWS /

Parent Carrie Wilkens

Address of (if different from student):  ☒ Parent ☐ Guardian ☐ Surrogate

Purpose of IEP Conference:
☐ Initial IEP  ☒ Review of IEP
☐ Requested Eval.  ☐ 3yr ReEval.

Indicate Level of Standardized Assessment
III

ADDENDA TO BE ATTACHED AS NEEDED
Check the appropriate box(es)

| BEHAVIOR | TRANSPORTATION |
| ESY | TRANSITION |

Telephone: Home (202) 269-3421  Work

### III. LANGUAGE

| | Language | Language Used for Evaluation | Language Used In Conference | Communication Requirements |
|---|---|---|---|---|
| Student | English | English | English | Natu lang |
| Parent | English | English | English | Natu lang |
| Home | English | English | English | Natu lang |

To be completed by Office of Bilingual Education
English and Math Proficiency Assessment
Oral
Rdg./Written
Instrument:
Date:

### IV. SPECIAL EDUCATION AND RELATED SERVICES SUMMARY

| SERVICES | SETTING GenEd SpEd Total | | | FREQUENCY Hr./Min  D/W/M. | | PROVIDER (by discipline) | BEGINNING DATE mm/dd/yyyy | DURATION # wks./mos |
|---|---|---|---|---|---|---|---|---|
| Specialized Instruction | | 18 | 18 | Hr | W | SpEd Teacher | 05/26/05 | 1° mos |
| Speech Therapy | 1 | | 1 | Hr | W | Speech Pathologist | 05/26/05 | 1° mos |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| TOTAL | 19 | | 19 | Hours Per Week | | | | |

### V. Disability(ies)

Other Health Impaired

☐ Check if setting is general Ed.

Percent of time in Specialized Instruction and Related Services
☐ 0-20%  ☒ 21-60%  ☐ 61-100%
Percent of time NOT in a Regular Education Setting 58%

### VI. IEP TEAM (Participants in the development of the IEP)

Print and sign your name below.

Parent — Carrie Wilkens via telephone
SpEd Teacher — ~~Donna Arevo~~
Tiffany Scott / SpEd Coordinator — Tiffany Scott
Speech Pathologist — Jennifer Williams MS & CC SLP
Gen Ed Teacher — ~~Deidre White~~ ...

☒ I AGREE with the contents of this IEP. I have had an opportunity to be involved in the development of this IEP. I have received a copy of this IEP and consent to the implementation of the services in this IEP. I have received a copy of the procedural safeguards and parent rights pertaining to special education.

Parent/Guardian Signature  Carrie Wilkens via telephone  Date 5/25/05

District of Columbia Public Schools  07-02-2001  Division of Special Education  Appendix - A  IEP Page 1 of 4

164

DW-13

| Student Name ~~████~~ | | Managing School **Marshall** | DCPS - IEP |
| Student ID Number **9065608** | DOB ~~███~~ **-95** | Attending School **Marshall** | Page 2 of 4 |

Additional Comments: ☐

## VII. Present Educational Performance Levels in Areas Affected by the Disability

**Academic Areas: (Evaluator)** Spec Ed Teacher

**Main Strengths:**
Student can grasp grade mathematical operations
on grade level

**Impact of disability on educational performance in general education curriculum:**
Students disability impacts his academic
growth

**Reading Strengths:**
Student can sound out basic sight words

**Impact of disability on educational performance in general education curriculum:**
Students disability impacts his academic
growth

Score(s) When Available

Math Cal. 1.7
Math Rea. ____
See goal page ____
Date: 5/06/05
Rdg. Com 1.6
Rdg. Basic 1.5
Written Ex. ____
See goal page ____
Date: 5/06/05

**Communication (Speech & Language) (Evaluator)** ____
**Strengths:**

**Impact of disability on educational performance in general education curriculum:**

Score(s) When Available
Exp. Lang. ____
Rec. Lang. ____
Artic ____
Voice ____
Fluency ____
Exp. Voc. ____
Rec. Voc. ____
See goal page: ____
Date: ____

**Motor/Health (Evaluator)** ____
**Strengths:**

**Impact of disability on educational performance in general education curriculum:**

Score(s) /Results
When Available
____
____
____
See goal page: ____
Date: ____

**Social Emotional Behavioral Areas: (Evaluator)** ____
**Strengths:**

**Impact of disability on educational performance in general education curriculum:**

Score(s) When Available
____
____
____
See goal page: ____
Date: ____

**Cognitive/Adaptive Behavior: (Evaluator)** ____
**Strengths:**

**Impact of disability on educational performance in general education curriculum:**

Score(s) When Available
____
____
____
See goal page: ____
Date: ____

**Prevocational Skills: (Evaluator)** ____
**Strengths:**

**Impact of disability on educational performance in general education curriculum:**

Score(s) When Available
____
____
____
See goal page: ____
Date: ____

165

02/13/2006  22:41    5757932                    THURGOODMARSHAL                    PAGE  03

| Student Name | N░░░ Wi░░░ | Managing School | Marshall EC | DOPS - IEP |
|---|---|---|---|---|
| Student ID Number | 9055608 | DOB ░░/95 | Attending School | Marshall EC | Page 3 of 4 |

Goal Number: ____

| VIII. SPECIALIZED SERVICES | Additional Comments: ☐ |

Area addressed by goal: __Academics (Mathematics)__

ANNUAL GOAL: (including mastery criteria.)

░░░░ Wi░░░ will demonstrate growth in the area of mathematics by mastering the short-term objectives with 80% accuracy.

Provider(s): General and Special Education Teacher

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (Include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| De░░░ will add three digits to one digit number with regrouping. | | Monthly |
| - Recite multiplication facts to 81. | | Monthly |
| - Solve word problems involving addition and subtraction | | Monthly |
| - Identify geometrical shapes | | Monthly |
| De░░░ will multiply two digits by one digit without regrouping. | | Monthly |
| - Student will tell time to the nearest minute. | | Monthly |

EVALUATION PROCEDURE(S)

☐ Portfolio  ☐ Log  ☐ Chart  ☑ Test  ☑ Documented Observation  ☐ Report  ☐ Other _____

**166**

22/13/2225  22:41    5767932                    THURGOODMARSHAL                          PAGE  89

| Student Name  ☐  Will ☐ | Managing School _Marshall EC_ | DCPS - IEP |
|---|---|---|
| Student ID Number 9065608   DOB ☐ 195 | Attending School _Marshall EC_ | Page 3 of 4 |

Goal Number: ☐

| VIII. SPECIALIZED SERVICES | Additional Comments: ☐ |
|---|---|

Area addressed by goal: _Academics  (Reading)_

**ANNUAL GOAL:** (including mastery criteria.)

☐ will demonstrate growth in the academic area of reading as measured by formal and informal assessment.

Provider(s): _Regular  and Special Education  Teacher._

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| - ☐ will read words from a basic word list at 70% accuracy. | | Monthly |
| - Given opportunities for practice and cues, Desmond will label objects, people, events, things and actions at 80% accuracy | | Monthly |
| - Recall the main idea from a reading selection in 4 out of 5 attempts. | | Monthly |
| - Following reading selections orally presented to Desmond, he will recall details at 80% accuracy. | | Monthly |
| - Given opportunities for practice and cue card, he will sequence the events of a reading selection at 80% accuracy. | | Monthly |
| - ☐ will write sentences using correct capitalization and punctuation in 4 out of 5 attempts | | Monthly |

EVALUATION PROCEDURE(S)

☐ Portfolio  ☐ Log  ☐ Chart  ☑ Test  ☒ Documented Observation  ☐ Report  ☐ Other _____

**167**

02/13/2006  22:41    5757532                    THURGOODMARSHAL                              PAGE   13

| | | | | DCPS - IEP |
|---|---|---|---|---|
| Student Name | | Managing School | Marshall ES | Page 3 of 4 |
| Student ID Number 9363608 | DOB | Attending School | Marshall ES | |
| | | | | Goal Number: |

| VIII. SPECIALIZED SERVICES | Additional Comments: ☐ |
|---|---|

Area addressed by goal: __Communication__

**ANNUAL GOAL:** (including mastery criteria.)

D▉▉▉ will demonstrate growth in the areas of receptive & expressive language skills by mastery of the short term objectives below.

Provider(s): __Speech Pathologist__

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| ① D▉▉▉ will sequence 4 part stories when given visual cues with 80% accuracy. | | monthly |
| ② D▉▉▉ will accurately answer 'wh' questions from verbally presented information w/ 80% accuracy. | | monthly |
| ③ De▉▉▉ will recall relevant details (main idea) from short stories w/ 80% accuracy. | | monthly |
| ④ D▉▉▉ will verbally define target vocabulary words with 80% accuracy. | | monthly |
| | | |
| | | |

**EVALUATION PROCEDURE(S)**

☐ Portfolio  ☐ Log  ☐ Chart  ☐ Test  ☐ Documented Observation  ☐ Report  ☐ Other _____

**168**

02/13/2006  22:41  5757932                    THURGOODMARSHAL                         PAGE  11

| Student Name | [redacted] | Managing School | Marshall |
| Student ID Number | 9005160S | Attending School | Marshall |

DCPS - IEP
Page 4 of 4

Additional Comments: ☐

## IX. LEAST RESTRICTIVE ENVIRONMENT (LRE) DETERMINATION
### SERVICE ALTERNATIVES

Can, curricular modification, accommodation and/or supplemental aids and services be used for a LRE setting in general education?  ☐ Yes  ☑ No

Explanation for removal out of regular education classroom.

Structured environment

## X. Supplementary Aids and Services
Classroom Needs
(Do not name products or companies.)

| | SETTING | | | FREQUENCY | | PROVIDER | BEGINNING DATE |
| | GenEd | SpEd | Total | Hr./ Min | D/W/M. | (by discipline) | (mm/dd/yyyy) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Check and list modifications and/or accommodations  for testing:        ☐ None needed

Timing/Scheduling:  Extended
Setting:  Small group
Presentation:
Response:
Equipment:

## XI. STATE AND DISTRICT ASSESSMENTS:

☐ Level I   Tested with non-disabled peers under standard conditions without accommodations.

☑ Level III  (Describe non-uniform conditions for level III) Tested under non-standard conditions with permissible accommodations

☐ Level V  Portfolio

☐ Level II   (Describe accommodations for level II) Tested under standard conditions with special accommodations

☐ Level IV  (Describe the alternative assessment)

## XII. Areas Requiring Specialized Instruction and Related Services:

☑ Reading          ☐ Physical/Sensory       ☐ Transition
☑ Mathematics      ☐ Social Emotional        ☐ Vocational
☐ Written Expression ☐ Physical Development   ☐ Independent Living
☐ Other:                                     ☑ Speech/Language
☐ None    Apply annual goal(s), objectives and/or modification to address barriers in each area checked above.

Modifications:
☐ Language Arts/English
☐ Social Sciences
☐ Biological & Physical Sciences
☐ Fine Arts

## XIII. PLACEMENT CONSIDERATIONS AND JUSTIFICATION

| DESCRIBE CONSIDERATIONS | ACCEPT/REJECT REASONS | POTENTIAL HARMFUL EFFECTS |
|---|---|---|
| Out of Gen Ed | Rejected | |
| General Ed | Rejected | |
| Combination SpEd/Gen | Accepted | Time away from non-disabled peers |

Modification(s)/Accommodation(s) to address the harmful effects:

Student will participate in School wide activities

District of Columbia Public Schools      07-02-2001      Division of Special Education      Appendix - A      IEP Page 4 of 4

22/13/2005   22:41   5757932                    THURGOODMARSHAL'                           PAGE   12

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
SPECIAL EDUCATION

MULTIDISCIPLINARY TEAM (MDT)

Prior to Action Notice

**Check Purpose:**
- [ ] Initial Evaluation
- [ ] Initial Placement
- [x] Reevaluation
  - [ ] Change in Category Exit
  - [ ] Related Service Add
  - [ ] Related Service
  - [ ] Change in Placement
  - [x] Annual
  - [ ] Other _____

Date  5-25-2005
Student  De____d Wi____                        DOB  ____2-95
School  Marshall
Current Disability Category  Other Health Impaired
Setting  Combination Sped / General Ed

Dear  Ms. Wilkins

State and federal laws regarding students with disabilities require school systems to notify and inform parents of certain changes being made to their children's education program.
Therefore, you are being notified of the following proposed changes:
- [x] Proposes to initiate or change the identification, evaluation, educational placement or provision of FAPE to your child.
- [ ] Refuses to initiate or change the identification, evaluation, educational placement or provision of FAPE to your child.
- [ ] Other _____

A multidisciplinary team (MDT), of which you were an invited member, has made the following decisions about your child: (check all that apply)

- [ ] Your child is not eligible for special education service(s).
- [x] Your child is eligible or continues to be eligible to receive special education services as a student with  OHI
- [ ] Your child will begin receiving _____ as a related service(s).
- [ ] Your child will no longer receive _____ as a related service(s).
- [ ] Your child's category of disability is being changed from _____ to _____
- [ ] Your child's alternative placement on continuum (next setting) is being changed,
      from _____ to _____
- [ ] Your child is no longer eligible and will be exited from the special education program.
- [ ] Other: _____

Location of Services  Marshall EC

**Description and Explanation of agency action proposed or refused.**

Out of general ed - rejected
general ed - rejected

**Description of Other Options Considered and reasons for rejection of each option**

Combination setting was accepted because
student can be successful in this setting

Other relevant factors to the decision-
MDT Members:
- [x] Principal or Designee
- [x] Parent via phone
- [ ] Student
- [ ] Social Worker
- [x] General Education Teacher
- [x] Special Education Teacher
- [x] Speach and Language
- [ ] *LEA & Interpreter (*may be one)
- [ ] Psychologist
- [ ] Other: _____

Parents may bring individuals to participate in the MDT meeting. These participants should have knowledge or special expertise regarding the child. The following individuals invited by parent

Any questions you may have concerning your child's program may be directed to the principal.
You are protected under the Procedural Safeguards for parents, which are enclosed for your information.
If I can be of assistance to you, or have questions regarding the Procedural Safeguards,
please contact  I. Hans Hasson  at  576-6900  (school telephone number).

EVALUATION PROCEDURES, TEST RECORDS OR REPORTS USED

170

22/13/2006   22:41   5757932                    THURGODDMARSHAL                    PAGE   13



DISTRICT OF COLUMBIA PUBLIC SCHOOLS
SPECIAL EDUCATION
MULTIDISCIPLINARY TEAM
(MDT)

Student D___ (W___)     DOB ___5 Age 8  Grade 3  ID 9065608

You have the right to challenge the recommendations by requesting Mediation or a Due Process Hearing before an impartial hearing officer. To initiate a mediation or hearing, you will need to complete a REQUEST FOR MEDIATION or DUE PROCESS HEARING form and mail it to the address listed below:

Student Hearing Office
D.C. Public Schools
825 North Capitol Street, N.E. 8th floor
202-442-5432

You have the right to be represented at the hearing by legal counsel.
A copy of Parent's Procedural Safeguards handbook is provided.
A list of free or low cost legal service, for which you may qualify depending on your income, is included.
If you would like an additional copy, please contact the principal.

EVALUATION PROCEDURES, TEST, RECORDS OR REPORTS USED

☐ Wechsler Intelligence Scale for Children-III (WISC III) - commonly employed individually administered test designed to measure the intelligence of individuals aged 6 1/2 to 16 1/2 years. Date of Report _____

☐ Wechsler Preschool and Primary Scale of Intelligence-Revised (WPPSI-R) - measures specific mental abilities and processes in ages 4 1/2 to 6 1/2 years. Date of Report _____

☐ Wechsler Adult Intelligence Scale-III (WIAS III) - an individually administered test designed to measure the intelligence of individuals ages 16 and over. Date of Report _____

☐ Bayley Scales of Infant Development-II - an individually administered instrument that measures motor, mental and social development in infants and children from 1 month to 42 months of age. Date of Report _____

☐ Wechsler Individual Achievement Test (WIAT) - a commonly used individually administered instrument designed to assess the educational achievement of children and adolescents in areas of basic reading, mathematics reasoning, spelling, reading comprehension, numerical operations, listening comprehension, oral expression, and written expression. Date of Report _____

☐ Peabody Individual Achievement Test-Revised (PIAT-R) - an individually administered test measuring achievement in areas of general information, reading recognition, reading comprehension, spelling, written expression, and mathematics. Date of Report _____

☐ Kaufman Test of Educational Achievement (KTEA) - an individually administered instrument measuring achievement skills in reading, decoding, mathematics applications, spelling, reading comprehension, and mathematics computation. Date of Report _____

☐ Woodcock-Johnson Psycho-Educational Battery - a diagnostic and evaluation instrument composed of twenty-seven tests divided into three major parts: tests of cognitive ability, tests of achievement, and tests of interests. Date of Report _____

☐ Bender Visual Motor Gestalt Test - measures perceptual motor skills to determine visual-motor gestalt functioning and neurological soft-signs in ages 4 to 12 years using the Koppitz Scoring System. Date of Report _____

☐ Developmental Test of Visual Motor Integration (VMI) - assesses visual perception and motor coordination in ages 3 years and up using a more structured booklet format. Date of Report _____

☐ Children's Apperception Test - a projective story-telling technique for personality evaluation in ages 5 to 10 years. Date of Report _____

☐ Thematic Apperception Test - a projective story-telling technique for personality evaluation in older children and adolescents. Date of Report _____

☐ House-Tree-Person - a projective drawing technique providing insight into personality structure, physical concerns, and social-emotional adjustment in children and adolescents. Date of Report _____

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
SPECIAL EDUCATION
MULTIDISCIPLINARY TEAM
(MDT)

Student D█████ W█████    DOB █████ Age 8   Grade 3   ID 9065608

- [ ] **Kinetic Family Drawing** - a projective drawing technique measuring one's perception of her family and her role within the family.
  Date of Report _____

- [ ] **Rorschach Psychodiagnostic Test** - a projective measure in which one's responses to inkblots reveal personality structure, ego, strengths and reality testing in ages 3 and older. Date of Report _____

- [ ] **Goodenough-Harris Drawing Test** - a projective drawing procedure measuring intellectual perceptual-motor maturity and personality through the use of drawings of self and a member of the opposite sex in ages 3 to 15.11 years. Date of Report _____

- [ ] **Conner's Parent and Teacher Rating Scales** - a paper-and-pencil instrument measuring problem behaviors of children and adolescents as reported by the child's teacher, parents, or alternate care-giver. Date of Report _____

- [ ] **The Vineland Adaptive Behavior Scales** - assesses adaptive and social competency skills. Date of Report _____

- [ ] **Test of Language Development Primary - Revised (TOLD-P)** - measures primary language proficiency and specific strengths and weaknesses in language skills. Date of Report _____

- [ ] **Kaufman Assessment Battery for Children** - assesses the ability to solve problems using simultaneous and sequential metal processes in four global areas : Sequential Processing, Simultaneous Processing, Mental Processing, and Achievement. Date of Report _____

- [ ] **Preschool Language Scale** - measures auditory comprehension and verbal ability skills. Date of Report _____

- [ ] **Oral Peripheral Speech Examination** - a procedure to determine whether the examinee can appropriately use the lips, tongue, mouth, etc.
  Date of Report _____

- [ ] **Clinical Evaluation of Language Fundamentals - III** - assesses the child's language functioning including processing and production.
  Date of Report _____

- [ ] **Expressive One Word Picture Vocabulary Test** - assesses the child's single word expressive vocabulary. Date of Report _____

- [ ] **Receptive One Word Picture Vocabulary Test** - assesses the child's single word receptive vocabulary. Date of Report _____

- [ ] **Goldman-Fristoe Test of Articulation** - assesses the production of consonants in simple and complex contexts. Date of Report _____

- [ ] **Peabody Picture Vocabulary Test-Revised** - individually administered, multiple choice test measuring nonverbal, receptive vocabulary.
  Date of Report _____

- [ ] **Fisher-Logemann Test of Articulation Competence** - assesses articulation proficiency with single sounds, consonant blends, and vowel production.
  Date of Report _____

- [x] **Classroom Observation** - assesses present functioning of the student within the classroom environment.

## Free or Low Cost Legal Services

Neighborhood Legal Services
701 4th Street, N.E.
Washington, D.C. 20001
202-682-2700 (NW)
202-682-2732 (NE)
Fax 202-682-0588

Neighborhood Legal Services
1213 Good Hope Road, S.E.
Washington, D.C. 20020
202-678-2000
Fax 202-889-3374

University Legal Services
300 I Street, N.E.
Washington, D.C. 20002
202-547-0198
Fax 202-547-2662

The Children's Law Center Inc.
1050 Connecticut Avenue, N.W.
Suite 1200 Washington Square
Washington, D.C. 20036-5317
202-467-4900
Fax 202-467-4949

National Coalition for Students with Disabilities
10560 Main Street, Suite 417
Fairfax, VA 22030
703-267-6588
(fax) 703-267-6992

02/13/2006    22:41    5757932                THURGOODMARSHAL                                    PAGE   24

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

INDIVIDUALIZED EDUCATION PROGRAM
(IEP)
MEETING NOTES

STUDENT D██████ W████          SCHOOL Marshall          DATE: 5/25/05

DISCIPLINE

PARTICIPANTS:                  PARTICIPANTS: (Sign Name)

| | | |
|---|---|---|
| Carrie Wilkens | Via telephone | Parent |
| Tiffany Scott | Tiffany Scott | Sp Ed Coordinator |
| Jennifer Williams | Jennifer Williams | Speech Pathologist |
| Dorcas Whitaker | Dorcas Whitaker | General Ed Teacher |
| Ola Avenns | O Dens | Special Ed. Teacher |

The meeting was convened to discuss the annual review of D████ et W████
The members of the MDT introduced themselves to the Parent and the
Parent participated via telephone.

Parent - D██████ has been doing good at home. His reading
has been improving. He's always been good in Math. His
health hasn't been that great and hopefully he can return to
school on Monday. D████d is real hyper and he's on medication
for ADHD. (Concerta). It seems like his health isn't getting better.

General Ed Teacher - D████d is not comfortable in the classroom
because he's so far behind. It is difficult bringing him up to
standard. One-on-one he works well, but not independently. He has
the potential to learn but he misses so many days from school. He
fights sometimes in class. He catches on quickly but he needs one-on-one
assistance. He was starting to improve at the beginning of the year, but since

02/13/2005  22:41   5757932                    THURGOODMARSHAL                        PAGE  25

District of Columbia Public Schools
Division of Special Education
Washington, D.C.

IEP Continuation
Page

## IEP CONTINUATION PAGE

Student Name █████████████ DOB █████ DATE 5/25/05

Student ID Number 9065608    Managing School  Marshall

Attending School  Marshall

INSTRUCTIONS: Use this addendum when additional space is needed on an IEP section or part. Enter the *section/part, page number or addendum to identify each item being continued. Attach this addendum to the form.

Page  4  of  4 ·  or Addendum _____

all the absences he's falling behind. He use to not have many behavior problems but now he does, maybe because he's frustrated from being so far behind.

Speech Pathologist – its hard to say he's made progress because he's been absent so often. When he's here he works well with his peers and he asks questions. It is unfortunate that he's been absent so much because he has so many gaps.

Conclusion – De_____ continues to be eligible for Special education as a child with Other Health Impairments. He will continue to receive Specialized Instruction for 18 hours a week and Speech & Language Therapy for 1 hour a week.

Recommendations
The General Ed teacher will develop a packet of work for De_____ to complete.

District of Columbia Public Schools     07-02-2001     Division of Special Education     IEP Continuation Page          174



D.C. CHARTERED
HEALTH · CENTER

3924 Minnesota Ave., N.E.
Washington, D.C. 20019

(202) 398-8683

Patient �myn ██████ De ████████        Date 8/17/

Address _____ Age ____ Phone # _____

℞  D ██████ e  has  had
numerous  Recurrent  Respiratory
illnesses  including  A/Ima
which  have  interrupted  her
attendance  at  School

Refill: _____ times.                    ☐ Dispense as Written

Physician's _____ Dr ____

DW-14

175

Acct. # 82305    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    12/13/02
█████████████████████    ████████████'05
950 MISSISS.PPT AVE SE Sexio    Age:  6    (202) 398-8683
WASHINGTON DC 20020    (202) 561-7083
CAP HFDC FHD MEMBERS  18339725#0)
320 FIRST ST., NE
WASHINGTON DC 20002    Date _____
Insured Party: DESMOND J WILKINS

R

*(handwritten, illegible)* has Asthma

*If during exercise or at*
*any time he experiences*
*breathing difficulties, refer for medical*
*or call 911*

Refill: _____ times.    ☐ Dispense as Written

176

## THE DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### SPECIAL EDUCATION BRANCH
### SOCIAL WORK RE-EVALUATION REPORT

Student's Name: D██████ W█
ID: 9065608
DOB: █████/95
Chronological Age: 8 yrs. 6 months
Parent/Guardian: Carrie Wilkins
Address: 950 Mississippi Ave.,
Washington, D.C. 20032
Home Phone: (202) 561-7080
Work Phone:
Emergency:
Person(s) Interviewed: Carrie Wilkins

Provider: Carrie Grose
Discipline: Social Worker
Date of Interview: 6/21/04
Grade: 2nd

**REASON FOR REFERRAL:**

Review of the psychoeducational report that was completed by Marcia Stuart, Ph.D., on 08/07/03, reveals that an evaluation was requested to determine student's cognitive and academic level of functioning.

**BACKGROUND INFORMATION:**

D█████ was born in Washington, D.C., at Greater Southeast Community Hospital. He presently lives with both parents and 5 siblings in a 3- bedroom apartment in Southeast, Washington, D.C. Ms. Wilkins reports living in the area for approximately 17 years, and presently look forward to moving into a 5-bedroom house, located in Northeast, Washington, D.C. Ms. Wilkins reports that she is not on public assistant, but does receive food stamps, and have applied for SSI benefits for D█████. She reports that D█████ has a good relationship with family members and does not present with behavioral problems at home. Last year however, prior to being diagnosed and treated for ADHD, Ms. Wilkins reports he had serious behavioral problems at school.

**TRAUMATIC EVENTS;**

None reported

Name: De████d W████ 
DOB: █████/95
Social Worker: Carrie Grose

## DATA FAMILY

Family members/significant other who live in the household:

Household Composition:

| Name | Age | Relationship | Education | Occupation |
|------|-----|--------------|-----------|------------|
| Carrie Wilkins | 40 | Mother | 12th | Home maker |
| Sheldon Wilkins | 41 | Father | 12th | Maintenance |
| Sheldon Wilkins | 18 | Brother | 12th | Ballou |
| Sheldon Wilkins | 14 | Sister | 8th | Johnson |
| Joannetta Wilkins | 11 | Brother | 6th | McGogney |
| Willie Wilkins | 10 | Brother | 5th | McGogney |
| Everett Wilkins | 3 | Sister | | |

Family members/significant others who do not live in the household:

| Name | Age | Relationship | Education | Occupation |
|------|-----|--------------|-----------|------------|
| Joan    Wilkins | 64 | Grandmother | 12th | Police Retiree |
| Annette Wilkins | 23 | Sister | 12th | Banker |

178

Name: D███ ██d W████
DOB: ███ ███95
ID: 9065608
Social Worker: Carrie Grose

## DEVELOPMENTAL AND MEDICAL HISTORY:

De█████ reportedly weighed 8lbs 11-½ oz., at birth. Mother reports he was a normal vaginal delivery and that she did not experience any complications. She also denied the use of drugs during her pregnancy.

During his developmental stages, there were no abnormalities reported. He started walking at 10 months, talking at 9 months (saying mommy and daddy), and potty trained at 14 –15 months. He have experience the normal childhood illnesses (chicken pox, measles). In addition he has also since birth, have had problems with his left lung. Mother reports the lungs are unequal in size, and he therefore has chronic asthmatic problems. Ms. Wilkins also reports that he was found to be dyslexia at Charter Health Clinic, but does not receive services to correct the problem at this time.

De█████'s physician reportedly sees him at least twice a week at Charter Health Center on Minnesota, Ave., Southeast, Washington, D.C., due to asthma problems.. He was hospitalized (2000-20001), for three days at Greater Southeast, Community Hospital, due to his asthma. He is on albuterol, prednisolon, fovent and uses a nebulizer. He also take cencernta for Attention Deficit Hyperactive Disorder, that was reported in the psychoeducational report dated 08/07/03. Other health problems reported consist of bedwetting every night. Ms. Wilkinshr attributes this to the medicine he has to take. He has a sleeping and eating disorder, but is not in treatment. He also has a skin problem, which causes him to scratch a lot. Ms. Wilkins reports that she plan to get a referral to a dermatologist. De█████ reportedly is a very sick child, who because of his illnesses has a poor attendance record at school. Mother reports that he cries a lot when he can't have his way or not allowed to go outside to play, as he is allergic to the pollen in the air.

Name: D████ed W████
DOB: ██2/95
ID: 9065608
Social Worker: Carrie Grose

## SCHOOL HISTORY:

D████s 8 years 6 months of age. He is presently in the 2nd grade at McGogney Elementary where he has been a student since the kindergarten. Reportedly he was retained in the first grade due to academic and behavioral problems. Mother reports he was rebellious, oppositional and sometime, got in fights. During this time, he was not on medication. He was found eligible for special education on 10/16/03, and given a diagnosis of Other Health Impaired.

Review of the psychoeducational reports reveals that he carried a diagnosis of Oppositional Defiant Disorder as well as ADHD. The report also reveals that academically, he is not achieving at a grade appropriate level. Data from the WJ III COG indicated a general intellectual ability score of 60. which is in the very low range. He presently receives specialized services in his academics, speech and counseling. However, since he has made a great improvement in his behaviors, he was recently discharged from psychological counseling on 6/21/04.

## SIGNIFICANT SOCIAL PERSONAL FUNCTIONING

D████ is a very likeable young man who has been cooperative and respectful with this worker. He is always eager to participate in group activities and has been helpful with his peers. In the time that this worker has worked with D████d there has been no behavioral problems cited. Occasionally, however, there may be reports of conflicts in the classroom, which generally initiated by others.

D████ reportedly has a best friend, and lots of friends at school. He likes football, playing the play station, computer, and would like to be a rapper. Mother reports that he doesn't like to go to school and will sometime stage an asthma attack. She reports that he said, " the teachers holler too much".

Name: D███████d W██████
DOB:██2/95
ID:9065608
Social Worker: Carrie Grose

## SUMMARY

D█████ is a 8 year 6 months old African-American male who presently lives with both parents and 5 siblings in a 3 bedroom apartment, in Southeast, Washington, D.C. Ms. Wilkins reports that the family is in the process of moving into a 5 bed-room house located in northeast, Washington, D.C.

D█████ at birth weighed 8 lbs. 11 ½ oz.,. Mother denied the use of drugs or experiencing any complications during her pregnancy. She reports that his developmental milestones where within normal range. As a young child he developed chicken pox and measles. He has been quite ill most of his young life. Mother reports that since birth, he has had problems with his lungs. Apparently the left lung is of unequal size to the right lung. He has chronic asthmatic attacks and has to be seen by his physician twice a week. She reports that he was hospitalized (2000-2001) due to a asthma attack. He is currently on medication (prednisolone , 15 mg, 1xday, Fovent (as needed), albuterol and uses anebulizer).He is also on cencernta for Attention Defiant Hyperactive Disorder. Mother reports he also has a eating and sleeping disorder that are not treated at this time. In addition he has a skin rash, bed-wetting problems, and was found to be dyslexia.

D█████ is in the 2nd grade at McGogney Elementary school. He was retained in the 1st grade due to academic and behavioral problems. He was found eligible for special educational services on 10/16/03, and given a diagnosis under Other Health Impaired. He was also classified as a student with Attention Deficit Hyperactive Disorder/ Oppositional Defiant Disorder, when he was in the 1st grade. He receives specialized services in academics, speech and psychological counseling. He is beginning to show progress in all areas, and this year on 6/21/04, he was discharged from psychological counseling. D█████ is a likeable young man, who is always cooperative and respectful. He seems eager to learn, and tries very hard. He generally has a good relationship with peers and when in conflict, it is often initiated by others.

181

Name: D██████ Wil████ 
DOB: ████795█
ID: 9065608
Social Worker: Carrue Grosa

I understand that this information will be used to help determine if my child is educationally disabled and will be used by DCPS professionals only. This material will be kept in my child's confidential folder.

_(signature)_ Date 4/21/04    _(signature)_ Date 6-31-04
(Interviewer's Signature)            ( Parent/Guardian Signature)

182

SCHOOL HEALTH PROGRAM/GOVERNMENT OF THE DISTRICT OF
COLUMBIA MEDICAL REVIEW OF RECORDS

DATE: 10/05/03

NAME: D█████d W█████

BIRTHDATE: ████/95

PARENT/GUARDIAN: Carrie Wilkins

ADDRESS: 950 Mississippi Ave., #213

LOCAL SCHOOL: Mc Gogney ES

PRESENT PLACEMENT:

TELEPHONE:

RECOMMENDATIONS:

Documents submitted: 2/2003 Audiological Evaluation, 8/2003 correspondence from
child psychiatrist, 8/2003 medical statement re bronchial asthma, 8/2003
Psychoeducational Report, 4/2003 Speech and Language Report

D█████ is a 7 year 10 month old male student with a diagnosis of ADHD, combined
type, Oppositional Disorder, and bronchial asthma. Most of his 265 absences noted since
1999 were secondary to asthma. A 2003 Audiometric evaluation is exhibiting deficits in
expressive and receptive language.

1. Appears appropriate for the OHI classification (bronchial asthma/ADHD).
2. Completion of the School Health Certificate is needed.

Crystal Taylor-Davis, MD
School Placement Physician

DW-16    183

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
DIVISION OF SPECIAL EDUCATION
PSYCHOEDUCATIONAL REPORT

**\*\*\*\*\*\*\*\*\*\*CONFIDENTIAL\*\*\*\*\*\*\*\*\*\***

Name:                          De████d W███████
D.O.B.:                        ██/██/95
Chronological Age:             7 years, 8 months
Grade:                         1st
School:                        McCogney ES
ID#:                           9065608
Examiner:                      Marcia Stuart, Ph.D.
                               Psychologist
Testing Location:              McCogney ES


Date of Evaluation:            08/07/03
Date of Report:                08/07/03


**Reason for Referral:**
This psychoeducational evaluation was requested in order to assess this student's current level of cognitive and academic functioning and to assist in appropriate educational planning and placement.


**Tests Administered and Data Sources:**
Woodcock-Johnson III (WJ III)
The Beery-Buktenica Developmental Test of Visual-Motor Integration (VMI)
Review of Records
Interview with Student


**BEHAVIORAL OBSERVATIONS/STUDENT INTERVIEW**
De████d arrived at the school in the company of his mother. He separated from her without difficulty and willingly accompanied the examiner to the testing site. He seemed at ease in the presence of the examiner, was cooperative, though appearing somewhat tired. His level of conversation was typical for his age, although it was difficult to understand him at times, as his speech was not very clear. He spoke with a nasal tone as if congested, yet did not seem to have a cold. Later in the session he indicated to the

DW-17

184

FROM

██████ Page/2

examiner that he suffers from asthma. He was also constantly scratching all over his body and told the examiner that he was itching all over because of mosquito bites. He was attentive to the tasks presented, and was willing to attempt tasks that were somewhat difficult for him and tried very hard. For the most part he was very slow and hesitant in responding to the items. Several times in the middle of responding to an item, he interjected that he was going to visit his cousin. He added (also several times) that he likes visiting with his grandmother. When questioned, however, he was unable to indicate where his cousin or grandmother lived. D██████ exhibited right-hand dominance, and no visual difficulties were noted by this examiner. When he was asked whether or not he was supposed to wear glasses, he at first indicated yes then changed his answer. This examiner had some concerns about his auditory functioning, particularly in light of his speech, however, in a later review of his records, there was information which indicated that he had had an audiological examination earlier this year, which found him to be functioning within normal limits.

During testing D██████ had difficulty understanding some instructions, and often would produce responses which indicated that he was clearly off mark. At different times both receptive and expressive language appeared impaired. He confused some letters, reading "D" for "B", also "C" for "S" and "G" for "J". When he needed to repeat words following cues from the examiner, he often repeated the incorrect word, for example: "breen" for "green" and "bround" for "ground". He did not appear to understand opposites, responding "barge" as the opposite of "large", "wrong" as the opposite of "strong" and "you" as the opposite of "true". He consistently wrote "4" backwards. His difficulty with phonics/reading prevented him from successfully responding to items on the Reading Fluency and Writing Fluency subtests.

D██████ disclosed to this examiner that he lives with his mother, father, 3 sisters and 3 brothers. He was able to name them and count on his fingers as he went along. He stated that he does not like McCogney because " the teachers holler, the food is cold, and there are roaches". When questioned, he did not admit to having any difficulties with his schoolwork or in terms of behavior. He did indicate that he was retained in the first grade.

## BACKGROUND INFORMATION

A review of his records reveals extensive background information. Most of that will not be repeated except as deemed necessary for this evaluation. R██████ has attended McCogney Elementary School since pre-Kindergarten. A review of his records indicated a history of medical difficulties linked to asthma. He has had hospitalizations related to this condition, requires frequent breathing treatments, and in addition has a sleep disorder. It is reported that one of his lungs is smaller than the other, and that he is allergic to mold and dust and may also be affected by chemicals in the air. He has been prescribed several different medications to address the asthmatic condition, the sleep disorder as well as Attention Deficit Hyperactivity Disorder. He was diagnosed with ADHD and Oppositional Defiant Disorder early this year (2003). The medication makes him sleepy.

FROM :

W████ Page 3

D████d's records also indicate a long-standing problem with attendance. However, it appeared that most of his absences were linked to his asthmatic condition. However, for the record, the following is reported: 56 absences during his pre-K year (1999-2000); 78 absences during the Kindergarten year (2000-2001); 102 absences during his first year in the first grade (2001-2002) and approximately 85 absences for the school year 2002-2003.

There are many concerns surrounding D████s academic performance. He was not able to acquire the necessary skills for the first grade as he missed a great deal of instruction during the pre-K and Kindergarten years and has been struggling. His areas of greatest difficulty are reported to be phonics and reading. He is reportedly unable to sound out words. He has had much more success with math where he can solve grade appropriate number problems, but is unable to handle simple word problems.

Later reports indicate some concerns with his behavior in the classroom, with some aggression noted toward his peers, as well as some defiance toward the adults in the school environment.

*This evaluation forms part of a multidisciplinary evaluation. Please refer to Parent Interview/ Social History, and Speech and Language reports for additional background information.*

## TEST RESULTS AND INTERPRETATION
### The Woodcock-Johnson III (WJ III)
The WJ III is made up of two distinct, co-normed batteries. These are the WJ III Tests of Cognitive Abilities (WJ III COG) and the WJ III Tests of Achievement (WJ III ACH). These two batteries together provide a wide age range and a very comprehensive system for use in measuring general cognitive abilities, oral language, as well as academic achievement. A single sample was used to obtain normative data for both the cognitive and the achievement tests. By so doing, the researchers ensured that the batteries can function together as an accurate and valid diagnostic system. An extensive computer scoring system provides standard scores, percentiles, age equivalents, grade equivalents as well as ability/achievement discrepancies.

The WJ III can be administered to individuals ranging in age from 2 to adult. The data for norms were obtained from a large nationally representative sample of 8818 subjects in over 100 geographically diverse communities in the United States. There is a Standard and an Extended Battery available in each of the Tests thus providing a total selection of twenty subtests available on the WJ III COG and twenty-two available on the WJ III ACH.

Selections from the Standard Battery of each of the Tests were administered to this student.

FROM :

V██████ Page 4

Cognitive Functioning
Woodcock-Johnson III Tests of Cognitive Abilities – (WJ III COG)

WJ III COG RESULTS

| Subtests | Standard Scores | Grade Equiv. | Percentile |
|---|---|---|---|
| Verbal Comprehension | 78 | K.2 | 7 |
| Visual-Auditory Learning | 71 | <K.0 | 3 |
| Spatial Relations | 97 | 1.4 | 43 |
| Sound Blending | No score available | | |
| Concept Formation | No score available | | |
| Visual Matching | 94 | 1.5 | 34 |
| Numbers Reversed | 91 | 1.0 | 28 |

| CLUSTERS: | |
|---|---|
| Verbal Ability | 78 |
| Thinking Ability | 45 |
| Cognitive Efficiency | 92 |
| General Intellectual Ability (GIA) | 60 |

Overall, D██████ scored in the Very Low range when compared to his grade peers. He obtained a General Intellectual Ability score of 60. However, as can be seen above, there were two subtests in which no scores were available as he did not appear to understand what was required despite repeated directions and assistance working through sample items. One is a test of auditory processing measuring skills in synthesizing sounds, while the other involves reasoning based on logic and also measures flexibility in thinking. These subtests contribute to the General Intellectual Ability score, and so his overall GIA score was affected. D██████'s Verbal Ability was in the Low range (78), while his Thinking Ability was in the Very Low range (45). This cluster represents functioning in four areas – long-term retrieval, visual-spatial thinking, auditory processing and fluid reasoning. Two of these areas were those indicated above where he was unable to respond to the items, which again contributed to the lowered Thinking Ability cluster score. When his cognitive abilities are compared, D██████ demonstrated a significant weakness in thinking ability. His Cognitive Efficiency, however, was in the Average range. This cluster score is an indication of the individual's ability to process information automatically. It consists of the scores on a test of processing speed (Visual Matching), and a test of short-term memory (Numbers Reversed).

187

FROM :

 Page/5

Academic Functioning
Woodcock-Johnson III Tests of Achievement (WJ III ACH)

WJ III ACH RESULTS

| Subtests | Standard Scores | Grade Equiv. | Percentiles |
|---|---|---|---|
| Letter-Word Identification | 75 | 1.0 | 6 |
| Reading Fluency | No score available | | |
| Story Recall | 89 | K.6 | 23 |
| Calculation | 87 | 1.2 | 20 |
| Math Fluency | 79 | K.9 | 8 |
| Spelling | 76 | K.7 | 6 |
| Writing Fluency | No score available | | |
| Passage Comprehension | 77 | K.7 | 6 |
| Applied Problems | 90 | 1.2 | 25 |

| CLUSTERS: | |
|---|---|
| Broad Reading | 69 |
| Broad Math | 86 |
| Math Calculation Skills | 86 |
| Academic Skills | 71 |
| Academic Fluency | 71 |

Overall, D████d's Academic Skills were in the Low range with a score of 71. The Academic Skills Cluster score represents basic achievement skills as an aggregate of reading decoding, math calculation, and spelling of single-word responses. As is suggested by the above data, D████ appears to be experiencing difficulties in the areas of Reading, Spelling, Comprehension and Writing. The above data also indicate that no score was available for the Reading Fluency and Writing Fluency subtests. His skills in reading are extremely weak and so he was unable to provide responses on the Reading Fluency subtest even with the assistance provided on the sample items. Similarly the Writing Fluency subtest provided even more of a challenge and again even with assistance on the sample items, he was unable to successfully respond, and testing was terminated on that subtest. His overall Reading score was in the Very Low range (69) and was below what was predicted. Overall, his Math skills including Math Calculation were in the Low Average range and higher than predicted. He demonstrated a good grasp of some basic (single digit) addition skills, was able to solve some (single digit) subtraction word problems with visual cues, but had difficulty adding money (with visual cues). In addition, he was not able to work well under time constraints (Math Fluency subtest) and this was one of the times when he stopped working to inform the examiner (yet again) that he was going to visit his cousin.

W█████ Page 6

## Perceptual-Motor Functioning
**Developmental Test of Visual-Motor Integration (VMI)**
This instrument was designed to measure visual-motor integration, and an individual's
level of coordination of visual and motor functioning. It requires copying geometric
designs. The test was standardized on 2614 children and adolescents from ages 3 through
18. Samples were representative of the 1990 US Census.

D█████ achieved a standard score of 91, which falls within the Average range. When
D█████ is compared to his age peers, his visual-motor integration skills and
coordination of visual and motor functioning are developing adequately at this time.

## Socio-emotional Functioning
This area of functioning was not evaluated as this student carries a diagnosis of
Oppositional Defiant Disorder as well as ADHD.

## SUMMARY/RECOMMENDATIONS
D█████ is a 7 year, 8 month old African American male who currently attends
McCogney Elementary School having gone through the first grade for the second time.
Data obtained from the WJ III COG indicated a General Intellectual Ability score of 60,
which is in the Very Low range. However, there were two subtests on which no score
was available as he appeared not to understand what was required of him. The absence of
these scores contributed to his low score overall and so the GIA obtained is probably not
a true indication of his cognitive potential but rather represents his current daily
functioning. In addition, given the background information available, which indicate
frequent absences, it is likely that D█████ has missed so many opportunities for
learning and for stimulation from his environment that it has taken a toll on his cognitive
development. Although the actual overall score suggests functioning in the mentally
deficient range, this examiner is of the opinion that there are several factors that may be
contributing to this lowered functioning. The reader is referred to the background
information in this report and to information in his records for further clarification.

Academically, D█████ is not achieving at a grade appropriate level. Given the fact that
he has repeated the first grade, his skills in certain areas should be stronger than they are
currently. It is clear that once again his inability to consistently access daily instruction
over the last four years has adversely affected his acquisition of basic skills, which in turn
affects his ability to improve academically. His overall academic skills were found to be
in the Low range. Areas of specific difficulty were Reading, Spelling, Comprehension
and Writing. While overall his math skills were in the low average range, D█████ was
not able to perform well under time constraints (Math Fluency), which for the most part
is a skill acquired in school. No discrepancies were found between his cognitive abilities
and his academic achievement. While his overall reading score was lower than predicted,
the discrepancy was not significant. His achievement on Math and Math Calculation was
higher than predicted.

FROM :

Wilkins Page 7

D████d's visual-motor integration skills appear to be developing adequately at this time. There are concerns about his social and emotional functioning and he currently carries a diagnosis of Oppositional Defiant Disorder and ADHD.

The determination is that at this time, D█████ does not meet the eligibility criteria under IDEA as a student with a learning disability or mental retardation. However it is clear that he needs remediation in all the academic areas in which he is experiencing difficulty. All data must be considered by the multidisciplinary team in order to make a final determination as to his eligibility for Special Education services, specifically, data from the Speech and Language evaluation and medical and other information that is pertinent to his case.

*Marcia C. Stuart/Ph.D.*
Marcia C. Stuart, Ph.D.
Psychologist, DCPS

June 5, 2003

First Home Care Corporation
DC Chartered Health Center
3924 Minnesota Avenue
Washington, D.C. 20019

McGogney Elementary School
RE: W██████ D█████

To Whom It May Concern:

This is to inform you that D█████ W██████ had an initial psychiatric evaluation at this facility on 2/11/03 and had been seen in an ongoing basis. He was given a diagnosis of Attention Deficit Hyperactivity Disorder , Oppositional Defiant Disorder and is receiving somatic treatment to address the ADHD symptomatology. He needs to be monitored in biweekly basis for medication monitoring and implementation of behavior modification strategies.

It is recommended for D█████ █████ to receive special education services in a small classroom setting that can provide structure and supervision.

Thank you for your cooperation on this matter.

Caroline Tan, M.D.
Child & Adolescent Psychiatrist

191

DW-18

Apr 04 03 12:51p    Sharpe Health School    202 576 5166    p.3

82 305

PUBLIC SCHOOLS OF THE DISTRICT OF COLUMBIA

PHYSICIAN'S CERTIFICATE OF PUPIL'S INABILITY TO ATTEND SCHOOL

To the Board of Education:    Date 4-25-03
This is to certify that ███████ ██ ███ -95

M    950 MISS. AVE. SE.    McGogney Elem    1
Sex    Address    School    Grade

has been under my care since _____ and is physically unable to attend school
at this time. This pupil will probably be able to return to school within _____ weeks
or _____ months or _____ years.

(Signed) _____ M.D
Address 3924 Minnesota Ave
Telephone # 202 398 1808

This patient is Asthmetic
and has other allergic
Dermatoses. By history
this illness keeps her away from school frequently.

CONFIDENTIAL STATEMENT

Physician will check appropriate items in the following four columns and fill in diagnosis and
remarks below.
Please provide this student with the needed tutors

| Anatomical Location | Types of Lesions | Degree of Disability | Prognosis |
|---|---|---|---|
| Skin | Physical | Complete | Permanent |
| | | | |
| Head | Mental | Partial | Partial Improvement |
| Eyes | Nervous | | Complete Recovery |
| Ears | Organic | | |
| Throat | Functional | | |
| Joints | Communicable | | D.C. Chartered Health Center |
| Upper Limbs  R  L | Noncommunicable | | 3924 Minnesota Ave., NE |
| Lower Limbs  R  L | Infectious | | Washington, D.C. 20019 |
| Spine | Noninfectious | | Fax # (202) 827-7615 |
| Thorax | Spastic Paralysis | | |
| Lungs | Flaccid Paralysis | | |
| Heart | | | |
| Abdomen | | | |
| Gastro Intestinal Tract | | | |
| Genito Urinary Tract | | | |
| Nervous System | | | |
| General | | | |

Diagnosis and Remarks: Severe Recurrent Allergies

Would the child be able to receive instruction at home by a visiting teacher? _____
Please return to: Sharpe Health School; Route #2 or 4300 13th Street, NW,
Washington, DC  20011; Telephone: (202) 576-6161; Fax: (202) 576-5166

Appendix E

DW-19    192

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
DIVISION OF SPECIAL EDUCATION
825 N. CAPITOL ST., N.E.
WASHINGTON, D.C. 20002

CONFIDENTIAL

SPEECH AND LANGUAGE EVALUATION REPORT

**NAME:** De████ d V█████
**DOB/AGE:** ██/1995 - 7 years, 3 months
**ADDRESS:** 950 Mississippi Avenue, Apt. 2B
            Washington, DC 20032
**SCHOOL:** McGogney Elementary
**GRADE:** 1
**EXAMINER:** Richard Kalunga, MS, CCC-SLP
**TITLE:** Speech-Language Pathologist

## I. Reason for Referral and Background Information

De████ s a 7 year-old male who was referred for a speech and language evaluation by the school MDT. D█████ underwent speech and language assessment on 4/14/03. Please refer to the social history report for comprehensive background information.

De████ was seen by Caroline Tan, M.D. on 3/11/03 and 3/20/03 and diagnosed with ADHD combined, severe type and oppositional defiant disorder. Audiological testing on 2/27/03 revealed normal hearing thresholds and middle ear function. Loud congested breathing was noted and an ENT consult was recommended. D█████ is asthmatic.

## II. Tests Administered

Clinical Evaluation of Language Fundamentals (CELF-3)
Peabody Picture Vocabulary Test-Third Edition (PPVT-III)
Expressive One-Word Picture Vocabulary Test (EOWPVT)
Informal Language Sample

## III. Evaluation Results

### A. Language

De████ s receptive and expressive language skills were formally evaluated using the CELF-3. The CELF-3 provides a measure of receptive and expressive language skills across form and content. The receptive language tasks evaluate the ability to translate spoken word combinations into their intended meanings. The expressive language tasks evaluate the ability to communicate ideas, feelings, or intentions using the spoken word.

CELF-3 provides three norm-referenced composite scores. The CELF-3 Total Language score quantifies D█████ overall language performance. Receptive and Expressive Language scores provide a comparison of performance in these broad areas of language. Each composite score is on a scale that has a mean of 100 and a standard deviation of 15.

Subtest standard scores provide measures of specific aspects of language form and content, and can be used to compare D█████ s performance to performances of others of his age (the norm

193

DW-20

group). Subtest standard scores are on a scale with a mean of 10 and a standard deviation of 3.
The results are tabulated below:

| | Raw Score | Standard Score/SS | Confidence Interval SS (95% Level) | PR | Confidence Interval (SS 95% Level) | S | NCE |
|---|---|---|---|---|---|---|---|
| Sentence Structure | 11 | 4 | 2 to 6 | 2 | 1 to 9 | 1 | 7 |
| Concepts and Directions | 6 | 5 | 4 to 6 | 5 | 2 to 9 | 2 | 15 |
| Word Classes | 0 | 3 | 2 to 4 | 1 | 1 to 2 | 1 | 1 |
| RECEPTIVE LANGUAGE SCORE | — | 53 | 48 to 58 | 1 | 1 to 1 | 1 | 1 |
| Word Structure | 19 | 8 | 7 to 9 | 25 | 16 to 37 | 4 | 36 |
| Formulated Sentences | 4 | 5 | 4 to 6 | 5 | 2 to 9 | 2 | 15 |
| Recalling Sentences | 15 | 5 | 4 to 6 | 5 | 2 to 9 | 2 | 15 |
| EXPRESSIVE LANGUAGE SCORE | — | 75 | 71 to 79 | 5 | 3 to 8 | 2 | 15 |
| TOTAL LANGUAGE SCORE | — | 62 | 59 to 65 | 1 | 1 to 1 | 1 | 1 |
| AGE EQUIVALENT   4 - 11 | | | | | | | |
| *SUPPLEMENTARY SUBTESTS* | | | | | | | |
| Listening To Paragraphs | 7 | 8 | 6 to 10 | 25 | 9 to 50 | 4 | 36 |

Difference between Expressive Language and Receptive Language Scores = 22 (prevalence is less than or equal to 10%)

* PR = Percentile Rank
* S = Stanine
* NCE = Normal Curve Equivalent

## CELF-3 TOTAL LANGUAGE SCORE
D_____'s CELF-3 Total Language score is 62.  This score is within the very low range of functioning.

## CELF-3 RECEPTIVE LANGUAGE SCORE
The Receptive Language score reflects Desmond's ability to process and understand verbal communication. This score is obtained by adding standard scores for three receptive subtests and converting that sum to a standard score. Desmond's Receptive Language score is 53, which is in the very low range of functioning.

## CELF-3 EXPRESSIVE LANGUAGE SCORE
The Expressive Language score reflects D_____'s ability to express himself verbally. This score is obtained by adding standard scores for three expressive subtests and converting that sum to a standard score. Desmond's Expressive Language score is 75, which is in the low range of functioning.

194

*CELF-3 SUBTEST SCORES*

*Sentence Structure*

D████ received a standard score of 4 on the Sentence Structure subtest. This is a receptive language subtest used to measure D████'s understanding of simple, compound, and complex sentences. D████'s score is 1.5 or 2 standard deviations below the mean, which is in the low range of functioning.

*Concepts and Directions*

D████ received a standard score of 5 on the Concepts and Directions subtest. This is a receptive subtest used to evaluate D████ ability to interpret, recall, and execute oral commands of increasing length and complexity. The commands or directions contain concepts of logical operations. ████d's score is 1.5 to 2 standard deviations below the mean, which is in the low range of functioning.

*Word Classes*

D████ standard score on the Word Classes subtest is 3. This is a receptive subtest that is used to evaluate D████ ability to understand word relationships. He was presented with four words per item and had to identify the two words that are related. Desmond's score is 2 or more standard deviations below the mean, which is in the very low range of functioning.

*Word Structure*

D████ received a standard score of 8 on the Word Structure subtest. This is an expressive subtest designed to assess D████'s ability to use primary morphological rules of English in structured elicitation. The use of plurals, pronouns, and regular and irregular verb tenses are targeted in the subtest. Desmond's score indicates average morphological skills.

*Formulated Sentences*

D████ performance on the Formulated Sentences subtest yielded a standard score of 5. This subtest is used to assess D████'s ability to formulate compound and complex sentences. This expressive language subtest required D████ to produce sentences containing specific nouns, verbs, adjectives, adverbs, and conjunctions. D████'s score is 1.5 to 2 standard deviations below the mean, which is in the low range of functioning.

*Recalling Sentences*

D████ standard score on the Recalling Sentences subtest is 5. This subtest is used to evaluate D████ ability to recall and repeat compound and complex sentence structures. D████ score is 1.5 to 2 standard deviations below the mean, which is in the low range of functioning.

*Listening To Paragraphs*

D████ received a standard score of 8 on this subtest. This is a receptive language task that evaluates D████'s ability to interpret information presented in spoken paragraphs. Questions associated with the paragraphs increase in complexity, requiring responses based on factual to inferential information. D████ score is within the average range.

Vocabulary

D████ receptive vocabulary was assessed using the PPVT-III. A standard score ranging from 85 to 115 is considered to be average performance on the test. Desmond obtained a standard score of 80. D████ expressive vocabulary was assessed using the EOWPVT by asking him to name objects, actions, and concepts pictured in illustrations. A standard score ranging from 85 to

195

115 is considered to be average performance on the test. Desmond obtained a standard score of 71.

### B. Phonology and Oral Mechanism

Assessment indicates age appropriate articulatory performance. Furthermore, oral speech mechanism strength, range of motion and motor planning for speech and non-speech acts are age appropriate.

### C. Fluency

Assessment of D█████'s speech fluency indicates no abnormalities in rate, rhythm, or the forward flow of speech.

### D. Voice

Assessment of D█████ vocal functioning revealed normal loudness, rate, range, and pitch relative to age and gender.

### IV. Summary and Recommendations

D█████ a 7-year-old male who was seen for a speech and language assessment on 4/14/03 at McGogney Elementary School. D█████'s speech and language where evaluated using both formal and informal assessment techniques. The formal testing instruments used include the CELF-3, PPVT-III, and EOWPVT. D█████ Total Language score was 62. Desmond's score places his overall language abilities in the below average range. D█████ received a Receptive Language score of 53 and an Expressive Language score of 75. Word structure knowledge and comprehension of short stories are areas of relative strength for D█████. D█████ obtained standard scores of 80 and 71 on the PPVT-III and EOWPVT respectively.

Eligibility for special education services should be determined by an interdisciplinary team following review of all pertinent information including that outlined in this report.

The following are recommended:

1. Obtain De█████ full attention before presenting instruction or key concepts in classroom activities.
2. Use simple, direct language when giving instructions.
3. Provide visual aids to supplement verbal classroom activities.
4. Restate, rephrase, and monitor new vocabulary concepts.
5. Frequently ask D█████ to repeat or rephrase directions or key concepts after they are presented to ensure full comprehension.
6. Expand on D█████ sentences and provide models for more complex utterances.
7. Utilize preferential seating to reduce distractions that may affect D█████'s ability to focus and remain on task.

It has been a pleasure working with D█████. If I can be of further resource, please feel free to contact me through McGogney Elementary School.

Richard Kalunga, MS, CCC-SLP
Speech-Language Pathologist

04/17/03

196

First Home Care Corporation

August 19, 2002

Gladys McGogney Elementary School
3400 Wheeler Road, S.E.
Washington, D.C. 20032

RE: W████, D████

To Whom It May Concern:

This is to inform you that D████ meets the criteria for a diagnosis of Attention Deficit Hyperactivity Disorder, combined type. He is receiving somatic treatment with psychostimulants to address his motoric hyperkinesis, easy distractibility, impulsivity, lack of organizational ability seen in school, home and social settings.

ADHD is a chronic neurobiological disorder that needs a high level of structure, behavioral management techniques and classroom interventions with the help of teachers and parents to use techniques such as positive reinforcement, stimulating instructional aides., and a lower class ratio for a more individualized Attention.

Although D████ chronic medical condition (asthma) has an impact on his school attendance, it is a separate entity from his psychiatric diagnosis as this is not contributing to any existing ADHD symptomatology and must be addressed separately from his medical illness. Therefore, I strongly feel that D████ will benefit to be in a structured, smaller classroom setting with special education services to address his special needs.

Thank you for your continued support on this matter. It is highly appreciated as we are all working for the best interest of the child.

Yours truly,

Caroline Tan, M.D.
Child and Adolescent Psychiatrist

DW-21

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## STATE ENFORCEMENT & INVESTIGATONS DIVISION
### (202) 442-5432 (phone); (202) 442-5556(fax)

In the Matter of:             )

D█████D W███          )

Date of Birth: █████95      ) **TO:**     Ms. W. Green, VIS Teacher

             v.          )        Melvin Sharpe Health School

                      )        4300 13th Street, NW

                            Washington, DC 20011

                            202-576-6161 (ph)

DCPS                  )

Respondents         )

## NOTICE TO APPEAR AT DUE PROCESS HEARING

      Please be informed that you are commanded to appear in person and under oath to give testimony at the request of __Jessica M. Smith, Esq. and Carrie Wilkins_____ at the due process hearing for ____D█████d W████_____ to be conducted at 825 North Capitol Street, NE, 8th Floor. Washington, DC 20002 on <u>Friday, August 25, 2006</u> between the hours of <u>9:00AM – 11:00AM.</u> If the matter is continued to an alternative date by order of the hearing officer, your physical presence will be required on that date and you will be so notified.

      The exact time of your testimony cannot be determined prior to the date of the hearing, because it is dependent upon many factors. Under the hearing rules please be aware that you might be excluded from the hearing room prior to your testimony. You are welcome to bring reading material or such other activities as you may need to pass the time waiting.

      This Notice to Appear is issued pursuant to the authority found in 20 U.S.C. § 1415 (h)(2), 5 DCMR §3031.1(b) (D.C. Register, Feb. 28, 2003) and "The Special Education Student Hearing Office Due Process Hearing Standard Operating Procedures," final version February 8, 2006, Section 800.1 (4).

      The parent's attorney is <u>Jessica M. Smith, Esq.</u> If you have questions, you may call her at

<u>703-739-4300 x 227</u>, or by mail at her office <u>1008 Pendleton Street, Alexandria, VA 22314</u>. The attorney for DCPS is <u>Tiffany Puckett, Esq.</u> in the Office of General Counsel, DCPS, 825 North Capitol Street, NE, 9th Floor, Washington, DC 20002, (202) 442-5000.

_____

      Impartial Hearing Officer *Date:* _____

# FAX TRANSMISSION COVER SHEET
**Dalton, Dalton & Houston P.C.**
**Attorneys at Law**
**1008 Pendleton Street**
**Alexandria, Virginia 22314-1837**
**(703) 739-4300**
**FAX (703)739-2323**

**DATE:**     August 16, 2006

**TO:**     Chief Hearing Officer David Smith, Student Hearing Office

**AT FAX:**     202-442-5556

**FROM:**     Jessica M. Smith, Esq.

**RE:**     De████ Wi████ Notice to Appear

**NUMBER OF PAGES INCLUDING THIS PAGE:**     3

---

**COMMENTS:**

The Expedited Hearing has been scheduled for 8/25/06 at 9am.

Please fax back a signed copy and I will serve it on the witness and opposing counsel.

Thank you.

*****************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
*****************************************************************

```
┌─────────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT       │
└─────────────────────────────────────────┘
                        TIME  : 08/22/2006 09:08
                        NAME  : STUDENT HEARINGS OFF
                        FAX   : 2024425556
                        TEL   : 2024425432
                        SER.# : BROH3J608601
```

```
┌────────────────────────────────────────────────────────┐
│   DATE,TIME          08/22  09:07                        │
│   FAX NO./NAME       917037392323                        │
│   DURATION           00:00:27                            │
│   PAGE(S)            02                                   │
│   RESULT             OK                                   │
│   MODE               STANDARD                            │
│                      ECM                                 │
└────────────────────────────────────────────────────────┘
```

Aug.16. 2006 11:36AM    Dalton, Dalton,& Houston                    No.5622    P. 1

### FAX TRANSMISSION COVER SHEET
**Dalton, Dalton & Houston P.C.**
**Attorneys at Law**
**1008 Pendleton Street**
**Alexandria, Virginia 22314-1837**
**(703) 739-4300**
**FAX (703)739-2323**

**DATE:**        August 16, 2006

**TO:**        Chief Hearing Officer David Smith, Student Hearing Office

**AT FAX:**    202-442-5556

**FROM:**    Jessica M. Smith, Esq.

**RE:**        De████ W████ Notice to Appear

**NUMBER OF PAGES INCLUDING THIS PAGE:**        3

**COMMENTS:**

The Expedited Hearing has been scheduled for 8/25/06 at 9am.

Please fax back a signed copy and I will serve it on the witness and opposing
counsel.

200



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

*Office of the Superintendent*
**Office of the General Counsel**
*825 North Capitol Street, N.E., 9th Floor*
202-442-5000   Fax # 202-442-5098
*www.k12.dc.us*

August 15, 2006

Jessica Smith, Esq.
Dalton, Dalton, and Houston
1008 Pendleton Street
Alexandria, VA 22315

**DISCLOSURE STATEMENT AND \*\*MOTION TO COMPEL**

**VIA FACSIMILE 703/739-2323**

**Subject: Due Process Hearing for D██████ W██████**
**DOB:** ██████-95

Dear Mr. Shahid:

At the upcoming due process hearing in the above-referenced matter, scheduled for Friday, August 25, 2006 at 9:00 a.m., and pursuant to 34 C.F.R. 300.509(a)(3), DCPS may rely upon any of the following witnesses/documents[1]:

### Witnesses

Valerie Powell, or his designee(s), Principal, Marshall Elementary School, DCPS
Tiffany Batson, or her designee(s), Special Education Specialist, Marshall Elementary School, DCPS
Jeff Kaplan, or his designee(s), Office of Mediation and Compliance, Office of Special Education, DCPS
Compliance Specialist for Marshall, or designee(s), Office of Mediation and Compliance, Office of Special Education, DCPS
Ms. Aremo, or her designee(s), Special Education Teacher, Marshall Elementary School, DCPS
Ms. Day, or her designee(s), General Education Teacher, Marshall Elementary School, DCPS
Student's Current Special Education Teacher, or designee(s), Marshall Elementary, DCPS
Student's Prior Special Education Teacher, or designee(s), Marshall Elementary, DCPS
Student's Current General Education Teacher, or designee(s), Marshall Elementary, DCPS
Student's Prior General Education Teacher, or designee(s), Marshall Elementary, DCPS

---

[1] Witnesses may testify by telephone.

*Children First*

201

DCPS Office of the General Counsel
Page 2

Ms. Williams, or her designee(s), School Psychologist, Marshall Elementary School, DCPS

D. Byrd, or her designee(s), School Psychologist, Marshall Elementary School, DCPS

Ms. Williams, or her designee(s), Speech Pathologist, Marshall Elementary School, DCPS

Chanda Saunders-Jackson, or her designee(s), School Psychologist, Marshall Elementary School, DCPS

Swanna Shah, or designee(s), Social Worker, DCPS

Jennifer Penn, or designee(s), School Psychologist, Marshall, DCPS

Aaron Large, or designee (s), General Education Teacher, Marshall, DCPS

Cassandra Pope, or designee(s), General Education Teacher, Marshall, DCPS

Janet Adams, or designee(s), General Education Teacher, Marshall, DCPS

Rosalina Salvidar, or designee(s), General Education Teacher, Marshall, DCPS

John Fedewa, or designee(s), General Education Teacher, Marshall, DCPS

Rachel Payne, or designee(s), Social Worker, DCPS

** Parent, DCPS intends to call the parent as a witness.  DCPS requests that mother attend the hearing.  Pursuant to 34 C.F.R. 300.509(a)(2) and 5 DCMR 3031.1(b), DCPS hereby compels the attendance of the above witness.

**Documents***

DCPS reserves the right to examine any witnesses called or identified as a potential witness by the representative of the student as though the witness was called by DCPS.

DCPS reserves the right to rely upon and /or use any documents/witnesses presented and/or disclosed by the parent that DCPS deems relevant in this case.  Also, DCPS reserves the right to call rebuttal witnesses in its case.

* DCPS reserves the right to rely upon and/or use documents from prior disclosures submitted by parent and DCPS regarding this student.

If you wish to discuss any aspect of this case further, or have questions, please contact me at (202) 442-5000.

Sincerely

Tiffany Puckett
Attorney Advisor

cc: Student Hearing Office

*Children First*

# District of Columbia Public Schools
### *State Enforcement & Investigation Division*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556

*X EXPEDITED HEARING*



### HEARING NOTICE

MEMORANDUM VIA: [ X ] FACSIMILE [ ] MAIL [ ] HAND DELIVERY

Parent (or Representative): **J. SMITH**          Fax No.: **(703) 739-2323**

LEA Legal Counsel: **T. PUCKETT**

**W———S, D———**          and (LEA) DOB: _____
Student's Name

FROM: **SHARON NEWSOME**
Special Education Student Hearing Office Coordinator

DATE SENT: **8/9/06**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on
**8/9/06** . Please be advised that the hearing has been scheduled for:

*EXPEDITED HEARING*

DATE: **8/25/06**

TIME: **9:00 Am**

AT:    825 North Capitol Street, NE, Washington, DC
8th Floor

ASSIGNED HEARING OFFICER: _____

THIS IS A FINAL NOTICE OF HEARING: If you wish to request a continuance of this hearing, you must submit your request in *ing on the attached form* to the Special Education Student Hearing Office at the above address, or by fax at 202 442-5556. All ~~sions~~ regarding continuances are made *exclusively* by the Hearing Officer, and cannot be made by SHO administrative staff. ~~less~~ you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as ~~duled~~ above.

 THIS IS A PROVISIONAL NOTICE OF HEARING: The SHO was unable to accommodate any of your proposed dates. If you ~~un~~available for the above date, you must inform the SHO in writing (letter or fax) that the date is unavailable and specify times ~~ng~~ the next four business days when you are either available or unavailable for a teleconference with the Hearing Officer. If the ~~O~~ does not receive a response from you within three business days of your receiving this provisional notice, the notice becomes a ~~l~~ notice of hearing that may be modified with only a request for a continuance.

~~ure~~ to appear for a properly scheduled hearing may result in dismissal of the case or a default judgment against you. Disclosure of ~~ence~~ and witnesses to the opposing party is required at least *five business days* prior to the hearing with copies to the Special ~~cation~~ Student Hearing Office.

203

```
TRANSMISSION VERIFICATION REPORT

                              TIME  : 08/10/2006 07:20
                              NAME  : STUDENT HEARINGS OFF
                              FAX   : 2024425556
                              TEL   : 2024425432
                              SER.# : BROH3J608601


        DATE,TIME              08/10  07:20
        FAX NO./NAME           97037392323
        DURATION               00:00:19
        PAGE(S)                01
        RESULT                 OK
        MODE                   STANDARD
                               ECM
```

# District of Columbia Public Schools
## *State Enforcement & Investigation Division*
### STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556



X EXPEDITED HEARING

### HEARING NOTICE

MEMORANDUM VIA: [X] FACSIMILE [ ] MAIL [ ] HAND DELIVERY

TO (Parent's Representative): __J. SMITH__   Fax No.: _(703) 739-2323_

LEA Legal Counsel: __T. PUCKETT__

RE: __████S, D████__ and (LEA) DOB: _____
       Student's Name

FROM: __SHARON NEWSOME__
       Special Education Student Hearing Office Coordinator

DATE SENT: __8/9/06__

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on __8/7/06__. Please be advised that the hearing has been scheduled for:

EXPEDITED HEARING 204

DATE: __8/25/06__

TIME: __9:00 Am__

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

In the Matter of:                              )        BEFORE A SPECIAL EDUCATION
▊▊▊▊ ▊ ▊▊▊▊▊                    )
                                               )        INDEPENDENT HEARING OFFICER
_____               )
                *Petitioner*                   )
                                               )
D C P S ᴺˢ·                                    )        STATE EDUCATION AGENCY
_____               )
                *Respondent*

ON THIS DAY came on to be heard ___*Petitioner*_____'s Motion

*Expedited Hearing*_____ in the above styled cause.

## ORDER

After reviewing the evidence, the Motion is:

_____ **DENIED.**

___✓___ **GRANTED:**

_____ **OTHER:**

The hearing is scheduled for 8-25-06
at 9:00 A.M. for one time slot.

_____

_____

_____

_____

_____

_____

_____

SIGNED: this date  8 - 9 - 0 6
_____

Issue Date: 8/9/06                          Impartial Special Education Hearing Officer

Original to SHO – Student's File
Copy To:        Parent' - C/O:  _Jessica Smith, Esq._
                DCPS - C/O:     _Tiffany Puckett / Esq_
                Charter School - C/O: _____

205

# STATE EDUCATION AGENCY
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

| | | | |
|---|---|---|---|
| In the Matter of: | | ) | BEFORE A SPECIAL EDUCATION |
| | | ) | |
| W█████ D. | Petitioner | ) | |
| | | ) | HEARING OFFICER |
| Vs. | | ) | |
| | | ) | |
| DCPS | | ) | |
| Thurgood Marshall EC | | ) | DISTRICT OF COLUMBIA |
| | | ) | |
| Respondent | | ) | PUBLIC SCHOOLS |

# EXPEDITED SCHEDULING MEMORANDUM

1.     A due process complaint notice and request for due process hearing has been received by the Student Hearing Office in the State Enforcement & Investigation Division. Pursuant to 20 U.S.C. § 1415(f)(1)(B), prior to the opportunity for an impartial due process hearing, the Local Educational Agency shall convene a resolution meeting with the parent(s) and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint <u>within 15 calendar days of receiving notice of the parents' complaint</u>. The meeting shall include a representative of the Local Educational Agency who has decision-making authority. The Local Education Agency is responsible for scheduling the resolution meeting in consultation with the parent. **The Student Hearing Office does not schedule or participate in resolution meetings**.

2.     The complaint notice was filed on **August 9, 2006.**

3.     The deadline for the resolution meeting is  **August 19, 2006** unless the parent and Local Educational Agency agree in writing to waive such meeting, or agree to refer the case to a mediator for mediation.

## RESPONSE TO THE COMPLAINT

A.     ***Prior Written Notice Not Issued by the Local Educational Agency***. If the Local Educational Agency has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint notice, the Local Educational Agency shall, <u>within 10 days of receiving the complaint</u>, send to the parent a response that shall include:

1.     An explanation why the Local Educational Agency proposed or refused to take action raised in the complaint;
2.     A description of other options that the IEP Team considered and the reasons why those options were rejected;
3.     A description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and

Rev'd. 7/6/05

4.      A description of the factors that is relevant to the agency's proposal or refusal.

B.      Prior written notice, if not already provided to the parent, must be sent by the Local Educational Agency to the complaining party no later than **August 19, 2006**.

C.      _**Deficiency Notice**_.  A complaint notice shall be deemed sufficient unless the party receiving the notice notifies the Student Hearing Office and the complaining party in writing, within 15 days of receiving the notice of the complaint, that the complaint does not satisfy the notice requirements specified in 20 U.S.C. 1415(b)(7)(A).

D.      The deadline for filing a deficiency notice is **August 19, 2006**.

## DUE PROCESS HEARING

Pursuant to 20 U.S.C. § 1415(f)(1)(B)(ii) if the Local Educational Agency has not resolved the complaint to the satisfaction of the parents within 30 days of the receipt of the complaint, the due process hearing may occur, and all applicable time lines for scheduling a due process hearing will commence.  A final hearing officer's decision must be issued within 45 days from the expiration of the 30-day resolution period.

## QUESTIONS AND INFORMATION

The staff with the Student Hearing Office does not provide legal advice.  The parties should consult with legal counsel or other representative to answer any legal questions about your rights, duties, and responsibilities under the law.  The school or the Local Education Agency responsible for scheduling the meeting will provide information about the time, date, and location of the resolution meeting.

Complaint Intake Unit
825 North Capitol Street, NE- 8th Fl.
Washington, DC 20002
(202) 724-6556

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
State Enforcement & Investigation Division
For Special Education Programs

 **Fax**

# Time Sensitive Materials Attached

### Prompt Attention: Attorney: Jessica Smith, Esq.
### Parent: **Carrie Wilkins**

Telephone Number: **(703) 739-4300**          Pages: **3**
Fax Number: **(703) 739-2323**          Date: **August 9, 2006**

---

**Please find attached a copy of a Scheduling Memorandum regarding:**

Student: **D‌‌‌‌‌‌‌‌‌d W‌‌‌‌‌‌‌**
School: **Thurgood Marshall EC**

The Complaint Intake Unit is responsible for providing parties with
information notice that a Due Process Complaint has been filed with the
Student Hearing Office.  If you have questions about the attached Notice,
please contact the Complaint Intake Unit at (202) 724-6556.  Otherwise, if
you have questions about the content of the compliant you should contact
your legal counsel for further advice.

**Thank You**
**Pamela Brown**

The document(s) accompanying this telecopy transmission contains confidential information that Is legally privileged.  The information is intended only for use of the individual or entity named Above, if you are not the intended recipient you are hereby notified that any disclosure, copying, Distribution or the taking of any action in reliance of the contents of this copied information is Strictly prohibited.  If you receive this telecopy in error, please immediately notify us by telephone For return of the original document to us.

| TRANSMISSION VERIFICATION REPORT |
|---|

```
                                   TIME  : 08/06/2006 00:07
                                   NAME  : STATE ENFORCEMENT
                                   FAX   : 2024425253
                                   TEL   :
                                   SER.# : 000D6J436181
```

```
DATE,TIME                08/06  00:06
FAX NO./NAME             97037392323
DURATION                 00:00:57
PAGE(S)                  03
RESULT                   OK
MODE                     STANDARD
                         ECM
```

Complaint Intake Unit
825 North Capitol Street, NE- 8th Fl.
Washington, DC 20002
(202) 724-6556

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
State Enforcement & Investigation Division
For Special Education Programs



# Fax

# Time Sensitive Materials Attached

**Prompt Attention: Attorney: Jessica Smith, Esq.**
**Parent: Carrie Wilkins**

Telephone Number: **(703) 739-4300**
Fax Number: **(703) 739-2323**

Pages: **3**
Date: **August 9, 2006**

---

**Please find attached a copy of a Scheduling Memorandum regarding:**

Student: **D██████d W██████**
School:  **Thurgood Marshall EC**

The Complaint Intake Unit is responsible for providing parties with
information notice that a Due Process Complaint has been filed with the
Student Hearing Office.  If you have questions about the attached Notice,
please contact the Complaint Intake Unit at (202) 724-6556.  Otherwise, if
you have questions about the content of the compliant you should contact
your legal counsel for further advice.

**Thank You**
**Pamela Brown**

209

Law Offices

# DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile: (703)-739-2323
E-MAIL: J.Smith@DaltonLaw.com

Paul S. Dalton* +
Ellen Douglass Dalton*+
William E. Houston^+°
Laura E. Duos~+
Jessica M. Smith¥

* ADMITTED IN VA & W.VA
+ ADMITTED IN D.C.
^ ADMITTED IN PA.
~ ADMITTED IN MD.
° ADMITTED TO THE U.S. SUPREME COURT

Washington DC Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

August 3, 2006

Mr. David Smith, Esq.
Student Hearing Office
825 North Capitol Street, N.E.
Washington, DC 20002

**VIA FAX: 202-442-5556**

Ms. Sharon Newsome
Student Hearing Office
825 North Capitol Street, N.E.
Washington, DC 20002

Re:    De███ W███ DOB: ███95

Dear Mr. Smith and Ms. Newsome:

A Motion for Expedited Hearing was filed on behalf of D███ W███ on June 27, 2006. The Motion had Hearing Officer Butler-Truesdale's name on it because she had previously heard the case and issued an HOD on June 2, 2006; thus, included with the Motion was a Status Report on the current status of the case. However, since Hearing Officer Butler-Truesdale does not schedule hearings or grant Motions for Expedited Hearings, a copy of the Motion was also filed with Ms. Newsome and Chief Hearing Officer Smith on June 27, 2006. (See attached.)

It has been over 30 days since the Motion was filed. To date, I have not been informed as to whether this Motion has been granted and I have not been provided with a Scheduling Memorandum. Ms. Tiffany Puckett, Esq. from the Office of General Counsel and myself agree that it would be beneficial for Hearing Officer Butler-Truesdale to retain jurisdiction over this case, if possible, since she has heard the facts previously.

---

¥ *Admitted only in Virginia. Practicing in D.C. pursuant to Rule 49(c)(8): Supervision by Ellen Douglass Dalton and Paul S. Dalton, Members of the D.C. Bar.*

It would be much appreciated if you could please inform me as to the status of the pending Motion and scheduling of the hearing. Thank you for your assistance in this matter. Please contact me with any questions or concerns.

Sincerely,

Jessica M. Smith, Esq.

Enclosed:    Motion for Expedited Hearing with exhibits 1-5 and fax confirmations

cc:    Ms. Carrie Wilkins, Mother
       Ms. Tonya Butler-Truesdale, Hearing Officer
       Ms. Tiffany Puckett, OGC

2

211

STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA STATE
ENFORCEMENT AND INVESTIGATION DIVISION (SEID)
SPECIAL EDUCATION PROGRAMS

Carrie Wilkins, on behalf of )
D███ W█████ )
 )
                    Petitioner, )
 )                          Hearing Officer Tonya M. Butler-Truesdale
 )
v. )
 )
District of Columbia Public Schools )
            ("DCPS"), )
 )
                    Respondent. )
_____ )

## STATUS REPORT AND MOTION FOR EXPEDITED HEARING

COMES NOW, Petitioner, by and through counsel, and files this status report to inform
the Hearing Officer of recent events occurring after the Hearing on May 22, 2006 and to
**REQUEST AN EXPEDITED DUE PROCESS HEARING.**  The Status Report and reasoning
for the instant Motion are as follows:

Student:            De███ W████, DOB: ███/95

Petitioner:         Carrie Wilkins, Mother

Residence:          2909 South Dakota Ave, NE
                    Washington, DC 20018

Attending School:   Thurgood Marshall Educational Center, DCPS

Petitioner's Counsel: Jessica M. Smith, Esq., Dalton, Dalton, & Houston, PC
                    1008 Pendleton Street
                    Alexandria, VA 22314
                    703-739-4300 (p), 703-739-2323 (f), j.smith@daltonlaw.com

Complaint Against:  DCPS, Thurgood Marshall

Petitioner wishes to waive the Resolution Session.

Counsel for Petitioner will attend the Resolution Session if one is scheduled.

212

## I.     Factual Background

On July 12, 2005, a due process Hearing was held for De███ Wi███ De███ suffers from severe respiratory distress and bronchial asthma, such that he is often unable to go outside or physically attend school. Thus, the Petitioner was seeking home bound services for Desmond on days when he was too sick to go to the school building. At the Hearing, the Petitioner and DCPS reached a settlement agreement and this Hearing Officer entered the settlement on the record and incorporated it into an HOD dated July 22, 2005. The HOD ordered DCPS to convene an MDT / IEP meeting to review evaluations and medical documents, revise the IEP as necessary, and discuss and determine placement and compensatory education. All meetings were to be scheduled through the Petitioner's counsel. Six months later, DCPS had still not scheduled the MDT / IEP meeting. Thus, the Petitioner filed another Due Process Complaint Notice on January 26, 2006 for failure to hold the HOD ordered meeting.

On May 2, 2006, DCPS held a Resolution Meeting in an attempt to resolve the pending Complaint. At the Resolution Meeting, the Petitioner wanted to go forward with the HOD Ordered MDT meeting, however DCPS stated that they could not go forward with an MDT meeting at that time because "the local school can not in good faith agree to provide home school specialized instruction and speech and language services." Pet's Ex. 1 at 2. DCPS agreed to "convene an IEP meeting where the parties who are capable of making these decisions will be in attendance." *Id.* The IEP meeting was scheduled for May 23, 2006. However, the due process Hearing was scheduled for the day prior on May 22, 2006.

The Hearing was held on May 22, 2006. At the Hearing, the special education coordinator at D████s school, Ms. Tiffany Batson, testified under oath that the school was convening the IEP meeting the next day, May 23, 2006, and that all persons needed to make the decisions regarding all issues, including providing home bound instruction, would be present at the meeting.

## II.     Events Occurring After the Hearing

The MDT / IEP meeting was convened on May 23, 2006 at D███s school, Thurgood Marshall Elementary. *See* Pet's Ex. 2. Present for the meeting was the Petitioner and her counsel, Ms. Batson, and De███s regular education teacher and special education teacher. The Principal at Thurgood Marshall also participated briefly and the speech and language pathologist arrived towards the end of the meeting. During the meeting, the Petitioner expressed her concerns that D███is not learning because when his asthma and respiratory conditions act up he cannot go to school, but rather has to stay home. Ms. Wilkins, the Petitioner, expressed that while *she* gives D████ some work to do, she is not equipped to teach him and has had to quit three jobs in order to stay home with him. The Petitioner feels that De███is being treated as a "throw-away child" because she has tried numerous times to get DCPS to provide home bound instruction, but he has never received it. Rather, when D███is sick, he stays at

2

213

home with nothing to do. This is also impacting his social and emotional well-being because he has no goals to strive for and nothing to look forward to.

The general education teacher, Ms. Whitaker, stated that she has been concerned about D⬛⬛ for the last two years. She further stated that D⬛⬛ has not progressed at all due to his absences caused by his medical condition. It is difficult for her to test his abilities but that she believes he is on a 2nd grade level (D⬛⬛ is currently in the 4th grade). Additionally, Ms. Whitaker stated that this lack of progress has been negatively impacting his self-esteem. The special education teacher, Ms. Aremo, stated that D⬛⬛ reads on a 2nd grade level and that he has the potential to learn but the lack of instruction due to the absences has hindered him. Additionally, the speech and language pathologist, Ms. Williams, stated that De⬛⬛'s progress has been stunted due to his absences and that he needs one-on-one assistance.

The team updated De⬛⬛'s IEP and included bronchial asthma in his OHI classification. *See* Pet's Ex. 3. The team also determined that D⬛⬛'s triennial evaluations were due. Ms. Batson stated that a speech and language evaluation and educational evaluation would be completed over the summer. The Petitioner also requested a psycho-educational evaluation. While Ms. Batson did not agree to perform a psycho-educational evaluation, she stated that the school psychologist would review the prior psycho-educational from August 7, 2003.

**The team was in agreement that D⬛⬛ needs at home tutoring when his absences are excessive due to his medical condition.** The Petitioner proposed that when D⬛⬛ is absent due to his condition for three (3) consecutive days, that the Petitioner would notify the school and the school would send a tutor to his home until he was better and able to attend school again. If absences were less than three (3) consecutive days, then work packets would be sent home. Additionally, the speech and language services would be sent home when D⬛⬛ was absent. The school, however, would not agree to implement this plan. Rather, **Ms. Batson stated that she cannot authorize or implement home tutoring.** The parent then asked for the Principal to be called into the meeting to authorize the tutoring. The Principal came into the meeting and also stated that Thurgood Marshall could not authorize or implement home tutoring. **Therefore, despite the Resolution Meeting notes and Ms. Batson's testimony at the Hearing that the people capable of making these decisions regarding home bound services would be at the MDT meeting, no such person was present.**

Ms. Batson stated that the only service available for De⬛⬛'s needs is the Visiting Instruction Services (VIS) located in Sharpe Health Center. However, she stated that VIS is only given on an interim basis. VIS is not a continuing services and will cease when D⬛⬛ returns to school after a stretch of being absent. VIS is geared toward students who require homebound on a one time interim basis, not for students with continuous periods of absences like D⬛⬛ Additionally, VIS is not given during the summer months. The Petitioner agreed that she would submit the paperwork to VIS, since it was the only option presented by DCPS, but insisted that this was not enough for De⬛⬛

*[handwritten margin note: notice to DCPS of placement issue]*

3

214

The team then discussed compensatory education. Ms. Batson offered to add up the hours D███████ missed and then create a plan to make up for it. However, compensatory education should not be a mathematical equation, but rather must provide instruction that will bring D██████ to the level he would be at (which is a 4th grade level) but for the educational deficiency he has suffered by not being provided services when he is sick. *See Reid v. District of Columbia*, 401 F.3d 516 (D.C. Cir. 2005). Rather than do an hour-for-hour equation, Petitioner's counsel proposed that a summer program be implemented to make up for the lack of services and then D██████ould be re-tested after the compensatory education was implemented to see how much progress he made and if more compensatory education was warranted to bring him up to the level he should be at. **The team agreed to provide four hours per day of compensatory education for five weeks over the summer, which would include specialized instruction and speech and language services.** DCPS, however, would not authorize home tutoring for this compensatory education plan, but rather insisted that in order for D██████ to get the four hours per day for five weeks, that he must attend the summer school program at Thurgood Marshall. The Petitioner tried to reiterate that D██████is unable to physically be at school due to his medical condition. However, Ms. Batson stated that they would only provide the compensatory education at the summer school site. *See Pet's Ex. 2 at 3-5.*

After the meeting, the Petitioner contacted the VIS program for home bound tutoring services. Home bound services started for D██████ on May 30, 2006 and ended on June 14, 2006, because the home tutoring available through VIS does not continue through the summer. Home bound instruction was provided to D██████for two weeks, two days per week, for two hours per day, essentially for only 8 hours this school year. Ms. W. Green, the VIS teacher, stated that D██████needed more home bound instruction, but that she could not provide it to him as VIS ends at the end of the school year. The home bound instruction ended June 14, 2006. For the entire 2005-2006 school year, D██████ has not received home bound instruction when he is absent due to his medical condition, and he has not received his speech and language services. Additionally, he is not receiving any of the compensatory education that is warranted.

### III.    Hearing Officer's Determination Issued on June 2, 2006

After the May 22, 2006 Hearing and after the May 23, 2006 MDT meeting, this Hearing Officer issued an HOD on June 2, 2006. *See Pet's Ex. 4.* The HOD ordered DCPS to convene an MDT meeting within 14 calendar days of the HOD to discuss compensatory education, review evaluations and medical documentation, to consider adding SLI and OHI as classifications, and determine placement. As stated above, the MDT meeting was held on May 23, 2006, prior to the issuance of the HOD, and the team discussed evaluations, updated the IEP[1], and discussed compensatory education and placement.

---

[1]      The team added bronchial asthma to Desmond's disability classification of OHI, which also includes ADHD. However, due to the out-of-date evaluation and Desmond not receiving his services this year, the team did not have enough information to determine whether Desmond should also be classified speech and language impaired.

4

215

Since the meeting ordered in the HOD had already taken place, counsel for Petitioner sent a letter to Ms. Batson outlining what the HOD ordered and reiterating what occurred at the May 23, 2006 MDT meeting. *See* Pet's Ex. 5. The letter also restated the Petitioner's position stated at the meeting, that D████ needs home instruction, and DCPS's position stated at the meeting, that they cannot authorize home instruction. The letter concluded that if DCPS's position on the matter had changed, that Ms. Batson should send a letter of invitation and the team could reconvene, but that if DCPS's position remained the same, that they could not authorize the services the Petitioner requires, that there was no need to reconvene the meeting. As of the filing of this Motion, no one from DCPS has contacted the Petitioner's counsel regarding this meeting and the 14 days has past.

## III.    Allegations

The Petitioner alleges the following:

1.    DCPS denied D████ a FAPE by failing to convene an appropriate IEP meeting with all necessary individuals present to authorize home bound instruction and related services;

2.    DCPS denied D████ a FAPE by failing to implement his IEP and provide him with the specialized instruction and related services indicated on his IEP;

3.    DCPS denied D████ a FAPE by failing to draft an appropriate IEP that will meet his needs when he is unable to attend school due to his medical condition;

4.    DCPS denied D████ a FAPE by failing to come up with an appropriate compensatory education plan, given his medical condition and inability to be physically at school;

5.    DCPS denied D████ a FAPE by failing to agree to conduct a psycho-educational evaluation which the parent requested at the May 23, 2006 meeting.

## IV.    Relief

The Petitioner requests an **expedited due process hearing** and the following relief:

1.    Declaratory relief of denial of FAPE, denial of Due Process, and discrimination based solely on D████ disability by DCPS;

2.    A determination that DCPS denied D████ a FAPE by failing to convene an appropriate IEP meeting with all necessary individuals present to authorize home instruction and related services;

5

216

3.   A determination that DCPS denied De████a FAPE by failing to implement his IEP and provide him with the specialized instruction and related services indicated on his IEP;

4.   A determination that DCPS denied D████a FAPE by failing to draft an appropriate IEP that will meet his needs when he is unable to attend school due to his medical condition;

5.   A determination that DCPS denied D████a FAPE by failing to come up with an appropriate compensatory education plan, given his medical condition and inability to be physically at school;

6.   A determination that DCPS denied D███d a FAPE by failing to agree to conduct a psycho-educational evaluation which the parent requested at the May 23, 2006 meeting;

7.   A determination that DCPS be required to fund an independent psycho-educational evaluation;

8.   A determination that DCPS be required to fund the compensatory education agreed to by the MDT team, four hours per day for five weeks, in the form of home services including tutoring and speech and language services;

9.   A determination that after the five weeks of compensatory education, DCPS re-evaluate De████o determine his present levels of functioning and to determine if more compensatory education is needed to bring him to the level he should be at, but for DCPS's denial of FAPE;

10.  A determination that, starting with the 2006-2007 school year, when De████is absent due to his condition for three (3) consecutive days, that the Petitioner will notify the school and DCPS will be required to send a tutor and any related service providers to his home until he is better and able to attend school again. If absences are less than three (3) consecutive days, then DCPS will be required to send work packets home.

11.  A determination that DCPS convene an MDT meeting after the evaluations are completed to review the evaluations, update his IEP as necessary, add the relief requested in paragraph 10 to his IEP, discuss and determine placement, and discuss and determine whether additional compensatory education is warranted;

12.  A determination that DCPS's failure to hold the MDT meeting requested in paragraph 11 will not preclude Desmond from receiving the home bound instruction outlined in paragraph 10 above;

6

13.    A determination that DCPS be required to pay reasonable attorneys' fees pursuant to current federal law; and

14.    Any other relief that the Hearing Officer deems appropriate.

June 27, 2006                                      Respectfully Submitted,

*Jessica M. Smith*

Jessica M. Smith, Esq.
Counsel for Petitioner
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
703-739-4300
703-642-2323 – fax

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Status Report and Motion was filed with Hearing Officer Tonya Butler-Truesdale of the Student Hearing Office via facsimile at 202-442-5556, and sent to Tiffany Puckett, Esq. in the Office of the General Counsel at fax 202-442-5098 / 5097 on this 27th day of June, 2006.

*Jessica M. Smith*

Jessica M. Smith, Esq.
Counsel for Petitioner

7

218

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

_ PUBLIC    ___ DPCS CHARTER    __ LEA CHARTER    __ NONPUBLIC    __ PRIVATE/RELIGIOUS

## RESOLUTION MEETING NOTES

Meeting Confirmation Date: **5-1-06**                    Meeting Held: **5-2-06**

Student: ▇▇▇▇▇▇▇    DOB: ▇▇    School: **Marshall**

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Carrie Wilkins | Carrie Wilkins | Mother |
| Talib Shahid | | After school Teacher |
| Dorcas Whitaker | D. Whitaker | Teacher |
| Ola Aremo | Aremo | Special Ed. Teacher |
| | | |
| Jennifer Williams MS, CCC-SLP | Jennifer Williams | Speech Pathologist |
| Tiffany Batson | Tiffany Batson | SPED Coordinator |

_____ Resolved            ✓ Unresolved

The meeting was convened to discuss the resolution
of student ▇▇▇▇▇ & ▇▇▇

1. DCPS violated the terms of the July 22nd, HOD

2. failed to develop an appropriate IEP. Parent states
that student should have been home-schooled based on
his medical health

3. same as above

4. Same as above

5. Same as above


PETITIONER'S
EXHIBIT
1

29

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

_ PUBLIC      _ DPCS CHARTER      _ LEA CHARTER      _ NONPUBLIC      _ PRIVATE/RELIGIOUS

## RESOLUTION MEETING NOTES Cont'd.

Meeting Confirmation Date: _____      Meeting Held: _____

Student: D████ & W████      School: Marshall

It has been determined that since the local school can not in good faith agree to provide home-school specialized instruction and speech & language services. DCPS agrees to convene an IEP meeting where the parties who are capable of making these decisions will be in attendance. In addition, prior to the meeting, the parent will be given a blank copy of the DCPS Physician's Certificate of Pupil's Inability to Attend School form so she can get the form completed by her child's physician if available or appropriate form.

In conclusion, the resolution is unresolved.

July 11, 2005

220

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

Multidisciplinary Team
(MDT)
MEETING NOTES

1 of 5

Annual IEP Review Meeting Notes

STUDENT: ▮▮▮▮ W▮▮▮   SCHOOL: Marshall Elementary   DATE: 5/23/2006

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Ms. Harris Wilkins | Cassie Wilk | Parent/Guardian |
| Ms. Aremo | | Special Ed |
| Ms. Whitaker | Joyce Whitaker | General Ed Teacher |
| Ms. Batson | Tiffany Batson | LEA Representative |
| Ms. Powell | Valorie Powell | Principal or Designee |
| Jennifer Williams MS,CCC-SLP | Jennifer Williams | Student Speech Pathologist |
| Jessica Smith | Jessica H. Smith | parent attorney |

The meeting was convened to discuss the annual review of student ▮▮▮ W▮▮▮. All the members of the MDT were present and introduced themselves to the parent.

Parent - ▮▮▮ is not learning and the parent is not equipped to teach him. In math he's doing good by his reading and writing and English is not good. Totally ▮▮▮ has ADHS so when he's hyper he gets sick. He has some outburst of anger. It has a lot to do with his education because he's at home with mom And he see's his friends. All he does is eat and sleep. He doesn't have much to look forward to. And the parent is unable to come to the school for her other children because ▮▮▮ is sick. He is not getting the proper education. Parent feels she has tried to get DCPS to provide Visiting Home Services but he still hasn't received any services. ▮▮▮ is not

The Parent ☑ is present ☐ is not present at the meeting

DISTRICT OF COLUMBIA PUBLIC SCHOOLS   04.05.2004   DIVISION OF SPECIAL EDUCATION

PETITIONER'S EXHIBIT 2   231

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

2 of 5

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES (continuation)

MDT

STUDENT: D███ W███     SCHOOL: Marshall Elementary     DATE: 5/23/2006

qualified to attend hospital school or school for sick
children, but he was not accepted. This has gone on for three
years. D█████ has several allergies.

General Ed Teacher - The teacher has been concerened about
D█████ for two years that he's been in her classroom.
He is obviously sick and when he's in class, he's been
out so much that when he returns he's behind and
it works on his self-esteem. There is a huge gap in his
education. He hasn't had the opportunity to learn and
no opportunity to be evaluated. He was assessed in
the beginning of the school year, but it was using a
1st grade evaluation tool. He hasn't been to school since March.

Sped Teacher - D█████ reads on a 2nd grade level. (Teacher
showed samples of student work). D█████ is a lively young
child who always wants to help. He talks about a business
that he has and he socializes with other classmates and
he completes assignments when in class. His absences
have hindered him. He is not teased in the special ed.
classroom. He has the potential to learn.

Speech - D█████ progress has been stunted because
he hasn't been in school. He usually needs one-on-one.

222

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

3 of 5

MDT

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES (continuation)

STUDENT ___De____ W_____    SCHOOL: Marshall Elementary    DATE: 5/23/05

Recommendation -
De_____ continues to be eligible for special education
services as a student with Other Health Impairments.
He will continue to receive 17.5 hours a week of
specialized instruction and he will receive 1 hour
of speech & language services a week

De_____ is in need of VIS (Visiting Instruction Services).
He has already been signed up but the student
will only be given services during the school year.

Discuss Comp Ed -
July 22, 2005 DCPS was issued a HOD ordering the
school to hold an IEP/MDT meeting. The meeting was not
held and the school was in violation of the HOD. As a
result De_____ will receive comp Ed from August
29, 2005 until May 23, 2006.
The parent and advocate is willing to skip comp ed
if DCPS offers Visiting Instruction Services during the
summer of any type of tutorial program. DCPS in
good faith can not make that agreement at the
local school. DCPS will offer comp ed during the summer for
1 hr's a day for 5 weeks at the summer school site.

DISTRICT OF COLUMBIA PUBLIC SCHOOLS    07-02-2001    DIVISION OF SPECIAL EDUCATION    MDT MEETING NOTES    APPENDIX - A

MDT/IEP meeting notes by Parent

page 4 of 5   De████ W████ - DOB: 12/12/95

De████ suffers severe Respirtory distress and ▨▨▨ bronchial asthma. These illnesses cause severe absences; which impact his ability to access educationa at school. Mom gives him schoolwork on a K-2 grade level at home. She has had to quit 3 jobs to stay home with him. She feels he is a "throw away child" because she has been unable to get home tutoring + services when he is absent.

Ms. Whitaker, gen. ed. teacher, stated that he has not progressed at all due to absences.

Ms. Batson spoke with "VIS" visiting instruction services at Sharpe Health. VIS indicated that home bound tutoring is only available during the school year = not during the summer. The home bound tutoring will stop + have to be re-applied for if he attends a day at school.

Comp Ed was discussed. ~~Parent~~ (JHS) De████ is at 2nd grade level, but should be on at 4th grade level. He is not on level due to absences

224

age 5 of 5

Provide comp. ed. 4 hrs/day for 5 weeks over the summer. Parent will submit medical documents re: inability to attend school to Legrand Lewis at Sharpe Health. Comp ed plan will include ~~4 hrs~~ specialized instruction and speech + language services.

Triennial evaluations are due. S/L eval. will be conducted ~~before~~ September after comp ed. is given to gain an accurate assessment of his progress. Educational eval will be done ~~before~~ September. Parent is requesting psycho-educational be done to assess the effects of his lack of services + progress on him. School psychologist will review the last psycho-educ conducted August 7, 2003.

Team is in agreement that he needs at home tutoring when absences are excessive due to asthma. Marshall School cannot implement or authorize at home tutoring. Marshall referred parent to VIS at Sharpe + parent will submit papers to Legrand Lewis

225

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON. D C

MULTIDISCIPLINARY TEAM (MDT)
ReEval Prep Meeting Notes

| MDT |
|---|

MEETING DATE: 05/23/2006

STUDENT: De███████ W███████    SCHOOL: Marshall Elementary

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Ms. Wilkins | | Parent/Guardian |
| Ms. Aramo | | Special Ed Teacher |
| Ms. Whitaker | Dorcas Whitaker | General Ed Teacher |
| Ms. Batson | Tiffany Batson | LEA Representative |
| Ms. Powell | Valerie Powell | Principal or Designee |
| | | Student |
| Ms. Williams | Jennifer Williams MS, CCC | Speech Pathologist |
| Jessica Smith | Jessica Smith | attorney - parent |

The meeting was convened to discuss the re-evaluation prep of student D██████d W██████ This meeting was convened after the IEP meeting.

Student requires a re-evaluation in the following areas: educational
   Speech & language
   Renew of 2003 Psychological Evaluation

Parent requests a pyscho-educational. DCPS doesn't feel it is warrented because the school doesn't suspect a change in disablity.

THE PARENT ☒ IS PRESENT ☐ IS NOT PRESENT AT THE MEETING

☐ EXISTING DATA IS SUFFICIENT

☒ EXISTING DATA IS INSUFFICIENT; ADDITIONAL ASSESSMENTS NEED TO BE ORDERED

**226**

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
DIVISION OF SPECIAL EDUCATION
WASHINGTON, D.C.

MULTIDISCIPLINARY TEAM
(MDT)

STUDENT EVALUATION PLAN
(SEP)

MDT
SEP

MEETING DATE: 05/23/2006

STUDENT: D_____ Wil_____  DOB: ___ 1995  AGE: 10  GRADE: 04  SCHOOL: Marshall Elementary

STUDENT IDENTIFICATION NUMBER: 9065608  TEACHER / HOMEROOM: Ms. Whitaker   Ms. Aremo

ADDRESS: 2909  South Dakota Ave NE   NE   Washington   DC   20018
_Street #_   _Street Name_   _Quadrant_   _Apartment #_   _City_   _State_   _Zip Code_

PARENT(S)/GUARDIAN: Ms. Wilkins   TELEPHONE (H): (202) 269-0228   (W):

**Summarize Area(s) of Concern:**

Student's absences have caused an interrupt in services

**Team Recommendations:**

Since providers are unsure of his current ability the following evaluations have been Ordered

EVALUATION(S) IN AREA(S) OF LEARNING CONCERN(S)

| ASSESSMENT | ASSESSOR | TEST INSTRUMENT | TIMELINE ASSIGNED | DUE DATE |
|---|---|---|---|---|
| ☐ Psychological | | | | |
| ☒ Speech/Language | Jennifer Williams | CELF-4; EOWPVT, PPVT | | 07/22/2006 |
| ☐ Social History | | | | |
| ☐ Audiological | | | | |
| ☐ Vision Screening | | | | |
| ☐ Medical | | | | |
| ☒ Educational | Ms. Batson | WJIII | 05/23/2006 | 07/22/2006 |
| ☐ Hearing Screening | | | | |
| ☐ Other | Other: | Other: | | |

| TEAM MEMBERS: NAME | POSITION | TEAM MEMBERS: NAME | POSITION |
|---|---|---|---|
| Ms. Wilkins | Parent/Guardian | Ms. Powell | Principal or Designee |
| Ms. Aremo | Special Ed Teacher | | Student |
| Ms. Whitaker | General Ed Teacher | Ms. Williams | Speech Pathologist |
| Ms. Batson | LEA Representative | | |

The MDT meeting to discuss the evaluation results is scheduled on  07/24/2006  at  10:00 am  in room  per

Place completed form in MDT folder.

DIVISION OF SPECIAL EDUCATION   MDT - SEP   APPENDIX - A

227

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**

## NOTICE TO PARENT OF INTENT TO EVALUATE/REEVALUATE

Date: 05/23/2006

To: Ms. Wilkins

2909   South Dakota Ave NE                     NE

Washington                          DC    20018

Telephone: (H)        (202) 269-0228

Ref   D█████ W█████

DOB   ████/1995

ID #   9065608

(W)

Dear: Ms. Wilkins

The District of Columbia Public Schools is requesting that _____ Desmond _____ be available for testing for the following tests, on the indicated date, at the school.

| ASSESSMENT | ASSESSOR | TEST INSTRUMENT | TEST DATE ASSIGNED | ADMINISTERED |
|---|---|---|---|---|
| ☐ Psychological | | | | |
| ☒ Speech/Language | Jennifer Williams | CELF-4, EOWPVT, PPVT | 05/23/2006 | |
| ☐ Social History | | | | |
| ☐ Audiological | | | | |
| ☐ Vision Screening | | | | |
| ☐ Medical | | | | |
| ☒ Educational | Ms. Batson | WJIII | 05/23/2006 | |
| ☐ Hearing Screening | | | | |
| ☐ Other | Other: | Other: | Other: | |

## LIST OF TESTS WITH DESCRIPTIONS

☐ **Bayley Scales of Infant Development-II** - an individually administered instrument that measures motor, mental and social development in infants and children from 1 month to 42 months of age.

☐ **Bender Visual Motor Gestalt Test** - measures perceptual motor skills to determine visual-motor gestalt functioning and neurological soft-signs in ages 4 to 12 years using the Koppitz Scoring System.

☐ **Children's Apperception Test** - a projective story-telling technique for personality evaluation in ages 5 to 10 years.

☒ **Clinical Evaluation of Language Functions - IV** - assesses the child's language functioning including processing and production

☐ **Conner's Parent and Teacher Rating Scales** - a paper-and-pencil instrument measuring problem behaviors of children and adolescents as reported by the child's teacher, parents, or alternate caregiver

☐ **Developmental Test of Visual Motor Integration (VMI)** - assesses visual perception and motor coordination in ages 3 years and up using a more structured booklet format.

☒ **Expressive One Word Picture Vocabulary Test** - assesses the child's single word expressive vocabulary.

☐ **Fisher-Logemann Test of Articulation Competence** - assesses articulation proficiency with single sounds, consonant blends, and vowel production.

☐ **Goldman-Fristoe Test of Articulation** - assesses the production of consonants in simple and complex contexts.

228

## NOTICE TO PARENT OF INTENT TO EVALUATE/REEVALUATE

INTENT Page 2

Student D___ W___   DOB ___1995   Age 10   Grade 04   ID 9065608

- [ ] **Goodenough-Harris Drawing Test** - a projective drawing procedure measuring intellectual perceptual-motor maturity and personality through the use of drawings of self and a member of the opposite sex in ages 3 to 15. 11 years.
- [ ] **House-Tree-Person** - a projective drawing technique providing insight into personality structure, physical concerns, and social-emotional adjustment in children and adolescents
- [ ] **Kaufman Assessment Battery for Children** - assesses the ability to solve problems using simultaneous and sequential metal processes in four global areas: Sequential Processing, Simultaneous Processing, Mental Processing, and Achievement.
- [ ] **Kaufman Test of Educational Achievement (KTEA)** - an individually administered instrument measuring achievement skills in reading decoding, mathematics applications, spelling, reading comprehension, and mathematics computation.
- [ ] **Kinetic Family Drawing** - a projective drawing technique measuring one's perception of her family and her role within the family.
- [ ] **Oral Peripheral Speech Examination** - a procedure to determine whether the examinee can appropriately use the lips, tongue, mouth, etc.
- [ ] **Peabody Individual Achievement Test-Revised (PIAT-R)** - an individually administered test measuring achievement in areas of general information, reading recognition, reading comprehension, spelling, written expression, and mathematics.
- [x] **Peabody Picture Vocabulary Test-Revised** - individually administered, multiple choice test measuring nonverbal, receptive vocabulary.
- [ ] **Preschool Language Scale** - measures auditory comprehension and verbal ability skills.
- [ ] **Receptive One Word Picture Vocabulary Test** - assesses the child's single word receptive vocabulary.
- [ ] **Rorschach Psychodiagnostic Test** - a projective measure y which one's responses to inkblots reveal personality structure, ego strengths and reality testing in ages 3 and older.
- [ ] **Test of Language Development Primary - Revised (TOLD-P)** - measures primary language proficiency and specific strengths and weaknesses in language skills
- [ ] **The Vineland Adaptive Behavior Scales** - assesses adaptive and social competency skills
- [ ] **Thematic Apperception Test** - a projective story-telling technique for personality evaluation in older children and adolescents.
- [ ] **Wechsler Adult Intelligence Scale-III (WIAS III)** - an individually administered test designed to measure the intelligence of individuals ages 16 and over.
- [ ] **Wechsler Individual Achievement Test (WIAT)** - a commonly used individually administered instrument designed to assess the educational achievement of children and adolescents in areas of basic reading, mathematics reasoning, spelling, reading comprehension, numerical operations, listening comprehension, oral expression, and written expression.
- [ ] **Wechsler Intelligence Scale for Children-III (WISC III)** - commonly employed individually administered test designed to measure the intelligence of individuals ages 6 1/2 to 16 1/2 years.
- [ ] **Wechsler Preschool and Primary Scale of Intelligence-Revised (WPPSI-R)** - measures specific mental abilities and processes in ages 4 1/2 to 6 1/2 years.
- [ ] **Woodcock-Johnson Psycho-Educational Battery** - a diagnostic and evaluation instrument composed of twenty-seven tests divided into three major parts: tests of cognitive ability, tests of achievement, and tests of interests.
- [ ] **Classroom Observation** - assesses present functioning of the student within the classroom environment.
- [x] List other tests with descriptions:

WJIII Test of Achievment

Other factors that are relevant to be included:

229

DIVISION OF SPECIAL EDUCATION   APPENDIX-A

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D C

CONSENT FOR EVALUATION

Student: D⬛⬛⬛    Wi⬛⬛⬛    DOB: ⬛⬛⬛95 Age: 10    Grade: 04    ID 9065608

☐ **Initial Evaluation**
You have been provided a copy of the "Procedural Safeguards - Parental Rights" booklet. We would like to remind you at this time that:

Granting consent for this evaluation is a voluntary action on your part.

· This consent may be revoked at any time although the school district is required to take all necessary action to provide an appropriate program and may be required to initiate due process procedures to obtain consent.

By granting consent in writing you are agreeing to the evaluation(s) in section III

☐ **Additional Initial Evaluation**                        Source of Request: _____

☒ **Reevaluation**
The MDT received the following reevaluation request for a reevaluation for a:

☐ Requested Reevaluation                ☒ Triennial Reevaluation

The MDT will collect supportive documentation in the area of the disability to determine the need for continued special education and related services. The school is required to only evaluate in those areas of documented need or consensus of the MDT (parent is a member of team). Parents have the right to request assessments to determine if the child continues to be a child with a disability. DCPS may reevaluate your child without your consent, if the school district can demonstrate that it has taken reasonable steps to get parental consent and the parent has not responded

· Granting consent for this evaluation is a voluntary action on your part.

This consent may be revoked at any time although the school district is required to take all necessary action to provide an appropriate program and may be required to initiate due process procedures to obtain consent.

By granting consent in writing you are agreeing to the evaluation(s) on the student evaluation plan (SEP)

☐ **Additional Triennial Reevaluation**    Source of Request: _____
☐ **Additional Annual**                    Source of Request: _____
☐ **Transfer Evaluations**                 Source of Request: _____
☐ **Additional Transfer Evaluation(s)**    Source of Request: _____

I give permission for District of Columbia School to proceed with the Reevaluation _____ based on the Student Evaluation Plan (attached) for my child D⬛⬛⬛ _____

Within a reasonable period of time  days after the completion of the evaluation, we will hold another MDT meeting (to which you will be invited) to determine if your child is eligible for special education and related services. The written reports of all procedures administered will be provided to you at that meeting, along with explanations and interpretations. We will use this information to determine the appropriate program for your child. If our records are to be obtained/released as part of this evaluation, the "Consent for Release of Records" form is completed and attached. If you have questions or concerns at any time during the evaluation process  feel free to contact me at (202) 576-6900 _____ (telephone number)

☐ INITIAL EVALUATION                    ☒ TRIENNIAL REEVALUATION

## PARENT RESPONSE SECTION

☒ I agree to proposed evaluation(s)              ☐ I do NOT agree to proposed evaluation(s)

_Carrie Wilkins_                                      5-23-06
Parent/Guardian Signature                              Date

_Jessica M. Smith_                                     5/23/06
Witness                                                Date

230

DCPS - IEP Page 1 of 4

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**WASHINGTON, D.C.**
**INDIVIDUALIZED EDUCATIONAL PROGRAM**

Additional Comments: ☐

## I. IDENTIFICATION INFORMATION

Student Name: Last Wi█████  First Des█████  MI

Student ID 9065608   Soc. Sec. No. ████████   Ethnic Group Black   Age: 10   Grade 04

Gender ☒ M ☐ F   Date of Birth ██████

Address 2909 South Dakota Ave NE   NE
House No.  Street Name  Quadrant  Apartment

Washington   DC   20018
City   State   Zip Code

☐ Non-attending

Attending School Marshall Elementary   Home School

☒ Elem. ☐ Mid/JHS ☐ SHS ☐ CWS /

Parent Ms. Wilkins

Address of (if different from student): ☒ Parent ☐ Guardian ☐ Surrogate

House No.   Street Name   Quad   Apt No.   City   State   Zip Code

Telephone: Home 2022690228   Work

## II. CURRENT INFORMATION

Date of IEP Meeting: 5/25/2006

Date of Last IEP Meeting: 5/25/2005

Date of Most Recent Eligibility Decision: 10/16/2003

Purpose of IEP Conference:
☐ Initial IEP   ☒ Review of IEP
☐ Requested Eval   ☐ 3yr ReEval

Indicate Level of Standardized Assessment: Level III

ADDENDA TO BE ATTACHED AS NEEDED
Check the appropriate box(es)

| ☐ BEHAVIOR | ☒ TRANSPORTATION |
| ☐ ESY | ☐ TRANSITION |

## III. LANGUAGE

| | Language | Language Used for Evaluation | Language Used In Conference | Communication Requirements |
|---|---|---|---|---|
| Student | English | English | English | Native Language |
| Parent | English | English | English | Native Language |
| Home | English | English | English | Native Language |

To be completed by Office of Bilingual Education English and Math Proficiency Assessment

Oral _____
Rdg./ Written _____
Instrument: _____
Date: _____

## IV. SPECIAL EDUCATION AND RELATED SERVICES SUMMARY

| SERVICES | GenEd Ses. | Time | Total | SpecEd Ses. | Time | Total | FREQUENCY Hr./ Min | D/W/M | PROVIDER (by discipline) | BEGINNING DATE mm/dd/yyyy | DURATION # | wks/mos |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Specialized Instruction | 0 | 0 | 0 | 5 | 3.5 | 17.5 | Hrs | Week | Special Education Teacher/R | 5/3/2006 | 10 | Month |
| Speech-Language | 0 | 0 | 0 | 1 | 1 | 1 | Hrs | Week | Speech and Language Thera | 5/3/2006 | 10 | Month |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |

TOTAL HOURS: 0   18.5   Total Combined Hours Per Week:

## V. Disability(ies) Other Health Impaired (ADHD) (Asthma)

☐ (Check if setting is general Ed)

Percent of time in Specialized Instruction and Related Services
☐ 0-20%   ☒ 21-60%   ☐ 61-100%

Percent of time NOT in a General Education Setting   57 %

## VI. IEP TEAM (Participants in the development of the IEP)

Print and sign your name below.

Ms. ~~Doris~~ Wilkins  *Carrie Wilkins*
Parent/Guardian

Ms. Aremo  *[signature]*
Special Ed

Ms. Whitaker  *Dorcas Whitaker*
General Ed Teacher

Ms. Batson  *Tiffany Batson*
LEA Representative

Ms. Powell  *Valerie Powell*
Principal or Designee

Student

*Jessica Smith*
atty for parent

*Jennifer Williams*
Speech Pathologist

*Jennifer Williams*

*Valerie Powell*
Principal

*I AGREE* with the contents of this IEP. I have had an opportunity to be involved in the development of this IEP, I have received a copy of the procedural safeguards and parent rights IEP and consent to the implementation of the services in the IEP, I have received a copy of this pertaining to special education.

Parent/Guardian Signature *Carrie Wilkins*   Date 5-23-06

Appendix A   IEP Page 1 of 4

PETITIONER'S EXHIBIT 3

| Student Name | D█████ W█████ | Managing School | Marshall Elementary | DCPS - IEP |
| Student ID Number | 9065608 | DOB █████ 1995 | Attending School | Marshall Elementary | Page 2 of 4 |

## VII. Present Educational Performance Levels in Areas Affected by the Disability

Additional Comments: ☐

Academic Areas: (Evaluator) Ms. Aremu (SPED Teacher)

**Math Strengths:**
█████ could complete basic math problems

Impact of disability on educational performance in general education curriculum:
Non-regular school attendance has impacted on his performance

**Reading Strengths:**
He could read basic world from 1st grade level

Impact of disability on educational performance in general education curriculum:
His disability and non school attendance impacted on his progress.

**Score(s) When Available**
Math Cal. GE 1.0
Math Rea.
See goal page: 1
Date:

Rdg. Com GE 2.0
Rdg. Basic
Written Ex.
See goal page: 2
Date:

### Communication (Speech & Language) (Evaluator)
Strengths:

Impact of disability on educational performance in general education curriculum:

**Score(s) When Available**
Exp.Lang.
Rec- Lang
Artic
Voice
Fluency
Exp. Voc.
Rec. Voc.
See goal page:
Date:

### Motor/Health (Evaluator)
Strengths:

Impact of disability on educational performance in general education curriculum:

**Score(s) /Results When Available**
See goal page:
Date:

### Social Emotional Behavioral Areas: (Evaluator)
Strengths:

Impact of disability on educational performance in general education curriculum:

**Score(s) When Available**
See goal page:
Date:

### Cognitive/Adaptive Behavior: (Evaluator)
Strengths:

Impact of disability on educational performance in general education curriculum:

**Score(s) When Available**
See goal page:
Date:

### Prevocational Skills: (Evaluator)
Strengths:

Impact of disability on educational performance in general education curriculum:

**Score(s) When Available**
See goal page:
Date:

232

IEP Page 2 of 4

| Student Name  ██████ Wi██/95 | Managing School T. Marshall EC | DCPS-IEP |
| Student ID Number 9065608   DOB ██/95 | Attending School T. Marshall EC | Page 3 of 4 |

| VIII. SPECIALIZED SERVICES | Additional Comments: | Goal Number: |

Area addressed by goal: *Academic Areas (Mathematics)*

**ANNUAL GOAL:** (including mastery criteria.)

██████ will demonstrate growth in the academic area of mathematics by mastering the short-term objectives with 80% accuracy.

Provider(s): General Ed/Special Education Teacher

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| - ██████ will add and subtract like fractions | | Monthly |
| - ██████ will find the perimeter of an object | | Monthly |
| - ██████ will solve simple subtraction and multiplication word problems 4 out of 5 | | Monthly |
| - Draw and recognize shapes and similar figures (Geometry) | | Monthly |
| - Add and subtract numbers up to two decimal places | | Monthly |
| - Tell time to the nearest hour and minute | | Monthly |

**EVALUATION PROCEDURE(S)**

Portfolio    Log    Chart    √ Test    ☑ Documented Observation    Report    Other _____

233

| Student Name: ▉▉▉▉▉ W▉▉▉▉▉ | Managing School: T. Marshall EC | DCPS - IEP |
|---|---|---|
| Student ID Number: 9065608  DOB ▉▉/95 | Attending School: T. Marshall EC | Page 3 of 4 |

**VIII. SPECIALIZED SERVICES**   Additional Comments:                    Goal Number: [    ]

Area addressed by goal: *Academic (Reading and Language Arts)*

ANNUAL GOAL: (including mastery criteria)

▉▉▉▉▉▉▉ will demonstrate growth in the academic area of English Language by mastering the short-term objectives with 80% accuracy.

Provider(s): *General and Special Education Teacher*

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| D▉▉▉▉ will be able to read and spell words from a basic word list on 2nd grade level. | | Monthly |
| - Desmond will find and identify the main idea from a reading selection | | Monthly |
| - Identify the supporting details in a story. | | Monthly |
| - De▉▉▉▉ will read variety of materials. | | Monthly |
| - D▉▉▉▉▉ will write a book report from a reading selection. | | Monthly |
| - Write a simple sentence | | Monthly |

**EVALUATION PROCEDURE(S)**

Portfolio    Log    Chart    ☑Test    ☑Documented Observation    Report    Other _____

| Student Name  De_____ W_____ | Managing School  Marshall Elementary | DCPS - IEP |
|---|---|---|
| Student ID Number 9065608          DO____ ____1995 | Attending School  Marshall Elementary | Page 4 of 4 |

Additional Comments:

## IX. LEAST RESTRICTIVE ENVIRONMENT (LRE) DETERMINATION
### SERVICE ALTERNATIVES

Can curricular modification, accommodation and/or supplemental aids and services be used for a LRE setting in general education?   Yes  [X] No

Explanation for removal out of regular education classroom.

Student requires low student to teacher ratio

## X. Supplementary Aids and Services

| Classroom Needs (Do not name products or companies.) | SETTING | | | FREQUENCY | | PROVIDER (by discipline) | BEGINNING DATE (mm/dd/yyyy) |
|---|---|---|---|---|---|---|---|
| | GenEd | SpEd | Total | Hr / Min | D/W/M. | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Check and list modifications and/or accommodations for testing:   [ ] None needed

| | |
|---|---|
| Timing/Scheduling: | Extended time |
| Setting: | Preferential seating |
| Presentation: | Directions read aloud |
| Response: | No penalties for spelling/mechanical errors |
| Equipment: | Use of computer/calculator/slantboard |

## XI. STATE AND DISTRICT ASSESSMENTS:

[ ] Level I   Tested with non-disabled peers under standard conditions without accommodations.

[X] Level III   (Describe non-uniform conditions for level III) Tested under non-standard conditions with permissible accommodations

[ ] Level V   Portfolio:

[ ] Level II   (Describe accommodations for level II) Tested under standard conditions with special accommodations.

[ ] Level IV   (Describe the alternative assessment)

## XII. Areas Requiring Specialized Instruction and Related Services:          Modifications:

[X] Reading
[X] Mathematics
[X] Written Expression
[ ] Other
[ ] None

[ ] Physical/Sensory
[ ] Social Emotional
[ ] Physical Development

[ ] Transition
[ ] Vocational
[ ] Independent Living
[ ] Speech/Language

[X] Language Arts/English
[ ] Social Sciences
[ ] Biological & Physical Sciences
[ ] Fine Arts

Apply annual goal(s), objectives and/or modifications to address barriers in each area checked above.

## XIII. PLACEMENT CONSIDERATIONS AND JUSTIFICATION

| DESCRIBE CONSIDERATIONS | ACCEPT/REJECT REASONS | POTENTIAL HARMFUL EFFECTS |
|---|---|---|
| Combination General Education and Resource Classro | Accepted | Time away from non-disabled peers in academic sett |
| | | |
| | | |
| | | |

Modification(s)/Accommodation(s) to address the harmful effects:

Participation in non-academic subjects with non-disabled peers

235

| IEP Attachment B |
| Transportation |

DISTRICT OF COLUMBIA PUBLIC SCHOOLS

TRANSPORTATION DIVISION

STUDENT TRANSPORTATION
DATA FORM

**2006-2007**
School Year

9065608

STUDENT IDENTIFICATION NUMBER

(MDT must first determine if student meets the requirements for
transportation services and has it included in the IEP)

Person Making Request: _Tiffany Batson_

Date of Request: 5/23/2006

Status of Request: _____

Date Request Received: _____

Person Receiving Request: _____

Ms. Wilkins

Parent / Guardian (Print legibly or type)

2022690228

Telephone (H)

Telephone (W)

_Joan Wilkins_
Emergency Contact

_grandmother_
Relationship

_202/269-1966_
Telephone No.

_301-455-6971_
Pager / Cell No

Students will be taken to a central location until
6:00 p.m. if the bus attendants are unable to
deliver them to the designated location. After
6:00 p.m. the police will be contacted  This
year's central location is _____

| Student: | Last Name | | First Name | MI |
| 2909 | South Dakota Ave NE | | NE | |
| House No | Street Name | | Quad. | Apt. |
| Washington | | DC | 20018 | |
| City | | State | Zip Code | |
| 99 | M | 05/25/2005 | Marshall Elementary | (202)576-6900 |
| DOB | Gender | Primary Language | Submitting School and Telephone Number | |

Learning Disabled

**Disability Classification**

**MODE OF TRANSPORTATION**   ☐ *Bus   ☒ Tokens   ☐ Farecards

**Medical Issues**

* SPECIAL ACCOMMODATIONS FOR BUS

Height _____   Weight _____

☐ Oxygen   ☐ Tracheotomy tube   ☐ Seizures   ☐ Helmet
☐ Harness   ☐ 1:1 Aide   ☐ Behavioral issues
Medication _____   Specific allergies _____

Dosage required during transportation :
☐ Yes   ☐ No   Dosage _____   ☐ PM ☐ AM

☐ Mobility   ☐ Ambulatory ( ☐ Cane, ☐ Crutch, ☐ Walker)
☐ Ambulatory w/ assistance ( ☐ Cane, ☐ Crutch, ☐ Walker)
☐ Non Ambulatory ( ☐ Standard ☐ Motorized, ☐ Oversized
w/ lap tray   ☐ Yes   ☐ No)

☐ Car Seat   ☐ Positioning Device _____
☐ Special Restraint   ☐ Other, Describe: _____

Date: _5-23-06_

✱ Parent / Guardian / Surrogate Signature: _Carrie Wilkins_

*If parent contact is by phone. the following information must be provided:

Telephone No. : _____

Name of Contact: _____
Relationship: _____

Click one of the following:
☒ AM Pick-up & PM Drop-off is the same as the student address

☐ _____
AM Pick-up Address

Telephone No. _____

☐ _____
PM Drop-off Address

Telephone No. _____

**Transportation will  NOT be provided without confirmed placement through the proper procedures.
Justification for other than neighborhood settings must be explained on the back by the school official
requesting the transportation services.**

_Tiffany Batson_            2/576-6900            5/23/2006
School Official requesting transportation service:   Telephone No.   Date

_Marshall EC_            3100   Ft Lincoln Dr. NE 20018   576-6900
School to Attend:            Address of School   Telephone No.

_____ directed to the Special Education Transportation Liaison.

236

## DOCUMENTED LEVEL OF SERVICE
Complete and attach to MDT/IEP meeting notes

| | | | |
|---|---|---|---|
| School Marshall Elementary | Principal Ms. Powell | Special Education Coordinator Tiffany Batson | |
| Date 5/23/2006 Case Manager Tiffany Batson | | Assistant Director Carol Helton | |

Student Da████ W████ DOB ██████1995 Age 10 Grade 04 ID# 9065608 SSN# ████

Parent Ms. Wilkins  Telephone (H) 2022690228  (W)

Address: 2909 South Dakota Ave NE  NE  Washington  DC  20018
        Street  Quad Apt. No.  City  State  Zip Code

REFERRAL SOURCE: (Check) ☐ 120 Day ☐ Reeval. ☐ HOD ☐ SA ☐ MA ☒ Annual
☐ Nonpublic ☐ Residential (LRE) ☐ Citywide ☐ Courts ☒ Local School ☐ Other:

Previous least restrictive environment (LRE Setting): Combination general education and resource classroom

### JUSTIFICATION FOR SETTING CONSIDERATION
(Submit TAT/MDT Documentation)
SUPPORTIVE DATA/DOCUMENTATION

**2. ACCOMMODATIONS/ MODIFICATIONS**

Extended time, Directions read aloud, Preferential seating, calculator , Simplified directions, Read directions/test to student

**3. DATA REQUIREMENTS**

| | | | | |
|---|---|---|---|---|
| Current IEP | Yes | ☒ | No | ☐ |
| Signatures of required participants (MDT notes) | Yes | ☒ | | |
| Intervention Behavior Plan | Yes | ☐ | | |
| Copies of current class work and homework assignments | Yes | ☒ | | |
| Medical Reports: | Yes | ☐ | No | ☒ |
| Clinical Reports: | Yes | ☐ | No | ☒ |
| Psychiatric Reports | Yes | ☐ | No | ☒ |
| Medications: | Yes | ☐ | No | ☒ |
| Attendance Record | Yes | ☒ | | |
| Copies of most recent evaluation(s) | Yes | ☒ | | |

**4. Results of all interventions (TAT, MDT, etc. and attach meeting notes.)**

n/a

**5. Resources needed for program implementation**

n/a

### 6. CURRENT SETTING CONSIDERATIONS

| ROW | SETTING in neighborhood school (Determined through the IEP team.) | SERVICE PROVIDER (Based on documented need) | LEVEL OF SERVICE (Based on documented need) |
|---|---|---|---|
| 1 | ☐ in general education classroom setting | ☐ general educators with consultation from special education staff | ☐ between 0% and 20% of service time |
| 2 | ☒ combination general education and resource classroom | ☒ combination of general educators, special educators and related service providers | ☒ between 21 % and 60% of service time |
| 3 | ☐ *out of general education classroom | ☐ special educators and related service providers | ☐ between 61 % and 100% of service time |

*In providing or arranging for the provision of nonacademic and extracurricular service and activities, including meals, recess period, and the services and activities, each public agency shall ensure that each child with a disability participates with non-disabled children in those services and activities (300.306) to the maximum extent appropriate to the needs of that child. (300.553) Nonacademic settings)

Check the level of need as indicated:
DIRECTIONS:

| |
|---|
| If two or three boxes are checked in the Row 1, check LOW. If two or three boxes are checked in the Row 2, check MODERATE. If two or three boxes are checked in the Row 3, check HIGH. |

| |
|---|
| If one box is checked in each row, check either MODERATE or HIGH, depending on the need of the student. |

### 7. LEVEL OF NEED

| ☐ LOW | ☒ MODERATE | ☐ HIGH |
|---|---|---|

237

# District of Columbia Public Schools

## Office of Management Services

Tonya Butler-Truesdale, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(202) 518-6867
Facsimile: (202) 442-5556

**2006 JAN -2 PM 3: 05 DC PUBLIC SCHOOL SYSTEM**

### Confidential



| | |
|---|---|
| DE███ W███ STUDENT | ) |
| | ) |
| Date of Birth: ███ 1995 | ) |
| | ) |
| Petitioner, | )  Hearing Date: May 22, 2006 |
| | ) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA PUBLIC | )  Held at: 825 North Capitol Street, N.E. |
| SCHOOLS | ) |
| Respondent. | )  8th Floor |
| | )  Washington, D.C. 20002 |
| | ) |

## HEARING OFFICER'S DECISION

Counsel for Parent:
William E. Houston, Esquire
Dalton, Dalton & Houston, PC
1008 Pendleton Street,
Alexandria, VA 22314
(703) 739-4300
Fax: (703) 739-2323

Counsel for DCPS:
Tiffany Puckett, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002



PETITIONER'S EXHIBIT 1

*In the Matter of D. W.*

## I.   JURISDICTION

The Due Process Hearing was convened and this Order is written pursuant to the *Individuals with Disabilities Education Improvement Act of 2004 (I.D.E.I.A.),* 20 U.S.C. Section 1400 et seq ; 34 C.F.R. Section et seq.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

## II.   DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.   FIVE-DAY DISCLOSURE

Petitioner submitted disclosures labeled DW01-DW17 and called Carrie Wilkins, Petitioner's mother as a witness.

Respondent stated that a disclosure letter would be forwarded to this hearing officer by the close of business on May 22, 2006. The disclosure letter was not received. Respondent presented Tiffany Batson, Special Education Coordinator for Marshall Elementary School as a witness

## IV.   STATEMENT OF THE CASE

On January 27, 2006 a Due Process Hearing Request was received alleging that the District of Columbia Public Schools failed to:

1. comply with a July 22, 2005 Hearing Officer's Determination;
2. properly notify and schedule the date, time and place of the MDT/IEP meeting with Petitioner's counsel;
3. develop an appropriate annual IEP for 2005-5006 school year;
4. develop current IEPs for the 2004-2005 and 2005-2006 school years;
5. provide speech and language therapy services; and,
6. provide one-on-one tutoring services.

The Student Hearing Office, DCPS, scheduled a Due Process Hearing for March 23, 2006 at 1:00pm at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002. The hearing was continued to April 24, 2006 at 1:00pm. That hearing date was subsequently reconvened to May 22, 2006 at 9:00am. Attorney Advisor Tiffany Puckett appeared in person for DCPS. Attorney William Houston appeared on person on behalf of Petitioner

239

## V.     FINDINGS OF FACT

As a preliminary matter Petitioner motioned for a directed finding based on the timeliness of DCPS response to the complaint. Petitioner proffered that DCPS failed to respond by February 22, 2006. Petitioner also argued that Respondent's Response is non-responsive and does not give Petitioner notice of any affirmative defenses. Respondent contends that Congress did not intend for the Response to serve as an answer, Congress did not intend relief for failure to provide a timely response and that the DCPS response was appropriate and informative given the Petitioner's attendance record. DCPS also noted that the Petitioner's attorney of record had changed twice and that neither of the two previous attorneys communicated a concern about the sufficiency of the Response.

The motion for directed finding was denied and DCPS was allowed to present its witness. Ms. Batson stated that the MDT meeting ordered in the July 22, 2005 Hearing Officer's Determination was not convened because she was under the impression that she needed to obtain medical documents from Petitioner's physician substantiating the appropriateness of a proposed IEP, appropriateness of compensatory education and, later, the need for home instruction. Ms. Batson also stated that medical documents had been forwarded but that the truancy officer determined that more recent documents were required. While it is conceivable that the truancy officer may have required medical documentation completed within a specific time frame, the July 22, 2005 hearing officer's determination does not require or request that DCPS review medical documents completed within a specific time period before the MDT meeting. The requirements asserted by the truancy officer are in no way tangent to the terms of the required for compliance with the Hearing Officer's Determination.

Hence, the Special Education Coordinator's impression that the MDT meeting did not have to occur until the parent satisfied the request of the truancy officer is not supported by the IDEIA.

Finally, the Special Education Coordinator also testified that she was not able to use the encounter tracking forms to testify with any reasonable degree of certainty that the Petitioner received all of his speech and language services since she was not familiar with reading the new forms. Her description of the Petitioner's encounter tracking forms through testimony reveal the possibility that Petitioner may have only been receiving a half an hour of speech and language services per week. Petitioner's IEP indicates that he is supposed to receive an hour a week of services. (See DW-6).

## VI.     CONCLUSIONS OF LAW

The failure to convene the meeting consistent with the July 22, 2005 hearing request is a denial of FAPE since the Hearing Officer's Determination was violated.

## VII.   ORDER

1. DCPS shall within fourteen calendar days of the issuance of this Order convene an MDT meeting to comply with the July 22, 2005 Hearing Officer's Determination. The team shall also use the encounter tracking forms to determine the quantity of missed hours of speech and language services. The team shall consider all existing evaluations and medical documentation to determine the appropriateness of the additional disabilities of SLI and OHI to Petitioner's IEP, placement, and compensatory education warranted for the failure to comply with the July 22, 2005 Hearing Officer's Determination;

2. If the team determines that a change of placement is warranted, DCPS shall issue prior notice of placement. If Placement is to a DCPS public school, DCPS shall have five (5) calendar days to issue the prior notice of placement. If placement is to a non-public or private school, DCPS shall have thirty (30) calendar days and if placement is to a residential facility DCPS shall have sixty (60) calendar days to issue the prior notice of placement;

3. All meetings will be scheduled through parent's counsel; and,

4. DCPS will be granted a day for day extension for any delay caused by counsel for the parent/guardian, the parent/guardian, the student, or the educational advocate.

This is the FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90) days of this Order's issue date.

June 2, 2006
Date

Tonya M. Butler-Truesdale, Esquire
Hearing Officer

Issued: _____ 6/2/06 _____
Student Hearing Office, DCPS

4

241

Law Offices
## DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile: (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Washington DC Office:
601 Pennsylvania Avenue, N.W
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton* +
Ellen Douglass Dalton*+
William E. Houston^+°
Laura E. Duos~+
Jessica M. Smith*

* ADMITTED IN VA & W.VA
+ADMITTED IN D.C.
^ADMITTED IN PA.
~ADMITTED IN MD.
* ADMITTED TO THE U.S. SUPREME COURT

June 5, 2006

Ms. Tiffany Batson, SEC
Thurgood Marshall Educational Center          **VIA FAX: 202-576-7932**
3100 Fort Washington Drive, NE
Washington, DC 20018

Re:    D███████ W███████ HOD

Dear Ms. Batson:

Enclosed is a copy of the Hearing Officer's Decision issued in the case for D███
W████. The HOD orders DCPS to convene an MDT meeting within fourteen (14) days of the
issuance of the HOD to discuss, in part, placement and compensatory education. The due
process hearing was held on May 22, 2006. The HOD was issued on June 2, 2006. As you are
aware, in between the hearing date and the date of the HOD, DCPS convened an MDT meeting
on May 23, 2006, in which placement and compensatory education, among other things, were
discussed.

As you know, D██████ qualifies for special education under the classification of Other
Health Impairment, which includes ADHD and bronchial asthma. D██████ suffers from severe
respiratory distress and bronchial asthma causing him to be excessively absent from school when
these conditions flare up. Due to these absences, at the May 23, 2006 MDT meeting, the parent
requested that home bound instruction be provided to D██████ as part of his IEP when he is
absent for more than five (5) consecutive days due to his medical condition. It is my
understanding from the 5/23/06 MDT meeting that DCPS could not agree to provide home bound
tutoring as part of his IEP when he is absent more than five (5) consecutive days due to his
medical condition or as a compensatory education plan for D██████. If this is no longer your
position, please send a letter of invitation to my office at the above fax number to schedule
another MDT meeting. Otherwise, if your position remains the same and DCPS has nothing new
to present to the parent, it would appear that another meeting is not warranted.

Please contact me with any questions or concerns regarding this matter.

Sincerely,

Jessica M. Smith

Jessica M. Smith, Esq.



cc:    Ms. Carrie Wilkins
Enclosure:    HOD

## FAX TRANSMISSION COVER SHEET
### Dalton, Dalton & Houston P.C.
### Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

**DATE:**      June 5, 2006

**TO:**        Ms. Tiffany Batson, SEC, Thurgood Marshall Educational Center

**AT FAX:**    202-576-7932

**FROM:**      Jessica M. Smith, Esq.

**RE:**        D███████W███████HOD

**NUMBER OF PAGES INCLUDING THIS PAGE:  6**

_____

**COMMENTS:**

*********************************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
*********************************************************************************

243

P 1

* * * Transmission Result Report(MemoryTX) (Jun 5. 2006 9:53PM) * * *

1) Dalton, Dalton & Houston
2)

Date/Time: Jun 5 2006 9:49PM

|  | | | | Page |
|--|--|--|--|--|
| File | | | | Not Sent |
| No. Mode. | Destination | Pg(s) | Result | |
| 2986 Memory TX | 12025767932 | P 6 | OK | |

---

Reason for error
E.1) Hang up or line fail          E.2) Busy
E.3) No answer                     E.4) No facsimile connection

FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:        June 5, 2006

TO:          Ms. Tiffany Estees, SEC, Thurgood Marshall Educational Center

AT FAX:      202-576-7932

FROM:        Jessica M. Smith, Esq.

RE:          ████████ HOD

NUMBER OF PAGES INCLUDING THIS PAGE: 6

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL, AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION
DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

## FAX TRANSMISSION COVER SHEET
### Dalton, Dalton & Houston P.C.
### Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:        June 27, 2006

TO:          Chief Hearing Officer David Smith, Student Hearing Office

AT FAX:      202-442-5556

FROM:        Jessica M. Smith, Esq.

RE:          De███ Wi███, DOB: ███95 

NUMBER OF PAGES INCLUDING THIS PAGE: 34

_____

COMMENTS:


STATUS REPORT AND MOTION FOR <u>EXPEDITED HEARING</u>
Exhibits 1 - 5

************************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
************************************************************************

P. 1

* * * Transmission Result Report(MemoryTX) ( Jun.27. 2006 11:18AM ) * * *

1) Dalton, Dalton,& Houston
2)

Date/Time: Jun.27. 2006 11:04AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 3748 | Memory TX | SHO 202-442-5556 | P. 35 | OK | |

---

| Reason for error | |
|---|---|
| E.1) Hang up or line fail | E.2) Busy |
| E.3) No answer | E.4) No facsimile connection |

---

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:     June 27, 2006

TO:       Chief Hearing Officer David Smith, Student Hearing Office

AT FAX:   202-442-5556

FROM:     Jessica M. Smith, Esq.

RE:       D██████ W████ DOB ███95

NUMBER OF PAGES INCLUDING THIS PAGE: 34

COMMENTS:

STATUS REPORT AND MOTION FOR <u>EXPEDITED HEARING</u>

Exhibits 1 - 5

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

246

P. 1

*  *  * Transmission Result Report (Memory TX) ( Jun 27. 2006 11:09AM ) *  *  *

1) Dalton  Dalton & Houston
2)

Date/Time: Jun 27 2006 11:03AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 3747 | Memory TX | SHO 202-442-5656 | P 35 | OK | |

---

Reason for error
E.1) Hang up or line fail                    E.2) Busy
E.3) No answer                               E.4) No facsimile connection

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703) 739-2323

DATE:         June 27, 2006

TO:           Hearing Officer Tonya Butler-Truesdale, Student Hearing Office

AT FAX:       202-442-5656

FROM:         Jessica M. Smith, Esq.

RE:           De███  ███ ███ ███.95

NUMBER OF PAGES INCLUDING THIS PAGE: 34

COMMENTS:

STATUS REPORT AND MOTION FOR EXPEDITED HEARING
Exhibits 1 - 5

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

247

# FAX TRANSMISSION COVER SHEET
## Dalton, Dalton & Houston P.C.
### Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

**DATE:** June 27, 2006

**TO:** Hearing Officer Tonya Butler-Truesdale, **Student Hearing Office**

**AT FAX:** 202-442-5556

**FROM:** Jessica M. Smith, Esq.

**RE:** De██ W███s, DOB:█████95

**NUMBER OF PAGES INCLUDING THIS PAGE:** 34

**COMMENTS:**

**STATUS REPORT AND MOTION FOR EXPEDITED HEARING**

**Exhibits 1 - 5**

*****************************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
*****************************************************************************
*****************************************************************************

## FAX TRANSMISSION COVER SHEET
### Dalton, Dalton & Houston P.C.
### Attorneys at Law
### 1008 Pendleton Street
### Alexandria, Virginia 22314-1837
### (703) 739-4300
### FAX (703)739-2323

DATE:        June 27, 2006

TO:          Sharon Newsome, Student Hearing Office

AT FAX:      202-442-5556

FROM:        Jessica M. Smith, Esq.

RE:          D███████ W████, DOB:███████95

NUMBER OF PAGES INCLUDING THIS PAGE:  34

COMMENTS:

STATUS REPORT AND MOTION FOR <u>EXPEDITED HEARING</u>

Exhibits 1 - 5

*********************************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
*********************************************************************************

P 1

* * * Transmission Result Report(MemoryTX) ( Jun 27. 2006 11:13AM ) * * *

1) Dalton. Dalton & Houston
2)

Date/Time: Jun 27  2006 11:05AM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 3749 Memory TX | SHO 202-442-5556 | P 34 | OK | |

---

Reason for error
E.1) Hang up or line fail                    E.2) Busy
E.3) No answer                                E.4) No facsimile connection

---

FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:        June 27, 2006

TO:          Sharon Newsome, Student Hearing Office

AT FAX:      202-442-5556

FROM:        Jessica M. Smith, Esq.

RE:          De⬛⬛ ⬛⬛⬛ ⬛OR: ⬛⬛⬛

NUMBER OF PAGES INCLUDING THIS PAGE:    34

COMMENTS:

STATUS REPORT AND MOTION FOR EXPEDITED HEARING
Exhibits 1 - 5

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

P. 1

z  z  z  Transmission Result Report (Memory TX) ( Jun. 27. 2006 11:24AM ) z  z  z

1) Dalton, Dalton, & Houston
2)

Date/Time: Jun. 27. 2006 11:07AM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 3750 Memory TX | OGC 202-442-5098 | P. 34 | OK | |

```
Reason for error
   E.1) Hang up or line fail              E.2) Busy
   E.3) No answer                         E.4) No facsimile connection
```

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:        June 27, 2006

TO:          Tiffany Puckett, Esq., OGC

AT FAX:      202-442-5098 / 5097

FROM:        Jessica M. Smith, Esq.

RE:          ████████ DOB ██/██/95

NUMBER OF PAGES INCLUDING THIS PAGE:  34

COMMENTS:

STATUS REPORT AND MOTION FOR EXPEDITED HEARING

Exhibits 1 - 5

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

251

## FAX TRANSMISSION COVER SHEET
### Dalton, Dalton & Houston P.C.
**Attorneys at Law**
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:        June 27, 2006

TO:          Tiffany Puckett, Esq., OGC

AT FAX:      202-442-5098 / 5097

FROM:        Jessica M. Smith, Esq.

RE:          Dd W        DOB:    /95

NUMBER OF PAGES INCLUDING THIS PAGE:  34

COMMENTS:

STATUS REPORT AND MOTION FOR EXPEDITED HEARING

Exhibits 1 - 5

*****************************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
***************************************************************************

Law Offices
**DALTON, DALTON & HOUSTON, P.C.**

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile: (703)-739-2323
E-MAIL: J.Smith@DaltonLaw.com

Washington DC. Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton* +
Ellen Douglas Dalton*+
William E. Houston^+°
Laura E. Duos~+
Jessica M. Smith¥

* ADMITTED IN VA & W.VA
+ADMITTED IN D.C.
^ADMITTED IN PA.
~ADMITTED IN MD.
° ADMITTED TO THE U.S. SUPREME COURT

July 31, 2006

Hearing Officer Tonya Butler-Truesdale
Student Hearing Office
825 North Capitol Street, NE
Washington, DC 20002

**VIA FAX: 202-442-5556**

Re: De████ W████

Dear Ms. Butler-Truesdale:

As you are aware, a Motion for Expedited Hearing (attached here) was filed on behalf of De████ W████ on June 27, 2006. After the filing of this Motion, you contacted me on or about June 28, 2006 to set up a conference call with Ms. Tiffany Puckett from the Office of General Counsel, myself and you. In complying with your request, I sent you a letter on June 30, 2006 (attached here) proposing times and dates for this conference call. However, I never heard anything back confirming when the conference call would occur. I called the Student Hearing Office and left a message for you on or about July 5, 2006, however it is possible that you did not receive the message, because I did not hear back from you. Since that time, I have not heard from you or anyone in the Student Hearing Office regarding scheduling an expedited hearing.

It has been over thirty days since filing my Motion for Expedited Hearing with the Student Hearing Office and the start of the school year is fast approaching. I would prefer for you to retain jurisdiction in this case since you have already presided over two prior hearings in this case and are familiar with the facts. I am sending a copy of this letter to Chief Hearing Officer David Smith and Ms. Sharon Newsome in the Student Hearing Office in the event that you are unable to hear this matter.

Please update me on the status of scheduling this hearing. I appreciate your assistance in this matter.

Sincerely,

*Jessica M. Smith*

Jessica M. Smith, Esq.

---

¥ *Admitted only in Virginia. Practicing in D.C. pursuant to Rule 49(c)(8): Supervision by Ellen Douglass Dalton and Paul S. Dalton, Members of the D.C. Bar.*

1

Enclosures:    Motion for Expedited Hearing with Exhibits 1-5 and fax confirmations
               Letter to Hearing Officer Butler-Truesdale, 6/30/06

cc:    David Smith, Esq., Chief Hearing Officer, SHO
       Sharon Newsome, SHO
       Tiffany Puckett, Esq., OGC
       Carrie Wilkins, Mother

254

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile:  (703)-739-2323
E-MAIL: J.Smith@DaltonLaw.com

Paul S. Dalton* ÷
Ellen Douglass Dalton*÷
William E. Houston^÷°
Laura E. Duos~÷
Jessica M. Smith*

Washington DC. Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

* ADMITTED IN VA & W.VA
÷ADMITTED IN D.C.
^ADMITTED IN PA.
~ADMITTED IN MD.
* ADMITTED TO THE U.S. SUPREME COURT

June 30, 2006

Hearing Officer Tonya Butler-Truesdale
Student Hearing Office
825 North Capitol Street, NE
Washington, DC 20002

**VIA FAX: 202-442-5556**

Re: D███████W█████

Dear Ms. Butler-Truesdale:

Per your request, I have spoken with Ms. Tiffany Puckett, Esq. in the Office of General Counsel and confirmed a few dates to have a conference call with you regarding the Motion for Expedited Hearing that I filed for D██████ W█████. Ms. Puckett and I are both available for a teleconference on July 6th at 11am and July 7th at 11am. Please confirm whether one of these times will be convenient for you to have the teleconference.

Sincerely,

*Jessica M. Smith*

Jessica M. Smith, Esq.

cc:    Tiffany Puckett, Esq.

---

¥ *Admitted only in Virginia. Practicing in D.C. pursuant to Rule 49(c)(8): Supervision by Ellen Douglass Dalton and Paul S. Dalton, Members of the D.C. Bar.*

255

P. 1

* * * Transmission Result Report(Memory TX) ( Jun.30. 2006 10:44AM ) * * *
1)
2) Dalton, Dalton & Houston

Date/Time: Jun.30. 2006 10:33AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 3994 | Memory TX | SHO 202-442-5556 | P. 2 | OK | |

--------------------------------------------------------------------------------

Reason for error
E.1) Hang up or line fail                    E.2) Busy
E.3) No answer                               E.4) No facsimile connection

FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:       June 30, 2006

TO:         Hearing Officer Tonya Butler-Truesdale, Student Hearing Office

AT FAX:     202-442-5556

FROM:       Jessica M. Smith, Esq.

RE:         D███████ ██████

NUMBER OF PAGES INCLUDING THIS PAGE: 2

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

256

P. 1

* * * Transmission Result Report (Memory TX) ( Jun.30. 2006 10:33AM ) * * *
1)
2) Dalton, Dalton & Houston

Date/Time: Jun.30. 2006 10:32AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|------|------|-------------|-------|--------|---------------|
| 3993 | Memory TX | OGO 202-442-5098 | P. 2 | OK | |

--------------------------------------------------------------------------

Reason for error
    E.1) Hang up or line fail          E.2) Busy
    E.3) No answer                     E.4) No facsimile connection

---

FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:       June 30, 2006

TO:         Ms. Tiffany Puckett, Esq., Office of the General Counsel

AT FAX:     202-442-5098 / 5097

FROM:       Jessica M. Smith, Esq.

RE:         De███ W███

NUMBER OF PAGES INCLUDING THIS PAGE: 2

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

257

STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA STATE
ENFORCEMENT AND INVESTIGATION DIVISION (SEID)
SPECIAL EDUCATION PROGRAMS

Carrie Wilkins, on behalf of                    )
De██████ W██████                               )
                                                )
            Petitioner,                         )
                                                )        Hearing Officer Tonya M. Butler-Truesdale
                                                )
v.                                              )
                                                )
District of Columbia Public Schools             )
                ("DCPS"),                        )
                                                )
            Respondent.                          )
_____ )

## STATUS REPORT AND MOTION FOR EXPEDITED HEARING

COMES NOW, Petitioner, by and through counsel, and files this status report to inform the Hearing Officer of recent events occurring after the Hearing on May 22, 2006 and to **REQUEST AN EXPEDITED DUE PROCESS HEARING**. The Status Report and reasoning for the instant Motion are as follows:

Student:               De██████ W██████, DOB: ██████95

Petitioner:            Carrie Wilkins, Mother

Residence:             2909 South Dakota Ave, NE
                       Washington, DC 20018

Attending School:      Thurgood Marshall Educational Center, DCPS

Petitioner's Counsel:  Jessica M. Smith, Esq., Dalton, Dalton, & Houston, PC
                       1008 Pendleton Street
                       Alexandria, VA 22314
                       703-739-4300 (p), 703-739-2323 (f), j.smith@daltonlaw.com

Complaint Against:     DCPS, Thurgood Marshall

Petitioner wishes to waive the Resolution Session.

Counsel for Petitioner will attend the Resolution Session if one is scheduled.

258

## I.    Factual Background

On July 12, 2005, a due process Hearing was held for D██████Wilkins. D████ suffers from severe respiratory distress and bronchial asthma, such that he is often unable to go outside or physically attend school. Thus, the Petitioner was seeking home bound services for D████ on days when he was too sick to go to the school building. At the Hearing, the Petitioner and DCPS reached a settlement agreement and this Hearing Officer entered the settlement on the record and incorporated it into an HOD dated July 22, 2005. The HOD ordered DCPS to convene an MDT / IEP meeting to review evaluations and medical documents, revise the IEP as necessary, and discuss and determine placement and compensatory education. All meetings were to be scheduled through the Petitioner's counsel. Six months later, DCPS had still not scheduled the MDT / IEP meeting. Thus, the Petitioner filed another Due Process Complaint Notice on January 26, 2006 for failure to hold the HOD ordered meeting.

On May 2, 2006, DCPS held a Resolution Meeting in an attempt to resolve the pending Complaint. At the Resolution Meeting, the Petitioner wanted to go forward with the HOD Ordered MDT meeting, however DCPS stated that they could not go forward with an MDT meeting at that time because "the local school can not in good faith agree to provide home school specialized instruction and speech and language services." Pet's Ex. 1 at 2. DCPS agreed to "convene an IEP meeting where the parties who are capable of making these decisions will be in attendance." *Id.* The IEP meeting was scheduled for May 23, 2006. However, the due process Hearing was scheduled for the day prior on May 22, 2006.

The Hearing was held on May 22, 2006. At the Hearing, the special education coordinator at D█████'s school, Ms. Tiffany Batson, testified under oath that the school was convening the IEP meeting the next day, May 23, 2006, and that all persons needed to make the decisions regarding all issues, including providing home bound instruction, would be present at the meeting.

## II.    Events Occurring After the Hearing

The MDT / IEP meeting was convened on May 23, 2006 at D██████'s school, Thurgood Marshall Elementary. *See* Pet's Ex. 2. Present for the meeting was the Petitioner and her counsel, Ms. Batson, and D█████'s regular education teacher and special education teacher. The Principal at Thurgood Marshall also participated briefly and the speech and language pathologist arrived towards the end of the meeting. During the meeting, the Petitioner expressed her concerns that D█████'s not learning because when his asthma and respiratory conditions act up he cannot go to school, but rather has to stay home. Ms. Wilkins, the Petitioner, expressed that while *she* gives █████some work to do, she is not equipped to teach him and has had to quit three jobs in order to stay home with him. The Petitioner feels that D█████is being treated as a "throw-away child" because she has tried numerous times to get DCPS to provide home bound instruction, but he has never received it. Rather, when D████is sick, he stays at

2

259

home with nothing to do. This is also impacting his social and emotional well-being because he has no goals to strive for and nothing to look forward to.

The general education teacher, Ms. Whitaker, stated that she has been concerned about D████ for the last two years. She further stated that D████ has not progressed at all due to his absences caused by his medical condition. It is difficult for her to test his abilities but that she believes he is on a 2nd grade level (D████ is currently in the 4th grade). Additionally, Ms. Whitaker stated that this lack of progress has been negatively impacting his self-esteem. The special education teacher, Ms. Aremo, stated that D████ reads on a 2nd grade level and that he has the potential to learn but the lack of instruction due to the absences has hindered him. Additionally, the speech and language pathologist, Ms. Williams, stated that D████'s progress has been stunted due to his absences and that he needs one-on-one assistance.

The team updated D████'s IEP and included bronchial asthma in his OHI classification. *See* Pet's Ex. 3. The team also determined that D████'s triennial evaluations were due. Ms. Batson stated that a speech and language evaluation and educational evaluation would be completed over the summer. The Petitioner also requested a psycho-educational evaluation. While Ms. Batson did not agree to perform a psycho-educational evaluation, she stated that the school psychologist would review the prior psycho-educational from August 7, 2003.

**The team was in agreement that D████ needs at home tutoring when his absences are excessive due to his medical condition**. The Petitioner proposed that when D████ is absent due to his condition for three (3) consecutive days, that the Petitioner would notify the school and the school would send a tutor to his home until he was better and able to attend school again. If absences were less than three (3) consecutive days, then work packets would be sent home. Additionally, the speech and language services would be sent home when D████ was absent. The school, however, would not agree to implement this plan. Rather, **Ms. Batson stated that she cannot authorize or implement home tutoring**. The parent then asked for the Principal to be called into the meeting to authorize the tutoring. The Principal came into the meeting and also stated that Thurgood Marshall could not authorize or implement home tutoring. **Therefore, despite the Resolution Meeting notes and Ms. Batson's testimony at the Hearing that the people capable of making these decisions regarding home bound services would be at the MDT meeting, no such person was present.**

Ms. Batson stated that the only service available for D████ needs is the Visiting Instruction Services (VIS) located in Sharpe Health Center. However, she stated that VIS is only given on an interim basis. VIS is not a continuing services and will cease when D████ returns to school after a stretch of being absent. VIS is geared toward students who require homebound on a one time interim basis, not for students with continuous periods of absences like D████. Additionally, VIS is not given during the summer months. The Petitioner agreed that she would submit the paperwork to VIS, since it was the only option presented by DCPS, but insisted that this was not enough for D████.

3

The team then discussed compensatory education. Ms. Batson offered to add up the hours De██████missed and then create a plan to make up for it. However, compensatory education should not be a mathematical equation, but rather must provide instruction that will bring D█████to the level he would be at (which is a 4th grade level) but for the educational deficiency he has suffered by not being provided services when he is sick. *See Reid v. District of Columbia*, 401 F.3d 516 (D.C. Cir. 2005). Rather than do an hour-for-hour equation, Petitioner's counsel proposed that a summer program be implemented to make up for the lack of services and then De██████ould be re-tested after the compensatory education was implemented to see how much progress he made and if more compensatory education was warranted to bring him up to the level he should be at. **The team agreed to provide four hours per day of compensatory education for five weeks over the summer, which would include specialized instruction and speech and language services. DCPS, however, would not authorize home tutoring for this compensatory education plan, but rather insisted that in order for Desmond to get the four hours per day for five weeks, that he must attend the summer school program at Thurgood Marshall.** The Petitioner tried to reiterate that D██████ is unable to physically be at school due to his medical condition. However, Ms. Batson stated that they would only provide the compensatory education at the summer school site. *See* Pet's Ex. 2 at 3-5.

After the meeting, the Petitioner contacted the VIS program for home bound tutoring services. Home bound services started for D█████on May 30, 2006 and ended on June 14, 2006, because the home tutoring available through VIS does not continue through the summer. Home bound instruction was provided to D█████for two weeks, two days per week, for two hours per day, essentially for only 8 hours this school year. Ms. W. Green, the VIS teacher, stated that D█████needed more home bound instruction, but that she could not provide it to him as VIS ends at the end of the school year. The home bound instruction ended June 14, 2006. For the entire 2005-2006 school year, D█████has not received home bound instruction when he is absent due to his medical condition, and he has not received his speech and language services. Additionally, he is not receiving any of the compensatory education that is warranted.

### III.     Hearing Officer's Determination Issued on June 2, 2006

After the May 22, 2006 Hearing and after the May 23, 2006 MDT meeting, this Hearing Officer issued an HOD on June 2, 2006. *See* Pet's Ex. 4. The HOD ordered DCPS to convene an MDT meeting within 14 calendar days of the HOD to discuss compensatory education, review evaluations and medical documentation, to consider adding SLI and OHI as classifications, and determine placement. As stated above, the MDT meeting was held on May 23, 2006, prior to the issuance of the HOD, and the team discussed evaluations, updated the IEP[1], and discussed compensatory education and placement.

---

[1]     The team added bronchial asthma to De█████s disability classification of OHI, which also includes ADHD. However, due to the out-of-date evaluation and D█████not receiving his services this year, the team did not have enough information to determine whether D█████ should also be classified speech and language impaired.

4

Since the meeting ordered in the HOD had already taken place, counsel for Petitioner sent a letter to Ms. Batson outlining what the HOD ordered and reiterating what occurred at the May 23, 2006 MDT meeting. *See* Pet's Ex. 5. The letter also restated the Petitioner's position stated at the meeting, that D███████ needs home instruction, and DCPS's position stated at the meeting, that they cannot authorize home instruction. The letter concluded that if DCPS's position on the matter had changed, that Ms. Batson should send a letter of invitation and the team could reconvene, but that if DCPS's position remained the same, that they could not authorize the services the Petitioner requires, that there was no need to reconvene the meeting. As of the filing of this Motion, no one from DCPS has contacted the Petitioner's counsel regarding this meeting and the 14 days has past.

### III.    Allegations

The Petitioner alleges the following:

1.    DCPS denied D███████ a FAPE by failing to convene an appropriate IEP meeting with all necessary individuals present to authorize home bound instruction and related services;

2.    DCPS denied De███████ a FAPE by failing to implement his IEP and provide him with the specialized instruction and related services indicated on his IEP;

3.    DCPS denied De██████ a FAPE by failing to draft an appropriate IEP that will meet his needs when he is unable to attend school due to his medical condition;

4.    DCPS denied D███████ a FAPE by failing to come up with an appropriate compensatory education plan, given his medical condition and inability to be physically at school;

5.    DCPS denied De██████ a FAPE by failing to agree to conduct a psycho-educational evaluation which the parent requested at the May 23, 2006 meeting.

### IV.    Relief

The Petitioner requests an **expedited due process hearing** and the following relief:

1.    Declaratory relief of denial of FAPE, denial of Due Process, and discrimination based solely on Desmond's disability by DCPS;

2.    A determination that DCPS denied Desmond a FAPE by failing to convene an appropriate IEP meeting with all necessary individuals present to authorize home instruction and related services;

3.    A determination that DCPS denied D█████ a FAPE by failing to implement his IEP and provide him with the specialized instruction and related services indicated on his IEP;

4.    A determination that DCPS denied D█████ a FAPE by failing to draft an appropriate IEP that will meet his needs when he is unable to attend school due to his medical condition;

5.    A determination that DCPS denied D█████ a FAPE by failing to come up with an appropriate compensatory education plan, given his medical condition and inability to be physically at school;

6.    A determination that DCPS denied D█████ a FAPE by failing to agree to conduct a psycho-educational evaluation which the parent requested at the May 23, 2006 meeting;

7.    A determination that DCPS be required to fund an independent psycho-educational evaluation;

8.    A determination that DCPS be required to fund the compensatory education agreed to by the MDT team, four hours per day for five weeks, in the form of home services including tutoring and speech and language services;

9.    A determination that after the five weeks of compensatory education, DCPS re-evaluate D█████ to determine his present levels of functioning and to determine if more compensatory education is needed to bring him to the level he should be at, but for DCPS's denial of FAPE;

10.   A determination that, starting with the 2006-2007 school year, when D█████ is absent due to his condition for three (3) consecutive days, that the Petitioner will notify the school and DCPS will be required to send a tutor and any related service providers to his home until he is better and able to attend school again. If absences are less than three (3) consecutive days, then DCPS will be required to send work packets home.

11.   A determination that DCPS convene an MDT meeting after the evaluations are completed to review the evaluations, update his IEP as necessary, add the relief requested in paragraph 10 to his IEP, discuss and determine placement, and discuss and determine whether additional compensatory education is warranted;

12.   A determination that DCPS's failure to hold the MDT meeting requested in paragraph 11 will not preclude Desmond from receiving the home bound instruction outlined in paragraph 10 above;

6

263

13.    A determination that DCPS be required to pay reasonable attorneys' fees pursuant to current federal law; and

14.    Any other relief that the Hearing Officer deems appropriate.


June 27, 2006                                    Respectfully Submitted,

                                                *[signature]*

                                                Jessica M. Smith, Esq.
                                                Counsel for Petitioner
                                                Dalton, Dalton, & Houston, P.C.
                                                1008 Pendleton Street
                                                Alexandria, Virginia 22314
                                                703-739-4300
                                                703-642-2323 – fax


### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Status Report and Motion was filed with Hearing Officer Tonya Butler-Truesdale of the Student Hearing Office via facsimile at 202-442-5556, and sent to Tiffany Puckett, Esq. in the Office of the General Counsel at fax 202-442-5098 / 5097 on this 27th day of June, 2006.

                                *[signature]*

                                Jessica M. Smith, Esq.
                                Counsel for Petitioner

7

264

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

__ PUBLIC    ___DPCS CHARTER    __ LEA CHARTER    __ NONPUBLIC    ___ PRIVATE/RELIGIOUS

## RESOLUTION MEETING NOTES

Meeting Confirmation Date: __5-1-06__                Meeting Held: __5-2-06__

Student: __D___ W_____    DOB __95__    School: __Marshall__

| PARTICIPANTS: (Print Name) | PARTICIPANTS (Sign Name) | POSITION |
|---|---|---|
| CARRIE Wilkins | Carrie Wilkins | Mother |
| Talib Shabazz | J. Shabazz | After School Student Teacher |
| Dorcas Whitaker | D. Dreno | Special Ed. Teacher |
| Ola Aremo | | |
| Jennifer Williams MS, CCC-SLP | Jennifer Williams | Speech Pathologist |
| Tiffany Batson | Tiffany Batson | Sped Coordinator |

_____ Resolved    ✓ Unresolved

The meeting was convened to discuss the resolution
of student De____ W____

1. DCPS violated the terms of the July 22nd HOD

2. failed to develop an appropriate IEP. Parent states
that student should have been chrone-schooled based on
his medical health.

3. same as above

4. same as above

5. same as above

PETITIONER'S
EXHIBIT
1        265

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

_ PUBLIC    ___DPCS CHARTER    _ LEA CHARTER    _ NONPUBLIC    __ PRIVATE/RELIGIOUS

RESOLUTION MEETING NOTES Cont'd.

Meeting Confirmation Date: _____        Meeting Held:_____

Student: D█████ d█████s        School: Marshall

It has been determined that since the local school can not in good faith agree to provide home-school specialized instruction and speech & language services. DCPS agrees to convene an IEP meeting where the parties who are capable of making these decisions will be in attendance. In addition, prior to the meeting, the parent will be given a blank copy of the DCPS Physician's Certificate of Pupil's Inability to Attend School form so she can get the form completed by her child's physician if available or appropriate form.

In conclusion, the resolution is unresolved.

RESOLUTION MEETING NOTES    Page _____        July 11, 2005

266

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

Multidisciplinary Team
(MDT)
MEETING NOTES

1 of 5

Annual IEP Review Meeting Notes

STUDENT: D█████ W█████          SCHOOL: Marshall Elementary    . DATE: 5/23/2006

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Ms. ~~Harris~~ W█████ | Carrie Webb | Parent/Guardian |
| Ms. Aremo | | Special Ed |
| Ms. Whitaker | Lucas Whitaker | General Ed Teacher |
| Ms. Batson | Tiffany Batson | LEA Representative |
| Ms. Powell | Valerie Powell | Principal or Designee |
| Jennifer Williams MS, CCC-SLP | Jennifer Williams | ~~Student~~ Speech Pathologist |
| Jessica Smith | Jessica M. Smith | parent attorney |

The meeting was convened to discuss the annual review of
student Desmond Wilkins. All the members of the MDT
were present and introduced themselves to the parent.

Parent - █████d is not learning and the parent is not
equipped to teach him. In math he's doing good by
his reading and writing and English is not good. Socially
Desmond has ADHS so when he's hyper he gets sick. He
has some outburst of anger. It has a lot to do with his
education because he's at home with Mom. And he see's
his friends. All he does is eat and sleep. He doesn't have
much to look forward to. And the parent is unable to come
to the school for her other children because D█████d is
sick. He is not getting the proper education. Parent feels
she has tried to get DCPS to provide Visiting Home Services
but he still hasn't received any services. D█████d is not

The Parent ☑ is present ☐ is not present at the meeting.
DISTRICT OF COLUMBIA PUBLIC SCHOOLS          04-05-2004          DIVISION OF SPECIAL EDUCATION

PETITIONER'S
EXHIBIT
2  267

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

2 of 5

MDT

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES (continuation)

STUDENT: _____    SCHOOL: Marshall Elementary    DATE: 5/23/2006

qualified to attend hospistal school or school for sick
children, but he was not accepted. This has gone on for three
years. D_____ has several allergies.

General Ed Teacher - The teacher has been concerened about
D_____ for two years that he's been in her classroom.
He is obviously sick and when he's in class, he's been
out so much that when he returns he's behind and
it works on his self-esteem. She is a huge gap in his
education. He hasn't had the opportunity to learn and
no opportunity to be evaluated. He was assessed in
the beginning of the school year, but it was using a
1st grade evaluation tool. He hasn't been to school since March.

SpEd Teacher - D_____ reads on a 2nd grade level (Teacher
showed samples of student work). D_____ is a lively young
child who always wants to help. He talks about a bussiness
that he has and he socializes with other classmates and
he completes assignments when in class. His absences
have hindered him. He is not teased in the special ed.
classroom. He has the potential to learn.
Speech - D_____'s progress has been stunted because
he hasn't been in school. He usually needs one-on-one,

268

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

3 of 5

MDT

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES (continuation)

STUDENT: De███ W███     SCHOOL: Marshall Elementary     DATE: 5/23/05

Recommendation -
De████ continues to be eligible for special education
services as a student with Other Health Impairments.
He will continue to receive 17.5 hours a week of
specialized instruction and he will receive 1 hour
of speech & language services a week

De████ is in need of VIS (Visiting Instruction Services).
He has already been signed up but the student
will only be given services during the school year.

Discuss Comp Ed -
July 22, 2005 DCPS was issued a HOD ordering the
school to hold an IEP/MDT meeting. The meeting was not
held and the school was in violatation of the HOD. As a
result De████ will receive comp ed from August
29, 2005 until May 23, 2006.
The parent and advocate is willing to skip comp ed
if DCPS offers Visiting Instruction Services during the
summer of any type of tutorial program. DCPS in
good faith can not make that agreement at the
local school. DCPS will offer comp ed during the summer for
hours a day for 5 weeks at the summer school site.

269

age __4__ of __5__

MDT/IEP meeting notes by Parent
De████ W████ - DOB: ███2/95

De████ suffers severe Respirtory distress and ~~brea~~ bronchial asthma. These illnesses cause severe absences, which impact his ability to access educationa at school. Mom gives him schoolwork on a K-2 grade level at home. She has had to quit 3 jobs to stay home with him. She feels he is a "throw away child" because she has been unable to get home tutoring + services when he is absent.

Ms. Whitaker, gen. ed. teacher, stated that he has not progressed at all due to absences.

Ms. Batson spoke with "VIS" visiting instruction services at sharpe Health. VIS indicated that home bound tutoring is only available during the school year + not during the summer. The home bound tutoring will stop + have to be re-applied for if he attends a day at school.

Comp Ed was discussed. ~~Parent~~ (JHS)
Desmond is at 2nd grade level, but should be on at 4th grade level. He is not on level due to absences

270

age ~~45~~ of 5 (hrs)

Provide comp. ed. 4 hrs/day for 5 weeks over the summer. Parent will submit medical documents re: inability to attend school to Legrand Lewis at Sharpe Health. Comp ed plan will include ~~4 hrs~~ (hrs) specialized instruction and speech + language services.

Triennial evaluations are due. S/L eval. will be conducted ~~before~~ September after comp. ed. is given to gain an accurate assessment of his progress. Educational eval will be done ~~before~~ September. Parent is requesting psycho-educational be done to assess the effects of his lack of services + progress on him. School psychologist will review the last psycho-educ conducted August 7, 2003.

Team is in agreement that he needs at home tutoring when absences are excessive due to asthma. Marshall School cannot implement or authorize at home tutoring. Marshall referred parent to VIS at Sharpe + parent will submit papers to Legrand Lewis for home bound tutoring at

271

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

MULTIDISCIPLINARY TEAM (MDT)

ReEval Prep Meeting Notes

| MDT |

MEETING DATE: 05/23/2006

STUDENT: Des█████ W█████          SCHOOL: Marshall Elementary

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Ms. Wilkins | _Cisse Wilkins_ | Parent/Guardian |
| Ms. Aremo | _C. Aremo_ | Special Ed Teacher |
| Ms. Whitaker | _Lorcas Whitaker_ | General Ed Teacher |
| Ms. Batson | _Tiffany Batson_ | LEA Representative |
| Ms. Powell | _Valerie Powell_ | Principal or Designee |
|  |  | Student |
| Ms. Williams | _Jennifer Williams—MS, CCC-SLP_ | Speech Pathologist |
| Jessica Smith | _Jessica Smith_ | attorney-parent |

The meeting was convened to discuss the re-evaluation prep of student D████ W█████. This meeting was convened after the IEP meeting.
Student requires a re-evaluation in the following areas: educational
    Speech & language
    Review of 2003 Psychological Evaluation

Parent requests a psycho-educational. DCPS doesn't feel it is warrented because the school doesn't suspect a change in disablity.

THE PARENT  ☒ IS PRESENT  ☐ IS NOT PRESENT  AT THE MEETING

☐ EXISTING DATA IS SUFFICIENT

☒ EXISTING DATA IS INSUFFICIENT; ADDITIONAL ASSESSMENTS NEED TO BE ORDERED.

**272**

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
DIVISION OF SPECIAL EDUCATION
WASHINGTON, D.C.

MULTIDISCIPLINARY TEAM
(MDT)
STUDENT EVALUATION PLAN
(SEP)

MDT
SEP

MEETING DATE: 05/23/2006

STUDENT: D████ W████    DOB: ████95    AGE: 10   GRADE: 04   SCHOOL: Marshall Elementary

STUDENT IDENTIFICATION NUMBER: 9065608    TEACHER / HOMEROOM: Ms. Whitaker    Ms. Aremo

ADDRESS: 2909  South Dakota Ave NE    NE    Washington    DC    20018

Street #    Street Name.    Quadrant    Apartment #    City,    State,    Zip Code

PARENT(S)/GUARDIAN: Ms. Wilkins    TELEPHONE (H): (202) 269-0228    (W):

**Summarize Area(s) of Concern:**

Student's absences have caused an interrupt in services

**Team Recommendations:**

Since providers are unsure of his current ability the following evaluations have been ordered.

**EVALUATION(S) IN AREA(S) OF LEARNING CONCERN(S)**

| ASSESSMENT | ASSESSOR | TEST INSTRUMENT | TIMELINE ASSIGNED | DUE DATE |
|---|---|---|---|---|
| ☐ Psychological | | | | |
| ☒ Speech/Language | Jennifer Williams | CELF-4; EOWPVT, PPVT | | 07/22/2006 |
| ☐ Social History | | | | |
| ☐ Audiological | | | | |
| ☐ Vision Screening | | | | |
| ☐ Medical | | | | |
| ☒ Educational | Ms. Batson | WJIII | 05/23/2006 | 07/22/2006 |
| ☐ Hearing Screening | | | | |
| ☐ Other | Other: | Other: | | |

| TEAM MEMBERS: NAME | POSITION | TEAM MEMBERS: NAME | POSITION |
|---|---|---|---|
| Ms. Wilkins | Parent/Guardian | Ms. Powell | Principal or Designee |
| Ms. Aremo | Special Ed Teacher | | Student |
| Ms. Whitaker | General Ed Teacher | Ms. Williams | Speech Pathologist |
| Ms. Batson | LEA Representative | | |

The MDT meeting to discuss the evaluation results is scheduled on    07/24/2006    at 10:00 am    in room pcr

Place completed form in MDT folder.

**273**

DISTRICT OF COLUMBIA PUBLIC SCHOOLS    07-02-2001    DIVISION OF SPECIAL EDUCATION    MDT - SEP    APPENDIX - A

DISTRICT
OF
COLUMBIA
PUBLIC
SCHOOLS

## NOTICE TO PARENT OF INTENT TO EVALUATE/REEVALUATE

Date: 05/23/2006

| To | Ms. Wilkins | | | Ref | De⬛⬛ | Wi⬛⬛ |
| | 2909   South Dakota Ave NE | | NE | DOB | | 995 |
| | Washington | DC | 20018 | ID # | | 9065608 |
| Telephone: (H) | (202) 269-0228 | | | (W) | | |

Dear  Ms. Wilkins

The District of Columbia Public Schools is requesting that _____ Desmond _____ be available for testing for the following tests, on the indicated date, at the school.

| ASSESSMENT | ASSESSOR | TEST INSTRUMENT | TEST DATE ASSIGNED | ADMINISTERED |
|---|---|---|---|---|
| ☐ Psychological | | | | |
| ☒ Speech/Language | Jennifer Williams | CELF-4, EOWPVT, PPVT | 05/23/2006 | |
| ☐ Social History | | | | |
| ☐ Audiological | | | | |
| ☐ Vision Screening | | | | |
| ☐ Medical | | | | |
| ☒ Educational | Ms. Batson | WJIII | 05/23/2006 | |
| ☐ Hearing Screening | | | | |
| ☐ Other | Other: | Other: | Other: | |

### LIST OF TESTS WITH DESCRIPTIONS

☐ **Bayley Scales of Infant Development-II** - an individually administered instrument that measures motor, mental and social development in infants and children from 1 month to 42 months of age.

☐ **Bender Visual Motor Gestalt Test** - measures perceptual motor skills to determine visual-motor gestalt functioning and neurological soft-signs in ages 4 to 12 years using the Koppitz Scoring System.

☐ **Children's Apperception Test** - a projective story-telling technique for personality evaluation in ages 5 to 10 years.

☒ **Clinical Evaluation of Language Functions - IV** - assesses the child's language functioning including processing and production.

☐ **Conner's Parent and Teacher Rating Scales** - a paper-and-pencil instrument measuring problem behaviors of children and adolescents as reported by the child's teacher, parents, or alternate caregiver.

☐ **Developmental Test of Visual Motor Integration (VMI)** - assesses visual perception and motor coordination in ages 3 years and up using a more structured booklet format.

☒ **Expressive One Word Picture Vocabulary Test** - assesses the child's single word expressive vocabulary.

☐ **Fisher-Logemann Test of Articulation Competence** - assesses articulation proficiency with single sounds, consonant blends, and vowel production.

☐ **Goldman-Fristoe Test of Articulation** - assesses the production of consonants in simple and complex contexts.

**274**

INTENT Page 1

NOTICE TO PARENT OF INTENT TO EVALUATE/REEVALUATE    | INTENT Page 2 |

Student  D█████  Wi█████ _____  DOB █1995  Age  10  Grade  04  ID  9065608 ____

- [ ] **Goodenough-Harris Drawing Test** - a projective drawing procedure measuring intellectual perceptual-motor maturity and personality through the use of drawings of self and a member of the opposite sex in ages 3 to 15. 11 years.
- [ ] **House-Tree-Person** - a projective drawing technique providing insight into personality structure. physical concerns, and social-emotional adjustment in children and adolescents.
- [ ] **Kaufman Assessment Battery for Children** - assesses the ability to solve problems using simultaneous and sequential metal processes in four global areas: Sequential Processing, Simultaneous Processing, Mental Processing, and Achievement.
- [ ] **Kaufman Test of Educational Achievement (KTEA)** - an individually administered instrument measuring achievement skills in reading decoding, mathematics applications, spelling, reading comprehension, and mathematics computation.
- [ ] **Kinetic Family Drawing** - a projective drawing technique measuring one's perception of her family and her role within the family.
- [ ] **Oral Peripheral Speech Examination** - a procedure to determine whether the examinee can appropriately use the lips, tongue, mouth, etc.
- [ ] **Peabody Individual Achievement Test-Revised (PIAT-R)** - an individually administered test measuring achievement in areas of general information, reading recognition, reading comprehension, spelling, written expression, and mathematics.
- [✓] **Peabody Picture Vocabulary Test-Revised** - individually administered, multiple choice test measuring nonverbal, receptive vocabulary.
- [ ] **Preschool Language Scale** - measures auditory comprehension and verbal ability skills.
- [ ] **Receptive One Word Picture Vocabulary Test** - assesses the child's single word receptive vocabulary.
- [ ] **Rorschach Psychodiagnostic Test** - a projective measure y which one's responses to inkblots reveal personality structure, ego strengths and reality testing in ages 3 and older.
- [ ] **Test of Language Development Primary - Revised (TOLD-P)** - measures primary language proficiency and specific strengths and weaknesses in language skills.
- [ ] **The Vineland Adaptive Behavior Scales** - assesses adaptive and social competency skills.
- [ ] **Thematic Apperception Test** - a projective story-telling technique for personality evaluation in older children and adolescents.
- [ ] **Wechsler Adult Intelligence Scale-III (WIAS III)** - an individually administered test designed to measure the intelligence of individuals ages 16 and over.
- [ ] **Wechsler Individual Achievement Test (WIAT)** - a commonly used individually administered instrument designed to assess the educational achievement of children and adolescents in areas of basic reading, mathematics reasoning, spelling, reading comprehension, numerical operations, listening comprehension, oral expression, and written expression.
- [ ] **Wechsler Intelligence Scale for Children-III (WISC III)** - commonly employed individually administered test designed to measure the intelligence of individuals ages 6 1/2 to 16 1/2 years.
- [ ] **Wechsler Preschool and Primary Scale of Intelligence-Revised (WPPSI-R)** - measures specific mental abilities and processes in ages 4 1/2 to 6 1/2 years.
- [ ] **Woodcock-Johnson Psycho-Educational Battery** - a diagnostic and evaluation instrument composed of twenty-seven tests divided into three major parts: tests of cognitive ability, tests of achievement, and tests of interests.
- [ ] **Classroom Observation** - assesses present functioning of the student within the classroom environment.
- [✗] **List other tests with descriptions:**

WJIII Test of Achievment

Other factors that are relevant to be included:

**275**

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

CONSENT FOR EVALUATION

Student: De███████    W███████    DOB: ███1995 Age: 10   Grade: 04    ID: 9065608

☐ **Initial Evaluation**
You have been provided a copy of the "Procedural Safeguards - Parental Rights" booklet. We would like to remind you at this time that:

· Granting consent for this evaluation is a voluntary action on your part;

· This consent may be revoked at any time although the school district is required to take all necessary action to provide an appropriate program and may be required to initiate due process procedures to obtain consent:

· By granting consent in writing, you are agreeing to the evaluation(s) in section III.

☐ **Additional Initial Evaluation**          Source of Request: _____

☒ **Reevaluation**

The MDT received the following reevaluation request for a reevaluation for a:

☐ Requested Reevaluation          ☒ Triennial Reevaluation

The MDT will collect supportive documentation in the area of the disability to determine the need for continued special education and related services. The school is required to only evaluate in those areas of documented need or consensus of the MDT (parent is a member of team). Parents have the right to request assessments to determine if the child continues to be a child with a disability. DCPS may reevaluate your child, without your consent, if the school district can demonstrate that it has taken reasonable steps to get parental consent and the parent has not responded.

· Granting consent for this evaluation is a voluntary action on your part;

· This consent may be revoked at any time although the school district is required to take all necessary action to provide an appropriate program and may be required to initiate due process procedures to obtain consent:

· By granting consent in writing, you are agreeing to the evaluation(s) on the student evaluation plan (SEP).

☐ **Additional Triennial Reevaluation**          Source of Request: _____
☐ **Additional Annual**          Source of Request: _____
☐ **Transfer Evaluations**          Source of Request: _____
☐ **Additional Transfer Evaluation(s)**          Source of Request: _____

I give permission for District of Columbia School to proceed with the  Reevaluation  based on the Student Evaluation Plan (attached) for my child, Desmond

Within a reasonable period of time, days after the completion of the evaluation, we will hold another MDT meeting (to which you will be invited) to determine if your child is eligible for special education and related services. The written reports of all procedures administered will be provided to you at that meeting, along with explanations and interpretations. We will use this information to determine the appropriate program for your child. If our records are to be obtained/released as part of this evaluation, the "Consent for Release of Records" form is completed and attached. If you have questions or concerns at any time during the evaluation process, feel free to contact me at (202) 576-6900  (telephone number).

☐ INITIAL EVALUATION          ☒ TRIENNIAL REEVALUATION

**PARENT RESPONSE SECTION**

☒ I agree to proposed evaluation(s)          ☐ I do NOT agree to proposed evaluation(s)

_Carrie W lk_____
Parent/Guardian Signature

5-23-06
Date

_Jessica M. Snit_____
Witness

5|23|06
Date

**276**

District of Columbia Public Schools          04-02-2004          Division of Special Education

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.
INDIVIDUALIZED EDUCATIONAL PROGRAM

DCPS - IEP  Page 1 of 4
Additional Comments:

## I. IDENTIFICATION INFORMATION

## II. CURRENT INFORMATION

Date of IEP Meeting: 5/23/2006

Student Name: Last W█████     First D█████     MI

Date of Last
IEP Meeting:     5/25/2005

Student ID 9065608     Soc. Sec. No. ████     Age: 10     Grade 04

Date of Most Recent
Eligibility Decision: 10/16/2003

Gender [X] M [ ] F   Date of Birth ████ 1995   Ethnic Group Black

Purpose of IEP Conference:
[ ] Initial IEP          [X] Review of IEP
[ ] Requested Eval.   [ ] 3yr ReEval.

Address  2909  South Dakota Ave NE          NE
House No.     Street Name          Quadrant   Apartment #

Washington          DC     20018
City          State     Zip Code

[ ] Non-attending

Indicate Level of Standardized Assessment:
Level III

Attending School  Marshall Elementary          Home School

[X] Elem. [ ] Mid/JHS [ ] SHS [ ] CWS /

ADDENDA TO BE ATTACHED AS NEEDED
Check the appropriate box(es)

Parent  Ms. Wilkins

Address of (if different from student):  [X] Parent  [ ] Guardian  [ ] Surrogate

| | BEHAVIOR | [X] | TRANSPORTATION |
|---|---|---|---|
| | ESY | | TRANSITION |

House No.   Street Name          Quad   Apt No   City          State   Zip Code
Telephone: Home 2022690228          Work

| III. LANGUAGE | Language | Language Used for Evaluation | Language Used In Conference | Communication Requirements | To be completed by Office of Bilingual Education English and Math Proficiency Assessment |
|---|---|---|---|---|---|
| Student | English | English | English | Native Language | Oral |
| Parent | English | English | English | Native Language | Rdg./ Written |
| Home | English | English | English | Native Language | Instrument: |
| | | | | | Date: |

## IV. SPECIAL EDUCATION AND RELATED SERVICES SUMMARY

| SERVICES | GenEd | | | SETTING SpecEd | | | FREQUENCY | | PROVIDER (by discipline) | BEGINNING DATE mm/dd/yyyy | DURATION | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Ses. | Time | Total | Ses. | Time | Total | Hr./ Min | D/W/M | | | # | wks/mos |
| Specialized Instruction | 0 | 0 | 0 | 5 | 3.5 | 17.5 | Hrs | Week | Special Education Teacher/R | 5/3/2006 | 10 | Month |
| Speech-Language | 0 | 0 | 0 | 1 | 1 | 1 | Hrs | Week | Speech and Language Thera | 5/3/2006 | 10 | Month |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| TOTAL HOURS: | 0 | | | 18.5 | | | Total Combined Hours Per Week: | | | | | |

## V. Disability(ies) Other Health Impaired (ADHD) (Asthma)

[ ] (Check if setting is general Ed.)

Percent of time in Specialized Instruction and Related Services
[ ] 0-20%   [X] 21-60%   [ ] 61-100%     57%

Percent of time NOT in a General Education Setting

## VI. IEP TEAM (Participants in the development of the IEP)

Print and sign your name below.

Ms. ~~Hurs~~ W.Kins          Carrie WLk
Parent/Guardian

Student          Jessica Smith
atty for parent

Ms. Aremo
Special Ed

Ms. Whitaker          Dorcas Whitaker
General Ed Teacher

Ms. Batson          Tiffany Batson
LEA Representative

Jennifer Williams
Speech Pathologist          Jennifer Williams

Ms. Powell          Valorie Powell
Principal or Designee          Valorie Powell
Principal

*I AGREE* with the contents of this IEP. I have had an opportunity to be involved in the development of this IEP. I have received a copy of this IEP and consent to the implementation of the services in the IEP, I have received a copy of the procedural safeguards and parent rights pertaining to special education.
Parent/Guardian Signature  Carrie Wilkins          Date 5-23-06

District of Columbia Public Schools   04-02-2004   Division of Special Education   Appendix - A   IEP Page 1 of 4

PETITIONER'S EXHIBIT 2

| Student Name: De_____ Wi_____ | Managing School: Marshall Elementary | DCPS - IEP |
|---|---|---|
| Student ID Number 9065608   DOB 12/12/1995 | Attending School: Marshall Elementary | Page 2 of 4 |

## VII. Present Educational Performance Levels in Areas Affected by the Disability

Additional Comments: ☐

**Academic Areas: (Evaluator)** Ols. Aremus (SPED Teacher)

Math Strengths:
_____ could complete basic math problems

Impact of disability on educational performance in general education curriculum:
Non-regular school attendants has impacted on his performance

Reading Strengths:
He could read basic world from 1st grade level

Impact of disability on educational performance in general education curriculum:
His disability and non school attendants impacted on his progress.

Score(s) When Available
Math Cal. GE 1.0
Math Rea. _____ _____
See goal page: / 1
Date: _____

Rdg. Com GE 2.0
Rdg. Basic _____ _____
Written Ex. _____ _____
See goal page: 2
Date: _____

**Communication (Speech & Language) (Evaluator)**
Strengths:

Impact of disability on educational performance in general education curriculum:

Score(s) When Available
Exp.Lang. _____ _____
Rec- Lang. _____ _____
Artic _____ _____
Voice _____ _____
Fluency _____ _____
Exp. Voc. _____ _____
Rec. Voc. _____ _____
See goal page: _____
Date: _____

**Motor/Health (Evaluator)** _____
Strengths:

Impact of disability on educational performance in general education curriculum:

Score(s) /Results When Available
_____ _____
_____ _____
_____ _____
See goal page: _____
Date: _____

**Social Emotional Behavioral Areas: (Evaluator)**
Strengths:

Impact of disability on educational performance in general education curriculum:

Score(s) When Available
_____ _____
_____ _____
_____ _____
See goal page: _____
Date: _____

**Cognitive/Adaptive Behavior: (Evaluator)**
Strengths:

Impact of disability on educational performance in general education curriculum:

Score(s) When Available
_____ _____
_____ _____
_____ _____
See goal page: _____
Date: _____

**Prevocational Skills: (Evaluator)** _____
Strengths:

Impact of disability on educational performance in general education curriculum:

Score(s) When Available
_____ _____
_____ _____
_____ _____
See goal page: _____
Date: _____

278

| Student Name D̲ ████ Wi̲ ████ | Managing School T. Marshall FC | DCPS - IEP Page 3 of 4 |
|---|---|---|
| Student ID Number 9065608    DOB 12/12/95 | Attending School T. Marshall FC | |

| VIII. SPECIALIZED SERVICES | Additional Comments: | Goal Number: |
|---|---|---|

Area addressed by goal: _Academic Areas (Mathematics)_

**ANNUAL GOAL:** (including mastery criteria.)

D████ will demonstrate growth in the academic area of mathematics by mastering the short-term objectives with 80% accuracy.

Provider(s): General Ed / Special Education Teacher

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| D████ will add and subtract like fractions | | Monthly |
| D████ will find the perimeter of an object | | Monthly |
| D████ will solve simple subtraction and multiplication word problems 4 out of 5 | | Monthly |
| - Draw and recognize shapes and similar figures (Geometry) | | Monthly |
| - Add and subtract numbers up to two decimal places | | Monthly |
| - Tell time to the nearest hour and minute | | Monthly |

**EVALUATION PROCEDURE(S)**

Portfolio    Log    Chart    ✓Test    ☑Documented Observation    Report    Other _____

**279**

| Student Name ████ Wi████ | Managing School T. Marshall EC | DCPS - IEP |
| Student ID Number 9065608   DOB 12/12/95 | Attending School T. Marshall EC | Page 3 of 4 |

**VIII. SPECIALIZED SERVICES**    Additional Comments:                    Goal Number: [  ]

Area addressed by goal: Academic (Reading and Language Arts)

ANNUAL GOAL: (including mastery criteria.)

████ will demonstrate growth in the academic area of English Language by mastering the short-term objectives with 80% accuracy.

Provider(s): General and Special Education Teacher

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| ████ will be able to read and spell words from a basic word list on 2nd grade level. | | Monthly |
| - ████ will find and identify the main idea from a reading selection | | Monthly |
| - Identify the supporting details in a story. | | Monthly |
| - ████ will read variety of materials. | | Monthly |
| - ████ will write a book report from a reading selection. | | Monthly |
| - Write a simple sentence | | Monthly |

**EVALUATION PROCEDURE(S)**

Portfolio    Log    Chart    ☑Test    ☑Documented Observation    Report    Other _____

| Student Name | D████ W█████ | Managing School | Marshall Elementary | DCPS - IEP |
| Student ID Number | 9065608 | DOB ████ 1995 | Attending School | Marshall Elementary | Page 4 of 4 |

Additional Comments: ☐

## IX. LEAST RESTRICTIVE ENVIRONMENT (LRE) DETERMINATION
### SERVICE ALTERNATIVES

Can curricular modification, accommodation and/or supplemental aids and services be used for a LRE setting in general education? ☐ Yes ☒ No

Explanation for removal out of regular education classroom.

Student requires low student to teacher ratio

## X. Supplementary Aids and Services

| Classroom Needs (Do not name products or companies.) | SETTING GenEd | SpEd | Total | FREQUENCY Hr./ Min | D/W/M. | PROVIDER (by discipline) | BEGINNING DATE (mm/dd/yyyy) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Check and list modifications and/or accommodations for testing: ☐ None needed

| | |
|---|---|
| Timing/Scheduling: | Extended time |
| Setting: | Preferential seating |
| Presentation: | Directions read aloud |
| Response: | No penalties for spelling/mechanical errors |
| Equipment: | Use of computer/calculator/slantboard |

## XI. STATE AND DISTRICT ASSESSMENTS:

☐ Level I  Tested with non-disabled peers under standard conditions without accommodations.

☒ Level III (Describe non-uniform conditions for level III) Tested under non-standard conditions with permissible accommodations

☐ Level V  Portfolio

☐ Level II (Describe accommodations for level II) Tested under standard conditions with special accommodations.

☐ Level IV (Describe the alternative assessment)

## XII. Areas Requiring Specialized Instruction and Related Services:

☒ Reading        ☐ Physical/Sensory        ☐ Transition
☒ Mathematics    ☐ Social Emotional        ☐ Vocational
☒ Written Expression ☐ Physical Development  ☐ Independent Living
☐ Other:                                    ☐ Speech/Language

**Modifications:**
☒ Language Arts/English
☐ Social Sciences
☐ Biological & Physical Sciences
☐ Fine Arts

☐ None    Apply annual goal(s), objectives and/or modifications to address barriers in each area checked above.

## XIII. PLACEMENT CONSIDERATIONS AND JUSTIFICATION

| DESCRIBE CONSIDERATIONS | ACCEPT/REJECT REASONS | POTENTIAL HARMFUL EFFECTS |
|---|---|---|
| Combination General Education and Resource Classro | Accepted | Time away from non-disabled peers in academic sett |
| | | |
| | | |
| | | |

Modification(s)/Accommodation(s) to address the harmful effects:

Participation in non-academic subjects with non-disabled peers

281

DISTRICT OF COLUMBIA PUBLIC SCHOOLS

IEP Attachment B
Transportation

TRANSPORTATION DIVISION

STUDENT TRANSPORTATION
DATA FORM

**2006-2007**
School Year

9065608
STUDENT IDENTIFICATION NUMBER

(MDT must first determine if student meets the requirements for
transportation services and has it included in the IEP.)

Person Making Request: _Tiffany Batson_

Date of Request: 5/23/2006

Status of Request: _____

Date Request Received: _____

Person Receiving Request: _____

Ms. Wilkins

Parent / Guardian (Print legibly or type)

2022690228

Telephone (H)

Telephone (W)

_Joan Wilkins_
Emergency Contact

_grandmother_
Relationship

_202/269-1966_
Telephone No.

_301-455-6971_
Pager / Cell No.

Students will be taken to a central location until
6:00 p.m. if the bus attendants are unable to
deliver them to the designated location. After
6:00 p.m. the police will be contacted. This
year's central location is _____

| W_____ | | Des_____ | |
|---|---|---|---|
| Student:   Last Name | | First Name | MI |
| 2909   South Dakota Ave NE | | NE | |
| House No.   Street Name | | Quad.   Apt. | |
| Washington | | DC   20018 | |
| City | | State   Zip Code | |
| 12/12/199   M   05/25/2005 | | Marshall Elementary | (202)576-6900 |
| DOB   Gender   Primary Language | | Submitting School and Telephone Number | |

Learning Disabled

Disability Classification        Medical Issues

MODE OF TRANSPORTATION  ☐ *Bus  ☒ Tokens  ☐ Farecards

* SPECIAL ACCOMMODATIONS FOR BUS

Height _____  Weight _____

☐ Oxygen  ☐ Tracheotomy tube  ☐ Seizures  ☐ Helmet

☐ Harness  ☐ 1:1 Aide  ☐ Behavioral issues

Medication _____        Specific allergies _____

Dosage required during transportation :

☐ Yes ☐ No  Dosage _____        ☐ PM ☐ AM

☐ Mobility  ☐ Ambulatory ( ☐ Cane, ☐ Crutch, ☐ Walker)

☐ Ambulatory w/ assistance ( ☐ Cane, ☐ Crutch, ☐ Walker)

☐ Non Ambulatory ( ☐ Standard, ☐ Motorized, ☐ Oversized)
w/ lap tray  ☐ Yes ☐ No)

☐ Car Seat        ☐ Positioning Device _____

☐ Special Restraint   ☐ Other, Describe: _____

Parent / Guardian / Surrogate Signature: _Carrie Wilkins_        Date: _5-23-06_

*If parent contact is by phone, the following information must be provided:

Name of Contact: _____        Telephone No.: _____

Relationship: _____

Click one of the following:

☒ AM Pick-up & PM Drop-off is the same as the student address.

☐ _____
AM Pick-up Address        Telephone No. _____

☐ _____
PM Drop-off Address        Telephone No. _____

**Transportation will NOT be provided without confirmed placement through the proper procedures.
Justification for other than neighborhood settings must be explained on the back by the school official
requesting the transportation services.**

_Tiffany Batson_        2/576-6900        5/23/2006
School Official requesting transportation service:   Telephone No.        Date

_Marshall EC_        3100 Ft Lincoln Dr. NE 20018        576-6900
School to Attend:        Address of School        Telephone No.        **282**

Questions may be directed to the Special Education Transportation Liaison.

## DOCUMENTED LEVEL OF SERVICE
Complete and attach to MDT/IEP meeting notes

| | | |
|---|---|---|
| School   Marshall Elementary | Principal   Ms. Powell | Special Education Coordinator   Tiffany Batson |
| Date 5/23/2006   Case Manager   Tiffany Batson | | Assistant Director   Carol Helton |

Student   De█████ Wil████                DOB█████1995  Age  10  Grade  04  ID# 9065608  SSN# █

Parent   Ms. Wilkins                Telephone (H) 2022690228              (W)

Address: 2909      South Dakota Ave NE              NE        Washington                    DC     20018
Street #   Street                              Quad   Act. No.   City                        State   Zip Code

REFERRAL SOURCE: (Check)   [ ] 120 Day    [ ] Reeval.    [ ] HOD    [ ] S.A.    [ ] MA    [X] Annual

[ ] Nonpublic   [ ] Residential    [ ] Citywide    [ ] Courts    [X] Local School    [ ] Other:

Previous least restrictive environment (LRE Setting):   Combination general education and resource classroom

### JUSTIFICATION FOR SETTING CONSIDERATION
(Submit TAT/MDT Documentation)
SUPPORTIVE DATA/DOCUMENTATION

| 2. ACCOMMODATIONS/ MODIFICATIONS | 3. DATA REQUIREMENTS | | | | |
|---|---|---|---|---|---|
| Extended time, Directions read aloud, Preferential seating, calculator , Simplified directions, Read directions/test to student | Current IEP | Yes | [X] | No | [ ] |
| | Signatures of required participants (MDT notes) | Yes | [X] | | |
| | Intervention Behavior Plan | Yes | [ ] | | |
| | Copies of current class work and homework assignments: | Yes | [X] | | |
| | Medical Reports: | Yes | [ ] | No | [X] |
| | Clinical Reports: | Yes | [ ] | No | [X] |
| | Psychiatric Reports | Yes | [ ] | No | [X] |
| | Medications: | Yes | [ ] | No | [X] |
| | Attendance Record | Yes | [X] | | |
| | Copies of most recent evaluation(s) | Yes | [X] | | |

| 4. Results of all interventions: (TAT, MDT, etc. and attach meeting notes.) | 5. Resources needed for program implementation |
|---|---|
| n/a | n/a |

### 6. CURRENT SETTING CONSIDERATIONS

| ROW | SETTING in neighborhood school (Determined through the IEP team.) | SERVICE PROVIDER (Based on documented need) | LEVEL OF SERVICE (Based on documented need) |
|---|---|---|---|
| 1 | [ ] in general education classroom setting | [ ] general educators with consultation from special education staff | [ ] between 0% and 20% of service time |
| 2 | [X] combination general education and resource classroom | [X] combination of general educators, special educators and related service providers | [X] between 21 % and 60% of service time |
| 3 | [ ] *out of general education classroom | [ ] special educators and related service providers | [ ] between 61 % and 100% of service time |

*In providing or arranging for the provision of nonacademic and extracurricular service and activities, including meals, recess period, and the services and activities, each public agency shall ensure that each child with a disability participates with non-disabled children m those services and activities (300.306) to the maximum extent appropriate to the needs of that child. (300.553) Nonacademic settings)

Check the level of need as indicated:
DIRECTIONS:

| |
|---|
| If two or three boxes are checked in the Row 1, check LOW. If two or three boxes are checked in the Row 2, check MODERATE. If two or three boxes are checked in the Row 3, check HIGH. |

| |
|---|
| If one box is checked in each row, check either MODERATE or HIGH, depending on the need of the student. |

### 7. LEVEL OF NEED

| [ ] LOW | [X] MODERATE | [ ] HIGH |
|---|---|---|

283

Attention: Technical Support Supervisor, Compliance Team

# District of Columbia Public Schools

### Office of Management Services
Tonya Butler-Truesdale, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(202) 518-6867
Facsimile: (202) 442-5556

2006 JUN −2 PM 3: 05
DC PUBLIC
SCHOOL SYSTEM

## Confidential

|  |  |  |
|---|---|---|
| D███ W█████ STUDENT | ) |  |
|  | ) |  |
| Date of Birth: █████, 1995 | ) |  |
|  | ) | Hearing Date: May 22, 2006 |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| DISTRICT OF COLUMBIA PUBLIC | ) | Held at: 825 North Capitol Street, N.E. |
| SCHOOLS | ) |  |
| Respondent. | ) | 8th Floor |
|  | ) | Washington, D.C. 20002 |
|  | ) |  |

## HEARING OFFICER'S DECISION

**Counsel for Parent:**

William E. Houston, Esquire
Dalton, Dalton & Houston, PC
1008 Pendleton Street,
Alexandria, VA 22314
(703) 739-4300
Fax: (703) 739-2323

**Counsel for DCPS:**

Tiffany Puckett, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002


PETITIONER'S
EXHIBIT
4
284

*In the Matter of D.W.*

## I.    JURISDICTION

The Due Process Hearing was convened and this Order is written pursuant to the *Individuals with Disabilities Education Improvement Act of 2004 (I.D.E.I.A.)*, 20 U.S.C. Section 1400 et seq.; 34 C.F.R. Section et seq.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

## II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURE

Petitioner submitted disclosures labeled DW01-DW17 and called Carrie Wilkins, Petitioner's mother as a witness.

Respondent stated that a disclosure letter would be forwarded to this hearing officer by the close of business on May 22, 2006. The disclosure letter was not received. Respondent presented Tiffany Batson, Special Education Coordinator for Marshall Elementary School as a witness.

## IV.    STATEMENT OF THE CASE

On January 27, 2006 a Due Process Hearing Request was received alleging that the District of Columbia Public Schools failed to:

1. comply with a July 22, 2005 Hearing Officer's Determination;
2. properly notify and schedule the date, time and place of the MDT/IEP meeting with Petitioner's counsel;
3. develop an appropriate annual IEP for 2005-5006 school year;
4. develop current IEPs for the 2004-2005 and 2005-2006 school years;
5. provide speech and language therapy services; and,
6. provide one-on-one tutoring services.

The Student Hearing Office, DCPS, scheduled a Due Process Hearing for March 23, 2006 at 1:00pm at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002. The hearing was continued to April 24, 2006 at 1:00pm. That hearing date was subsequently reconvened to May 22, 2006 at 9:00am. Attorney Advisor Tiffany Puckett appeared in person for DCPS. Attorney William Houston appeared on person on behalf of Petitioner.

2

285

## V.    FINDINGS OF FACT

As a preliminary matter Petitioner motioned for a directed finding based on the timeliness of DCPS response to the complaint. Petitioner proffered that DCPS failed to respond by February 22, 2006. Petitioner also argued that Respondent's Response is non-responsive and does not give Petitioner notice of any affirmative defenses. Respondent contends that Congress did not intend for the Response to serve as an answer, Congress did not intend relief for failure to provide a timely response and that the DCPS response was appropriate and informative given the Petitioner's attendance record. DCPS also noted that the Petitioner's attorney of record had changed twice and that neither of the two previous attorneys communicated a concern about the sufficiency of the Response.

The motion for directed finding was denied and DCPS was allowed to present its witness. Ms. Batson stated that the MDT meeting ordered in the July 22, 2005 Hearing Officer's Determination was not convened because she was under the impression that she needed to obtain medical documents from Petitioner's physician substantiating the appropriateness of a proposed IEP, appropriateness of compensatory education and, later, the need for home instruction. Ms. Batson also stated that medical documents had been forwarded but that the truancy officer determined that more recent documents were required. While it is conceivable that the truancy officer may have required medical documentation completed within a specific time frame, the July 22, 2005 hearing officer's determination does not require or request that DCPS review medical documents completed within a specific time period before the MDT meeting. The requirements asserted by the truancy officer are in no way tangent to the terms of the required for compliance with the Hearing Officer's Determination.

Hence, the Special Education Coordinator's impression that the MDT meeting did not have to occur until the parent satisfied the request of the truancy officer is not supported by the IDEIA.

Finally, the Special Education Coordinator also testified that she was not able to use the encounter tracking forms to testify with any reasonable degree of certainty that the Petitioner received all of his speech and language services since she was not familiar with reading the new forms. Her description of the Petitioner's encounter tracking forms through testimony reveal the possibility that Petitioner may have only been receiving a half an hour of speech and language services per week. Petitioner's IEP indicates that he is supposed to receive an hour a week of services. (See DW-6)

## VI.    CONCLUSIONS OF LAW

286

The failure to convene the meeting consistent with the July 22, 2005 hearing request is a denial of FAPE since the Hearing Officer's Determination was violated.

VII.    ORDER

1. DCPS shall within fourteen calendar days of the issuance of this Order convene an MDT meeting to comply with the July 22, 2005 Hearing Officer's Determination. The team shall also use the encounter tracking forms to determine the quantity of missed hours of speech and language services. The team shall consider all existing evaluations and medical documentation to determine the appropriateness of the additional disabilities of SLI and OHI to Petitioner's IEP, placement, and compensatory education warranted for the failure to comply with the July 22, 2005 Hearing Officer's Determination;

2. If the team determines that a change of placement is warranted, DCPS shall issue prior notice of placement. If Placement is to a DCPS public school, DCPS shall have five (5) calendar days to issue the prior notice of placement. If placement is to a non-public or private school, DCPS shall have thirty (30) calendar days and if placement is to a residential facility DCPS shall have sixty (60) calendar days to issue the prior notice of placement;

3. All meetings will be scheduled through parent's counsel; and,

4. DCPS will be granted a day for day extension for any delay caused by counsel for the parent/guardian, the parent/guardian, the student, or the educational advocate.

This is the FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90) days of this Order's issue date.

_____
Tonya M. Butler-Truesdale, Esquire
Hearing Officer

June 2, 2006
Date

Issued:    _6/2/06_
Student Hearing Office, DCPS

4

287

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile:  (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton* ÷
Ellen Douglass Dalton*÷
William E. Houston^÷°
Laura E. Duos~÷
Jessica M. Smith'

Washington DC. Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

* ADMITTED IN VA & W.VA
÷ADMITTED IN D.C.
^ADMITTED IN PA.
~ADMITTED IN MD.
° ADMITTED TO THE U.S. SUPREME COURT

June 5, 2006

Ms. Tiffany Batson, SEC
Thurgood Marshall Educational Center
3100 Fort Washington Drive, NE
Washington, DC 20018

**VIA FAX: 202-576-7932**

Re:    D███ W███ HOD

Dear Ms. Batson:

Enclosed is a copy of the Hearing Officer's Decision issued in the case for De███ W███. The HOD orders DCPS to convene an MDT meeting within fourteen (14) days of the issuance of the HOD to discuss, in part, placement and compensatory education. The due process hearing was held on May 22, 2006. The HOD was issued on June 2, 2006. As you are aware, in between the hearing date and the date of the HOD, DCPS convened an MDT meeting on May 23, 2006, in which placement and compensatory education, among other things, were discussed.

As you know, D███ qualifies for special education under the classification of Other Health Impairment, which includes ADHD and bronchial asthma. D███ suffers from severe respiratory distress and bronchial asthma causing him to be excessively absent from school when these conditions flare up. Due to these absences, at the May 23, 2006 MDT meeting, the parent requested that home bound instruction be provided to D███ as part of his IEP when he is absent for more than five (5) consecutive days due to his medical condition. It is my understanding from the 5/23/06 MDT meeting that DCPS could not agree to provide home bound tutoring as part of his IEP when he is absent more than five (5) consecutive days due to his medical condition or as a compensatory education plan for D███. If this is no longer your position, please send a letter of invitation to my office at the above fax number to schedule another MDT meeting. Otherwise, if your position remains the same and DCPS has nothing new to present to the parent, it would appear that another meeting is not warranted.

Please contact me with any questions or concerns regarding this matter.

Sincerely,

*Jessica M. Smith*
Jessica M. Smith, Esq.



cc:    Ms. Carrie Wilkins
Enclosure:    HOD

## FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

**DATE:**     June 5, 2006

**TO:**     Ms. Tiffany Batson, SEC, Thurgood Marshall Educational Center

**AT FAX:**     202-576-7932

**FROM:**     Jessica M. Smith, Esq.

**RE:**     Des████ W████ HOD

**NUMBER OF PAGES INCLUDING THIS PAGE:   6**

**COMMENTS:**

*****************************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

*****************************************************************************

P. 1

* * * Transmission Result Report(Memory TX) ( Jun. 5. 2006  3:53PM) * * *
1) Dalton, Dalton,& Houston
2)

Date/Time: Jun. 5. 2006  3:49PM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 2986 Memory TX | 12025767932 | P. 6 | OK | |

-----------------------------------------------------------------------

Reason for error
E.1) Hang up or line fail          E.2) Busy
E.3) No answer                     E.4) No facsimile connection

FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:        June 5, 2006

TO:          Ms. Tiffany Batson, SEC, Thurgood Marshall Educational Center

AT FAX:      202-576-7932

FROM:        Jessica M. Smith, Esq.

RE:          ██████████ ██████

NUMBER OF PAGES INCLUDING THIS PAGE:  6

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

290

# District of Columbia Public Schools

## Office of Management Services
**Tonya Butler-Truesdale, Due Process Hearing Officer**
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(202) 518-6867
Facsimile: (202) 442-5556

*(stamp: 2006 JUN -2 PM 3: 05 DC PUBLIC SCHOOL SYSTEM)*

### Confidential

| | | |
|---|---|---|
| D███████D W██████ STUDENT | ) | |
| | ) | |
| Date of Birth: I█████████1995 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: May 22, 2006 |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA PUBLIC | ) | Held at: 825 North Capitol Street, N.E. |
| SCHOOLS | ) | |
| Respondent. | ) | 8th Floor |
| | ) | Washington, D.C. 20002 |


### HEARING OFFICER'S DECISION


**Counsel for Parent:**    William E. Houston, Esquire
Dalton, Dalton & Houston, PC
1008 Pendleton Street,
Alexandria, VA 22314
(703) 739-4300
Fax: (703) 739-2323

**Counsel for DCPS:**    Tiffany Puckett, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

291

*In the Matter of D.W.*

## I.    JURISDICTION

The Due Process Hearing was convened and this Order is written pursuant to the *Individuals with Disabilities Education Improvement Act of 2004 (I.D.E.I.A.)*, 20 U.S.C. Section 1400 et seq.; 34 C.F.R. Section et seq.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

## II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURE

Petitioner submitted disclosures labeled DW01-DW17 and called Carrie Wilkins, Petitioner's mother as a witness.

Respondent stated that a disclosure letter would be forwarded to this hearing officer by the close of business on May 22, 2006. The disclosure letter was not received. Respondent presented Tiffany Batson, Special Education Coordinator for Marshall Elementary School as a witness.

## IV.    STATEMENT OF THE CASE

On January 27, 2006 a Due Process Hearing Request was received alleging that the District of Columbia Public Schools failed to:

1. comply with a July 22, 2005 Hearing Officer's Determination;
2. properly notify and schedule the date, time and place of the MDT/IEP meeting with Petitioner's counsel;
3. develop an appropriate annual IEP for 2005-5006 school year;
4. develop current IEPs for the 2004-2005 and 2005-2006 school years;
5. provide speech and language therapy services; and,
6. provide one-on-one tutoring services.

The Student Hearing Office, DCPS, scheduled a Due Process Hearing for March 23, 2006 at 1:00pm at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002. The hearing was continued to April 24, 2006 at 1:00pm. That hearing date was subsequently reconvened to May 22, 2006 at 9:00am. Attorney Advisor Tiffany Puckett appeared in person for DCPS. Attorney William Houston appeared on person on behalf of Petitioner.

V.    **FINDINGS OF FACT**

As a preliminary matter Petitioner motioned for a directed finding based on the timeliness of DCPS response to the complaint. Petitioner proffered that DCPS failed to respond by February 22, 2006. Petitioner also argued that Respondent's Response is non-responsive and does not give Petitioner notice of any affirmative defenses. Respondent contends that Congress did not intend for the Response to serve as an answer, Congress did not intend relief for failure to provide a timely response and that the DCPS response was appropriate and informative given the Petitioner's attendance record. DCPS also noted that the Petitioner's attorney of record had changed twice and that neither of the two previous attorneys communicated a concern about the sufficiency of the Response.

The motion for directed finding was denied and DCPS was allowed to present its witness. Ms. Batson stated that the MDT meeting ordered in the July 22, 2005 Hearing Officer's Determination was not convened because she was under the impression that she needed to obtain medical documents from Petitioner's physician substantiating the appropriateness of a proposed IEP, appropriateness of compensatory education and, later, the need for home instruction. Ms. Batson also stated that medical documents had been forwarded but that the truancy officer determined that more recent documents were required. While it is conceivable that the truancy officer may have required medical documentation completed within a specific time frame, the July 22, 2005 hearing officer's determination does not require or request that DCPS review medical documents completed within a specific time period before the MDT meeting. The requirements asserted by the truancy officer are in no way tangent to the terms of the required for compliance with the Hearing Officer's Determination.

Hence, the Special Education Coordinator's impression that the MDT meeting did not have to occur until the parent satisfied the request of the truancy officer is not supported by the IDEIA.

Finally, the Special Education Coordinator also testified that she was not able to use the encounter tracking forms to testify with any reasonable degree of certainty that the Petitioner received all of his speech and language services since she was not familiar with reading the new forms. Her description of the Petitioner's encounter tracking forms through testimony reveal the possibility that Petitioner may have only been receiving a half an hour of speech and language services per week. Petitioner's IEP indicates that he is supposed to receive an hour a week of services. (See DW-6)

VI.    **CONCLUSIONS OF LAW**

3

293

The failure to convene the meeting consistent with the July 22, 2005 hearing request is a denial of FAPE since the Hearing Officer's Determination was violated.

## VII.    ORDER

1. DCPS shall within fourteen calendar days of the issuance of this Order convene an MDT meeting to comply with the July 22, 2005 Hearing Officer's Determination. The team shall also use the encounter tracking forms to determine the quantity of missed hours of speech and language services. The team shall consider all existing evaluations and medical documentation to determine the appropriateness of the additional disabilities of SLI and OHI to Petitioner's IEP, placement, and compensatory education warranted for the failure to comply with the July 22, 2005 Hearing Officer's Determination;

2. If the team determines that a change of placement is warranted, DCPS shall issue prior notice of placement. If Placement is to a DCPS public school, DCPS shall have five (5) calendar days to issue the prior notice of placement. If placement is to a non-public or private school, DCPS shall have thirty (30) calendar days and if placement is to a residential facility DCPS shall have sixty (60) calendar days to issue the prior notice of placement;

3. All meetings will be scheduled through parent's counsel; and,

4. DCPS will be granted a day for day extension for any delay caused by counsel for the parent/guardian, the parent/guardian, the student, or the educational advocate.

**This is the FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90) days of this Order's issue date.**

_____          June 2, 2006
Tonya M. Butler-Truesdale, Esquire          Date
Hearing Officer

Issued: _____
Student Hearing Office, DCPS

4

294

# ATTENDANCE SHEET

| | | |
|---|---|---|
| **STUDENT'S NAME:** | De▮▮▮ W▮▮▮ | DOB ▮▮▮/95 |
| **HEARING DATE:** | 22 MAY 06 | ~~formule~~ 9.00am |

| PRINTED NAME | ON BEHALF OF DCPS OR STUDENT | TITLE |
|---|---|---|
| WILLIAM HOUSTON | STUDENT | ATTORNEY |
| CARRIE WILKINS | SON | MOTHER |
| TIFFANY PUCKETT | DCPS | ATTY ADVISOR |
| TIFFANY BATSON | ~~DCO~~ DCPS | ~~SO~~ SEC |

_AMB Truesdale_
Impartial Hearing Officer

295

Law Offices

# DALTON, DALTON, & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*
Ellen Douglass DAlton*
William E. Houston¥
Talib S. Abdus-Shahid®
Laura E. Duos✦
Jessica Smith★
* ADMITTED IN VA, DC, & WVA
¥ ADMITTED IN DC, PA, & U.S. SUPREME COURT
® ADMITTED IN DC & PA
✦ ADMITTED IN MD & DC
★ ADMITTED IN VA, DC DAR PENDING

22 May 2006

*Transmitted via facsimile*

Ms. Tiffany Puckett, Esquire
Office of General Counsel
825 North Capitol Street, N.E.
9th Floor
Washington, DC 20002

Re:   D████d V███         D.O.B.: ████████1995

Dear Ms. Puckett:

At the due process hearing today for Des███t W███, I introduced three documents as part of our rebuttal. I am providing you with those documents.

## REBUTTAL DOCUMENTS

| | | |
|---|---|---|
| DW-15 | 14FEB06 | Resolution Meeting Confirmation |
| DW-16 | 02MAY06 | Resolution Meeting Notes |
| DW-17 | 19MAY06 | Letter to Ms. Batson from Ms. Smith |

Sincerely,

William E. Houston, esq

cc:   Ms. Tonya Butler-Truesdale, Esquire – Hearing Officer

296

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
OFFICE OF ACADEMIC SERVICES

**RESOLUTION MEETING CONFIRMATION**
(RMC)



D█████ W█████
Student

██████/1995
DOB

*Thurgood Marshall*
School

Dear Parent/Guardian:

Pursuant to the Individuals With Disabilities Education Improvement Act of 2004 § 615 (f)(1)(B), this is a confirmation of your meeting to discuss your pending due process complaint and the facts that support it. The goal of the resolution meeting is to discuss the complaint and provide an opportunity for DCPS to resolve it. The IDEA 2004 requires that prior to an impartial due process hearing a resolution meeting must be held within 15 (fifteen) days of your filing your complaint.

Your participation is essential in an attempt to resolve your concerns. The District of Columbia Public Schools hopes that you will make every effort to attend this meeting. The resolution meeting is required prior to a due process hearing. Please be advised that failure to attend this meeting may result in a waiver of your right to due process hearing.

The date, time and place of the meeting are printed below.

*2/14/2006*
Date

*10:30 Am*
Time

*3100 Ft Lincoln Drive, NE*
Location
*Washington, DC 20018*

*Tiffany Batson Sped Coordinator*
Sent By

**DW-15**

297

RMC Form of Confirmation to the Parent

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
OFFICE OF ACADEMIC SERVICES

**RESOLUTION MEETING CONFIRMATION**
(RMC)



_____ / 1995
Student                    DOB

Marshall
School

Dear Parent/Guardian:

Pursuant to the Individuals With Disabilities Education Improvement Act of 2004 § 615 (f)(1)(B), this is a confirmation of your meeting to discuss your pending due process complaint and the facts that support it. The goal of the resolution meeting is to discuss the complaint and provide an opportunity for DCPS to resolve it. The IDEA 2004 requires that prior to an impartial due process hearing a resolution meeting must be held within 15 (fifteen) days of your filing your complaint.

Your participation is essential in an attempt to resolve your concerns. The District of Columbia Public Schools hopes that you will make every effort to attend this meeting. The resolution meeting is required prior to a due process hearing. Please be advised that failure to attend this meeting may result in a waiver of your right to due process hearing.

The date, time and place of the meeting are printed below

02/23/2006
Date

10:30 Am
Time

3100 Ft Lincoln Dr. NE
Location
Washington, DC 20018

Tiffany Batson
Sent By

298

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

__ PUBLIC     ___DPCS CHARTER     __ LEA CHARTER     __ NONPUBLIC     __ PRIVATE/RELIGIOUS

## RESOLUTION MEETING NOTES

Meeting Confirmation Date __5-1-06__          Meeting Held __5-2-06__

Student: _____     DOB: _____-95     School: __Marshall__

| PARTICIPANTS: (Print Name) | PARTICIPANTS (Sign Name) | POSITION |
|---|---|---|
| CARRIE Wilkins | Carrie Riff | Mother |
| Talib _____ Sharif | _____ | _____ ___ Student |
| Dorcas Whitaker | J. Whitaker | Teacher |
| Ola Aremo | O. Aremo | Special Ed. Teacher |
| | | |
| Jennifer Williams MS,CCC-SLP | Jennifer Williams | Speech Pathologist |
| Tiffany Batson | Tiffany Batson | SP Ed Coordinator |
| | | |
| | | |

_____ Resolved          ✓ Unresolved

The meeting was convened to discuss the resolution of student _____ wilkins.

1. DCPS violated the terms of the July 22nd HOD

2. failed to develop an appropriate IEP. Parent states that student should have been home-schooled based on his medical health

3. same as above

4. Same as above

5. Same as above

**DW-16**

299

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

__ PUBLIC   ___ DPCS CHARTER   __ LEA CHARTER   ___ NONPUBLIC   ___ PRIVATE/RELIGIOUS

### RESOLUTION MEETING NOTES Cont'd.

Meeting Confirmation Date: _____   Meeting Held: _____

Student: D█████ W█████   School: Marshall

It has been determined that since the local school can not in good faith agree to provide home-school specialized instruction and speech & language services. DCPS agrees to convene an IEP meeting where the parties who are capable of making these decisions will be in attendance. In addition, prior to the meeting, the parent will be given a blank copy of the DCPS Physician's Certificate of Pupil's Inability to Attend School form so she can get the form completed by her child's physician if available or appropriate form.

In conclusion, the resolution is unresolved.

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile: (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton* ÷
Ellen Douglass Dalton"÷
William E. Houston^÷ᶜ
Laura E. Duos—÷
Jessica M. Smith¥

Washington DC Office:
601 Pennsylvania Avenue, N.W
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

* ADMITTED IN VA & W.VA
÷ADMITTED IN D.C.
^ADMITTED IN PA.
▲ADMITTED IN MD.
ᶜ ADMITTED TO THE U.S. SUPREME COURT

May 19, 2006

Ms. Tiffany Batson
Marshal Educational Center
3100 Fort Lincoln Drive, NE
Washington, DC 20018

**VIA FAX: 202-576-7932**

Re: De████ W█████ DOB: ██████95

Dear Ms. Batson:

I received your message today indicating that I should fax the 2003 medical forms to Legrand Lewis at 202-576-6166 in order to set up home tutoring during times when De████ is frequently absent due to his severe asthma. You had previously informed Ms. Wilkins that these forms were out of date and that you would provide Ms. Wilkins with new forms to be completed by De████'s doctor. However, today you informed Ms. Wilkins and myself that these forms were not out of date and should be submitted to Legrand Lewis. Thus, I faxed the DCPS document titled "Physician's Certificate of Pupil's Inability to Attend School" to Legrand Lewis at the number you provided to me (noted above).

Please contact me with any questions regarding this matter.

Sincerely,

Jessica M. Smith, Esq.

cc:    Ms. Carrie Wilkins

---

¥ *Admitted only in Virginia. Practicing in D.C. pursuant to Rule 49(c)(8). Supervision by Ellen Douglass Dalton and Paul S Dalton, Members of the D.C. Bar.*

**DW-17**

301

# FAX TRANSMISSION COVER SHEET
### Dalton, Dalton & Houston P.C.
### Attorneys at Law
### 1008 Pendleton Street
### Alexandria, Virginia 22314-1837
### (703) 739-4300
### FAX (703)739-2323

DATE:      May 19, 2006

TO:        Tiffany Batson, Marshall Educational Center

AT FAX:    202-576-7932

FROM:      Jessica M. Smith, Esq.

RE:        De███ Wil███ DOB ███ /95

NUMBER OF PAGES INCLUDING THIS PAGE: 2

COMMENTS:

*********************************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
*********************************************************************************

* * * Transmission Result Record(Memory TX) ( May 19, 2006 4:59PM ) * * *
Dalton, Dalton & Houston

Date/Time: May 19, 2006 4:57PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|----------|------|-------------|-------|--------|---------------|
| 2440 | Memory TX | 2025767932 | P 2 | OK | |

---

Reason for error
E.1) Hung up or line fail     E.2) Busy
E.3) No answer               E.4) No facsimile connection

FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:        May 19, 2006

TO:          Tiffany Batten, Marshall Educational Center

AT FAX:      202-576-7932

FROM:        Jessica M. Smith, Esq.

RE:          D████ ██████ JOB █████

NUMBER OF PAGES INCLUDING THIS PAGE: 2

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS OFFENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

303





Marshall Educational Center
3100 Fort Lincoln Drive, N.E.
Washington, D.C. 20018 – 4399
202 – 576 – 6900  fax: 202-576-7932

DISTRICT OF COLUMBIA
PUBLIC SCHOOLS
www.k12.dc.us

DATE: 2/4/06          FAX TO: (703) 739-132B

TO: _Jalil Abdus-Shahid Esq_

FROM: _Tiffany Batson_

TOTAL NUMBER OF PAGES INCLUDING COVER SHEET: _13_

COMMENTS: Re: ██████ N██████

**If you do not receive the total transmission, please contact this office on (202) 576-6900**

**Confidentially Notice:** the information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopy is strictly prohibited.

304

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
**Attorneys at Law**
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

DATE:      May 19, 2006

TO:        Legrand Lewis

AT FAX:    202-576-6166

FROM:      Jessica M. Smith, Esq.

RE:        De██████ W████ DOB: ██/██/95

NUMBER OF PAGES INCLUDING THIS PAGE:      3

---

COMMENTS:

Dear Mr. Lewis:

Attached here are the medical documents indicating that student De█████ Wi██████ suffers from severe asthma which causes him to be absent from school frequently and requesting that a home tutor be provided during those times of frequent absences. Ms. W████, De████'s mother, was previously told by Ms. Batson, the special education coordinator at Thurgood Marshall Educational Center (De████'s school), that these forms were out of date and that she would provide Ms. Wilkins with new forms to be completed by De████'s doctor. Ms. Batson informed Ms. Wilkins and myself today (May 19, 2006) that these forms are actually not out of date and can be used to obtain home instruction during De████'s absences.

If you have any questions or need further documentation, please contact me.

Sincerely,

Jessica Smith

*********************************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

* * * Transmission Result Report(Memory TX) ( May 19, 2006  4:01PM ) * * *
1)
2) Dalton, Dalton & Houston

Date/Time: May 19, 2006  4:01PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 2439 | Memory TX | 2025766166 | P  3 | OK | |

Reason for error
E.1) Hang up or line fail                    E.2) Busy
E.3) No answer                               E.4) No facsimile connection

---

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703) 739-2323

DATE:        May 19, 2006

TO:          Legrand Lewis

AT FAX:      202-576-6166

FROM:        Jessica M. Smith, Esq.

RE:          De█████ W█████, DOB: █████95

NUMBER OF PAGES INCLUDING THIS PAGE:      3

COMMENTS:

Dear Mr. Lewis,

Attached here are the medical documents indicating that student D█████ W█████ suffers from severe asthma which causes him to be absent from school frequently and requesting that a home tutor be provided during these times of frequent absences. Ms. W█████, D█████'s mother, was previously told by Ms. Batton, the special education coordinator at Thurgood Marshall Educational Center (D█████ school), that these forms were out of date and that she would provide Ms. W█████ with new forms to be completed by D█████'s doctor. Ms. Batton informed Ms. Wilkins and myself today (May 19, 2006) that these forms are actually not out of date and can be used to obtain home instruction during D█████'s absences.

If you have any questions or need further documentation, please contact me.

Sincerely,

Jessica Smith

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

306

OH 01 04 12:21P Sharp Health School 202 576 5166 p.5

PUBLIC SCHOOLS OF THE DISTRICT OF COLUMBIA

PHYSICIAN'S CERTIFICATE OF PUPIL'S INABILITY TO ATTEND SCHOOL

Date _4-25-03_

To the Board of Education:
This is to certify that _____ 95

| | 950 MISS. AVE. SE. | | McGogney Elem | 1 |
| Sex | Address | Name | School | Grade |

has been under my care since _____ and is physically unable to attend school
at this time. This pupil will probably be able to return to school within _____ weeks
or _____ months or _____ years.

(Signed) _____ M.D.

Address _3924 Minnesota Ave_

Telephone # _202-398-1887_

_This patient is Asthmatic
and has other allergic
Dermatozes. By teaching away from school frequently
his illness keeps him_

CONFIDENTIAL STATEMENT

Physician will check appropriate items in the following four columns and fill in diagnosis and remarks below.

_Please provide this student with the needed tutors_

| Anatomical Location | Types of Lesions | Degree of Disability | Prognosis |
|---|---|---|---|
| Skin | Physical | Complete | Permanent |

| | | Partial | Partial Improvement |
| Head | Mental | | Complete Recovery |
| Eyes | Nervous | | |
| Ears | Organic | | D.C. Chartered Health Center |
| Throat | Functional | | 3924 Minnesota Ave., NE |
| Joints | Communicable | | Washington, D.C. 20019 |
| Upper Limbs R L | Noncommunicable | | Fax # (202) 397-7615 |
| Lower Limbs R L | Infectious | | |
| Spine | Noninfectious | | |
| Thorax | Spastic Paralysis | | |
| Lungs | Flaccid Paralysis | | |
| Heart | | | |
| Abdomen | | | |
| Gastro Intestinal Tract | | | |
| Genito Urinary Tract | | | |
| Nervous System | | | |
| General | | | |

Diagnosis and Remarks _Severe Recurrent Allergies Asthma_

Would the child be able to receive instruction at home by a visiting teacher? _Yes_

Please return to: Sharpe Health School; Route #2 or 4300 13th Street, NW.
Washington, DC 20011; Telephone: (202) 576-6161; Fax: (202) 576-5166

NICOLAS SMILEVSKY MD

4605 – MARTIN LUTHER KING AVE. SW
WASHINGTON, DC 20032

562
202.562.6011

3-16-86

To whom it may concern,

This is to inform you that D███████ W██████
has Chronic medical condition Respertory illness and
asthma and has impact on his school attendance.
His Dermatoses by history Keeps him away from
school. Please provide this patient with the
needed tutors.

562-6011



*THURGOOD MARSHALL EDUCATION CENTER*
*3100 FORT LINCOLN DRIVE, N.E.*
*WASHINGTON, DC 20018*
*202-576-6900   FAX 202-576-7932*

Ms. Jessica Smith
Dalton, Dalton & Houston
1008 Pendleton Street
Alexandria, VA 22314

May 22, 2006

Ms. Smith,

The forms Ms. W███████ provided to you from her physician are out of date.  I only asked you to fax the forms to Mr. Lewis because Friday was the very last day they were accepting students for Home schooling.  The forms were only meant to prove that ███████'s doctor had certified that he was unable to attend school due to medical reasons, once before.  Mr. Lewis's office faxed me a blank form for Ms. Wilkins to give to her doctor.  This form should be sent to Mr. Lewis's office as soon as it is completed.  I am sorry for the misunderstanding, if you have any questions please contact me upon receipt of this notices.

Thank you,

Tiffany Batson
SpEd Coordinator
Marshall educational Center

2006 MAY 22 AM 11: 22
DC PUBLIC
SCHOOL SYSTEM

## PUBLIC SCHOOLS OF THE DISTRICT OF COLUMBIA

## PHYSICIAN'S CERTIFICATE OF PUPIL'S INABILITY TO ATTEND SCHOOL

To the Board of Education;                               Date _____
    This is to certify that _____

_____
                                    Name                                    Birth Date

_____
Sex                Address                          School            Grade

has been under my care since _____ and is physically unable to attend school
at this time. This pupil will probably be able to return to school within _____ weeks
or _____ months or _____ years.

                        (Signed) _____ , M.D
                        Address _____
                        Telephone # _____

### CONFIDENTIAL STATEMENT

Physician will check appropriate items in the following four columns and fill in *diagnosis* and *remarks* below.

| Anatomical Location Skin | Types of Lesions Physical | Degree of Disability Complete | Prognosis Permanent |
|---|---|---|---|
| Head | Mental | Partial | Partial Improvement |
| Eyes | Nervous | | Complete Recovery |
| Ears | Organic | | |
| Throat | Functional | | |
| Joints | Communicable | | |
| Upper Limbs  R  L | Noncommunicable | | |
| Lower Limbs  R  L | Infectious | | |
| Spine | Noninfectious | | |
| Thorax | Spastic Paralysis | | |
| Lungs | Flaccid Paralysis | | |
| Heart | | | |
| Abdomen | | | |
| Gastro Intestinal Tract | | | |
| Genito Urinary Tract | | | |
| Nervous System | | | |
| General | | | |

Diagnosis and Remarks: _____

_____
Would the child be able to receive instruction at home by a visiting teacher? _____
Please return to: Sharpe Health School; Route #2 or 4300 13th Street, NW,
Washington, DC  20011; Telephone: (202) 576-6161; Fax: (202) 576-6166

Appendix E

310

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**SPECIAL EDUCATION**

MULTIDISCIPLINARY TEAM
**(MDT)**
Meeting Notice

Date 4/28/06

Letter of Invitation

Re: D█████ W████ 

Dear Ms. Wilkins

A multidisciplinary team (MDT) meeting is scheduled to discuss the status of your child's educational needs. Your participation is essential, and we look forward to your valuable input. The purpose and details of the meeting are printed below. You and the school may have additional individuals attend the meeting who have knowledge or special expertise regarding your child. Other invited participants are listed under MDT members.

Place/Location:

Marshall EC

**Please check ONE date for confirmation, SIGN and return this form to the school by :**

- [ ] Date: 5/2/2006 Time: 9:00 Am; or
- [ ] Date: 5/2/2006 Time: 10:00 Am or
- [ ] Date 5/2/2006 Time: 11:00 AM

(Meeting date and time has already been confirmed with the parent. Confirmation will be sent with this Invitation.) [ ]

If a suggested meeting time is inconvenient, please call the counselor and/or special education coordinator for a mutual time to address the concerns. Participation by teleconference may be requested if other arrangements prove to be unsuccessful.

**\*The purpose of this meeting is to:**

- [x] **develop/review IEP (including consideration of extended school year (ESY) services
- [x] **review evaluation or reevaluation information
- [ ] develop the student evaluation plan (SEP)
- [x] discuss documented levels of service
- [ ] **review records to support the completion of services as follows:

- [ ] discuss placement
- [ ] determine manifestation
- [ ] discuss eligibility

- [ ] **discuss CompEd
- [ ] *consider transition services needs
- [ ] discuss quarterly review
- [ ] behavior plan review

- [ ] Graduated   [ ] Completed Services   [ ] Aged Out   [ ] Transferred Out of District   [ ] Dropped Out
- [ ] Other:

**\*\*Placement will be discussed.**

MDT Members:
- [x] Principal or Designee
- [x] Parent
- [x] LEA Representative
- [ ] Student

- [x] General Education Teacher
- [x] Special Education Teacher
- [ ] Speech and Language
- [ ] Social Worker

- [ ] Psychologist
- [ ] Other: _____

Parents may bring individuals to participate in the MDT meeting. These participants should have knowledge or special expertise regarding the child. The following individuals invited by parent:

Any questions you may have concerning your child's program will be discussed at the above meeting. A copy of the Procedural Safeguards for parents is enclosed for your information. If the school can be of assistance to you, please contact Tiffany Batson at 576-5088 (school telephone number).

If the purpose of the meeting includes consideration of a transition plan, your child is invited to attend and a representative of the following agency(ies) may be invited, if appropriate

See attachments, when appropriate, for - EVALUATION PROCEDURES, TEST, RECORDS OR REPORTS USED

2nd Notice Date: _____ Notice Type: _____     Details: _____ Details: _____     Responded By _____

3rd Notice Date: _____ Notice Type: _____     Details: _____ Details: _____     Responded By _____

**\*After the third attempt to contact the parent, the meeting will be held without further notice.**

Please sign below and return this page to the school.

Parent/Guardian/Surrogate Signature _____     Date _____

I acknowledge receipt of the Procedural Safeguards for parents (due process procedures).   [ ] Yes   [ ] No

District of Columbia Public Schools    07-02-2001    Division of Special Education    MDT Letter of Invitation to the Parent - **Page 1 of 3**

311

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

**CONFIRMATION OF MEETING NOTICE**

Date: 5/1/2006

Ms. Wilkins
Parent / Guardian Name

RE: Des████    Wilk████

2909 South Dakota Ave NE    NE
Street #    Street    Quad    Apt. No.

SCHOOL: Marshall Elementary

ID NO. 9065608

WASHINGTON    DC  20018
City    State  Zip Code

DOB: ████1995

Dear  Ms. Wilkins

A multidisciplinary team (MDT) meeting is scheduled to discuss the status of your child's educational needs. Your participation is essential, and we look forward to your valuable input. Your child's meeting is scheduled as follows:

Date: 5/2/2006    Time: 10:00 am    Place/Location:

Marshall Educational Center

The purpose and details of the meeting are printed below. You and the school may have additional individuals attend the meeting who have knowledge or special expertise regarding your child. Invited participants are listed under MDT members.

**\*The purpose of this meeting is to:**

| | |
|---|---|
| [X] \*\*develop/review IEP (including consideration of extended school year (ESY) services | [ ] \*\*discuss CompEd |
| [X] \*\*review evaluation or reevaluation information    [X] discuss placement | [ ] \*consider transition services needs |
| [ ] develop the student evaluation plan (SEP)    [ ] determine manifestation | [ ] discuss quarterly review |
| [X] discuss documented levels of service    [ ] discuss eligibility | [ ] behavior plan review |
| [ ] discuss consent for evaluations    [ ] discuss transfer | [ ] discuss request for evaluation(s) |
| [ ] discuss termination of service(s)    [X] discuss Personal Health Information (PHI) | |

[ ] \*\*review records to support the completion of services as follows:

[ ] Graduated    [ ] Certification of IEP    [ ] Aged Out    [ ] Deceased    [ ] Moved out of Jurisdiction
[ ] Completion of IEP Requirements    [ ] Dropped Out    [ ] Other: _____

**\*\*Placement will be discussed.**

MDT Members:  [X] Principal or Designee    [X] General Education Teacher    [ ] Psychologist
[X] Parent    [X] Special Education Teacher    [ ] Other: _____
[X] LEA Representative    [ ] Speech and Language    _____
[ ] Student    [ ] Social Worker

Parents may bring individuals to participate in the MDT meeting. These participants should have knowledge or special expertise regarding the child. The following individuals invited by parent: _____

If the purpose of the meeting includes consideration of a transition plan, your child is invited to attend and a representative of the following agency(ies) may be invited, if appropriate

\* _____    \* _____

Any questions you may have concerning your child's program will be discussed at the above meeting. A copy of the Procedural Safeguards for parents is enclosed for your information. If the school can be of assistance to you, please
contact  Tiffany Batson    at  (202)576-6900    (school telephone number).

Sincerely,



**Marshall Educational Center**
3100 Fort Lincoln Drive, N.E.
Washington, D.C. 20018 – 4399
202 – 576 – 6900  fax: 202-576-7932

**DISTRICT OF COLUMBIA
PUBLIC SCHOOLS**
www.k12.dc.us

DATE: 5/22/2006       FAX TO: 442-5556

TO: ~~Haring~~ Officer Ms. T. Ler'truesdale

FROM: Tiffany Batson Sp.Ed Coordinator

TOTAL NUMBER OF PAGES INCLUDING COVER SHEET: 5

COMMENTS: Re: De▬▬▬ W▬▬▬

2006 MAY 22  AM II: 22
DC PUBLIC
SCHOOL SYSTEM

**If you do not receive the total transmission, please contact this office on
(202) 576-6900**

**Confidentially Notice**: the information accompanying this facsimile is intended only
for the use of the individual or entity named above.  If you are not the intended
recipient, you are hereby notified that any disclosure, copying, distribution or the taking
of any action in reliance on the content of this telecopy is strictly prohibited.

```
TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME : 04/26/2006 13:20
                                    NAME : STUDENT HEARINGS OFF
                                    FAX  : 2024425556
                                    TEL  : 2024425432
                                    SER.# : BROH3J608601
```

```
DATE,TIME             04/26  13:20
FAX NO./NAME          97037392323
DURATION              00:00:18
PAGE(S)               01
RESULT                OK
MODE                  STANDARD
                      ECM
```

# District of Columbia Public Schools
## State Enforcement & Investigation Division
### STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556

✗ REVISED COPY

### HEARING NOTICE

| MEMORANDUM VIA: [✓] FACSIMILE [ ] MAIL [ ] HAND DELIVERY |

TO: Parent (or Representative): _T. ABDUS-SHAHID_  Fax No.: _(703) 739-2323_

LEA Legal Counsel: _T. PUCKETT_

RE: _U██████S, D██████D_  and (LEA) DOB: _____
   Student's Name

FROM: __SHARON NEWSOME__
   Special Education Student Hearing Office Coordinator

DATE SENT: _____4/26/06_____

∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on
_____. Please be advised that the hearing has been scheduled for:

DATE: _____5/22/06_____                    con't f
                                            4/24/06
TIME: ____9:00 Am____                              314

# LETTER MOTION FOR CONTINUANCE

District of Columbia Public Schools
Office of Compliance
Special Education Student Hearing Office
825 North Capitol Street NE, 8th Floor
Washington, DC 2002-1994

2006 APR 24  PM 1: 25

Re: De████ W████ v. ___DC PSCHOOL SYSTEM___ (LEA)
      (Student's Name)

Dear Student Hearing Officer:

I am writing this letter to request a continuance of my due process hearing currently scheduled to take place on _4/24/06_. ~~I am unable to appear for the hearing on this date for the following~~ ~~reasons:~~ The parties are arranging a mutually convenient date for a resolution meeting.

I am available to appear for the hearing on the following dates: Any date other than 5/15/06 -

1. _____  2. _____  3. _____

I ☑ attempted ☐ did not attempt to contact opposing counsel to discuss scheduling before proposing these dates. I spoke to _Tiffany Puckett_ (opposing counsel) at _10:00_ (a.m.)/p.m. on _4/24/06_ (date). Both counsel mutually request continuance due to shared difficulty convening the resolution meeting.

I understand that these dates may not be available and that the Student Hearing Office may reschedule my hearing for another date.

**I ALSO UNDERSTAND THAT THE HEARING MAY GO FORWARD AS SCHEDULED UNLESS I RECEIVE A WRITTEN DECISION FROM THE HEARING OFFICER GRANTING A CONTINUANCE. IF I DO NOT RECEIVE A WRITTEN DECISION GRANTING A CONTINUANCE, AND I FAIL TO APPEAR FOR A SCHEDULED HEARING, I UNDERSTAND THAT THE HEARING OFFICER MAY DISMISS MY REQUEST.**

BY MY SIGNATURE BELOW I CERTIFY THAT I HAVE PROVIDED THE OPPOSING PARTY WITH A COPY OF THIS MOTION AND HAVE ATTACHED PROOF OF SERVICE (FAX CONFIRMATION, COURIER RECEIPT, ETC.)

Signed: _____            Date: _4/24/06_
      Parent or Advocate

Telephone Number: _202)907-4300_      FAX Number: _____

CASE # 0240



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

*Office of the Superintendent*
**Office of the General Counsel**
*825 North Capitol Street, N.E., 9th Floor*
202-442-5000   Fax # 202-442-5098
*www.k12.dc.us*

April 13, 2006

Talib Abdus-Shahid, Esq.
1008 Pendleton Street
Alexandria, VA 22315

## DISCLOSURE STATEMENT AND **MOTION TO COMPEL

## VIA FACSIMILE 703/739-2323

**Subject: Due Process Hearing for De███ W███**
**DOB: ███95**

Dear Mr. Shahid:

At the upcoming due process hearing in the above-referenced matter, scheduled for Monday, April 24, 2006 at 1:00 p.m., and pursuant to 34 C.F.R. 300.509(a)(3), DCPS may rely upon any of the following witnesses/documents[1]:

**Witnesses**

Valerie Powell, or his designee(s), Principal, Marshall Elementary School, DCPS
Tiffany Batson, or her designee(s), Special Education Specialist, Marshall Elementary School, DCPS
Jeff Kaplan, or his designee(s), Office of Mediation and Compliance, Office of Special Education, DCPS
Compliance Specialist for Marshall, or designee(s), Office of Mediation and Compliance, Office of Special Education, DCPS
Ms. Aremo, or her designee(s), Special Education Teacher, Marshall Elementary School, DCPS
Ms. Day, or her designee(s), General Education Teacher, Marshall Elementary School, DCPS
Student's Current Special Education Teacher, or designee(s), Marshall Elementary, DCPS
Student's Prior Special Education Teacher, or designee(s), Marshall Elementary, DCPS
Student's Current General Education Teacher, or designee(s), Marshall Elementary, DCPS
Student's Prior General Education Teacher, or designee(s), Marshall Elementary, DCPS

---

[1] Witnesses may testify by telephone.

*Children First*

DCPS Office of the General Counsel
Page 2

Ms. Williams, or her designee(s), School Psychologist, Marshall Elementary School, DCPS

D. Byrd, or her designee(s), School Psychologist, Marshall Elementary School, DCPS

Ms. Williams, or her designee(s), Speech Pathologist, Marshall Elementary School, DCPS

Chanda Saunders-Jackson, or her designee(s), School Psychologist, Marshall Elementary School, DCPS

Swanna Shah, or designee(s), Social Worker, DCPS

Jennifer Penn, or designee(s), School Psychologist, Marshall, DCPS

Aaron Large, or designee (s), General Education Teacher, Marshall, DCPS

Cassandra Pope, or designee(s), General Education Teacher, Marshall, DCPS

Janet Adams, or designee(s), General Education Teacher, Marshall, DCPS

Rosalina Salvidar, or designee(s), General Education Teacher, Marshall, DCPS

John Fedewa, or designee(s), General Education Teacher, Marshall, DCPS

Rachel Payne, or designee(s), Social Worker, DCPS

** Parent, DCPS intends to call the parent as a witness. DCPS requests that mother attend the hearing. Pursuant to 34 C.F.R. 300.509(a)(2) and 5 DCMR 3031.1(b), DCPS hereby compels the attendance of the above witness.

**Documents***

DCPS reserves the right to examine any witnesses called or identified as a potential witness by the representative of the student as though the witness was called by DCPS.

DCPS reserves the right to rely upon and /or use any documents/witnesses presented and/or disclosed by the parent that DCPS deems relevant in this case. Also, DCPS reserves the right to call rebuttal witnesses in its case.

* DCPS reserves the right to rely upon and/or use documents from prior disclosures submitted by parent and DCPS regarding this student.

If you wish to discuss any aspect of this case further, or have questions, please contact me at (202) 442-5000.

Sincerely,

Tiffany Puckett
Attorney Advisor

cc: Student Hearing Office

*Children First*

317



**Office of the General Counsel**
**9th Floor**
**825 North Capitol St, NE**
**Washington, DC 20002**
**(202) 442-5000**
**Fax (202) 442-5098**

# FACSIMILE

**Date:**     4-13-06

**TO:** Talib Abus-Shahid, Esq.                **Fax No.:**   703/739-2323

**RE:** Desmond Wilkens                        **Tele. No.:** 703/941-4455
Disclosure Statement and Motion to Compel

**FROM:**   Tiffany Puckett, Esq.             **Tele. No.:** 202/442-5000
Attorney Advisor

**No. Pages, Including Cover Sheet:**

**COMMENTS:**

_____

_____

**_CONFIDENTIALITY NOTICE_**

_The information contained in this telefacsimile has been transmitted by an attorney. It is privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If this communication has been received in error, please notify us immediately by telephone, and return the original message to us at the above address via first class prepaid US postage. Thank you._

318

```
┌─────────────────────────────────────────┐
│      TRANSMISSION VERIFICATION REPORT    │
└─────────────────────────────────────────┘
                              TIME  : 03/27/2006 17:25
                              NAME  : STUDENT HEARINGS OFF
                              FAX   : 2024425556
                              TEL   : 2024425432
                              SER.# : BROH3J608601
```

```
┌────────────────────────────────────────────────────────────────┐
│   DATE,TIME              03/27  17:24                           │
│   FAX NO./NAME           97037392323                           │
│   DURATION               00:00:19                              │
│   PAGE(S)                01                                    │
│   RESULT                 OK                                    │
│   MODE                   STANDARD                             │
│                          ECM                                  │
└────────────────────────────────────────────────────────────────┘
```

# District of Columbia Public Schools
## *State Enforcement & Investigation Division*
### STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556



*X REVISED COPY*

#### HEARING NOTICE

| MEMORANDUM VIA: [X] FACSIMILE [ ] MAIL [ ] HAND DELIVERY |
|---|

TO:     Parent (or Representative): *T. ABDUS-SHAHID*          Fax No.: *(703) 739-2323*

      LEA Legal Counsel: *T. PUCKETT*

RE:     *W_____, D_____*          and (LEA)  DOB: _____
      Student's Name

FROM:   **SHARON NEWSOME**
      Special Education Student Hearing Office Coordinator

DATE SENT: _____*3/27/06*_____

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on
_____. Please be advised that the hearing has been scheduled for:

DATE: _____*4/24/06*_____          *Con't f*

TIME: _____*1:00 Pm*_____          *3/23/06*

319

```
TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME  : 03/02/2006 10:09
                                    NAME  : STUDENT HEARINGS OFF
                                    FAX   : 2024425556
                                    TEL   : 2024425432
                                    SER.# : BROH3J608601
```

| | |
|---|---|
| DATE,TIME | 03/02  10:09 |
| FAX NO./NAME | 97037392323- |
| DURATION | 00:00:19 |
| PAGE(S) | 01 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

# District of Columbia Public Schools
## State Enforcement & Investigation Division
### STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8ᵀᴴ Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556



HEARING NOTICE

MEMORANDUM VIA: [X] FACSIMILE [ ] MAIL [ ] HAND DELIVERY

TO:     Parent (or Representative): _T. ABDUS-SHAHID_        Fax No.: _(703) 739-2323_

        LEA Legal Counsel: _T. PUCKETT_

RE:     W▬▬, D▬▬        and (LEA) DOB: ▬▬/95
                Student's Name

FROM:   **SHARON NEWSOME**
        Special Education Student Hearing Office Coordinator

DATE SENT: _3/1/06_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on
_1/27/06_ . Please be advised that the hearing has been scheduled for:

        DATE: _3/23/06_

        TIME: _1:00 pm_

        AT:   825 North Capitol Street, NE, Washington, DC

320

Law Offices
**DALTON, DALTON & HOUSTON, P.C.**
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile:  (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Washington DC Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton*
Ellen Douglass Dalton *
William E. Houston+
Talib S. Abdus-Shahid+
Laura E. Duos

‾‾‾‾‾‾‾‾

*ALSO ADMITTED IN D.C. & W.VA.
+ADMITTED IN D.C. & PA.

## FIVE-DAY DISCLOSURE

March 16, 2006

By Hand _____
By Fax ___✓___

Tiffany Puckett, Esq.
District of Columbia Public Schools
Office of the General Counsel
825 North Capitol Street, NE - 9th Floor
Washington, DC 20002

RE: De▮▮▮ W▮▮▮▮▮
DOB ▮ ▮2/95

Dear Ms. Puckett:

A Due Process Hearing has been scheduled for De▮▮▮ Will▮▮▮▮n Thursday, March 23, 2006, at 1:00 p.m.  Pursuant to 34 C.F.R. 300.509(b)(1), the purpose of this letter is to provide you with the following list of witnesses and documents we may rely on in the hearing. We reserve the right to examine any witnesses disclosed by DCPS as if they were witnesses for our client, and we rely on all other documents filed in any Five-Day Disclosure by DCPS.

### WITNESSES*

1.    Carrie Wilkins, Parent

\* Some witnesses may testify by telephone.

### DOCUMENTS

DW-01     7/22/05   HEARING OFFICER'S DETERMINATION

DW-02     6/21/04   IEP & IEP MEETING NOTES

321

- 2 -

| DW-03 | 4/8/03 | MDT MEETING NOTES |
| DW-04 | 4/25/03 | DCPS PHYSICIAN'S CERTIFICATE OF PUPIL'S INABILITY TO ATTEND SCHOOL |
| DW-05 | 8/17/04 | PRESCRIPTION F/ D.C. CHARTERED HEALTH CENTER |
| DW-06 | 4/17/03 | DCPS SPEECH/LANGUAGE EVALUATION |
| DW-07 | 8/19/02 | LETTER TO MCGOGNEY ES F/ STUDENT'S DOCTOR |
| DW-08 | 6/5/03 | LETTER TO MCGOGNEY ES F/STUDENT'S DOCTOR |
| DW-09 | 10/5/03 | DCPS MEDICAL REVIEW OF RECORDS |
| DW-10 | 8/7/03 | DCPS PSYCHO-EDUCATIONAL REPORT |
| DW-11 | 6/21/04 | DCPS SOCIAL WORK RE-EVALUATION REPORT |
| DW-12 | 1/26/06 | DUE PROCESS COMPLAINT NOTICE |
| DW-13 | 1/27/06 | SCHEDULING MEMORANDUM |
| DW-14 | 2/7/06 | NOTICE OF RESOLUTION MEETING CONFIRMATION |
| DW-15 | 2/14/06 | NOTICE OF RESOLUTION MEETING CONFIRMATION |
| DW-16 | 2/8/06 | LETTER F/ PARENT'S COUNSEL TO MARSHALL EC |
| DW-17 | 2/13/06 | LETTER F/ PARENT'S COUNSEL TO MARSHALL EC |
| DW-18 | 3/3/06 | LETTER F/ PARENT'S COUNSEL TO MARSHALL EC |
| DW-19 | 5/25/05 | IEP W/ IEP MEETING NOTES |

322

- 3 -

## STATUTORY & CASE LAW AUTHORITY

We rely on all applicable Federal and Local Statutes and all applicable Federal and Local Case Law, including but not limited to the following:

-- Individuals with Disabilities Education Act (IDEA), 20 U.S.C. Secs. 1400 et seq;
-- Civil Rights Act of 1971, 42 U.S.C. Secs. 1983 & 1985;
-- Rehabilitation Act (Sec. 504), 29 U.S.C. Secs.701, et seq.
-- Fifth Amendment to the United States Constitution: and
-- 5 D.C. Mun. Regs. Secs. 3000.1-3099 (1991).

Hendrick Hudson Dist. Board of Education v. Rowley, 458 U.S 176 (1982).
McKenzie v. District of Columbia, 602 F. Supp.632 (1983).
Edwards-White v. District of Columbia, 785 F. Supp.1022 (D.D.C. 1992).
Kroot v. District of Columbia, 800 F. Supp. 976 (D.D.C. 1992).
Florence County School District v. Carter, 114 S. Ct. 361 (1993).
Fisher v. District of Columbia, 828 F. Supp. 87 (D.D.C. 1993).
Lyons by Alexander v. Smith, 829 F. Supp. 414 (D.D.C. 1993).
Wingfield, et al.v. District of Columbia, Ca. No. 00121
Hammond v. District of Columbia, 35 IDLER 121.
McKenzie v. Smith, 771 F.2nd 1527 (DC Cir 1985);
Farrar v. Hobby, 113 S.Ct. 566 (1992);
Franklin v. Gwinnet Cty. Pub. Schools, 112 S.Ct. 1028 (1992);
W.B.v. Matula, 23 IDELR 411 (1995);
Prins. v. Ind. Sch. Dist. No. 761 Owatonna, MN, 23 IDELR 544; and
Kaream Harris, et.al, v. District of Columbia, U.S. Dist. Ct. D.C., CA 91-1660.

## BACKGROUND

Des██████ W██████ currently attends Marshall Education Center in the District of Columbia. His current 2004 IEP identifies him as an Other Health Impaired (OHI) special education student. On July 22, 2005, a Hearing Officer's Determination (HOD) issued. The HOD ordered DCPS to convene a MDT/IEP meeting to review all evaluations, medical documents, revise the IEP if necessary, discuss and determine placement and compensatory education, if warranted. All meetings were to be scheduled through Parent's counsel.

To date, DCPS has not scheduled the MDT/IEP meeting. Therefore, the IEP is out of date and has never been revised and re-programmed in order to include the additional disabilities of SLI and Broncial Asthma. In addition, DCPS has failed to provide one-on-one tutoring services, as well as speech/language therapy services.

323

- 4 -

An award of compensatory education is warranted in this case, because DCPS has not provided a current IEP for the 2004-2005 and 2005-2006 school years, and has failed to provide speech therapy services for the 2005-2006 school year. Finally, five months have passed without DCPS convening the IEP meeting, and in all this time, Desmond's new IEP could have been developed.

Based on the above, De███ is not and has not been receiving a Free Appropriate Public Education.

## CONTENTIONS

1) DCPS denied D███ FAPE by violating the terms of the July 22, 2005 HOD:

 a) DCPS denied D███d FAPE by failing to properly notify and schedule with Parent's counsel, the date, time and place of the MDT/ IEP meeting.

 b) DCPS denied D███d FAPE by failing to properly convene the MDT/IEP meeting.

2) DCPS denied D███ FAPE by failing to properly develop an appropriate, annual IEP for the 2005-2006 school year.

3) DCPS denied D███ FAPE by failing to develop current IEP's for the 2004-2005 and 2005-2006 school years.

4) DCPS denied Des███ FAPE by failing to provide speech/language therapy services.

5) DCPS denied De███ FAPE by failing to provide one-on-one tutoring services.

## REQUESTED RELIEF

**We are seeking:**

1)    Declaratory relief for denial of FAPE, denial of Due Process, and for discrimination based solely on our client's disability by DCPS.

2)    A determination that DCPS denied Desmond FAPE by violating the terms of the July 22, 2005 HOD.

3)    A determination that DCPS denied Desmond FAPE by failing to properly notify and schedule with Parent's counsel, the date, time and place of the MDT/IEP meeting.

324

- 5 -

4)   A determination that DCPS denied De███████APE by failing to properly convene the
     MDT/IEP meeting.

5)   A determination that DCPS denied D█████████APE by failing to develop an appropriate,
     annual IEP for the 2005-2006 school year.

6)   A determination that DCPS denied D██████ FAPE by failing to develop current IEP's
     for the 2004-2005 and 2005-2006 school years.

7)   A determination that DCPS denied De█████FAPE by failing to provide speech/language
     therapy services.

8)   A determination that DCPS denied De██████FAPE by failing to provide one-on-one
     tutoring services.

9)   A determination that HRAPCS be required to reconvene the IEP meeting within
     five (5) business days of the issuance of this determination in order to develop an
     appropriate IEP to meet Desmond's individual needs, to re-program D██████s IEP
     to include the additional disability of SLI, and to include Brochial Asthma within
     D█████s disability of OHI, to review and discuss any and all evaluations, and any
     to determine an appropriate placement, and to discuss and develop the
     implementation of the compensatory education awarded by the Hearing Officer.

10)  A determination that Des████be awarded an amount of compensatory education for the
     period of time DCPS violated the terms of the HOD, including the time he was denied
     speech/language therapy services and denied the benefit of his revised IEP's.

11)  A determination that DCPS be required to afford the Parent an opportunity to participate
     in any meeting in which placement is discussed or determined.  The DCPS placement
     representative shall advise the Parent of the advantages and disadvantages for De███████
     with respect to each school that is discussed, including any schools proposed by the
     Parent. DCPS shall further provide the Parent an explanation for the placement DCPS
     proposes, and the reasons for the proposal shall be provided in the meeting notes. DCPS
     shall issue a Notice of Placement within 5 business days, if to a public placement, and
     thirty calendar days if to a non-public placement.

12)  A determination that all meetings be scheduled at a mutually convenient time through
     Parent's counsel.

- 6 -

13)   Lastly, we are seeking any other relief that the Hearing Officer deems appropriate.

Talib Abdus-Shahid, Esq.
Counsel for Parent/Student

# District of Columbia Public Schools

## Office of Management Services

Tonya M. Butler-Truesdale, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(202) 518-6867
Facsimile: (202) 442-5556

### Confidential

| | | |
|---|---|---|
| DE████D WI████, STUDENT | ) | |
| | ) | |
| Date of Birth: ████████1995 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: July 12, 2005 |
| | ) | |
| v. | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA | ) | |
| PUBLIC SCHOOLS | ) | |
| | ) | Held at: 825 North Capitol Street, N.E. |
| Respondent. | ) | 8th Floor |
| | ) | Washington, D.C. 20002 |

### HEARING OFFICER'S DECISION

| | |
|---|---|
| Parent: | Carrie Wilkins |
| | 2909 South Dakota Avenue, NE |
| | Washington, D.C. 20018 |
| | |
| Counsel for Parents: | Talib Abdus-Shahid, Esquire |
| | Dalton, Dalton & Houston |
| | 1008 Pendleton Street |
| | Alexandria, VA 22314-1837 |
| | |
| Counsel for DCPS: | Tiffany Puckett, Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E. |
| | 9th Floor |
| | Washington, D.C. 20002 |

**DW-01**

*In the Matter of Desmond Wilkins*

### I.     JURISDICTION

The Due Process Hearing was convened and this Order is written pursuant to Public Law 105-17, the *Individuals with Disabilities Education Act of 1997 (I.D.E.A.)*, 20 U.S.C. Section 1400 et seq.; 34 C.F.R. Section et seq.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

### II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

### III.   FIVE-DAY DISCLOSURE

Petitioner: No witnesses were present or called to testify because the parties settled and presented disclosures labeled DW 1-11 were presented.

Respondent: No witnesses were present or called to testify because the parties settled and a disclosure letter was presented.

### IV.    STATEMENT OF THE CASE

On June 8, 2005, a Due Process Hearing Request was received alleging that the District of Columbia Public Schools failed to:
1. develop an appropriate IEP in 2004;
2. properly classify Petitioner's additional disability of Speech and Language Impaired;
3. properly include bronchial asthma with Petitioner's disability classification of OHI;
4. provide one-on-one tutoring services.

### V.     FINDINGS OF FACT

In consideration of the hearing record, the Hearing Officer finds that the agreement reached on the record by the parties is in the best interest of the student and, therefore, a Hearing Determination is hereby issued incorporating the agreement as stated. The hearing officer entered the parties Settlement on the Record as follows:

328

*In the Matter of Desmond Wilkins*

## VI.   ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, and the representations of the parties' counsel, this 21st of June 2005, it is hereby

**ORDERED,** DCPS shall convene a MDT/IEP meeting to review all evaluations, medical documents, revise the IEP if necessary, discuss and determine placement and compensatory education, if warranted.

**IT IS FURTHER ORDERED,** that Parent's counsel shall provide relevant medical documentation at least 48 hours prior to the meeting.

**IT IS FUTHER ORDERED,** that all meetings will be scheduled through parent's counsel.

**IT IS FUTHER ORDERED,** that if Placement is to a DCPS public school, DCPS shall have five (5) calendar days to issue the prior notice of placement.  If placement is to a non-public or private school, DCPS shall have thirty (30) calendar days and if placement is to a residential facility DCPS shall have sixty (60) calendar days to issue the prior notice of placement.

**IT IS FURTHER ORDERED,** that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

**IT IS FURTHER ORDERED,** that this Order is effective immediately.


## Notice of Right to Appeal Hearing Officer's Decision and Order

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent

*In the Matter of Desmond Wilkins*

jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.

_____
Tonya M. Butler-Truesdale, Esquire
Hearing Officer

Date:   July 22, 2005

Issued:   _7-22-05_____

Copies to:

Talib Abdus-Shahid, Esquire
Dalton, Dalton & Houston
1008 Pendleton Street
Alexandria, VA 22314-1837

Tiffany Puckett, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

4

330

# District of Columbia Public Schools
## *Office of Compliance*
# STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



# *FACSIMILE SHEET*

Date: 7-22-05.

TO: T. Abdus-Shahid

FROM: STUDENT HEARING OFFICE

RE: NOD – D▆▆▆ W▆▆▆

TOTAL NUMBER OF PAGES, INCLUDING COVER: 5

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## WASHINGTON, D.C.
### INDIVIDUALIZED EDUCATIONAL PROGRAM

DCPS - IEP Page 1 of 4

Additional Comments: ☐

### I. IDENTIFICATION INFORMATION

Student Name: Last **W_____**    First **_____**    MI

Student ID **906608**    Soc. Sec. No. **5_____**    Age: **7**    Grade **2**

Gender ☒ M ☐ F    Date of Birth **_____95**    Ethnic Group **Black**

Address **950 Mississippi Ave, SE #213**
House No.    Street Name    Quadrant    Apartment #

**Washington, DC    20032**
City    State    Zip Code

☐ Non-attending

Attending School **McGogney ES**    Home School **McGogney ES**

☒ Elem. ☐ Mid/JHS ☐ SHS ☐ CWS

Parent **Carrie R. Wilkens**

Address of (if different from student): ☒ Parent ☐ Guardian ☐ Surrogate

**202-561-7080**
House No.    Street Name    Quad    Apt. No.    City    State    Zip Code
Telephone: Home    Work

### II. CURRENT INFORMATION

Date of IEP Meeting: **6/21/04**

Date of Last IEP Meeting: **10-16-03**

Date of Most Recent Eligibility Decision: **10-16-103**

Purpose of IEP Conference:
☐ Initial IEP    ☒ Review of IEP
☐ Requested Eval.    ☐ 3yr ReEval.

Indicate Level of Standardized Assessment: **III**

ADDENDA TO BE ATTACHED AS NEEDED
Check the appropriate box(es)

| BEHAVIOR | TRANSPORTATION |
|---|---|
| ESY | TRANSITION |

### III. LANGUAGE

| | Language | Language Used for Evaluation | Language Used in Conference | Communication Requirements | To be completed by Office of Bilingual Education English and Math Proficiency Assessment |
|---|---|---|---|---|---|
| Student | English | English | English | | Oral |
| Parent | English | English | English | | Rdg./Written |
| Home | English | English | English | | Instrument: |
| | | | | | Date: |

### IV. SPECIAL EDUCATION AND RELATED SERVICES SUMMARY

| SERVICES | SETTING GenEd SpEd Total | FREQUENCY Hr./Min D/W/M. | PROVIDER (by discipline) | BEGINNING DATE mm/dd/yyyy | DURATION # wks./mos |
|---|---|---|---|---|---|
| Specialized Instruction | 0  18  18 | HR  W | Spec. Ed Tchr | 6/22/04 | 10  mos |
| Speech Therapy | 1  HR | W | Speech Therapist | 6/22/04 | 10  mos |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| TOTAL | 19  19 | Hours Per Week | | | |

### V. Disability(ies)

**OHI**    **Other Health Impaired**

☐ (Check if setting is general Ed.)

Percent of time in Specialized Instruction and Related Services
☐ 0-20%    ☒ 21-60%    ☐ 61-100%

Percent of time NOT in a Regular Education Setting **58**

### VI. IEP TEAM (Participants in the development of the IEP)

Print and sign your name below.

**Randy Myaing** Reg. Ed. Tchr    [signature]

**Carrie Wilkins** Parent    [signature]

**Cyndrell Parker** Spec. Ed Tchr    [signature]

**Marilyn Gholston** SEA    [signature]

**Gwendolyn Proctor** Speech Lang Path.    [signature]

☒ I AGREE with the contents of this IEP. I have had an opportunity to be involved in the development of this IEP. I have received a copy of this IEP and consent to the implementation of the services in the IEP. I have received a copy of the procedural safeguards and parent rights pertaining to special education.
Parent/Guardian Signature **Carrie Wilkins**    Date **10-21-04**

| Student Name: W██████S, D██████ | | Managing School: McGogney ES | DCPS - IEP |
|---|---|---|---|
| Student ID Number: 9№5608 | DOB: ██9.5 | Attending School: McGogney ES | Page 2 of 4 |

## VII. Present Educational Performance Levels in Areas Affected by the Disability

Additional Comments: ☐

**Academic Areas: (Evaluator)** Marcia C. Stuart/PhD

Score(s) When Available

**Math Strengths:**
Demonstrated grasp of some basic single digit addition and some single digit subtraction

Math Cal. 1.2 WJ III

Math Rea. No score avail

**Impact of disability on educational performance in general education curriculum:**
Low skill set impacts ability to complete on grade level math tasks.

See goal page:

Date: 8/7/03

Rdg. Corn K.7 WJ III

Rdg. Basic 69

**Reading Strengths:**
D██████ has demonstrated the ability to pronounce consonant and vowel sounds

Written Ex. No score avail.

See goal page:

**Impact of disability on educational performance in general education curriculum:**
Low skill set impacts ability to progress on grade level curriculum

Date: 8/7/03

---

**Communication (Speech & Language) (Evaluator)**

Score(s) When Available

**Strengths:**
Word structure knowledge and comprehension of short stories are areas of relative strengths

Exp. Lang. 75

Rec. Lang. 53

Artic

Voice

Fluency

**Impact of disability on educational performance in general education curriculum:**
Speech and language total score is 62 places his overall language abilities in a below average range impacting his ability to perform academically with his same age peers

Exp. Voc.

Rec. Voc. 80 PPVT III

See goal page:

Date: 4/14/03

---

**Motor/Health (Evaluator)**

Score(s) /Results When Available

**Strengths:**

**Impact of disability on educational performance in general education curriculum:**

See goal page:

Date:

---

**Social Emotional Behavioral Areas: (Evaluator)**

Score(s) When Available

**Strengths:**

**Impact of disability on educational performance in general education curriculum:**

See goal page:

Date:

---

**Cognitive/Adaptive Behavior: (Evaluator)**

Score(s) When Available

**Strengths:**

**Impact of disability on educational performance in general education curriculum:**

See goal page:

Date:

---

**Prevocational Skills: (Evaluator)**

Score(s) When Available

**Strengths:**

**Impact of disability on educational performance in general education curriculum:**

See goal page:

Date:

333

| Student Name | W_____ Das____ | | Managing School | McGogney ES | DCPS-EP |
|---|---|---|---|---|---|
| Student ID Number | 9065608 | DOB | ___5 | Attending School | McGogney ES | Page 3 of 4 |

| VII. SPECIALIZED SERVICES | Additional Comments: ☐ | Goal Number: ☐ |
|---|---|---|

Area addressed by goal: __Attending and Persisting Skills__

**ANNUAL GOAL: (including mastery criteria.)**

To improve attending and persisting skills
6 out of 10 trails

Provider(s): Special Education Teacher /Reg. Ed Tchr

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Attend to individual and group activities without becoming distracted by outside and internal stimuli | | Monthly |
| | | |
| | | |
| | | |
| | | |

**EVALUATION PROCEDURE(S)**

☐ Portfolio ☑ Log ☐ Chart ☐ Test ☑ Documented Observation ☐ Report ☐ Other _____

| Student Name: Wi_____ Desm_____ | Managing School: McGogney | OCPS - IEP |
|---|---|---|
| Student ID Number: 9065608 | DOB: ___ 95  Attending School: McGogney | Page 3 of 4 |

| VB1 SPECIALIZED SERVICES | Additional Comments: ☐ | Goal Number: ☐ |

Area addressed by goal: Written Communication

**ANNUAL GOAL** (including mastery criteria)

> To improve overall written communication skills with 80% accuracy.

Provider(s): Special Ed. / Regular Ed.

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Print a simple sentence | | Monthly |
| Use capital letters appropriately to begin sentences | | Monthly |
| Spell words from a basic word list as dictated | | Monthly |
| | | |
| | | |
| | | |

**EVALUATION PROCEDURE(S)**

☑ Portfolio  ☐ Log  ☐ Chart  ☑ Test  ☐ Documented Observation  ☐ Report  ☐ Other _____

| Student Name | Wi[redacted] | Managing School | McGoarey ES | DCPS - IEP |
| Student ID Number | 9016S608 | Attending School | McGoardi ES | Page 3 of 4 |

**VIII. SPECIALIZED SERVICES**   Additional Comments:

Goal Number:

Area addressed by goal: **Reading**

**ANNUAL GOAL: (including mastery criteria.)**

> To improve overall reading skills by 70%.

Provider(s): **Spec. Ed Tchr/ Reg. Ed Tchr.**

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Identify upper case letters | | Monthly |
| Identify lower case letters | | Monthly |
| Match upper w/ lowercase letters | | Monthly |
| Associate consonant sounds with appropriate letters | | Monthly |
| Associate a sound with appropriate beginning consonant | | Monthly |
| Read days of the week and months of the year | | Monthly |

**EVALUATION PROCEDURE(S)**

(Portfolio)   Log   Chart   (Test)   Documented Observation   Report   Other _____

District of Columbia Public Schools   07-02-2001   Division of Special Education   Appendix - A   IEP Page 3 of 4

336

| Student Name | W___ L___ | | Managing School: McGogney ES | DCPS IEP |
|---|---|---|---|---|
| Student ID Number: 9065608 | | DOB ___-95 | Attending School McGogney ES | Page 3 of 4 |

| VIII. SPECIALIZED SERVICES | Additional Comments: | |
|---|---|---|

Area addressed by goal: __Reading (cont)__        Goal Number: ___

**ANNUAL GOAL: (including mastery criteria.)**

(continued)

Provider(s): __Spec. Ed Tchs./Reg. Ed Tchr.__

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Classify pictures by category. | | Monthly |
| Pronounce Pre-primer Dolch word list | | Monthly |
| Recall main idea from a short reading passage as it is read to him | | Monthly |
| Use context clues to define words | | Monthly |
| | | |
| | | |

**EVALUATION PROCEDURE(S)**

(Portfolio)   Log   Chart   (Test)   Documented Observation   Report   Other ___

District of Columbia Public Schools    07-02-2001    Division of Special Education    Appendix - A    IEP Page 3 of 4

337

Student Name: ████████
Student ID Number: 9065608    ████████    Managing School: McGogney ES    Attending School: McGogney ES    DCPS - IEP Page 3 of 4

**VIII. SPECIALIZED SERVICES**    Additional Comments:

Area addressed by goal: **Math**    Goal Number:

**ANNUAL GOAL: (including mastery criteria.)**

To improve overall math by 80% accuracy.

Provider(s): Spec Ed/Reg. Ed Tchrs

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Add two digit to one digit numbers without regrouping | | Monthly |
| Recite ordinal numbers to tenth | | Monthly |
| Add and substract numbers horitzontally | | Monthly |
| Solve simple addition word problems | | Monthly |
| Recognize monetary units by name | | Monthly |
| Tell time to the nearest hour | | Monthly |

**EVALUATION PROCEDURE(S)**

(Portfolio)    Log    Chart    (Test)    Documented Observation    Report    Other _____

District of Columbia Public Schools    07-02-2001    Division of Special Education    Appendix - A    IEP Page 3 of 4

338

Student Name: D███████ ███   Managing School: McGogney   DCPS-IEP
Student ID Number: 008 ██ 95   Attending School: McGogney   Page 3 of 4

| VIII. SPECIALIZED SERVICES | Additional Comments: ☐ | Goal Number: 1 |

Area addressed by goal: _Communication_

**ANNUAL GOAL:** (including mastery criteria)

With 80% accuracy be able to perform the following tasks;

To improve receptive language skills.

Provider(s): Speech Pathologist

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| With 80% accuracy be able to perform the following tasks; | | Monthly |
| 1. Be able to attend to a task for 2 to 3 minutes. | | Monthly |
| 2. Be able to follow one step oral commands | | Monthly |
| 2. Be able to follow two step oral commands. | | Monthly |
| 3. Be able to recall 3 to 4 word pairs | | Monthly |
| 4. Be able to retell the main idea of short oral presented story. | | |

EVALUATION PROCEDURE(S)

☐ Portfolio  ☑ Log  ☑ Chart  ☐ Test  ☑ Documented Observation  ☐ Report  ☐ Other _____

District of Columbia Public Schools   07-02-2001   Division of Special Education   Appendix - A   IEP Page 3 of 4

339

| Student Name | ████████ | | Managing School | MC(anaret |
|---|---|---|---|---|
| Student ID Number | ████████ | DOB ████ 5 | Attending School | MC(anand |

DCPS - IEP
Page 3 of 4

**VIII. SPECIALIZED SERVICES**   Additional Comments: ☐   Goal Number: $Q_1$

Area addressed by goal: _Communication_

**ANNUAL GOAL: (including mastery criteria.)**

With 80% accuracy be able to perform the following tasks,

Receptive Goals Continued

Provider(s): Speech Pathologist

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| With 80% accuracy be able to perform the following tasks) | | Monthly |
| 5. Be able to identify a desire picture related to the targeted sentence. | | |
| | | |
| | | |
| | | |
| | | |

**EVALUATION PROCEDURE(S)**

☐ Portfolio  ☒ Log  ☐ Chart  ☐ Test  ☒ Documented Observation  ☐ Report  ☐ Other _____

| Student Name ████████ | Managing School MCGogney | DCPS-IEP |
|---|---|---|
| Student ID Number ████ | Attending School MCGogney | Page 3 of 4 |

**VIII. SPECIALIZED SERVICES**   Additional Comments: ☐        Goal Number: 3.

Area addressed by goal: _Communication_

**ANNUAL GOAL: (including mastery criteria.)**

With 80% accuracy be able to perform the following tasks;

To improve Expressive language skills.

Provider(s): _Speech Pathologist_

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| With 80% accuracy be able to perform the following tasks;) | | |
| 1. Be able to formulate complete sentences using targeted words | | Monthly |
| 2. Be able to recite 3 to 4 word sentences. | | Monthly |
| 3. Be able to recite 4 to 5 word sentences | | Monthly |
| 4. Be able to recite 5 to 6 word sentences | | Monthly |
| | | |
| | | |

**EVALUATION PROCEDURE(S)**

☐ Portfolio  ☑ Log  ☐ Chart  ☐ Test  ☑ Documented Observation  ☐ Report  ☐ Other _____

District of Columbia Public Schools       07-02-2001       Division of Special Education       Appendix - A       IEP Page 3 of 4

341

Student Name: W_____ _____ _es _____  Managing School: Mc Gogney  DCPS - IEP
Student ID Number: 0065608  _____ /95 Attending School: Mc Gogney  Page 4 of 4

### Additional Comments:

## IX. LEAST RESTRICTIVE ENVIRONMENT (LRE) DETERMINATION
### SERVICE ALTERNATIVES

Can curricular modification, accommodation and/or supplemental aids and services be used for a LRE setting in regular education?  Yes  No

Explanation for removal out of regular education classroom.

Student requires low student to teacher ratio

## X. Supplementary Aids and Services

| Classroom Needs (Do not name products or companies.) | SETTING GenEd | SpEd | Total | FREQUENCY Hr / Min | D/W/M. | PROVIDER (by discipline) | BEGINNING DATE (mm/dd/yyyy) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Check and list modifications and/or accommodations for testing:   None needed

Timing/Scheduling: Extended time
Setting: Reduced, minimalized distractions
Presentation: Repeated review/drill, Read direction and verbal testing
Response:
Equipment:

## XI. STATE AND DISTRICT ASSESSMENTS:

Level I  Tested with non-disabled peers under standard conditions without accommodations.

Level II  (Describe accommodations for level II) Tested under standard conditions with special accommodations.

Level III  (Describe non-uniform conditions for level III) Tested under non-standard conditions with permissible accommodations

Level IV  (Describe the alternative assessment)

Level V  Portfolio

## XII. Areas Requiring Specialized Instruction and Related Services:

| | | Modifications: |
|---|---|---|
| X Reading | Physical/Sensory | Language Arts/English |
| X Mathematics | X Social Emotional | Social Sciences |
| X Written Expression | Physical Development | Biological & Physical Sciences |
| Other: | X Speech/Language | Fine Arts |
| None | Apply annual goal(s), objectives and/or modifications to address barriers in each area checked above. | |

## XIII. PLACEMENT CONSIDERATIONS AND JUSTIFICATION

| DESCRIBE CONSIDERATIONS | ACCEPT/REJECT REASONS | POTENTIAL HARMFUL EFFECTS |
|---|---|---|
| In General Education Classroom | Rejected | Ability to participate with non disabled por |
| Combination GE and SE Resources | Accepted | Impact in self esteem |
| Out of General Ed Classroom | Rejected | Time away from non-disabled peers in academic setting |
| | | |

Modification(s)/Accommodation(s) to address the harmful effects:

Specific scheduling to accommodate for related sessions

Location for Services: McGogney Elem. School

District of Columbia Public Schools   07-02-2001   Division of Special Education   Appendix - A   IEP Page 4 of 4

342

## DOCUMENTED LEVEL OF SERVICE
Complete and attach to MDT/IEP meeting notes

School McGoarey ES  Principal Dr. C. Lynch  Special Education Coordinator M. Gholston
Date 6/21/04  Case Manager Tavia Foster  Technical Support Supervisor C. Bell
Student [redacted]  DOB [redacted] Age [redacted] Grade 7 ID# 906056 SSN# [redacted]
Parent Carrie Wilkens  Telephone (H) 202-561-7080  (W) N/A
Address: 950 Mississippi Ave  SE #213  Washington  DC 20032

REFERRAL SOURCE: (Check)  120 Day  (Recny)  HOD  SA  MA
Nonpublic  Residential  Citywide  Courts  Local School  Other
Previous least restrictive environment (LRE Setting): Combination Reg. Ed and Special Ed

## JUSTIFICATION FOR SETTING CONSIDERATION
(Submit TAT/MDT Documentation)
SUPPORTIVE DATA/DOCUMENTATION

**2. ACCOMMODATIONS/MODIFICATIONS**

Test Read Out Loud
Frequent Breaks

**3. DATA REQUIREMENTS**

| | | |
|---|---|---|
| Current IEP | Yes | No |
| Signatures of required participants (MDT notes) | Yes | |
| Intervention Behavior Plan | Yes | |
| Copies of current class work and homework assignments | Yes | |
| Medical Reports | Yes | No |
| Clinical Reports | Yes | No |
| Psychiatric Reports | Yes | No |
| Medications | Yes | No |
| Attendance Record | | |
| Copies of most recent evaluation(s) | Yes | |

**4. Results of all interventions: (TAT, MDT, etc. and attach meeting notes.)**

Parent Teacher Conferences

**5. Resources needed for program implementation**

N/A

## 6. CURRENT SETTING CONSIDERATIONS

| ROW | SETTING in neighborhood school (Determined through the IEP team.) | SERVICE PROVIDER (Based on documented need) | LEVEL OF SERVICE (Based on documented need) |
|---|---|---|---|
| 1 | in general education classroom setting | general educators with consultation from special education staff | between 0% and 20% of service time |
| 2 | combination general education and resource classroom | combination of general educators, special educators and related service providers | between 21% and 60% of service time |
| 3 | out of general education classroom | special educators and related service providers | between 61% and 100% of service time |

*In providing or arranging for the provision of nonacademic and extracurricular service and activities, including meals, recess period, and the services and activities, each public agency shall ensure that each child with a disability participates with non-disabled children in those services and activities (300.306) to the maximum extent appropriate to the needs of that child. (300.553) Nonacademic settings)

Check the level of need as indicated:
DIRECTIONS:

If two or three boxes are checked in the Row 1, check LOW.
If two or three boxes are checked in the Row 2, check MODERATE.
If two or three boxes are checked in the Row 3, check HIGH.

If one box is checked in each row, check either MODERATE or HIGH, depending on the need of the student.

## 7. LEVEL OF NEED

| LOW | MODERATE | HIGH |
|---|---|---|

343

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
SPECIAL EDUCATION

MULTIDISCIPLINARY TEAM (MDT)

Prior to Action Notice

Check Purpose:
- [ ] Initial Evaluation
- [ ] Initial Placement
- [X] Reevaluation
  - [ ] Change in Category Exit
  - [X] Related Service Add
  - [X] Related Service
  - [ ] Change in Placement
  - [ ] Annual
  - [ ] Other

Date **6-21-04**

Student ~~████████~~ W. ~~████~~   DOB ~~███~~45

School McGogney Elementary

Current Disability Category **Other Health Impaired**

Setting: Combination general education and resource classroom

Dear **Mrs. Wilkins**

State and federal laws regarding students with disabilities require school systems to notify and inform parents of certain changes being made to their children's education program
Therefore, you are being notified of the following proposed changes:
- [X] Proposes to initiate or change the identification, evaluation, educational placement or provision of FAPE to your child
- [X] Refuses to initiate or change the identification, evaluation, educational placement or provision of FAPE to your child
- [ ] Other _____

A multidisciplinary team (MDT), of which you were an invited member, has made the following decisions about your child: (check all that apply)
- [ ] Your child is not eligible for special education service(s).
- [X] Your child is eligible or continues to be eligible to receive special education services as a student with **OHI**
- [ ] Your child will begin receiving _____ as a related service(s).
- [X] Your child will no longer receive **Psychological Integration** as a related service(s).
- [ ] Your child's category of disability is being changed from _____ to _____
- [ ] Your child's alternative placement on continuum (next setting) is being changed.
  - from _____ to _____
- [ ] Your child is no longer eligible and will be exited from the special education program.
- [ ] Other: _____

Location of Services  McGogney Elementary

Description and Explanation of agency action proposed or refused.

The MDT met to review all of the documentation and the following setting was proposed for the student:   Combination general education and resource classroom

Description of Other Options Considered and reasons for rejection of each option

General Education-Student requires resource room in order to access general education curriculum. Out of General Education- Documentation demonstrates that the student can access the general education curriculum in a combination setting.

Other relevant factors to the decision- N/A

MDT Members: [X] Principal or Designee   [X] General Education Teacher   [ ] Psychologist
[X] Parent                   [X] Special Education Teacher   [ ] Other _____
[ ] Student                  [ ] Speech and Language
[X] Social Worker            [X] *LEA & Interpreter  (*may be one)

Parents may bring individuals to participate in the MDT meeting. These participants should have knowledge or special expertise regarding the child. The following individuals invited by parent:

Any questions you may have concerning your child's program may be directed to the principal.
You are protected under the Procedural Safeguards for parents, which are enclosed for your information
If I can be of assistance to you, or have questions regarding the Procedural Safeguards,
please contact Ms. Marilyn Gholston   at (202) 645-3320   (school telephone number)

See attachments for - EVALUATION PROCEDURES, TEST RECORDS OR REPORTS USED

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
SPECIAL EDUCATION
MULTIDISCIPLINARY TEAM
(MDT)



Student D___ W___   DOB ___ 8  Grade 2  ID 906-5608

You have the right to challenge the recommendations by requesting Mediation or a Due Process Hearing before an impartial hearing officer. To initiate a mediation or hearing, you will need to complete a REQUEST FOR MEDIATION or DUE PROCESS HEARING form and mail it to the address listed below:

Student Hearing Office
D.C. Public Schools
825 North Capitol Street, N.E. 8th floor
202-442-5432

You have the right to be represented at the hearing by legal counsel.
A copy of Parent's Procedural Safeguards handbook is provided.
A list of free or low cost legal service, for which you may qualify depending on your income is included.
If you would like an additional copy, please contact the principal.

EVALUATION PROCEDURES, TEST, RECORDS OR REPORTS USED

☐ **Wechsler Intelligence Scale for Children-III (WISC III)** – commonly employed individually administered test designed to measure the intelligence of individuals aged 6 1/2 to 16 1/2 years. Date of Report _____

☐ **Wechsler Preschool and Primary Scale of Intelligence-Revised (WPPSI-R)** – measures specific mental abilities and processes in ages 4 1/2 to 6 1/2 years. Date of Report _____

☐ **Wechsler Adult Intelligence Scale-III (WIAS III)** – an individually administered test designed to measure the intelligence of individuals ages 16 and over. Date of Report _____

☐ **Bayley Scales of Infant Development-II** – an individually administered instrument that measures motor, mental and social development in infants and children from 1 month to 42 months of age. Date of Report _____

☐ **Wechsler Individual Achievement Test (WIAT)** – a commonly used individually administered instrument designed to assess the educational achievement of children and adolescents in areas of basic reading, mathematics reasoning, spelling, reading comprehension, numerical operations, listening comprehension, oral expression, and written expression. Date of Report _____

☐ **Peabody Individual Achievement Test-Revised (PIAT-R)** – an individually administered test measuring achievement in areas of general information, reading recognition, reading comprehension, spelling, written expression, and mathematics. Date of Report _____

☐ **Kaufman Test of Educational Achievement (KTEA)** – an individually administered instrument measuring achievement skills in reading, decoding, mathematics applications, spelling, reading comprehension, and mathematics computation. Date of Report _____

☐ **Woodcock-Johnson Psycho-Educational Battery** – a diagnostic and evaluation instrument composed of twenty-seven tests divided into three major parts: tests of cognitive ability, tests of achievement, and tests of interests. Date of Report _____

☐ **Bender Visual Motor Gestalt Test** – measures perceptual motor skills to determine visual-motor gestalt functioning and neurological soft-signs in ages 4 to 12 years using the Koppitz Scoring System. Date of Report _____

☐ **Developmental Test of Visual Motor Integration (VMI)** – assesses visual perception and motor coordination in ages 3 years and up using a more structured booklet format. Date of Report _____

☐ **Children's Apperception Test** – a projective story-telling technique for personality evaluation in ages 5 to 10 years. Date of Report _____

☐ **Thematic Apperception Test** – a projective story-telling technique for personality evaluation in older children and adolescents. Date of Report _____

☐ **House-Tree-Person** – a projective drawing technique providing insight into personality structure, physical concerns and social-emotional adjustment in children and adolescents. Date of Report _____

Mar 16. 2006 1:54PM Dalton. Dalton & Houston    No.0232  P. 27/56

Case 1:07-cv-00808-JDB   Document 12-9   Filed 12/14/2007   Page 36 of 48   27/56



DISTRICT OF COLUMBIA PUBLIC SCHOOLS
SPECIAL EDUCATION
MULTIDISCIPLINARY TEAM
(MDT)

Student : W___, D___    DOB ___ Age 8 Grade 2 ID 9065608

- [ ] **Kinetic Family Drawing** – a projective drawing technique measuring one's perception of her family and her role within the family.
  Date of Report _____

- [ ] **Rorschach Psychodiagnostic Test** – a projective measure in which one's responses to inkblots reveal personality structure, ego strengths and reality testing in ages 3 and older. Date of Report _____

- [ ] **Goodenough-Harris Drawing Test** – a projective drawing procedure measuring intellectual perceptual-motor maturity and personality through the use of drawings of self and a member of the opposite sex, in ages 3 to 15.11 years. Date of Report _____

- [ ] **Conner's Parent and Teacher Rating Scales** – a paper-and-pencil instrument measuring problem behaviors of children and adolescents as reported by the child's teacher, parents, or alternate care-giver. Date of Report _____

- [ ] **The Vineland Adaptive Behavior Scales** – assesses adaptive and social competency skills. Date of Report _____

- [ ] **Test of Language Development Primary – Revised (TOLD-P)** – measures primary language proficiency and specific strengths and weaknesses in language skills. Date of Report _____

- [ ] **Kaufman Assessment Battery for Children** – assesses the ability to solve problems using simultaneous and sequential metal processes in four global areas : Sequential Processing, Simultaneous Processing, Mental Processing, and Achievement. Date of Report _____

- [ ] **Preschool Language Scale** – measures auditory comprehension and verbal ability skills. Date of Report _____

- [ ] **Oral Peripheral Speech Examination** – a procedure to determine whether the examinee can appropriately use the lips, tongue, mouth, etc.
  Date of Report _____

- [ ] **Clinical Evaluation of Language Fundamentals – III** – assesses the child's language functioning including processing and production.
  Date of Report _____

- [ ] **Expressive One Word Picture Vocabulary Test** – assesses the child's single word expressive vocabulary. Date of Report _____

- [ ] **Receptive One Word Picture Vocabulary Test** assesses the child's single word receptive vocabulary. Date of Report _____

- [ ] **Goldman-Fristoe Test of Articulation** – assesses the production of consonants in simple and complex contexts. Date of Report _____

- [ ] **Peabody Picture Vocabulary Test-Revised** – individually administered, multiple choice test measuring nonverbal, receptive vocabulary.
  Date of Report _____

- [ ] **Fisher-Logemann Test of Articulation Competence** – assesses articulation proficiency with single sounds, consonant blends, and vowel production.
  Date of Report _____

- [ ] **Classroom Observation** – assesses present functioning of the student within the classroom environment.

### Free or Low Cost Legal Services

Neighborhood Legal Services
701 4th Street, N.E.
Washington, D.C. 20001
202-682-2700 (NW)
202-682-2732 (NE)
Fax 202-682-0588

Neighborhood Legal Services
1213 Good Hope Road, S.E.
Washington, D.C. 20020
202-678-2000
Fax 202-889-3374

University Legal Services
300 I Street, N.E.
Washington, D.C. 20002
202-547-0198
Fax 202-547-2662

The Children's Law Center Inc.
1050 Connecticut Avenue, N.W.
Suite 1200 Washington Square
Washington, D.C. 20036-5317
202-467-4900
Fax 202-467-4949

National Coalition for Students with Disabilities
10560 Main Street, Suite 417
Fairfax, VA 22030
703-267-6588
(fax) 703-267-6992

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

INDIVIDUALIZED EDUCATION PROGRAM
(IEP)
MEETING NOTES

STUDENT D_____ W_____    SCHOOL McGogney    DATE: 6-21-04

| PARTICIPANTS: | PARTICIPANTS: (Sign Name) | DISCIPLINE |
|---|---|---|
| Randy Myaing | _____ | Teacher |
| CARRIE WILKINS | _____ | Mother |
| Cyndrell Parker | _____ | Spec Ed Tchr |
| Gwendolyn Proctor | Gwendolyn Proctor SLP | Speech Lang Pathology |

See IEP Notes to Follow

347

OF COLUMBIA PUBLIC SCHO
WASHINGTON, DC

MDT REFERRAL DATE _____

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: _____ I E P:

STUDENT ▮▮▮▮▮▮▮ SCHOOL McGogega DATE 6-21-04

## Introduction:

The meeting convened and all discipline specialists introduced themselves to the parent. The Procedural Safeguards Manual was issued and a summary of the parental rights was given. A receipt for the manual was obtained. The purpose of the meeting was stated: To *hold an ~~annual~~ review of IEP and to determine the need for continued Psycho-Social Counseling*

## The Parent Reports or Social History:

▮▮▮▮'s speech has improved and he is really trying to complete his assignments. There is a big difference in his effort, a major improvement.

## The General Educator Reports:

De▮▮▮ participates in class (Homeroom) He adjusted well to 2nd grade

## Special Ed. Tchr Reports:

De▮▮▮ could improve more with Bella attendance and increased effort to complete work assignments

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, DC

MDT REFERRAL DATE _____

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: ___IEP___    ___ of ___

STUDENT D██████ J. W████    SCHOOL _McGogney_    DATE _6-21-04_

**The Speech Therapist Reports:**

D██████ is exhibiting deficits in the area of receptive language skills. He tries hard in therapy. He is able to make moderate progress as he has demonstrated pronouncing 7 out of 10 targeted words and 6 out of 8 initial sounds. He works well in the small group setting and gets along with his peers. I recommend that he continues services to obtain maximum benefit.

_Social Worker_
~~The Psychologist Reports:~~ Student is making progress in his behavior. He has demonstrated acceptable behaviors in the group. Always cooperative and respectful. Student was discharged from psychological counseling as he has accomplished goals set on the IEP. Mother reports that D██████ has dyslexia, but did not receive therapy. This Worker recommends an OT evaluation to determine the need for services mw

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, DC

MDT REFERRAL DATE: _____

**MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES**
MEETING TYPE: _____ IEP _____

Page: _____ of _____

STUDENT: D███ L W███     SCHOOL: Mc Gogney     DATE: 6-21-04

**Summary:**

After reviewing all of the documents, the MDT determined that the student is eligible for

special education as a  *OHI - Other Health Impaired*

Specialized instruction is required in the following academic areas:
*Attending and Persisting, Written Communication Reading and Math*

The total number of hours for specialized instruction is *18*

Related services are required in the following areas:
*Speech Therapy*

The following accommodations and /or modifications will made: *Level III*

**Placement Discussion:** The IEP can be implemented at the neighborhood school which is
*Mc Gogney ES*

**Recommendations:**

**Other Observations or Additional Comments:**

50

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.
SPECIAL EDUCATION SERVICES

## COMPLETION OF SERVICES
## FORM

Date: 6-21-04

STUDENT: ~~████████████~~     SCHOOL: Mc Gogney ES
ADDRESS: 2989 South Dakota Ave. NE 2-2018    ADDRESS:
TELEPHONE:     TELEPHONE: 2/645-3320
ID #:    DOB:    GRADE: 2

A multidisciplinary team meeting is required in order to determine whether a student has completed special education and related services identified on the IEP, including the consideration of information from the evaluation (for which you provided consent) in the area(s) to be considered. Complete the sections below identifying the services.

COMPLETION OF SERVICE(S) (Check all services that are being considered)

| SERVICE | GOALS/ OBJ. COMP. | RESULTS OF EVALUATION | DATE |
|---|---|---|---|
| 1. ___ Speech-Language Therapy | | | |
| 2. ___ Orientation & Mobility | | | |
| 3. ___ Occupational Therapy | | | |
| 4. ___ Physical Therapy | | | |
| 5. ✓ Counseling | ✓ | Completed IEP goals | 6/21/04 |
| 6. ___ Physical Therapy | | | |
| 7. ___ Audiology | | | |
| 8. ___ Transportation | | | |
| 9. ___ Other (specify): ___ | | | |
| 10. ___ Specialized Instruction | | | |
| | | | |
| | | | |
| 11. ___ Transfer of Parental Rights | Transfer of Rights Letter, MDT meeting | | |

Reason for Completion of Services:

___ Graduated   ✓ Services no longer needed   ___ Aging Out   ___ Transferred   ___ Dropped Out

___ Other _____

__ I agree with the proposed termination of the special education and related service(s) identified above.

__ I have been provided with my procedural safeguards and questions answered. I understand that my consent is voluntary, and that I have the right to appeal the decision of the multidisciplinary team (MDT).

X Signature: _Carrie Wilkes_     Date: 6/21/04
     Parent/Eligible Student
(Student if age of majority has been reached and the transfer of rights has been officially documented)

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

TEACHER ASSISTANCE TEAM
(TAT)
MEETING NOTES

TAT □

TAT REFERRAL DATE: _____

STUDENT: D▓▓▓▓ W▓▓▓▓   SCHOOL: McGogney   MEETING DATE: 4-8-03

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Cyndrell A. Parker | Cyndrell A. Parker | Special Ed. Tchr. |
| Patricia A. Gibson | Patricia A. Gibson | (Gnl Res. Teacher) |
| Carrie Wilkins | Carrie Wilkins | Mother |
| Tamine Mastin | Tamine Mastin | SES |
| JoAnn L. Saunders | JoAnn L. Saunders | Social Worker |
| Catherine Grogans | Catherine Grogans | SLP |
| Kimber N. Wheeler | Kimberly Wheeler | School Psych |
| Marilyn Shokto | Marilyn Shokto | LEA |
| Verdell Thompson | Verdell Thompson | School Counselor |

See TAT note to follow.

DISTRICT OF COLUMBIA PUBLIC SCHOOLS          07-02-2001          TAT MEETING NOTES

DW-03 352

STRICT OF COLUMBIA PUBLIC SCHOOL
WASHINGTON, DC

MDT REFERRAL DATE _____

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: _SET  RM_

_2_ of _____

STUDENT ▮▮▮▮▮▮▮  SCHOOL _McGogne_  DATE _4-8-02_

**Introduction:**

The meeting convened and all discipline specialists introduced themselves to the parent. The Procedural Safeguards Manual was issued and a summary of the parental rights was given. A receipt for the manual was obtained. The purpose of the meeting was stated: To ~~develop a student eva~~ To review academic progress and parent concerns.

**The Parent Reports or Social History:** 7 yr old ▮▮▮▮▮▮ asthmatic, has affected him, he is seeing a ~~psychologist~~ psychiatrist. does not pay attention, hyper, is not doing his work. He has a sleep disorder + sees the ~~psychologist~~ psychiatrist for that and takes Concerta and sees the psychiatrist once a week. Take a breathing treatment once a week. His hearing was evaluated at DC General and it was determined that it was his language that was a concern

**The General Educator Reports:** Due to absences he has missed many skills. He entered 1st grade on the Kgn level. During the Reading block he wants to sleep. Handwriting has improved, likes the computer, does Math calculations not word problems + is below grade level in all areas. Lately he wants to fight at school. He can be stubborn in class. He will sleep for the Reading Block (90 minutes) if allow; he is more active during active activities + in the PM.

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, DC

MDT REFERRAL DATE: _____

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: _____

Page 3 of ___

STUDENT: ▮▮▮▮▮▮ SCHOOL: McGogney DATE: 4-9-03

Parent cont.

School history — Headstart, Pre-K, Kgr, repeating 1st grade

Attendance is a concern due to asthma attacks. He uses a nebulizer, has to go to the emergency room, and medication has been changed about 6 or 7 times. He has mood swings at home, throws his brother & sister things away. He won't do his homework even after being punished or Mom sitting with him for hours. There are 6 siblings, 5 live with him at home. He has been taking medication for 2 weeks. Takes it once every morning. Takes Primasol for his asthma. Psy. Dr. Tow

Diagnosis — ADHD combined Hyperactivity disorder

Oppositional defiant disorder —

He does not go to sleep until 4⁰⁰ AM watching TV, etc. before. He now goes to sleep at midnight. By Thursday if he does not show changes the psychiatrist will increase his medication.

Teacher cont.

He does not complete task, especially reading activities. He will try some activities. He has 45 days absent this year.

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, DC

MDT REFERRAL DATE: _____

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: _____

Page: H of ___

STUDENT: ~~D████ W████~~   SCHOOL: Mc Gogney   DATE: 4-8-02

<u>Counselor reports</u>

He receives help from the Reading and Math Resource teachers.

D. JCT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, DC

MDT REFERRAL DATE: _____

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: _TAT_

Page _5_ of _

STUDENT: D████ W████ SCHOOL: Mc Gogney DATE: 4-8-03

Recommendations

- School - will contact Dr. Ton, Center for Mental Health for information and copies of evaluations.

- Parent will receive copies of TAT notes & attendance reports to take to the doctor Re: visiting instruction

- Reconvene pending further information from the Center for Mental Health. Parent signed a Release of information form.

District of Columbia Public Schools
# Gladys K. McGogney Elementary School
3400 Wheeler Road, S.E. Washington, D.C. 20032
Phone (202) 645-3320 FAX (202) 645-3519

## AUTHORIZATION FOR RELEASE OF CONFIDENTIAL INFORMATION

**Institution Requesting Records**

_McGogey ES_
(Institution Name)

_3400 Wheeler Rd. SE_
_Washington, DC 20032_
(Address)

**Person for Whom Records Are Requested**

████████ W███████
(Student's Name)

Date of Birth ████-95

Grade __1__

I, _Carrie Wilkins_ , do hereby give my consent as
(Parent Name)

the parent/guardian, to have all records released to the above named

institution at your earliest convenience.

_Carrie Wilkin_                     _4-8-03_
Signature of Parent/Guardian          Date

357

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
DIVISION OF SPECIAL EDUCATION
825 North Capital Street, N.E., 6th Floor
Washington, D.C. 20002-4232


Caring for Our Students with Disabilities
A Procedural Manual for Parents

RECEIPT


I, _CARRIE WILKINS_ , received a copy of *A Procedural*
    (Parent/Guardian Name)

*Manual for Parents* from _Marily Holsta_ /Title _SEC_
           (Person Issuing Document)

at _McGogney ES_
  (School)


                            _9 . 8 . 03_
                               (Date)


                        _Carrie Wilkins_
                      Parent/Guardian Signature


(This receipt is to remain in a designated file in the school.)