UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARRIE WILKINS,** <br> as parent and next friend of D.W. <br> a minor <br>       **Plaintiffs** <br><br> v. <br><br> **DISTRICT OF COLUMBIA** <br><br>       **Defendants** | Civil Action No. 07-0808(JDB) |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, the plaintiffs, by counsel, pursuant to Fed. R. Civ P. 56, and hereby moves this Court to enter Summary Judgment in favor of the Plaintiffs. Plaintiffs are seeking a reversal of the January 22, 2007, Hearing Officer's Determination which determined D.W. had not been denied access to a free and appropriate education. Plaintiffs allege that the Defendant failed to provide speech and language services, did not provide enough academic instruction to meet the hours required by the student's IEP, refused to conduct necessary evaluations and refused to implement the compensatory education plan. In addition, Plaintiffs respectfully requests that this Court deny Defendant's Motion for Summary Judgment.

The reasons for the motion, and for the Plaintiffs' opposition to Defendant's Motion, are set forth in the accompanying memorandum of points and authorities. In support of its Motion and pursuant to Local Rules 7(a),(c)and (h), the Plaintiff submits its Memorandum of Points and Authorities in Support of its Opposition to Defendant's Motion for Summary Judgement, and a proposed Order.

Respectfully submitted,
/s/
_____
Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CARRIE WILKINS,**
as parent and next friend of D.W.
a minor
      **Plaintiffs**

v.            Civil Action No. 07-0808(JDB)

**DISTRICT OF COLUMBIA**

      **Defendants**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

This is an action brought by Carrie Wilkins, parent and next of friend of D.W. pursuant to the Individuals with Disabilities ACT ("IDEA"), 20 U.S.C. §1400, et. seq. and the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 ("IDEIA").

**STATEMENT OF THE CASE**

Plaintiffs are seeking a reversal of the January 22, 2007, Hearing Officer's Determination which determined D.W. had not been denied access to a free and appropriate education. Plaintiffs allege that the Defendant failed to provide speech and language services, did not provide enough academic instruction to meet the hours required by the student's IEP, refused to conduct necessary evaluations and refused to implement the compensatory education plan.

**ARGUMENT**

I.   **THIS COURT SHOULD DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REVERSE THE HEARING OFFICER'S DETERMINATION**

   **A. Defendant's Motion fails to provide a legal basis pursuant to the appropriate Standard of Review to affirm the Hearing Officer's Determination.**

   To support their Motion for Summary Judgment, Defendant must demonstrate to this Court that the preponderance of the evidence demonstrates that the Hearing Officer's Determination was correct.  Kerkam v. McKenzie, 862 F.2d. 884, 887 (C.A.D.C. 1988).  This standard of review does not give the reviewing Court an invitation to substitute their own ideas of proper educational programming for those of the school authorities that they review. Hendrick Hudson Dist. Bd. Of Ed. v. Rowley, 458 U.S. 176, 206.  The reviewing Court is also required to give due weight to the administrative proceedings.  Id.   However,  Plaintiffs' in this case request this Court to act as the Court did in  Kruvant v. District of Columbia, Civ. Action No. 03-1402 (JDB), August 10, 2005, and apply a de novo standard of review to the issue of T.P.'s eligibility determination.  While the Court in Kruyant, in applying a de novo standard of review in that case stated it did so because of the facts of that case, the facts of this case compel a similar result.  .  While the court applied a de novo standard of review, it made clear that the specific facts of the case warranted such a review and that it was *not holding* that a de novo standard of review was applicable in all eligibility determinations.  Id. at 22,23.   The facts in Kruvant v. District of Columbia are not similar to the facts of the instant case under review and the other than a blanket assertion that such a type of review applies, the Plaintiffs have not demonstrated that such a review is applicable or appropriate in this case.  Therefore, this Court should give due weight to the

administrative proceedings and based on the absence of the Plaintiffs showing by a preponderance of the evidence that the hearing officer's findings of fact and conclusions of law were incorrect, this Court should deny the Plaintiffs Motion for Summary Judgment and grant the Defendant's Motion for Summary Judgment.

**2. The HOD was not supported by the record.**

The Hearing Officer erred when she stated on the record at the August 25, 2006 due process hearing that there was a denial of FAPE for lack of services provided at the end of the 2005-2006 school year, but then stated at the January 10, 2007 teleconference that any harm for a denial of services to D.W. was minimal. The Hearing Officer erred in not incorporating into her final HOD the denial of FAPE for the failure of DCPS to provide services at the end of the 2005-2006 school year.

The Hearing Officer erred by not timely issuing her HOD. At no time did the Plaintiff waive her rights pursuant to 34 C.F.R. ' 300.515 and D.C.M.R. tit. 5 '3021.10. *See also* SOP ' 400.1(B). The Hearing Officer did not issue her final HOD until over six months after the request for due process hearing was filed and over fours months from when the hearing convened. Pursuant to the Blackman Jones Consent Decree, there is a rebuttable presumption of harm for overdue HODs. *See Blackman v. District of Columbia,* 454 F. Supp. 2d 1 (D.D.C. 2006)(Consent Decree at ¶ 74).

**3. Plaintiff did not fail to show that her requested home-bound plan was appropriate.**

On May 23, 2006, DCPS convened the MDT meeting. This meeting was convened prior to Hearing Officer Butler-Truesdale issuing her HOD from the May 22, 2006 hearing. At the May 23, 2006 MDT meeting, the IEP team agreed that D.W.

needs home bound instruction for his asthma-related absences. The team also agreed to the number of hours that should be implemented as D.W.'s compensatory education plan. Additionally at the meeting, the Plaintiff requested that DCPS conduct an updated psycho-educational evaluation for D.W. A.R. 221.

Contrary to Ms. Batson's testimony at the hearing and statements at the resolution meeting, DCPS did not have someone at the MDT meeting with authority to make decisions about home bound instruction for D.W.'s asthma related-absences. The IEP team members, including D.W.'s special education teacher, regular education teacher, and speech and language pathologist, as well as the Plaintiff, all agreed that D.W.'s asthma-related absences have negatively impacted D.W.'s educational progress, and thus D.W. should be given home bound instruction when the asthma-related absences become excessive. A.R.221.

**4. Compensatory education was not appropriately offered to plaintiffs.**

There was disagreement about where DCPS would provide the compensatory education. Ms. Batson offered to provide the compensatory education through the summer school program at the school site. The parent objected to this because D.W.'s asthma is significantly worse in the summer months, which limits his ability to go outside and go to the school. The parent requested that DCPS provide the compensatory education at the home over the summer. A.R. 223. Ms. Batson refused to consider this option and stated that D.W. would only receive the compensatory education if he came to the school**.**

Pursuant to the First Interim Order an <u>MDT </u>meeting was convened on September 19, 2006. The parent's counsel explained to the MDT team that, pursuant

to the Hearing Officer's verbal interim order, the team was to discuss how many hours of home bound instruction D.W. needs per week for his asthma related absences. The parent proposed a plan that when D.W. is absent for more than three days, she will fax a note, either signed by herself or the doctor[1], to the school indicating that he has been absent due to his medical condition. A.R. 27.

The team then discussed the compensatory education plan that was agreed to by the MDT team at the meeting on May 23, 2006. At the May 23, 2006 MDT meeting, the team agreed that DCPS would provide 100 hours of compensatory education (4 hours per day for 5 weeks), including specialized instruction and speech and language services, to be implemented over the summer 2006. The parent had requested that DCPS provide the compensatory education at home since D.W.'s asthma is much worse in the summer. DCPS's position was that D.W. must attend school to receive the compensatory education. DCPS stated that they could not send service providers and tutors to D.W.;s house to implement the compensatory education plan. D.W. was unable to attend school due to his medical condition during the summer months, and thus did not receive the compensatory education during the summer of 2006. A.R. 27-31.

**5. The requested psycho-educational evaluation was warranted.**

Ms. Batson refused to conduct the psycho-educational evaluation, stating that the evaluation was not warranted because the team was not considering a change in

---

[1] The team agreed that there may be instances where D.W.'s asthma is so severe that he cannot attend school, yet not severe enough to warrant a trip to the doctor because his mother has treatment equipment in her home. In these cases, the team agreed that a doctor's note is not necessary, but that the parent should send a note to the school indicating that D.W. is absent due to his asthma.

disability. Ms. Batson stated that they only conduct reevaluations when there is a suspected change in disability. Ms. Batson also stated that even though the triennial was due soon, they would still not be conducting the psycho-educational evaluation because there was not a suspected change in disability. A.R.225

Counsel for parent explained to Ms. Batson the requirements for conducting reevaluations, and that pursuant to 34 C.F.R. § 300.303(b)(2), a reevaluation must occur at least once every three years, unless the parent and school agree that a reevaluation is not warranted. The parent did not agree that a reevaluation was not warranted and maintained her request for the psycho-educational evaluation.   A.R.225

The DCPS attorney, Ms. Tiffany Puckett argued at the Hearing that DCPS was going to conduct the psycho-educational soon (in September 2006), since it expired almost one month ago (in August 2006). Ms. Batson, however, testified under oath that DCPS had no intention of conducting the psycho-educational once it expired because they did not suspect a change in disability. During the hearing, on cross-examination Ms. Batson, the SEC at Marshall E.C., testified that DCPS was not going to conduct a psycho-educational even in light of the fact that the triennial was expiring soon. A.R.525.

The parent testified that, at the time of the hearing, DCPS had not contacted her to schedule the evaluation.   DCPS offered no evidence to show that they were planning to schedule this evaluation.

## CONCLUSION

Based on the arguments above the Plaintiff requests that this Court issue a Summary Judgment for the Plaintiff and against the Defendant and reverse the January

22, 2007, Hearing Officer's Decision.

                                    Respectfully submitted,

                                          /s/
                                Paul S. Dalton, Esq
                                D.C. Bar No. 439118
                                Dalton & Dalton, P.C.
                                1008 Pendleton Street
                                Alexandria, Virginia 22314
                                (703) 739-4300 (ph)
                                (703) 739-2323 (fax)

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document with its attachments was filed electronically on this 25th day of January 2008.

                                        /s/
                                Paul S. Dalton, Esq.
                                Counsel for Plaintiffs

Case 1:07-cv-00808-JDB    Document 17    Filed 01/25/2008    Page 10 of 10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARRIE WILKINS,**<br>as parent and next friend of D.W.<br>a minor<br>　　　**Plaintiffs**<br><br>　　v.<br><br>**DISTRICT OF COLUMBIA**<br><br>　　**Defendants** | Civil Action No. 07-0808(JDB) |

### ORDER

Upon consideration of the Plaintiff's Motion for Summary Judgment, and any opposition thereto, it is hereby

ORDERED: that Plaintiff's Motion for Summary Judgment is GRANTED;

FURTHER ORDERED: The January 22, 2007, Hearing Officer's Determination is reversed.

_____　　　　　　　_____
Date　　　　　　　　　　　　　　John D. Bates
　　　　　　　　　　　　　　　　　United States District Judge