UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARRIE WILKINS,<br>As next friend of the minor child,<br>D.W.,<br><br>       Plaintiff,<br><br>       v.<br><br>DISTRICT OF COLUMBIA,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 07-0808 (JDB)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Defendant, by counsel, replies herewith to the Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Opposition, filed herein on January 25, 2008 ("Opposition").

**ARGUMENT**

**1.   Plaintiff's "standard of review" argument is unclear and unsupported.**

In its Motion (p. 7), Defendant recited the standard of review for an administrative hearing officer's determination ("HOD"), pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq. ("IDEIA"): that this Court may, "basing its decision on the preponderance of the evidence, grant such relief as the court deems appropriate." 20 U.S.C. 1415 (i)(2)(C)(iii). Plaintiff's Opposition (p. 2), presents a wholly insufficient challenge to Defendant's argument.

1

First, Plaintiff argues that this Court should apply a de novo review "as this Court did in Kurvant v. District of Columbia, Civ. No. 03-1402 (JDB)." Id.  Later in the same paragraph, however, Plaintiff confusingly argues that the facts in Kurvant are "not similar to the facts in the instant case," and that such a review is not applicable in this case.  Even more oddly, further in that paragraph, Plaintiff states that this Court should "deny Plaintiff's Motion for Summary Judgment" and "grant the Defendant's Motion for Summary Judgment"— a request with which the Defendant predictably agrees.

Defendant has correctly cited the preponderance-of-the-evidence standard to be applied in the review of the HOD under the IDEIA. Motion p. 7.  Plaintiff has not provided a sufficient legal argument to support any deviation from this type of review, nor has Defendant requested such a deviation.  Therefore, this Court should apply the preponderance of the evidence standard of review in its determination as to whether the HOD was supported by the record evidence.

**2.    Plaintiff's Opposition fails to point to any facts (or law) that challenge the arguments in Defendant's Motion for Summary Judgment.**

    **a.    Plaintiff has failed to show that the home-bound instruction plan proposed by DCPS is not appropriate under the IDEIA.**

Plaintiff alleges that DCPS denied a free appropriate public education ("FAPE") to her son because DCPS would not authorize the home-bound instruction plan that she proposed.  Opposition pp. 3-4.  In its Motion, Defendant showed that the hearing officer correctly found that FAPE was not denied because there was no evidence that such a proposed plan was warranted.  Motion pp. 7-10.

The IDEIA does not require an education to satisfy the parent's wishes. Shoenbach v. District of Columbia, 2006 WL 1663426 (D.D.C. 2006), citing Shaw v.

2

District of Columbia, 238 F. Supp. 2d 127, 139 (D.D.C. 2002) (citing Board of Education of the Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, 206-207, (1982)).  The IDEIA establishes a "basic floor of opportunity."  It does not require that a school provide the very best educational experience.  Rowley, 458 U.S. at 201.

Plaintiff only argues that since an MDT team recommended home-bound instruction for asthma-related absences, that the parent's proposed home-bound plan—when this student is absent more than three consecutive days from school, DCPS will send a special education to his home to provide services—should automatically be adopted. Opposition pp 3-4.  Defendant has shown that such a plan is not needed by this student because, as the hearing officer found, this student's own doctor opined that the student should attend school as much as possible, and that unless a unique circumstance presents itself, any long term absence related to his asthma should not occur.[1]  Motion p. 8-9.  DCPS offered its own home-bound instruction plan, which the parent simply did not agree to.  Motion 8-10.

Plaintiff's suggestion that FAPE was denied in this case just doesn't hold up.  The parent simply has not ensured that her child attends school, and she mistakenly believes that under the IDEIA, the schools are responsible to come to her home even though her son can and must attend school, but chooses not to.[2]

---

[1] Further, this student's long-term absenteeism (particularly a truancy investigation in 2005, and a long term absence in the spring of 2006) have not been shown at all to have been caused by his asthma condition. Motion p. 10, n. 5.  In her Opposition (n. 1), Plaintiff states that medical documentation is not necessary at all times, Defendant does not dispute this general point. However, Defendant does dispute that the record in this case has adequate medical evidence to support the student's long-term absences, and as a result, the type of relief requested by the parent here is simply not supported by the record.

[2] In her Opposition (p. 4), Plaintiff further argues that DCPS offered compensatory education but that she disagreed with this plan since it was offered at the school location rather than at home.  Here, Plaintiff also fails to show that the DCPS proposed plan is a denial of FAPE because nothing in this record supports the

3

      b.      **<u>Plaintiff has failed to show that the alleged delays of the hearing officer were not for good cause.</u>**

Plaintiff's Motion for Summary Judgment, and Opposition to Defendant's Motion for Summary Judgment (<u>citing</u> <u>Blackman v. District of Columbia</u>, 454 F. Supp. 2d 1 (D.D.C. 2006) (Consent Decree at ¶ 74)), both allege that the Hearing Officer made several errors that should result in an automatic presumption of harm. Opposition p. 3.

The first alleged error—issuing an untimely HOD—purportedly warranted an automatic finding of a denial of FAPE. Opposition 3 and Plaintiff's Motion p 4, 16 & 22. However, as Defendant's Opposition notes, Plaintiffs have not rebutted Defendant's argument that they are not members of the <u>Blackman</u> class for purposes of the application of the consent decree.   Opposition p. 15, fn 11.  However, even under Plaintiff's assumption that <u>Blackman</u> applies, the consent decree itself allows for extensions of deadlines by hearing officers where "good cause" can be shown.

Paragraph 31.d. of the Consent Decree provides as follows:

> If an HOD is not timely issued due to continuation by the Hearing Officer for good cause, the HOD will not be counted for the purpose of determining whether the Defendants are in compliance, provided that the exclusion from the calculation shall be only for the period of the continuance.

In its Motion, Defendant has shown unequivocally that good cause had existed for the continuances ordered by the Hearing Officer. Motion pp. 12-13 and Motion nns. 3, 4, 5.

Further, Plaintiff's Opposition argues that the Hearing Officer erred when stating (at hearing) that this student was denied FAPE from May 2006 through June 2006, and then not incorporating this statement as a finding into her final HOD.  Opposition p. 3.

---

Plaintiff's claim that the student cannot attend school during the summer to receive his compensatory education award.

In its Motion (p. 9, n. 4), Defendant argued that at the time of the hearing, the Hearing Officer based her statement on information from the Plaintiff (that the student required long-term at-home services for asthma related absences (A.R. 602)). However, when the Hearing Officer reviewed the medical and attendance records that she requested following the hearing, the medical documentation in fact showed that this student should not be experiencing long-term absences as a result of his asthma. Motion pp. 8-10. Thus, there is no valid basis for a finding here that the Hearing Officer's final determination is somehow inaccurate.

3.  **Plaintiff has not shown that a psycho-educational evaluation was due at the time the hearing complaint was filed.**

Plaintiff alleges that her request for a psycho-educational evaluation was warranted at the time of the May 23, 2006, MDT meeting because the parent requested it to be completed. Opposition pp. 5-6. However, DCPS refused to agree to a psycho-educational evaluation because such an evaluation was only necessary if there was a suspected change in disability, and no evidence or discussion of that was reached. Id.

Further, the Hearing Officer found that the existing psycho-educational evaluation did not expire until August 7, 2007. Thus, any claim for such an exam was not ripe at the time of that meeting or in the August 1, 2006, motion for an expedited hearing—a new one was not yet due because the old one had not yet expired. A.R. 528.[3]

Therefore, since a psycho-educational evaluation was not due prior to the expiration of the existing one (the Hearing Officer having found no evidence of a suspected change in disability), Plaintiff's request for this evaluation was appropriately

---

[3] DCPS witness also stated that one could have been completed over the summer had the student attended school during the summer to receive his compensatory education award. A.R. p. 528.

5

resolved. Further, there is nothing preventing Plaintiff from seeking a psycho-educational evaluation directly from the school at this time.

4. **Plaintiff failed to dispute Defendant's Statement of Material Facts Not In Dispute.**

Along with its January 11, 2008 Motion, Defendant submitted Defendant's Statement of Material Facts Not In Dispute ("Statement"). LCvR 56.1 states that an Opposition to a motion for summary judgment:

> shall be accompanied by a separate and concise statement of genuine issues setting forth all material facts as to which it is contented there exists a genuine issues necessary to be litigated.

Since no such statement was submitted by the Plaintiff, Defendant's Statement must be conceded, especially as to paragraphs 7, 12, 18-20, 26-33, 35-36, 39-42, and 46, which specifically point to the record evidence that the hearing officer relied on in denying the Plaintiff's requested relief.

## CONCLUSION

Defendant's Motion for Summary Judgment requests that the HOD in this case be affirmed because its conclusions and findings were supported by the administrative record evidence. Plaintiff's Opposition fails to point to any facts (or law) that challenge the Defendant's Motion, and it only faintly re-argues some of the positions presented in her Motion for Summary Judgment. Further, it was unaccompanied by any Statement of Material Facts in Dispute.

Therefore, Defendant's Motion for Summary Judgment should be granted, and Plaintiff's Motion for Summary Judgment should be denied.

                                        Respectfully submitted,

                                        PETER J. NICKLES
                                        Interim Attorney General
                                        for the District of Columbia

                                        GEORGE C. VALENTINE
                                        Deputy Attorney General
                                        Civil Litigation Division

                                        ***/s/ Edward P. Taptich***
                                        EDWARD P. TAPTICH [#012914]
                                        Chief, Equity Section II

                                        ***/s/ Amy Caspari***
                                        AMY CASPARI [#488968]
                                        Assistant Attorney General
                                        441 Fourth Street, N.W.
                                        Sixth Floor South
                                        Washington, D.C. 20001
January 31, 2008                    (202) 724-7794